Raymond P. Niro
NIRO, SCAVONE, HALLER & NIRO
81 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Gregory D. Phillips (4645)
Kevin A. Howard (4343)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
Telephone: (801) 366-7471

Attorneys for Plaintiff



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LENOVO INTERNATIONAL, SONY CORPORATION, SONY CORPORATION OF AMERICA, DELL INC., MPC COMPUTERS, LLC, AND FUJITSU SIEMENS COMPUTERS GmbH,<br><br>Defendants. | **COMPLAINT**<br>**FOR PATENT INFRINGEMENT**<br><br>Civil No. _____<br><br>Honorable _____<br><br>Magistrate _____<br><br>Judge Ted Stewart<br>DECK TYPE: Civil<br>DATE STAMP: 05/12/2005 @ 15:48:52<br>CASE NUMBER: 1:05CV00064  TS |

Plaintiff Philip M. Adams & Associates, L.L.C. ("Adams") complains of defendants

Lenovo International, Sony Corporation, Sony Corporation of America, Dell Inc., MPC

Computers, LLC and Fujitsu Siemens Computers GmbH (collectively "defendants") as follows:

## JURISDICTION AND VENUE

1. This Complaint states claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a). Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

## PLAINTIFF

2. Adams is a Utah limited liability company with an address of P.O. Box 1207, Bountiful, Utah 84011. Adams owns all right, title and interest in and has standing to sue for infringement of the United States patents identified below:

- **5,379,414**, "System and Methods for FDC Error Detection and Prevention" ("the '414 patent");

- **5,983,002**, "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '002 patent"); and

- **6,401,222**, "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '222 patent")

(collectively, the "patents-in-suit").

3. Dr. Philip M. Adams heads plaintiff Adams. He has a Ph.D. in applied computer science, a D.Sc. in engineering and 30 years of experience in the computer industry. Dr. Adams has served on the faculty of major universities and holds numerous patents. In the late 1980s, Dr. Adams characterized a defect in NEC 765a compatible floppy disk controllers present in most personal computers. This defect causes the random

destruction or corruption of data without proper notification to the user that data has been destroyed or corrupted.

4.    The random destruction or corruption of data in computers is a serious, and potentially cataclysmic, problem. Computers are used throughout society, and the data integrity of computers is the lifeblood of the information age. The public relies upon the integrity of data stored by computers and exchanged between them to support virtually all aspects of society, including the multitude of financial transactions, the accurate and effective diagnoses and treatment of illnesses and the proper design and construction of automobiles, aircraft, bridges, dams, office buildings and various other structures and devices.

5.    The scope and seriousness of the defects discovered by Dr. Adams was recently illustrated by the $2.1 billion *Toshiba* class-action settlement in the Eastern District of Texas. In addition to the *Toshiba* class-action settlement, the United States Government recently settled False Claims Act claims against *Toshiba* for $33.5 million. The State of California settled California State False Claims Act claims against Toshiba for $33 million. Also, several billion-dollar class-action lawsuits are presently pending against different computer companies in various federal and state courts because of such defects built into various computers.

6.    In the 18 years since Dr. Adams discovered the above-identified computer defect, Dr. Adams has discovered related data corruption defects and has devoted thousands of hours to developing a solution, alerting various federal and state governments, computer companies and private purchasers to such defects and assisting computer manufacturers to acknowledge and remedy these defects. In addition, Dr.

Adams has developed several patented computer technologies that address such defects. First, he developed patented computer technology (both hardware and software, as described and claimed in the patents-in-suit) that detects which computers are defective. Second, he developed patented solutions (both hardware and software, as described and claimed in the '414 patent) that fully resolve the defects found in such computers.

7. Hewlett Packard (one of the world's leaders in personal computers) recently accepted a license from Adams, and then placed Adams' solution on the Internet for all its customers throughout the world. Thus, any Hewlett Packard customer can go to this Internet website, download the solution and fully repair such defects in his or her computer. Compaq (before it merged with Hewlett Packard) also accepted a license.

### RELATED CIVIL ACTION

8. Plaintiff, along with Dr. Philip M. Adams, brought suit in this district (Civil Action No. 2:02-CV-00106ST) against Gateway, Inc. for infringement of the above-identified patents-in-suit. That action remains pending and involves common legal issues.

### DEFENDANTS

9. Defendant Lenovo is a Chinese corporation (registered in Hong Kong) with a place of business in the United States at 3030 Cornwallis Road, Raleigh, North Carolina 27709. Lenovo has other office locations in the United States and worldwide. The Court has personal jurisdiction over Lenovo because Lenovo transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Lenovo sells IBM personal computers and servers at CompUsa Inc. outlets and by means of the Internet in this judicial district.

10. Defendant Sony Corporation is a Japanese corporation with a principal place of business at 7-35 Kitashinagawa 6-chome, Shinagawa-ku, Tokyo 141-0001, Japan; defendant Sony Corporation of America is a New York Corporation with a principal place of business at 550 Madison Avenue, New York, New York 10022 (collectively "Sony"). The Court has personal jurisdiction over Sony because Sony transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Sony sells personal computers by means of the Internet in this judicial district.

