

Raymond P. Niro
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Gregory D. Phillips (4645)
Kevin A. Howard (4343)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., FUJITSU SIEMENS COMPUTERS GmbH, INTERNATIONAL BUSINESS MACHINES CORP., LENOVO GROUP LTD., MPC COMPUTERS, LLC, SIEMENS AG, SONY CORPORATION and SONY CORPORATION OF AMERICA,<br><br>Defendants. | **AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Civil No. 1:05-CV-64<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Phillip M. Adams & Associates, L.L.C. ("Adams") complains of defendants

Dell Inc., Fujitsu Limited, Fujitsu Computer Systems Corp., Fujitsu Siemens Computers

GmbH, International Business Machines Corp., Lenovo Group Ltd., MPC Computers LLC, Siemens AG, Sony Corporation and Sony Corporation of America (collectively "defendants") as follows:

## JURISDICTION AND VENUE

1.      This Complaint states claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a). Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

## PLAINTIFF

2.      Adams is a Utah limited liability company located in Bountiful, Utah 84011. Adams owns all right, title and interest in and has standing to sue for infringement of the United States patents identified below:

- 5,379,414 entitled "Systems and Methods for FDC Error Detection and Prevention" ("the '414 patent");

- 5,983,002 entitled "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '002 patent"); and

- 6,401,222 entitled "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '222 patent")

(collectively, the "patents-in-suit").

3.      Dr. Phillip M. Adams heads plaintiff Adams. He has a Ph.D. in applied computer science, a D.Sc. in engineering and over 30 years of experience in the computer industry. Dr. Adams has served on the faculty of major universities and holds numerous patents. In the late 1980s, Dr. Adams characterized a defect in the NEC 765A floppy disk controller (FDC) present in most personal computers. This defect causes the random

destruction or corruption of data without proper notification to the user that data has been destroyed or corrupted.

4. The random destruction or corruption of data in computers is a serious, and potentially cataclysmic, problem. Computers are used throughout society and the data integrity of computers is the lifeblood of the information age. The public relies upon the integrity of data stored by computers and exchanged between them to support virtually all aspects of society, including the multitude of financial transactions, the accurate and effective diagnoses and treatment of illnesses and the proper design and construction of automobiles, aircraft, bridges, dams, office buildings and various other structures and devices.

5. The scope and seriousness of the FDC-related defects characterized by Dr. Adams was recently illustrated by the $2.1 billion *Toshiba* class-action settlement in the Eastern District of Texas. In addition to the *Toshiba* class-action settlement, the United States Government recently settled False Claims Act claims against Toshiba for $33.5 million. The State of California settled California State False Claims Act claims against Toshiba for $33 million. Also, several billion-dollar class-action lawsuits are presently pending against different computer companies in various federal and state courts because of such defects built into various computers.

6. In the 18 years since Dr. Adams characterized the NEC 765A defect, Dr. Adams has discovered related data corruption defects and has devoted thousands of hours to developing solutions, alerting various federal and state governments, computer companies and private purchasers to such defects and assisting computer manufacturers

to acknowledge and remedy these defects. In addition, Dr. Adams has developed several patented computer technologies that address such defects. First, he developed patented computer technology (both hardware and software, as described and claimed in the patents-in-suit) that detects which computers are defective. Second, he developed patented solutions (both hardware and software, as described and claimed in the '414 patent) that resolve the defects found in such computers.

7. Hewlett Packard (one of the world's leaders in personal computers) recently accepted a license from Adams, and then placed Adams' solution on the Internet for all its customers throughout the world. Thus, any Hewlett Packard customer can go to this Internet web site, download the solution and fully repair such defects in his or her computer. Compaq (before it merged with Hewlett Packard) also accepted a license under Dr. Adams' patents.

## RELATED CIVIL ACTION

8. Plaintiff, along with Dr. Phillip M. Adams, brought suit in this district (Civil Action No. 2:02-CV-00106ST) against Gateway, Inc. for infringement of the above-identified patents-in-suit. That action remains pending and involves common legal issues.

## DEFENDANTS

9. Defendant Dell Inc. ("Dell") is a Texas corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. The Court has personal jurisdiction over Dell because Dell transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods

covered by the patents-in-suit. Dell sells personal computers by means of the Internet in this judicial district.

10.     Defendant Fujitsu Limited is a Japanese corporation with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan. Fujitsu Computer Systems Corporation is a California corporation with a principal place of business at 1250 East Arques Avenue, MS 122, Sunnyvale, California 94085-3470 and sells Fujitsu computers in the United States (collectively "Fujitsu"). The Court has personal jurisdiction over Fujitsu because Fujitsu transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Fujitsu sells personal computers by means of the Internet in this judicial district.

11.     Defendant Fujitsu Siemens Computers GmbH ("Fujitsu Siemens") is a Netherlands corporation with a principal place of business at Otto-Hahn-Ring, 6 81739 Müchen Germany with a U.S. address of 1250 East Arques Avenue, Sunnyvale, California, 95085-5401. Fujitsu Siemens has other office locations in the United States and worldwide. The Court has personal jurisdiction over Fujitsu Siemens because Fujitsu Siemens transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Fujitsu Siemens sells personal computers by means of the Internet in this judicial district.

12.     International Business Machines Corporation ("IBM") is a New York

corporation with a principal place of business at New Orchard Road, Armonk, New York 10504. The Court has personal jurisdiction over IBM because IBM transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. IBM has sold personal computers and servers at CompUSA, Inc. outlets and by means of the Internet in this judicial district.

