# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., INTERNATIONAL BUSINESS MACHINES CORP., LENOVO (UNITED STATES) INC., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC.,<br><br>Defendants. | **DECLARATION OF PETER D. HORTENSIUS IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF THEIR PROPOSED PROTECTIVE ORDER**<br><br>Civil No. 1:05-CV-64<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |

## DECLARATION

I, Peter D. Hortensius, Ph.D., declare as follows:

1.  I am currently employed by Lenovo (United States) Inc. ("Lenovo"). My title is Senior Vice President, Notebook Business Unit. I make this Declaration in support of Defendants' Motion for Entry of their Proposed Protective Order in the above-entitled action. I have personal knowledge of the facts set forth in this declaration and could and would competently testify thereto under oath if called as a witness.

2.  I am generally familiar with the allegations made by Phillip M. Adams & Associates, L.L.C. ("Plaintiff") in its Amended Complaint. In particular, I understand that Plaintiff alleges that Lenovo and six other defendants infringe United States Patent No. 5,379,414 ("the '414 Patent"), United States Patent No. 5,983,002 ("the '002 Patent"), and United States Patent No. 6,401,222 ("the '222 patent") (collectively, the "patents-in-suit"). I also understand that Dr. Phillip M. Adams is the sole named inventor of the patents-in-suit and heads Phillip M. Adams & Associates, L.L.C.

3.  Lenovo's business includes the design and development of computer systems, including personal computers, and the various components and subassemblies used in such computers. Lenovo creates and maintains sensitive confidential technical information in connection with its business.

4.  I understand that Plaintiff is seeking broad discovery from Lenovo in this litigation. For example, Plaintiff's First Set Of Document Requests ("RFP's") To All Defendants (Nos. 1-87) include the following requests:

    - RFP 12: "All documents pertaining to the manner of operation of the computer systems made or sold by or on behalf of Defendants from 1999 to the present."

- RFP 35: "All documents pertaining to the hardware structure of computer systems made or sold by or on behalf of Defendants from 1999 to the present, including but not limited to product design notebooks, circuit schematic diagrams and specifications."
- RFP 47: "All technical information referring or relating in any way to the motherboards and super I/O devices contained in Defendant's computer systems."

5. Each of these requests includes Lenovo's sensitive technical information relating to its computer products and systems.

6. Lenovo's sensitive technical information relating to its computer systems derives economic value because it is not known by others. Competitors and others who have access to Lenovo's sensitive technical information could obtain economic value from its disclosure or use to the detriment of Lenovo.

7. Lenovo takes reasonable precautions to ensure that its sensitive technical information is maintained in secrecy. For example, Lenovo does not allow third parties access to this information except as necessary for its business, in which case appropriate restrictions concerning its use and non-disclosure are included in confidentiality agreements with such third parties.

8. Lenovo would likely be significantly harmed by any misuse of its sensitive technical information. Such misuse would likely cause economic injury to Lenovo and could place Lenovo at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2006 in RTP, NC.

By: _____
Peter D. Hortensius