# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., INTERNATIONAL BUSINESS MACHINES CORP., LENOVO GROUP LTD., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br>  **GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLETE ANSWERS TO INTERROGATORY NO. 14, AND FOR A FINDING THAT RULE 33(d) DOES NOT APPLY**<br>  **AND**<br>**GRANTING IN PART DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES**<br><br>Civil No. 1:05-CV-64 TS<br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

Plaintiff Phillip M. Adams & Associates, L.L.C. (Adams) alleges the Defendants, some of the largest manufacturers of computers, have infringed on three of its patents related to errors in floppy disk controllers.[1]  Adams alleges the infringement occurs in many specified models of Defendants' computers.[2]

In the early stages of the case, disputes have arisen as to the gathering of preliminary information.  Adams wants to know the field of play – which of Defendants' many computer

---

[1] Amended Complaint at 2, docket no. 6, filed May 31, 2005.

[2] *Id.* at 8.

models may have infringing components – while Defendants want Adams to reveal the evidence Adams now has of infringement.

**Plaintiff's Motion to Compel**

Plaintiff Adams moved to compel[3] all Defendants to answer its Interrogatory No. 14,[4] seeking information on their product sales. Adams withdrew the motion, first as to Lenovo and MPC,[5] and then as to Fujitsu, saying they have complied with Plaintiff's request.[6] IBM eventually answered most of Adams' Interrogatory No. 14 on July 21.[7] "Dell has provided the

---

[3] Docket no. 123, filed July 6, 2006.

[4]      INTERROGATORY NO. 14

   Please (a) identify all of the products that you import, make, use, sell or offer for sale and that include a Floppy Disk Control (FDC); (b) identify all of the products that you import, make, use, sell or offer for sale and that include a Super I/O (SIO) device; (c) identify all of the products that you import, make, use, sell or offer for sale and that include a Bridge Chip with an integrated Super I/O (SIO) device; (d) identify the FDCs used in the products identified in part (a) above; (e) identify the manufacturers of those FDCs; (f) identify the SIOs used in the products identified in part (b) above; (g) identify the manufacturers of those SIOs; (h) identify the Bridge Chips used in the products identified in part (c) above; and (i) identify the manufacturers of those Bridge Chips. State the number of each product identified in part (a) above that you have imported, made, used, sold or offered for sale. State the number of each product identified in part (b) above that you have imported, made, used, sold or offered for sale. State the number of each product identified in part (c) above that you have imported, made, used, sold or offered for sale.

The Interrogatory is reproduced in full in Plaintiff's Memorandum in Support of Motion to Compel Complete Answers to Interrogatory No. 14, and for a Finding that Rule 33(d) Does Not Apply (Adams' Supporting Memorandum 124) at 2, docket no. 124, filed July 6, 2006. The actual interrogatories to Defendants are attached as Exhibits C-F to Memorandum 124.

[5] Notice of Withdrawal of Adams' Motion to Compel as to Lenovo and MPC but Not the Other Defendants, docket no. 138, filed July 25, 2006.

[6] Notice of Withdrawal of Adams' Motion to Compel as to Fujitsu Limited and Fujitsu Computer Systems Corp. but Not the Other Defendants, docket no. 142, filed August 1, 2006.

[7] Adams' Reply to IBM's Opposition to Adams' Motion to Compel Complete Answers to Interrogatory No. 14, and for a Finding that Rule 33(d) Does Not Apply (Adams' Reply Memorandum 143) at 2, docket no. 143, filed August 2, 2006. IBM's Opposition to Adams' Motion to Compel Complete Answers to Interrogatory No. 14, and for a Finding that Rule 33(d) Does Not Apply (IBM's Opposition Memorandum 136) at 2-6, docket no. 136, filed July 24, 2006.

technical information requested in Interrogatory No. 14 in the form requested by Adams,"[8] but like IBM has withheld some information.

Some defendants objected to providing information beyond the limited list of accused products Adams identified in the Amended Complaint, but later recognized that Adams is entitled to take discovery of the scope of the alleged infringement and is not required to identify each model of infringing computer before filing suit.[9]

Some Defendants object that the industry-standard terminology of this interrogatory is vague or ambiguous. The satisfactory answers of many industry-leader Defendants disprove this objection.

