Raymond P. Niro
Vasilios D. Dossas
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Gregory D. Phillips (4645)
Kevin A. Howard (4343)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, and SONY ELECTRONICS INC.,<br><br>Defendants. | **ADAMS' CONDITIONAL RESPONSE TO SONY ELECTRONICS INC.'S MOTION TO IMPLEAD THIRD PARTIES UNDER RULE 14**<br><br>Civil No. 1:05-CV-64<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |

## I.   INTRODUCTION

Plaintiff Phillip M. Adams & Associates, L.L.C. ("Adams") hereby responds to Sony Electronic, Inc.'s ("Sony") Motion to Implead Third Parties, and does not oppose Sony's Motion provided that (1) the addition of the third-party defendants does not affect

the trial date of January 22, 2008; (2) the Court limits the issues relating to the additional third-party defendants to indemnification and contribution of Adams' patent infringement claims against Sony; and (3) the Court enters an Order that Adams need not assert Adams' patent infringement and other claims against the third-party defendants or their downstream customers in this lawsuit, and that *res judicata*, collateral estoppel, or any other bar will not preclude Adams from asserting claims against the third-party defendants and their downstream customers in a separate, future lawsuit.

Undoubtedly the addition of Sony's suppliers to this lawsuit will facilitate and streamline discovery from them. The suppliers will be subject to discovery as parties, rather than foreign third parties that Adams and Sony would have to go to Taiwan and attempt discovery under the Hague or other treaties. The impleader may also facilitate settlement with Sony. However, the impleader of these suppliers presents serious risks, if not ordered under specific conditions, including the risks of unreasonable delay and significant expansion and complication of this lawsuit.

## II.     THE THREE PARTIES THAT SONY SEEKS TO IMPLEAD

Winbond and ITE are chip manufacturers located in Taiwan. They supply the world with computer chips, including those involved in the present lawsuit. Winbond alone has approximately 50% of the world's chip market and sells billions of dollars of chips every year. Winbond and ITE typically supply their chips to motherboard manufacturers such as ASUS. ASUS, also located in Taiwan, assembles the motherboards by connecting Winbond and ITE chips as well as other components onto

a substrate, commonly known as a "motherboard." ASUS then supplies the motherboards to system houses including Gateway, IBM, Lenovo, Sony, and the other defendants in this action.

At the chip level, Winbond and ITE supply a large number of motherboard manufacturers. They do not just supply ASUS. Adams estimates that Winbond and ITE supply chips to at least ten major motherboard manufacturers. And, at the motherboard level, ASUS also supplies motherboards to many other computer companies as well. In other words, these potential third-party defendants, Winbond, ITE, and ASUS, supply to a lot more companies than just the system houses that Adams has licensed (HP, Compaq) and sued in this Court (Gateway, IBM and Lenovo, who have settled, and Dell, Fujitsu, MPC, and Sony, who remain in this lawsuit). In fact, these three potential third-party defendants supply companies that come into existence very briefly to perform a single job for a single client. Adams estimates that the well-known brands against whom Adams has enforced its patents account for much less than 50% of the computer manufacturers that compete in the U.S. market and that use Winbond, ITE and ASUS devices.

III.  **SAFEGUARDS AND CONDITIONS ARE REQUIRED TO KEEP THIS LAWSUIT FROM EXPANDING TO AN UNMANAGEABLE SIZE AND TOPROTECT ADAMS' FUTURE CLAIMS AGAINST THESE SUPPLIERS AND THEIR CUSTOMERS.**

Without the conditions and safeguards set forth herein, bringing Winbond, ITE, and ASUS into this lawsuit would force Adams to bring patent infringement and other claims (because of potential *res judicata* and collateral estoppel issues) against these

three companies and their other downstream customers in this lawsuit, greatly expanding its scope. In other words, if Sony succeeds in impleading these third-parties into this lawsuit without any safeguards, forcing Adams to assert infringement claims against the third parties and all of their downstream customers, this lawsuit would expand dramatically and become unmanageable.

As with the defendants presently in this action, Adams' patent infringement claims against Winbond, ITE and ASUS would involve multiple issues. These companies have both directly infringed and induced the infringement of the claims of the patents-in-suit. Adams would have to bring those claims against the impleaded parties, and their downstream customers, in this case or risk losing the claims. Otherwise, these three companies, and their downstream customers, would assert the doctrine of *res judicata* and/or collateral estoppel, to preclude Adams from bringing the additional claims against them in other actions. Therefore, without the requested conditions and safeguards, the only course for Adams is to bring all available claims in this lawsuit.[1]

---

[1] The law is clear that if the Court enters an Order that certain claims are not required to be asserted in this lawsuit but are preserved for future litigation, *res judicata* and collateral estoppel are not implicated. The Restatement (Second) of Judgments § 26 provides as follows:

> 1. When any of the following circumstances exists, the general rule of § 24 [the Restatement's general rule prohibiting claim splitting] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
> a. The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
> b. **The court in the first action has expressly reserved the plaintiff's right to maintain the second action**....

