# EXHIBIT 4

**To Defendant Dell Inc.'s Memorandum in Support of Its Motion to Compel Answers to Dell's Requests for Admission Nos. 27-57 to Plaintiff**

**"Plaintiff's Response to Dell's First Set of Requests for Admissions (1-57)"**

Raymond P. Niro
Vasilios D. Dossas
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Gregory D. Phillips (4645)
Kevin A. Howard (4343)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> DELL INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., INTERNATIONAL BUSINESS MACHINES CORP., LENOVO (UNITED STATES), INC., MPC COMPUTERS, LLC, and SONY ELECTRONICS INC., <br><br> Defendants. | **PLAINTIFF ADAMS' AND PHILLIP M. ADAMS' RESPONSE TO DELL'S FIRST SET OF REQUESTS FOR ADMISSIONS (1-57)** <br><br> Civil No. 1:05-CV-64 <br><br> The Honorable Ted Stewart <br> Magistrate Judge David Nuffer |

Plaintiff Phillip M. Adams & Associates, L.L.C. and Phillip M. Adams (collectively "Adams"), submit these objections and responses to defendant Dell Inc.'s ("Dell"), first set of requests for admissions as follows:

To avoid undue repetition, Adams sets forth the following General Objections:

## GENERAL OBJECTIONS

1.      Adams objects to the terms used in Dell's requests for admission to the extent that they are vague and ambiguous.   Fawcett v. Ditkowsky, 1992 U.S. Dist. LEXIS 577, *15-16 (N.D. Ill. 1992) ("If an 'admission' is vague or reasonably subject to more than one interpretation the ultimate purpose of simplifying and narrowing the issues for trial will not be achieved.").

2.      Adams objects to Dell's requests for admission to the extent that they do not include only one specific statement which can be admitted or denied.  Requests that fail to meet that standard need not be answered at all.   Audiotext Communications Network, Inc. v. U.S. Telecom, Inc., 1995 U.S. Dist. LEXIS 15395, *5-7 (D. Kan. 1995); Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988); Downs v. Brasted, 1993 WL 273370, at *1 (D. Kan. 1993); United States v. Jensen, 1995 U.S. Dist. LEXIS 15277, *4 (D. Utah 1995); Schbley v. Gould, 1994 U.S. Dist. LEXIS 4082, *5-*7 (D. Kan. 1994).

3.      Adams objects to each request for admission that seeks a legal conclusion.  People of the State of California v. The Jules Fribourg, 19 F.R.D. 432, 436 (N.D. Cal. 1995) (sustaining objections to request for admissions where requests ask for admission of "a legal conclusion which may be an important element in the case ..."); Naxon Telesign Corp. v. GTE Information Systems, Inc., 212 USPQ 919, 920 (N.D. Ill. 1980) (plaintiff in patent infringement action would not be required to respond to defendant's request for admissions which quoted selected language from plaintiff's patent and asked that it be admitted that various elements disclosed in a prior patent owned by defendant satisfied the quoted language, since defendant was improperly

seeking to obtain an admission of the ultimate legal conclusion in the case rather than admissions "of fact or of the application of law to fact").

A request for admission seeking a legal conclusion as to infringement, for example, is improper because it attempts to circumvent the Court's duty to construe the claims of the patents-in-suit. See, e.g., Medical Graphics Corp. v. SensorMedics Corp., 1995 U.S. Dist. LEXIS 11173, *47 (D. Minn. 1995) ("SensorMedics also argues that MedGraphics is bound by its response to defendant's requests for admissions ... to the effect that the "764 patent does not 'cover' [certain] devices ....  Given the Court's obligation to construe the meaning of the claim in light of the claim language, the specification and the prosecution history, Markman, 1995 WL 146983, at *11, it is not clear that the Court is bound by such a statement.").

