**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>　▪ **GRANTING MOTION TO AMEND COMPLAINT**<br>　▪ **GRANTING MOTION TO IMPLEAD THIRD PARTIES**<br>　▪ **FINDING MOTION TO INTERVENE MOOT**<br><br>　　Civil No. 1:05-CV-64 TS<br>　　District Judge Ted Stewart<br>　　Magistrate Judge David Nuffer |

　　With great caution, the magistrate judge considers three motions[1] which have the potential of enlarging this already significant litigation.  Plaintiff seeks to amend its amended complaint; a defendant seeks to implead six third-party defendants; and one of those prospective defendants seeks to intervene.

**Nature of the Case**

　　Plaintiff Phillip M. Adams & Associates, L.L.C. (Adams) alleges the Defendants, some of the largest manufacturers of computers, have infringed on three of its patents related to errors in floppy disk controllers.[2]  Adams alleges the infringement occurs in many specified models of

---

[1] Adams' Motion for Leave to File a Second Amended Complaint, docket no. 165, filed October 27, 2006; Defendant Sony Electronics, Inc.'s Motion to Implead Third Parties under Rule 14 (Motion to Implead), docket no. 167, filed October 27, 2006; and Winbond Electronics Corp.'s Motion to Intervene . . . , docket no. 198, filed November 29, 2006.

[2] Amended Complaint at 2, docket no. 6, filed May 31, 2005.

Defendants' computers.[3]  Defendants resist the allegations and claim the patents are invalid.  The parties' motions now under consideration were filed on the last day they could be filed under the scheduling order.[4]  Trial is set in January 2008.[5]

## Adams' Motion to Amend

Plaintiff Adams seeks to amend the amended complaint to add claims "charging defendants with infringement of two additional patents."[6]  "The Second Amended Complaint also makes various housekeeping revisions required as a result of the dismissal of the IBM and Lenovo defendants."[7]  According to Adams, "the support for this new charge of infringement" was "only recently developed . . . ."[8]  Adams claims "the proposed addition of two patents that cover the same subject matter as the patents-in-suit would simply not expand this litigation to any significant degree."[9]

Defendants unitedly claim that "Plaintiff now seeks to dramatically expand the size and scope of this case"[10] and decry Adams' lack of "any factual support for this extraordinary request."[11]  Adams does not explain why the support for these claims is so recently developed, eighteen months after this case was filed.

---

[3] *Id.* at 8.

[4] Docket no. 112, filed June 5, 2006.

[5] *Id.*

[6] Memorandum in Support of Adams' Motion for Leave to File a Second Amended Complaint (Adams' Supporting Memorandum) at 2, docket no. 166, filed October 27, 2006.

[7] Adams' Motion for Leave to File a Second Amended Complaint at 2, docket no. 165, filed October 27, 2006.

[8] Adams' Supporting Memorandum (166) at 4.

[9] *Id.* at 2.

[10] Defendants' Memorandum in Opposition to Adams' Motion for Leave to File a Second Amended Complaint at 2, docket no. 182, filed November 21, 2006.

[11] *Id.*

However, the court has a strong interest in seeing that claims between these parties, related to the products already at issue are resolved sensibly. It makes little sense to handle part of the parties' dispute and then require a second suit to resolve the rest. Adams expresses grave concerns about slipping the trial date in its opposition to other motions, but even if that were to result because of amendment of Adams' complaint, some delay would not outweigh the advantages of having these parties' disputes resolved. Justice requires Adams be allowed to amend.[12]

### Sony's Motion to Implead and Winbond's Motion to Intervene

Defendant Sony seeks to file a third party complaint seeking contribution and indemnification from six Proposed Third Parties (apparently grouped into three centers of interest) that are alleged to have designed, manufactured, tested or sold products which Sony incorporated into its products that Adams alleges infringe Adams' patents.[13] One of those Proposed Third Parties, Winbond Electronics Corp., has moved to intervene or participate as amicus curiae on Sony's motion to implead, stating that Winbond wants "to participate as a party with a full and fair opportunity to defend itself against Adams' allegations against the Super I/O chips found in Sony's alleged products."[14]

Sony's motion to implead and Winbond's motion to intervene both raise the spectre of additional parties coming into the suit, an issue not present in Adams' complaint amendment.

---

[12] Fed. R. Civ. P. 15(a).

[13] Motion to Implead (167) at 2.

[14] Winbond Electronics Corp.'s Memorandum in Support of Motion to Intervene . . . (Winbond's Intervention Memorandum) at 3, docket no. 199, filed November 29, 2006.