11. Defendant Dell Inc. is a Texas corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. The Court has personal jurisdiction over Dell because Dell transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Dell sells personal computers by means of the Internet in this judicial district.

12. Defendant MPC Computers, LLC is an Idaho limited liability company with a principal place of business at 906 East Karcher Road, Nampa, Idaho 83687. MPC has other office locations in the United States and worldwide. The Court has personal jurisdiction over MPC because MPC transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. MPC sells personal computers by means of the Internet in this judicial district.

13. Defendant Fujitsu Siemens Computers GmbH is a Netherlands corporation with a principal place of business at Otto-Hahn-Ring 6 81739 Müchen Germany with a U.S. address of 1250 E. Arques Avenue, Sunnyvale, California., 95085-5401. Fujitsu Siemens has other office locations in the United States and worldwide. The Court has personal jurisdiction over Fujitsu Siemens because Fujitsu Siemens transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Fujitsu Siemens sells personal computers by means of the Internet in this judicial district.

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

14. Defendants have infringed various claims of each of the patents-in-suit in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale of computers, as described in more detail below. In addition to their direct infringement, defendants have also knowingly and intentionally induced others to infringe under 35 U.S.C. § 271(b) (such as its customers and end-users in this judicial district and throughout the United States) by intentionally aiding, assisting and encouraging their infringement, and defendants have knowingly contributed to the infringement of others under 35 U.S.C. § 271(c) (such as its customers and end-users in this judicial district and throughout the United States) by supplying their technical know-how and specially modified computers which are non-staple articles of commerce having no substantial non-infringing use. The infringement that has occurred is at least of claim 1 of the '414 patent, claims 1-6 and 8-15 of the '002 patent and claims 1-7, 9-16 and 18-20 of the '222 patent through commercialization of at least the following model computers:

- **Lenovo Internation** Model Nos. Netvista A20 (6270, 6279, 6266, 6286), Netvista A20i (2178, 2198, 6276, 6280-17R), Netvista A21 (6336, 6337, 6339, 6341, 6342, 6346, 6347, 6348), Netvista A21i (2256, 2257), Netvista A60 (6848), IBM Server Series, and IBM 2169;

- **Sony Corporation** Model Nos. PCV-L6xx SlimTops, PCV-L8xx SlimTops, PCV-RS530G, PCV-J150, and PCV-RS510;

- **Dell Inc.** Model Nos. Inspiron 5150 (Compal), Compal, and Quanta;

- **MPC Computers, LLC** Model Nos. ClientPro Series and Millennia Series (MBD001154-00, MBD001136-02, MBD001136-01, MBD001136-00, MBD001131-01, MBD001131-00, MBD001130-01, MBD001130-00, MBD001125-05, MBD001125-04, MBD001125-03, MBD001125-02, MBD001125-01, MBD001125-00, MBD001123-00, MBD001119-00, MBD001111-02, MBD001111-01, MBD001111-00, MBD001110-00, MBD001106-00, MBD001103-00); and

- **Fujitsu Siemens Computers GmbH** Model Nos. ErgoPro eD, Scenic, Thin Client, Motherboards, AMILO M75400 EB2I, and AMILO M75400 EB2I;

15. Defendants' infringement has injured Adams, and Adams is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## NOTICE AND WILLFULNESS

16. Defendants have had actual and/or constructive notice of their infringement of the patents-in-suit, including actual pre-complaint notice.

17. Defendants' infringement has been willful and deliberate as to the patents-in-suit and has occurred with knowledge of those patents in violation of 35 U.S.C. § 284 ¶ 2. Defendants' infringement has injured and will continue to injure Adams, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Defendants' products and/or services that fall within the scope of the patents-in-suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Adams respectfully requests this Court enter judgment against defendants and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate Adams for the patent infringement that has occurred, together with prejudgment interest from the date infringement of each respective patent-in-suit began, and costs;

B.  An award to Adams of all remedies available under 35 U.S.C. § 284;

C.  A finding that this case is exceptional and an award to Adams of all remedies available under 35 U.S.C. § 285;

D.  A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents-in-suit; and,

E.  Such other and further relief as this Court or a jury may deem proper and/or just.

## **JURY DEMAND**

Adams demands a trial by jury on all issues so triable.

NIRO, SCAVONE, HALLER & NIRO
HOWARD, PHILLIPS & ANDERSEN

By: Gregory D. Phillips

**ATTORNEYS FOR THE PLAINTIFF**

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company

**(b)** County of Residence of First Listed Plaintiff: Davis County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gregory D. Phillips, Kevin A. Howard, Howard Phillips & Andersen
560 E. 200 So., Suite 300, SLC, UT  84102  (801) 366-7471

## DEFENDANTS
LENOVO INTERNATIONAL, et al.

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | [X] 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)
[X] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 35 USC § 271
Brief description of cause: Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 30,000,000.00 per defendant
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  Adams v. Gateway
JUDGE Stewart; Mag. Judge Nuffer
DOCKET NUMBER 2:02-CV-00106 TS

DATE 12 May 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____

```
Judge Ted Stewart
DECK TYPE: Civil
DATE STAMP: 05/12/2005 @ 15:48:52
CASE NUMBER:  1:05CV00064  TS
```