13. Defendant Lenovo Group Ltd. ("Lenovo") is a Chinese corporation (registered in Hong Kong) doing business as Lenovo (United States) Inc. with a place of business at One Manhattanville Road, Purchase, New York 10577-2100. Lenovo has other office locations in the United States and worldwide. The Court has personal jurisdiction over Lenovo because Lenovo transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Lenovo sells IBM personal computers and servers at CompUSA, Inc. outlets and by means of the Internet in this judicial district.

14. On or about May 1, 2005, Lenovo purchased the personal computer business of IBM for approximately $1.25 billion. Because it is not clear whether Lenovo also assumed liability for acts of past infringement by IBM, Adams brings its claim for patent infringement against IBM for acts occurring prior to May 1, 2005 and against Lenovo for acts occurring on or after May 1, 2005.

15. Defendant MPC Computers, LLC ("MPC") is an Idaho limited liability company with a principal place of business at 906 East Karcher Road, Nampa, Idaho 83687. MPC has other office locations in the United States and worldwide. The Court has

personal jurisdiction over MPC because MPC transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. MPC sells personal computers by means of the Internet in this judicial district.

16.   Siemens AG ("Siemens") is a German corporation with a principal place of business at Wittelsbacherplatz 2, D-80333 Munchen, Federal Republic of Germany. The Court has personal jurisdiction over Siemens because Siemens transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Siemens sells personal computers by means of the Internet in this judicial district.

17.   Defendant Sony Corporation is a Japanese corporation with a principal place of business at 7-35 Kitashinagawa 6-chome, Shinagawa-ku, Tokyo 141-0001, Japan. Defendant Sony Corporation of America is a New York Corporation with a principal place of business at 550 Madison Avenue, New York, New York 10022 (collectively "Sony"). The Court has personal jurisdiction over Sony because Sony transacts business in this judicial district and has committed tortious acts of patent infringement in this judicial district by using, selling or offering to sell products that infringe the patents-in-suit and/or by practicing methods covered by the patents-in-suit. Sony sells personal computers by means of the Internet in this judicial district.

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

18. Defendants have infringed various claims of each of the patents-in-suit in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale of computers, as described in more detail below. In addition to their direct infringement, defendants have also knowingly and intentionally induced others to infringe under 35 U.S.C. § 271(b) (such as its customers and end-users in this judicial district and throughout the United States) by intentionally aiding, assisting and encouraging their infringement, and defendants have knowingly contributed to the infringement of others under 35 U.S.C. § 271(c) (such as its customers and end-users in this judicial district and throughout the United States) by supplying their technical know-how and specially modified computers (which are non-staple articles of commerce having no substantial non-infringing use). The infringement that has occurred is at least of claim 1 of the '414 patent, claims 1-6 and 8-15 of the '002 patent and claims 1-7, 9-16 and 18-20 of the '222 patent through commercialization, sale, offer for sale or use of at least the following model computers:

- **Dell Inc.**: Compal and Quanta Models;

- **Fujitsu Ltd.**: Quanta Computer-supplied laptops, computers and servers, LifeBook;

- **Fujitsu Siemens Computers GmbH**: Model Nos. ErgoPro eD, Scenic, Thin Client, Motherboards, AMILO M75400 EB2I, and AMILO M75400 EB2I;

- **Lenovo Group Ltd./IBM**: Model Nos. Netvista A20 (6270, 6279, 6266, 6286), Netvista A20i (2178, 2198, 6276, 6280-17R), Netvista A21 (6336, 6337, 6339, 6341, 6342, 6346, 6347, 6348), Netvista A21i (2256, 2257), Netvista A60 (6848), IBM Server Series, and IBM 2169;

- **MPC Computers, LLC**: Model Nos. ClientPro Series and Millennia Series (MBD001154-00, MBD001136-02, MBD001136-01, MBD001136-00, MBD001131-

01, MBD001131-00, MBD001130-01, MBD001130-00, MBD001125-05, MBD001125-04, MBD001125-03, MBD001125-02, MBD001125-01, MBD001125-00, MBD001123-00, MBD001119-00, MBD001111-02, MBD001111-01, MBD001111-00, MBD001110-00, MBD001106-00, MBD001103-00);

- **Siemens AG**: Quanta Computer-supplied laptops, computers and servers, Scenic, Primergy; and

- **Sony Corporation**: Model Nos. PCV-L6xx SlimTops, PCV-L8xx SlimTops, PCV-RS530G, PCV-J150, and PCV-RS510.

19.  Defendants' infringement has injured Adams and Adams is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## NOTICE AND WILLFULNESS

20.  Defendants have each had actual and/or constructive notice of their infringement of the patents-in-suit, including actual pre-complaint notice.

21.  Defendants' infringement has been willful and deliberate as to the patents-in-suit and has occurred with knowledge of those patents in violation of 35 U.S.C. §§ 284. Defendants' infringement has injured and will continue to injure Adams, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of defendants' products and/or services that fall within the scope of any claim of any of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Adams respectfully requests this Court enter judgment against each defendant and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with each of them, granting the following relief:

A.  An award of damages adequate to compensate Adams for the patent

infringement that has occurred, together with prejudgment interest from the date infringement of each respective patent-in-suit began, and costs;

      B.    An award to Adams of all remedies available under 35 U.S.C. § 284;

      C.    A finding that this case is exceptional and an award to Adams of all remedies available under 35 U.S.C. § 285;

      D.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents-in-suit; and,

      E.    Such other and further relief as this Court or a jury may deem proper and/or just.

## JURY DEMAND

Adams demands a trial by jury on all issues so triable.

                NIRO, SCAVONE, HALLER & NIRO
                HOWARD, PHILLIPS & ANDERSEN

                By: Gregory D. Phillips

**ATTORNEYS FOR THE PLAINTIFF**