Some Defendants attempted to invoke Fed. R. Civ. P. 33(d) rather than provide narrative answers or tabular answers. That rule permits a party to forego a narrative interrogatory answer if the answer may be derived or ascertained from business records *and* if the burden of deriving or ascertaining the answer is substantially the same for both parties. All responding parties have now provided tabular, summary information.

### Pending Objections

IBM and Dell also objected to the interrogatory insofar as it requested *damages* information. Under the court's scheduling order[10] (entered on stipulation[11]), damages discovery is deferred until after liability discovery. Plaintiff's Interrogatory No. 14 asks for

---

[8] Dell's Memorandum in Opposition to Adams' Motion to Compel Complete Answers to Interrogatory No. 14, and for a Finding that Rule 33(d) Does Not Apply (Dell's Opposition Memorandum 141) at 3, docket no. 141, filed August 1, 2006.

[9] See authorities cited in Adams' Supporting Memorandum 124, at 4.

[10] Docket no. 112, filed June 5, 2006.

[11] Docket no. 108 at 7, filed May 22, 2006.

"the number of each product identified . . . above that you have imported, made, used, sold or offered for sale." IBM and Dell claim this is *damages* information.[12]

But Adams points out sales numbers are hardly a start on damages discovery. "If Adams were seeking pure damages discovery, Adams would ask for much more information, including profits, costs, licensing rates and pricing information."[13] The raw sales numbers have legitimate uses at this early stage, including winnowing out minor third party suppliers to focus the litigation;[14] potential rebuttal of an obviousness assertion;[15] and to facilitate settlement.[16] IBM and Dell should answer this part of the Interrogatory.

### Defendants' Motion to Compel

Defendants have moved to compel Adams to respond to Defendants' interrogatories which request information regarding the basis for Adams' claims of infringement.[17] While each Defendant's interrogatories may vary, they are similar to those propounded by Fujitsu:

> Identify each product of Fujitsu that you contend infringes the Adams Patents, and for each product provide (1) its identity by model number or trade name, (2) the identity (by manufacturer, number, and version designation) of each component that you contend infringes the Adams patents, including but not limited to FDC chips and Super I/O chips, and (3) an explanation of when and how the alleged infringement of each product and/or each component came to your attention.
> and
> Identify each claim of the Adams Patents that Adams asserts is infringed by Fujitsu, and for each such claim provide a claim chart that identifies on an element by element basis any allegedly infringing structure of and allegedly infringing steps performed by each Fujitsu product identified in your answer to Interrogatory No. 1, and state whether the alleged infringement is literal or under the doctrine of equivalents.[18]

---

[12] Dell's Opposition Memorandum 141, at 2-3, 8-9; IBM's Opposition Memorandum 136, at 6-8.

[13] Adams' Reply Memorandum 143, at 2.

[14] *Id.* at 2.

[15] *Id.* at 2-4.

[16] *Id.* at 4.

[17] Defendants' Motion to Compel Interrogatory Responses, docket no. 130, filed July 21, 2006.

[18] Memorandum in Support of Motion to Compel Interrogatory Responses (Defendants' Supporting Memorandum 131) at iv, docket no. 131, filed July 21, 2006.

Adams objects that the interrogatories are "premature," stating that Adams will not respond until each Defendant produces "discovery regarding what products use the technology as well as technical information regarding those products."[19]

Defendants say "Adams should not be permitted to rely on discovery to formulate after-the-fact infringement contentions that should have been formulated before filing this case."[20] Defendants say they are looking for "Adams' Rule 11 basis for its infringement allegations,"[21] "which a plaintiff must gather *prior* to filing a complaint."[22]

The "who goes first" discussion permeates the memoranda:

Defendants:

> Adams recently served broad interrogatories seeking information regarding the allegedly infringing devices, and filed a motion to compel defendants to provide information regarding *every single one of their products* that contains an FDC — even those as to which Adams has articulated no infringement position, which include the vast majority of defendants' products.[23]
>
> Thus, Adams is blatantly seeking to improperly use discovery to develop infringement contentions now — over a year after it filed the lawsuit — as to many of the products accused in the Amended Complaint that should have been investigated prior to filing this action. Adams should not be permitted to do so.[24]

Adams:

> Adams does not assert that it should not answer these interrogatories, but it should answer them after defendants and their suppliers provide microcode and other information on their FDC chips and their computer products.[25]

---

[19] Plaintiff's Response To Defendants Fujitsu Limited And Fujitsu Computer Systems' First Set Of Interrogatories at 5, Exhibit H to Defendants' Supporting Memorandum 131.  Similar response was made to discovery from other Defendants.  *See* Exhibits G, J, I, K and L to Defendants' Supporting Memorandum 131.