Restatement (Second) of Judgments § 26 (1982) (emphasis added).

Numerous circuits have held that courts may preserve claims for subsequent

This would overwhelm the parties presently involved in this suit as well as the court and jury when the parties present their claims at trial.

### IV.  ADAMS RESPECTFULLY REQUESTS THAT THE COURT ENTER THE FOLLOWING CONDITIONS

Should the Court grant Sony's motion to implead Winbond, ITE, and ASUS, Adams respectfully requests that the Court enter an Order with the following conditions:

(1) that the addition of these third-party defendants does not affect the trial date of January 22, 2008;

(2) that the issues relating to the additional third-party defendants are limited to indemnification and contribution of Adams' patent infringement claims against Sony; and

(3) that Adams need not assert Adams' patent infringement and other claims against the third-party defendants or their downstream customers in this lawsuit, and that Adams will not be barred by *res judicata*, collateral estoppel, or otherwise from asserting Adams' claims against these third-parties and their downstream customers in a separate, future lawsuits.

### V.  CONCLUSION

---

actions.  *See* Stolberg v. Trustees for the State Colleges of Connecticut, 541 F.2d 890, 893 (2d Cir. 1976) ("If the underlying judgment had explicitly provided that [a particular] issue had not been litigated and the defendants were not precluded from raising it, there would be no question" that res judicata would not bar a second suit.); Guzowski v. Hartman, 849 F.2d 252, 255 (6th Cir. 1988); Blackwelder v. Millman, 522 F.2d 766, 773 (4th Cir. 1975); King v. Provident Life & Accident Insurance Co., 23 F.3d 926, 929 (5th Cir. 1994).

If the court agrees to preserve Adams' future action against the impleaded parties, Adams can continue prosecuting this action without disrupting the case by bringing in all available claims. Accordingly, Adams respectfully requests that, should the Court allow the impleader, it should issue an Order with the safeguards outlined above.

DATED: November 13, 2006.

                    HOWARD, PHILLIPS & ANDERSEN


                    ___/s/ Gregory Phillips_____
                    By: Gregory D. Phillips
                    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 13, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Matthew W. Neumeir
Reginald J. Hill
Stephen M. Geissler
Jenner & Block
One IBM Plaza
330 North Wabash Avenue
Chicago, Illinois  60611
(312) 222-9350
Fax:  (312) 527-0484

Terry E. Welch
Darren K. Nelson
Parr Waddoups Brown Gee &
 Loveless
185 South State Street, Suite 1300
Salt Lake City, Utah  84111-1537
(801) 532-7840
(801)  532-7750

Michael A. Jacobs
Parisa Jorjani
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
(415) 268-7000
Fax:  (415) 268-7522

Sterling A. Brennan
David R. Wright
Janna L. Jensen
Workman Nydegger a
 Professional Corporation
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
(801) 533-9800
Fax:  (801) 328-1707

Jennifer A. Brown
David M. Connors
Chapman & Cutler
One Utah Center
201 S. Main St. Ste. 2000
Salt Lake City, UT  84111

John J. Edmonds
Brian L. Jackson
Howery LLP
1111 Louisanna 25th  FL
Houston, TX  77002

Steven J. Rizzi  
Weil, Gotshal & Manges LLP  
767 Fifth Avenue  
New York, New York  10153  
(212) 310-8000  
Fax:  (212) 310-8007  

Benjamin J. Bradford  
Jenner & Block  
330 N Wabash Ave  
Chicago, IL  60611  

Michael S. Dowler  
Brian L. Jackson  
Howrey LLP  
750 Bering Drive  
Houston, Texas  77057-2198  
(713) 787-1400  
Fax:  (713) 787-1440  

Jeremy O. Evans  
Jackson, Walter & Evans  
10421 Jordan Gateway, Suite 630  
South Jordan, Utah  84095  
(801) 576-2660  
Fax:  (801) 576-2661

| | |
|---|---|
| Kevin B. Johnson<br>Todd M. Briggs<br>Christopher A. Honea<br>Quinn Emanuel Urquhart Oliver<br>  & Hedges<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA  94065<br>(650) 801-5000<br>Fax:  (650) 801-5100 | Rick B. Hoggard<br>Arthur B. Berger<br>Ray Quinney & Nebeker P.C.<br>36 South State Street, Suite 1400<br>P.O. Box 45385<br>Salt Lake City, Utah 84145-0385 |
| Matthew D. Powers<br>Jared Bobrow<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, California  94065<br>(650) 802-3000<br>Fax:  (650) 802-3100 | |
| | /s/ Julianne Partridge<br>HOWARD, PHILLIPS, & ANDERSEN |