Thus, courts have repeatedly held that requests that seek legal conclusions are not appropriate under Rule 36.  See Moore's Federal Practice §§ 36.10[7], 36.10[8] (3d ed. 1997); see also Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Company, Inc., 130 F.R.D. 92, 96 (N.D. Ind. 1990) (improper to seek legal conclusion through Rule 36); Williams v. Krieger, 61 F.R.D. 142, 144 (S.D.N.Y. 1973) ("pure requests for admissions of law" are prohibited under Rule 36); Pittway v. Fyrenetics, Inc., 1992 U.S. Dist. LEXIS 12172, *43 (N.D. Ill. 1992) ("This court found that in combination those Requests sought to obtain an admission of the ultimate legal conclusion in the case....'").

In Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Company, Inc., the Northern District of Indiana determined that a request seeking admission of the validity of a patent claim was inappropriate because it sought a "bald legal conclusion" even if

its answer may depend upon factual inquiries.   130 F.R.D. 92, 96 (N.D. Ind. 1990). Similarly, in Naxon Telesign, involving the same type of requests at issue in this case, the defendant requested plaintiff's admission that various elements disclosed in a related patent satisfied quoted language in the plaintiff's patent.  212 USPQ 919, 920 (N.D. Ill. 1980).   The Northern District of Illinois held that the request need not be answered, as it improperly sought "to obtain an admission of the ultimate legal conclusion in the case rather than admissions 'of fact or of the application of law to fact." Id. (quoting Fed.R.Civ.P. 36(a)) (emphasis in original).

4.     Adams objects to each Request for Admission to the extent it requests information protected from discovery by the attorney-client privilege or work product immunity doctrine.

5.     Adams objects to each Request for Admission to the extent it requests information not relevant to any claim or defense in this action, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise beyond the scope of permissible discovery in this action.

To the extend that specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests, and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.  Adams has endeavored to answer the requests to the best of its ability, based upon the current state of discovery.  Adams reserves the right to change, modify or supplement its answers.

## REQUESTS FOR ADMISSION

1.      ADMIT that as of June 15, 2006, Adams has not demonstrated to DELL that any of its computer models infringe the patents-in-suit.

**RESPONSE:**

Before June 15, 2006, Adams offered to meet with Dell personnel and demonstrate to Dell that its computers infringe the patents-in-suit.  Dell has not agreed to meet.  Otherwise, denied.

2.      ADMIT that as of June 15, 2006, Adams can identify by model name and number only one specific DELL computer model that Adams contends infringes the patents-in-suit.

**RESPONSE:**

Denied.

3.      ADMIT that as of June 15, 2006, Adams has not tested any DELL computers to determine if they have a faulty floppy disk controller.

**RESPONSE:**

Denied.

4.      ADMIT that as of June 15, 2006, Adams does not have a basis to believe that DELL ever possessed a copy of Adams's patented software.

**RESPONSE:**

Denied.

5.      ADMIT that as of June 15, 2006, Adams does not contend that Dell's computers infringe the patents-in-suit based on software running on the central processing unit that executes the operating system running on those computers.

**RESPONSE:**

Denied.

6.      ADMIT that as of June 15, 2006, Adams alleges that microcode contained in either a floppy disk controller or a super I/O device in a Dell computer infringes the patents-in-suit.

**RESPONSE:**

5

See General Objections Nos. 1 and 3. Adams objects to this request as one for legal conclusions, and thus improper. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).

7.    ADMIT that as of June 15, 2006, Adams has not tested the Dell Blade Server with product name Glacier to determine if it infringes the patents-in-suit.

**RESPONSE:**

Denied.

8.    ADMIT that as of June 15, 2006, Adams has not purchased the Dell Blade Server with product name Glacier.

**RESPONSE:**

Admitted.

9.    ADMIT that as of June 15, 2006, Adams has never operated a Dell Blade Server with product name Glacier.

**RESPONSE:**

Denied.

10.    ADMIT that as of June 15, 2006, the Dell Blade Server with product name Glacier is the only specific Dell product that Adams alleges to infringe the patents-in-suit.