**Factual Positions of Proposed Third Parties**

All of the Proposed Third Parties are named in Adams' Infringement Contentions[15] and their names have been prominent[16] as ultimate providers of infringing products in this case and in the similar litigation Adams concluded earlier this year against Gateway, Inc.[17] The Proposed Third Parties Sony wants to bring in supply parts to many manufacturers, some of whom "Adams has licensed (HP, Compaq)" and others who Adams has "sued in this Court (Gateway, IBM and Lenovo, who have settled, and Dell, Fujitsu, MPC, and Sony, who remain in this lawsuit)."[18] Adams fears that bringing the Proposed Third Parties into this lawsuit would force Adams to bring patent infringement and other claims" against all the other "computer manufacturers that compete in the U.S. market and that use" components from the Proposed Third Parties."[19] Because Adams estimates that the manufacturers he has sued or licensed "account for much less than 50% of the computer manufacturers"[20] who use the Proposed Third Parties' products, Adams says the addition of the other manufacturers who use the Proposed Third Parties' products "would overwhelm the parties presently involved in this suit as well as the court and jury . . . ."[21] Therefore, Adams objects to adding the Proposed Third Parties,[22]

---

[15] Adams Infringement Contentions dated October 12, 2006, are attached as Exhibit 1 to Memorandum in Support of Defendant Sony Electronics, Inc.'s Motion to Implead Third Parties under Rule 14 (Sony's Supporting Memorandum), docket no. 167, filed under seal October 27, 2006.

[16] *See* references to Adams' claim charts in the Gateway litigation at pages 4-5 of Sony's Supporting Memorandum (171).

[17] *Phillip M. Adams and Phillip M. Adams & Associates, L.L.C. v. Gateway , Inc.*, 2:02 CV 106 TS.

[18] Adams' Conditional Response to Sony Electronics Inc.'s Motion to Implead Third Parties under Rule 14 (Adams Impleader Response) at 3, docket no. 174, filed November 13, 2006.

[19] *Id.* 3-4.

[20] *Id.*

[21] Adams Impleader Response (174) at 5.

[22] Adams' Opposition to Winbond Motion to Intervene and to Sony's Motion to Implead (Adams' Opposition to Intervention), docket no. 206, filed December 11, 2006.

even though Adams admits that "the addition of Sony's suppliers to this lawsuit will facilitate and streamline discovery from them" and that "impleader may also facilitate settlement with Sony."[23]

Before Windbond moved to intervene, Adams proposed conditions that could be imposed if the Proposed Third Parties were impleaded:

> (1) that the addition of these third-party defendants does not affect the trial date of January 22, 2008;
> (2) that the issues relating to the additional third-party defendants are limited to indemnification and contribution of Adams' patent infringement claims against Sony; and
> (3) that Adams need not assert Adams' patent infringement and other claims against the third-party defendants or their downstream customers in this lawsuit, and that Adams will not be barred by res judicata, collateral estoppel, or otherwise from asserting Adams' claims against these third-parties and their downstream customers in . . . separate, future lawsuits.[24]

Winbond objected to these proposed limitations, and proposed "a compromise that would allow Winbond to participate as a party with a full and fair opportunity to defend itself against Adams' allegations against the Super I/O chips found in Sony's alleged products."[25]  "In other words, the only Winbond products that will be at issue will be the Super I/O chips found in the currently alleged Sony computers."[26]

Under Fed. R. Civ. P. 14, a third party complaint is proper against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Leave is required because Sony did not file its third-party complaint within ten days after serving its original answer.

---

[23] Adams Impleader Response (174) at 2.

[24] *Id.* at 5.

[25] Winbond's Intervention Memorandum (199) at 3.

[26] *Id.* at 12.  *See also* Winbond' Electronics Corp.'s Reply in Support of Motion to Intervene . . . (Intervention Reply), at 3, docket no. 213, filed December 18, 2006.

Once a third-party defendant is in a case, the potential for expansion of the case is exponential. The *plaintiff* is entitled to raise "any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff."[27] The new party *must* raise:

> "any defenses to the third-party plaintiff's claim . . . and
> 
> any counterclaims against the third-party plaintiff and
> 
> cross-claims against other third-party defendants,"[28] as well as
> 
> any defenses to any new claims the plaintiff states and counterclaims and cross claims suggested by those new claims by the plaintiff.[29]

The third-party defendant *may* assert

> "any defenses which the third-party plaintiff has to the plaintiff's [original] claim;"[30]
> 
> "any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff;"[31] and
> 
> "any claims against third parties who "may be liable to the third-party defendant for all or part of the claim made in the action against the third-party defendant."[32]

Under the scenario in this case, then, Adams *could* raise all his infringement claims against the Proposed Third Parties, and the Proposed Third Parties *could* then bring in all the other manufacturers to whom they sold their products – but Adams has no interest in expanding the litigation to that degree and the Proposed Third Parties probably don't want to sue their

---

[27] Fed. R. Civ. P. 14(a).