[20] Defendants' Supporting Memorandum 131, at 2.

[21] *Id.* at iii.

[22] *Id* at v.

[23] *Id.* at 3

[24] *Id.* at 5.

[25] Adams' Opposition to Defendants' Motion to Compel Interrogatory Responses (Adams Opposition Memorandum 144) at 4, docket no. 144, filed August 3, 2006.

> Adams has requested that defendants provide discovery on which products use FDC chips as well as technical information from those products and chips. Defendants have not provided all the necessary information. This information is necessary for Adams to create complete and accurate claim charts.[26]

The parties also "talk past" each other when discussing what is sought. Adams thinks the Defendants want claim charts, which Adams says he cannot provide now. "Adams cannot produce the claim charts or contentions that the defendants seek."[27]

Defendants say "this is not what Defendants seek. As explained in their Motion, at this point in the litigation, Defendants seek Adams's infringement contentions *only as to the accused devices identified by Adams in its pleadings*."[28]

Adams has produced claim charts from a related case to the Defendants and says "[t]hose claim charts provide a clear picture of Adams' allegations of infringement. It does not require a great deal of imagination for the defendants to apply those claim charts to their products . . . . [T]he defendants in this case use the same type of chips [that Gateway used] in their computers."[29]

Defendants, however, are not as clear on this point. They say "[f]ive of the Defendants (Dell, Lenovo, Sony, Fujitsu Limited, and Fujitsu Computer Systems) did not identify the Winbond Rev G chip [used by Gateway] *anywhere* in their responses. . . . As to the remaining Defendants, most of the products specifically accused by Adams likewise do *not* contain the Winbond Rev G chip.[30]

---

[26] *Id.* at 8.

[27] Adams' Opposition Memorandum 144, at 3.

[28] Reply 148, at 1.

[29] Adams' Opposition Memorandum 144, at 4.

[30] Reply Memorandum in Support of Motion to Compel Interrogatory Responses (Defendants' Reply Memorandum 148) at 4-5, docket no. 148, filed August 17, 2006 (footnotes omitted).

Defendants help the court understand what they seek by pointing to the practices of other districts. "Several districts routinely *require* the disclosure of preliminary infringement contentions, including claim charts, soon after the case is filed."[31] District Judge Tena Campbell in this district also requires a party claiming infringement to serve a "Disclosure of Asserted Claims and Preliminary Infringement Contentions" separately, for each opposing party, not later than 10 days after the Initial Pretrial Conference.[32] This must include:

> (a) Each claim of each patent in suit that is allegedly infringed by each opposing party;
> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality or Device") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Device, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Device that performs the claimed function;
> (d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Device;
> (e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and
> (f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

Critical to this requirement is the qualification that the disclosure is of information "of which the party is aware," "as specific as possible," and that many details are only required "if known." This preliminary disclosure is not a claim chart. It is a starting point. Granted, the Gateway claim charts are very helpful, and may be an analogue, but *at this point* the Defendants are entitled to know *what is known* by Plaintiff about the Defendants' allegedly infringing

---

[31] Defendants' Supporting Memorandum 131, at 7.

[32] Exhibit X to Declaration of Parisa Jorjani in Support of Defendants' Motion to Compel Interrogatory Responses, docket no. 132, filed July 21, 2006.

products. As discovery develops the entire field of allegedly infringing products, the claim charts will eventually be required to tell the entire story from Plaintiff's viewpoint.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Complete Answers to Interrogatory No. 14, and for a Finding that Rule 33(d) Does Not Apply[33] is GRANTED IN PART. Dell and IBM shall provide the number of each product that they have identified in their tabular responses.

IT IS FURTHER ORDERED that Defendants' Motion to Compel Interrogatory Responses,[34] is GRANTED IN PART in that Plaintiff shall within twenty days serve an answer to each Defendant's interrogatories regarding its claims of infringement, with information now known by Adams.

Dated this 15th day of September, 2006.

_____
David Nuffer
United States Magistrate Judge

---

[33] Docket no. 123, filed July 6, 2006.
[34] Docket no. 130, filed July 21, 2006.