**RESPONSE:**

Denied.

11.   ADMIT that as of June 15, 2006, that the Winbond 83877 is the only Super I/O device found in a Dell product which Adams alleges infringes the patents-in-suit.

**RESPONSE:**

Denied.

12.   ADMIT that as of June 15, 2006, that the Winbond 83877 is the only Floppy Disk Controller found in a Dell product which Adams alleges infringes the patents-in-suit.

**RESPONSE:**

Denied.

13.   ADMIT that a floppy disk controller is required for direct infringement of the asserted claims of the patents-in-suit.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  <u>Tulip Computers International B.V.</u> <u>v</u>. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst</u> <u>v</u>. <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).

14.   ADMIT that a floppy disk controller has to be operably connected a

memory controller in order to directly infringe the asserted claims of the patents-in-suit.
**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).

15.    ADMIT that a computer with only a floppy diskette drive that is connected to the computer via a universal serial bus cannot infringe the asserted claims of the patents-in-suit.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).

16.    ADMIT that a floppy disk controller must be able to access a system clock in order to directly infringe the asserted claims of the patents-in-suit.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).

17.    ADMIT that the presence of a floppy disk drive in a computer is not necessary for direct infringement of the asserted claims of the patents-in-suit.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).

       18.    ADMIT that a computer without a media drive cannot infringe the asserted
claims of the patents-in-suit.

**RESPONSE:**

       Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact…"  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).

       19.    ADMIT that a computer without a media drive cannot infringe the asserted
claims of the patents-in-suit.

**RESPONSE:**

       Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact…"  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V. v. Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also, Fulhorst v. United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).

20.     ADMIT that a primary object of the '414 patent is to "provide a system and method for the detection...of an undetected FDC data error where data corruption occurs." At Col. 5, 11. 4-7.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.

21.     ADMIT that a primary object of the '002 patent is to "provide a method for detecting defective Floppy Diskette Controllers ('FDC's)." at Co. 4, 11. 14-16.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.

22.     ADMIT that a Floppy Diskette Controller is defective when it causes undetected data errors including data corruption.

**RESPONSE:**

Denied.

23.     ADMIT that a primary objects of both the '414 and '002 patent is to provide a method for detecting defective Floppy Diskette Controllers.

11

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate.

24.    ADMIT that a "prior solution" to the "FDC problem" is to "provide a new FDC that alleviates the problem." '414 patent, Col. 4, 11. 20-25.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate.

25.    ADMIT that at the time of the filing of the '414 patent a known solution to the "FDC problem" ('414 Patent, Col. 4, 1. 20) was to use a new FDC which does not cause data corruption or data errors.

**RESPONSE:**

Denied.

26.    ADMIT that none of the patents-in-suit claim providing a new FDC to alleviate the FDC problem.

**RESPONSE:**

See General Objections Nos. 1 and 3. Adams objects to this request as one for legal conclusions, and thus improper. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any

Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V.</u> v. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also</u>, <u>Fulhorst</u> v. <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).

27.    ADMIT that a "simple test program" to "demonstrate the FDC error" is disclosed in the '414 patent at Col. 2, 1. 36 – Col. 3, 1. 37.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate.

28.    ADMIT that the '414 patent discloses a "complete software implementation of a device driver that is capable of detecting an undetectable data corruption problem." Col 19, 11. 36-39.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate.

29.    ADMIT that the element, "a processor executing detection executables effective to determine an underrun error undetected by a floppy diskette controller and effective to identify the floppy diskette controller as defective," contained in claim 1of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "perhaps the best way to demonstrate the FDC error...has been demonstrated in systems using MS/PC-DOS operating systems by means of a simple test program" at Col. 2, 11. 36-42.