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

customers.  Thus, the spectre of every computer manufacturer in the world being in the suit is probably not realistic.

The Proposed Third Parties will probably assert their defenses to Adams' claims against the current defendants, and claims of invalidity and unenforceability.  Those claims and defenses are essentially identical to those raised by the existing defendants, so that is not an expansion of the litigation.

Adams most recently objected[33] to Sony's proposed indemnification claim[34] against one of the Proposed Third Parties because "Sony seeks to . . . resolve issues of indemnification and contribution . . . that have absolutely no relation to the patent infringement issues between Adams and the defendants . . . ."[35]  Adams is pointing to allegations of indemnity provisions in Sony's purchase agreements with its supplier.[36]  Adams is correct that these contractual claims have nothing to do with infringement but they are related to the subject matter of this suit.  However, the court can manage the case to prevent undue imposition of such issues on disinterested parties and "any party may move to strike the third-party claim, or for its severance or separate trial."[37]

Allowing the third party complaint is entirely consistent with the purpose of the rule:

> "Rule 14 was formulated and adopted in keeping with the purpose of the Federal Rules of Civil Procedure to simplify and expedite procedure.  The purpose of Rule 14 was to accomplish in one proceeding the adjudication of the rights of all persons concerned in

---

[33] This objection seems to contradict Adams' second proposed condition in his original memorandum.

[34] [Proposed] Third Party Complaint attached as Exhibit 1 to 167 at 6.

[35] Adams' Opposition to Intervention (206)at 2.

[36] [Proposed] Third Party Complaint. ¶ 19.  An example of one of these agreements is attached to Sony's Supporting Memorandum (171) as Exhibit 7.

[37] Fed R. Civ. P. 14(a).

the controversy and to prevent the necessity of trying several related claims in different lawsuits. The rule should be liberally construed to effectuate its intended purposes."[38]

Adams and Winbond suggested conditions that would limit Winbond's participation to Sony's claim for indemnification and the merits of Adams' infringement claims related to Sony's products with Winbond components. This is an inherent limitation by operation of Rule 14 on Sony's claims against the Proposed Third Party Defendants.[39] Adams also requested that Adams need not assert other claims against the Proposed Third Party Defendants, and under Rule 14, Adams controls this choice.[40]

Adams also sought an order "that Adams will not be barred by res judicata, collateral estoppel, or otherwise from asserting Adams' claims against these third-parties and their downstream customers in . . . separate, future lawsuits."[41] This is more problematic because the Proposed Third Parties have not yet been brought into the case and have not stated their claims and defenses. Winbond, for its part, states that it wants to "alleviate any concerns that Adams may have regarding res judicata or collateral estoppel on claims against products not at issue in the present litigation."[42] And Adams claims the court can manage the litigation to reserve claims for future adjudication. Such an order can and should be entered after the pleadings are closed. Adams must bring this to the court's attention, by motion, with an opportunity for all parties to state their positions as to what will and will not be litigated. Certainly, the court favors a

---

[38] *U.S. v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954).

[39] "[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R. Civ. P. 14(a).

[40] "The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." *Id.*

[41] Adams Impleader Response (174) at 5.

[42] Intervention Reply (213).

limitation such as that proposed by Winbond to "the Super I/O chips found in the currently alleged Sony Computers."[43]

Because the third party complaint is permitted, it is not necessary to consider the motion for intervention.

## ORDER

IT IS HEREBY ORDERED:

a. Adams' Motion for Leave to File a Second Amended Complaint, docket no. 165, filed October 27, 2006 is GRANTED;

b. Defendant Sony Electronics, Inc.'s Motion to Implead Third Parties under Rule 14, docket no. 167, filed October 27, 2006 is GRANTED;

c. Winbond Electronics Corp.'s Motion to Intervene . . . , docket no. 198, filed November 29, 2006 is MOOT; and

d. The following deadlines are altered:

Fact Discovery – Liability                2/23/07

Liability Expert Report – party with burden  3/23/07

                     – rebuttal report      4/27/07

---

[43] Winbond's Intervention Memorandum (199) at 12.

e.  The parties shall meet and confer to discuss any other amendments necessary to the schedule in this case. On or before January 26, 2007 the parties shall submit their agreement -- and their respective positions on any points on which they fail to reach agreement.

Dated this 21st day of December, 2006

>BY THE COURT:
>
>_____
>David Nuffer
>United States Magistrate Judge