**RESPONSE:**

13

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.  "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

30.    ADMIT that the element, "a memory device operably connected to the processor to store the detection executables and corresponding detection data," contained in claim 1 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "The architecture of a typical computer system is illustrated in FIG. 1.  The computer system's CPU and main memory are located inside the system unit...to avoid losing the data, it must be saved on some type of storage device.  For example, the computer system may use a 'hard disk' storage device which is permanently installed in the computer system. " at Col. 6, 11. 20-32.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman

14

ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

    31.    ADMIT that the element, "a system clock operably connected to the processor to provide a time base", contained in claim 1 of the '002 patents is disclosed by the '414 patent including, but not limited to, the description "Virtually all computer systems must have a system clock" at Col. 6, 11. 61-62.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

32.   ADMIT that the element, "a media drive comprising storage media for storing data", contained in claim 1 of the '002 patent is disclosed by the '414 patent including, but not limited to, the descriptions "most of these computer systems include diskette drives for storing and receiving data on floppy diskettes" at Col. 1, 11, 24-26 and "Most computer systems have at least one floppy diskette drive that receives a removable floppy diskette. That floppy diskette likewise is used for 'permanent storage of data or software outside of the computer system" at Col. 6, 11. 32-36.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V.</u> v. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also</u>, <u>Fulhorst</u> v. <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

33.   ADMIT that the element, "the floppy diskette controller operably connected to the media drive to control formatting and storage of data on the storage media", contained in claim 1 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Data transfer to and from a floppy diskette is controlled by a ...Floppy Disk Controller" at Col. 1, 11. 36-37.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact…"  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation….a party is not required to respond to a request that contains

vague or ambiguous statements." Fulhorst, at page *3.

    34.    ADMIT that the element, "a direct memory access controller operably
connected to the floppy diskette controller and the memory device to control transfers of
data between the memory device and the floppy diskette controller", contained in claim
1 of the '002 patent is disclosed by the '414 patent including, but not limited to, the
description "In transferring data to floppy diskette, the CPU typically programs the Direct
Memory Access (DMA) controller for an input/output ("I/O") transfer, issues a command
to the FDC to begin the I/O transfer, and then waits for the FDC to interrupt with a
completion interrupt signal.  It is also possible to perform Programmed I/O … without
involving the DMA controller … this latter approach is seldom used; the majority of
computer systems employ DMA." at Col. 6, 11. 39-47.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

17

fact…"  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  <u>Tulip Computers International</u>

<u>B.V.</u> <u>v</u>. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst</u> <u>v.</u>

<u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation….a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

    35.    ADMIT that the element, "The apparatus of claim 1 wherein the detection
executables are effective to cause an underrun error", contained in claim 2 of the '002
patent is disclosed by the '414 patent including, but not limited to, the descriptions
"Perhaps the best way to demonstrate the FDC error … has been demonstrated in
systems using MS/PC-DOS operating systems by means of a simple test program." at
Col 2, 11. 36-42 and "The results of using such a test program on various machines
was quite astonishing.  For example, the IBM PS/2 series seemed most susceptible to
the problem, with roughly a 30% error rate." at Col 2, 11. 52-56.

**<u>RESPONSE:</u>**

    Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact…"  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  <u>Tulip Computers International</u>

<u>B.V.</u> <u>v</u>. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst</u> <u>v.</u>

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997). The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." Fulhorst, at page *3.

    36.    ADMIT that the element, "The apparatus of claim 2 wherein the detection
executables cause the underrun error by delaying a transfer of data between the direct
memory access controller and the floppy diskette controller", contained in claim 3 of the
'002 patent is disclosed by the '414 patent including, but not limited to, the description
"One of the more simple examples is to begin a large transfer to the diskette and place
that task in the background.  After the transfer has begun then begin to display the
contents of a very large file.  The purpose of the video access is to force the video
buffer memory refresh logic on DMA channel 1, along with the video memory access, to
preempt the FDC operations occurring on DMA channel 2." At Col. 2, 11. 59-67.

**RESPONSE:**

    Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact..."  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

37.    ADMIT that the element, "The apparatus of claim 3 wherein the detection data comprises a test pattern", contained in claim 5 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "once the sector has been written and read back the date is compared to determine whether or not an undetected error has occurred." at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  <u>Tulip Computers International B.V. v. Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst v. United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.  "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

38.    ADMIT that the element, "The apparatus of claim 5 wherein the underrun error comprises the test pattern incorrectly copied onto the storage media", contained in claim 6 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "once the sector has been written and read back the data is compared to determine whether or not an undetected error has occurred." at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

39.    ADMIT that the element, "The apparatus of claim 1 wherein the detection executables are integrated into an application directly loaded and executed on the processor", contained in claim 8 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "First, a clock program is executed and becomes a TSR (terminate and stay resident) task...updating the time on the screen." At Col. 2, 11. 42-45.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation….a party is not required to respond to a request that contains

vague or ambiguous statements." Fulhorst, at page *3.

40.     ADMIT that dependent claim 10 of the '002 patent which states, "The
apparatus of claim 1 wherein the detection executables include a shadowing executable
effective to determine when a last byte is to be transferred from the direct memory
access controller to the floppy diskette controller", is disclosed by the '414 patent
including, but not limited to, the description "As used herein, DMA shadowing means
monitoring byte transfers and then timing the last byte of a sector's DREQ to DACK
signals. …Once the byte counter has reached the last byte, the signal transition from
DREQ to DACK is timed.   If the time is greater than the time that will insure data
integrity, an error condition is forced" at Col. 7, 1. 43 – Col. 8, 1. 15.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact…"  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper." Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

     41.   ADMIT that the element, A memory device operably connected to a processor, a direct memory access controller, a floppy diskette controller controlled by the direct memory access controller, and a media drive controlled by the floppy diskette controller, the memory device storing blocks of data comprising:", contained in claim 11 of the '002 patent is disclosed by the '414 patent including, but not limited to, the descriptions:

    a.   "The architecture of a typical computer system is illustrated in FIG. 1. The computer system's CPU and main memory are located inside the system unit...to avoid losing the data, it must be saved on some type of storage device. For example, the computer system may use a 'hard disk' storage device which is permanently installed in the computer system." At Col. 6, 11. 20-32;

    b.   "Most computer systems have at least one floppy diskette drive that receives a removable floppy diskette. That floppy diskette likewise is used for 'permanent' storage of data or software outside the computer system" at Col. 6, 11. 32-36;

    c.   "Data transfer to and from a floppy diskette is controlled by a ...Floppy Diskette Controller" at Col. 1, 11. 36-37; and

    d.   "In transferring data to a floppy diskette, the CPU typically programs the Direct Memory Access (DMA) controller for an input/output ("I/O") transfer, issues a command to the FDC to begin the I/O transfer, and then awaits for the FDC to interrupt with a completion interrupt signal. It is also possible to perform Programmed I/O ...without involving the DMA controller ...this latter approach is seldom used; the majority of computer systems employ DMA." At Col. 6, 11. 39-47.

**RESPONSE:**

    Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

42. ADMIT that the element, "a test pattern", contained in claim 11 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Once the sector has been written and read back the data is compared to determine whether or not an undetected error has occurred." At Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

43.     ADMIT that the element, "detection executables effective to be run on the processor to force and detect an underrun error not detected by the floppy diskette controller", contained in claim 11 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Once the sector has been written and read back the data is compared to determine whether or not an undetected error has occurred." at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.  "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  <u>Tulip Computers International B.V.</u> <u>v</u>. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst</u> <u>v</u>. <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.  "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

44.     ADMIT that the element, "a readback buffer to store a copy of the test pattern read back from the media drive", contained in claim 11 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Once the sector has been written and read back the data is compared to determine whether or not an undetected error has occurred." at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

25

See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V. v. Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also, Fulhorst v. United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

45.    ADMIT that the element, "writing a source test pattern from a memory device to storage media in a media drive controlled by the floppy diskette controller", contained in claim 12 of the '002 patent is disclosed by the '424 patent including, but not limited to, the description "Once the sector has been written and read back the data is compared to determine whether or not an undetected error has occurred." at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International</u>

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." Fulhorst, at page *3.

46.    ADMIT the element, "interrupting the writing step", contained in claim 12 of
the '002 patent is disclosed by the '414 patent including, but not limited to, the
description "Importantly, concurrent execution is only 'simulated' because there is only
one CPU, and it can only process one task at a time.  Therefore, a system interrupt is
used to rapidly switch between the multiple tasks" at Col. 2, 11. 12-17.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact..."  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." Fulhorst, at page *3.

47.   ADMIT that the element, "delaying a transfer of a last byte of the source test pattern to the floppy diskette controller to create the underrun error", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "__INT13_isr is responsible for receiving the INT 13 diskette interrupts from the O/S (BIOS). A check is made to see if the requested operation is a WRITE and the drive is a diskette (0 or 1). If so, then the timer is enabled and the system is set-up to delay the last (512ths) byte of the transfer to generate an undetected underrun/overrun condition." at Col. 8, Remarks in Code Sample.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact…" The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation….a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

48.   ADMIT that the element, "completing the writing step", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "The foregoing interposer routine checks to see if the request is a write operation. If so, the it calls .sub.- Timer.sub.- enable (reprogram the system clock), calls the original INT Ox 13 Interrupt Service Routine (perform the actual write operation while DMA Shadowing is enabled), and finally calls .sub.—Timer.sub.—disable (reprograms the system clock to the original clock interrupt rate of approximately 54 milliseconds)." at Col. 9, 11. 23-30.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

49.    ADMIT that the element, "verifying whether the floppy diskette controller detected the underrun error", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "A running total of both detected and undetected errors can then be output to the display." at Col. 2 11. 51-52.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper." <u>Tulip Computers International</u>

<u>B.V.</u> <u>v.</u> <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also,</u> <u>Fulhorst</u> <u>v.</u>

<u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997). The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

50.   ADMIT that the element, "The method of claim 12 further comprising
reading back to the memory device a written test pattern corresponding to the source
test pattern written during the writing step", contained in claim 13 of the '002 patent is
disclosed by the '414 patent including, but not limited to, the description "Once the
sector has been written and read back the data is compared to determine whether or
not an undetected error has occurred" at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact..." The present request does not so relate. "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper." <u>Tulip Computers International</u>

<u>B.V.</u> <u>v.</u> <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also,</u> <u>Fulhorst</u> <u>v.</u>

<u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997). The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

51.    ADMIT the element, "The method of claim 13 further comprising verifying whether the underrun error occurred in the writing step by checking the last byte of the written test patter", contained in claim 14 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Once the sector has been written and read back the data is compared to determine whether or not an undetected error has occurred" at Col. 2, 11. 48-50.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3.   Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..."  The present request does not so relate.   "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper."  <u>Tulip Computers International B.V.</u> <u>v.</u> <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst</u> <u>v.</u> <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).  The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

52.    ADMIT that the element, "a process executing detection executables effective to precipitate and detect an underrun error undetected by a floppy diskette controller and effective to identify the floppy diskette controller as a defective floppy diskette controller", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Perhaps the best way to demonstrate the FDC error ...has been demonstrated in systems using MS/PC-DOS operating systems by means of a simple test program." At Col. 2 11. 36-43.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact..."  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper."  Tulip Computers International

B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000).  See also, Fulhorst v.

United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997).  The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." Fulhorst, at page *3.

53.   ADMIT that the element, "a memory device operably connected to the processor to store the detection executables and corresponding detection data", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "The architecture of a typical computer system is illustrated in FIG. 1.  The computer system's CPU and main memory are located inside the system unit ...to avoid losing the data, it must be saved on some type of storage device.  For example, the computer system may use a 'hard disk' storage device which permanently installed in the computer system." at Col. 6, 11. 20-32

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3.  Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact..."  The present request does not so relate.  "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V.</u> v. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also</u>, <u>Fulhorst</u> v. <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

     54.    ADMIT that the element, "a system clock operably connected to the processor to provide a time base", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Virtually all computer systems must have a system clock." At Col. 6, 11. 61-62.

**RESPONSE:**

     Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V.</u> v. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also</u>, <u>Fulhorst</u> v. <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

55.   ADMIT that the element, "a media drive comprising storage media for storing data", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the descriptions "Most of these computer systems include diskette drives for storing and receiving data on floppy diskettes" at Col. 1, 11. 24-26 and "Most computer systems have at least one floppy diskette drive receives a removable floppy diskette. That floppy diskette likewise is used for 'permanent' storage of data or software outside of the computer system" at Col. 6, 11. 32-36.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper.

See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires

that a request "relate to statements or opinions of fact or of the application of law to

fact..." The present request does not so relate. "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman

ruling are not the application of law to facts relevant to the case, but in reality are

requests for legal conclusions an therefore, improper." <u>Tulip Computers International</u>

<u>B.V.</u> <u>v.</u> <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000). <u>See also</u>, <u>Fulhorst</u> <u>v.</u>

<u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17,

1997). The terms, "is disclosed by" and "but not limited to" render the request vague.

"Requests for admission should be phrased so that they can be admitted or denied with

minimal explanation....a party is not required to respond to a request that contains

vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

56.   ADMIT that the element, "the floppy diskette controller operably connected to the media drive to control formatting and storage of data on the storage media", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "Data transfer to and from a floppy diskette is controlled by a ...Floppy Disk Controller" at Col. 1, 11. 36-37.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." Tulip Computers International B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2000). See also, Fulhorst v. United Technologies Automotive, Inc., 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997). The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation....a party is not required to respond to a request that contains vague or ambiguous statements." Fulhorst, at page *3.

57.    ADMIT that the element, "a direct memory access controller operably connected to the floppy diskette controller and the memory device to control transfers of data between the memory device and the floppy diskette controller.", contained in claim 12 of the '002 patent is disclosed by the '414 patent including, but not limited to, the description "In transferring data to a floppy diskette, the CPU typically programs the Direct Memory Access (DMA) controller for an input/output ("I/O") transfer, issues a command to the FDC to begin the I/O transfer, and then waits for the FDC to interrupt with a completion interrupt signal. It is also possible to perform Programmed I/O ...without involving the DMA controller...this latter approach is seldom used; the majority of computer systems employ DMA." At Col 6, 11. 39-47.

**RESPONSE:**

Adams objects to this request as one for legal conclusions, and thus improper. See General Objection No. 3. Rule 36 of the Federal Rules of Civil Procedure requires that a request "relate to statements or opinions of fact or of the application of law to fact..." The present request does not so relate. "[R]equests directed towards applying

the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions an therefore, improper." <u>Tulip Computers International B.V.</u> <u>v</u>. <u>Dell Computer Corp.</u>, 210 F.R.D. 100, 108 (D. Del. 2000).  <u>See also</u>, <u>Fulhorst</u> <u>v.</u> <u>United Technologies Automotive, Inc.</u>, 1997 U.S. Dist. LEXIS 22290 (D. Del. Nov. 17, 1997).  The terms, "is disclosed by" and "but not limited to" render the request vague. "Requests for admission should be phrased so that they can be admitted or denied with minimal explanation….a party is not required to respond to a request that contains vague or ambiguous statements." <u>Fulhorst</u>, at page *3.

DATED:  July 11, 2006

PHILLIP M. ADAMS & ASSOCIATES, L.L.C., and PHILLIP M. ADAMS

_Vasilios Dossas_

Vasilios D. Dossas
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Attorneys for Plaintiffs