**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>            Plaintiff,<br><br>        vs.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC.,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL**<br><br>    Civil No. 1:05-CV-64 TS<br>    District Judge Ted Stewart<br>    Magistrate Judge David Nuffer |

With the assistance of thorough and clear briefing from the parties, the court determines that a motion by Dell, Inc. (Dell) to compel[1] Plaintiff Phillip M. Adams & Associates, L.L.C. (Adams) to respond to certain requests for admission should be denied.

**Nature of the Case**

Adams alleges the defendant computer manufacturers have infringed on three of Adams's patents related to errors in floppy disk controllers.[2]  Adams alleges the infringement occurs in many specified models of Defendants' computers.[3]

---

[1] Defendant Dell Inc.'s Motion to Compel Answers to Dell's Requests for Admission Nos. 27-57 to Plaintiff (Motion to Compel), docket no. 176, filed November 13, 2006.

[2] Amended Complaint at 2, docket no. 6, filed May 31, 2005.

[3] *Id.* at 8.

**Nature of the Motion**

Dell moved to compel responses to requests for admission[4] which asked Adams to admit

or deny that certain elements of one of the patents in suit are disclosed by a prior patent in suit.

While "the '002 patent and the '414 patent share common subject matter, namely, detection of

defective floppy diskette controllers [they are] not related to each other, and therefore the '414

patent is [potentially] prior art to the '002 patent."[5]  Dell characterizes the requests as seeking

"fact opinions"[6] suitable for admissions – but Adams claims Dell is seeking to resolve *legal*

*issues.*  Adams also states that Adams cannot respond to these requests until the court completes

claim construction.  Dell, for its part, just wants "Adams to define its position regarding the

differences between the patents in suit."[7]

**Discussion**

Both parties rely on cases from other trial courts compelling[8] or not compelling[9] similar

discovery and other cases characterizing certain issues as issues of fact[10] (proper for admissions)

or issues of law (not proper for admissions).[11]

---

[4] Defendant Dell Inc.'s First Set of Requests for Admission to Plaintiff are Exhibit 1 to Defendant Dell Inc.'s Memorandum in Support of its Motion to Compel Answers to Dell's Requests for Admission Nos. 27-57 to Plaintiff (Supporting Memorandum), docket no. 177, filed November 13, 2006.  Adams' responses are Exhibit 4.  A representative request and response set are reproduced at page 3 in Adams' Memorandum in Response to Dell Inc.'s Motion to Compel Answers to Dell's Requests for Admission Nos. 27-57 (Opposing Memorandum), docket no. 183, filed November 22, 2006.

[5] Supporting Memorandum at 2.

[6] *Id.*

[7] Motion to Compel at 1.

[8] *Intertech Resources, Inc. v. Vital Signs, Inc.*, No. 94 C 5758, 1996 WL 637860 (N.D. Ill. November 1, 1996)

[9] *Naxon Telesign Corp. v. GTE Information Systems, Inc.*, No 79 C 3949, 1980 WL 57937 (N.D. Ill. Oct.3, 1980)

[10] *Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp.*, 424 F.3d 1347, 1355 (Fed. Cir. 2005); *Minnesota Min. & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1565 (Fed. Cir. 1992)

[11] *Pittway Corp. v. Fyernetics, Inc.*, No. 91 C 2978, 1992 Lexis 12172 (N.D. Ill. June 4, 1992).

*Pittway Corp. v. Fyrnetics, Inc.*[12] represents Adams' position. *Pittway* involved requests

for the admission that specific "patents are prior art to the patent in suit."[13]  The court rejected

these requests because they were "an effort to seek bald legal conclusions."[14]  A better drafted

request asked the respondent to admit that claim language in a prior patent described the same

subject as claim language in the patent in suit.[15]  But since that request also used the term "prior

art," a response was not compelled.

In *Naxon v. GTE*,[16] the court considered requests less clearly seeking legal conclusions.

The disputed requests for admissions quoted "selected language from the Naxon patent and

ask[ed] that it be admitted that various elements disclosed in [another patent] satisfy that quoted

language."  The court declined to compel responses to the requests because they "seek to obtain

an admission of the ultimate legal conclusion in the case rather than admissions of fact or of the

application of law to fact."[17]  The court was also concerned that denials could provide a basis for

attorneys fees sanctions under Rule 37 which "would amount to an end run around the

'American Rule' that does not allow attorney's fees except in extraordinary cases."[18]  But the

court pointed out that "it would probably approve *interrogatories* that call on a patentee to

explain claimed distinctions between the claims of the patent in suit and the prior art."[19]

---

[12] No. 91 C 2978, 1992 U.S. Dist. LEXIS 12172 (N.D. Ill. June 4, 1992).

[13] *Id.* at *33.

[14] *Id.* at *34.

[15] *Id.* at *37.

[16] 212 U.S.P.Q. 919 (N.D. Ill. 1980).

[17] *Id.* at 920.

[18] *Id.*

[19] *Id.* (citations and quotations omitted)(emphasis added).

Adams also relies on *Tulip Computers Int'l., B.V. v. Dell Computer Corp.*[20]  The *Tulip* court denied enforcement of requests for a different reason.  The court held that "determining whether a product or process infringes or whether infringement has occurred involves the requirement of claim construction which is a legal determination within the province of the court."[21]  Therefore, "requests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions."[22]  The court found other requests problematic because they did not clearly state whether the "requests [were] directed to Tulip's, Dell's or the court's interpretation of the claim language."[23]

The foundations of *Tulip* and *Naxon* decisions are similar.  Even though a request may be phrased to appear factual, if it encroaches on legal turf, or reaches the ultimate decision of the court, the request will be seen as seeking a legal conclusion and cannot be compelled.  Dell complains that *Tulip* was considering requests on the issue of infringement,[24] but invalidity determinations are also factual determinations resting on the legal issues of claim construction.

In patent litigation, issues of fact and law are layered.  As the court pointed out in *Minnesota Min. & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc. (3M)*[25] issues of fact must be resolved before claim construction, which is a question of law.  Then, "[i]dentity of invention

---

[20] 210 F.R.D. 100 (D. Del. 2002).

[21] *Id.* at 108.

[22] *Id.*

[23] *Id.*

[24] Supporting Memorandum at 9.

[25] 976 F.2d 1559 (Fed. Cir. 1992).

-5-

is a question of fact . . ."[26]  Similarly, infringement is a question of fact, coming before the legal

analysis of claim construction.

It is this layering that is giving these parties a conceptual impasse.  Dell is correct that its

requests for admissions seek factual information, but that factual information rests on legal

analysis (from Adams) and on legal conclusions of claim construction (from the Court).

Dell relies on *Intertech Resources, Inc. v. Vital Signs, Inc.*, where admissions were

requested "that the language contained in the claim section of [a prior patent] is identical to the

language in the [disputed] patent."[27]  The *Intertech* court distinguished *Naxon* and *Pittway*

because of language in *3M* that "[i]dentity of an invention is a question of fact."  Intertech

ignores the *3M* discussion of layers of fact and law.  The *Intertech* court could have reached the

same result by return to the text of the requested admissions.  The requests sought *comparison of*

*language* which is clearly a question of fact.  By contrast, *Naxon* and *Pittway* sought *analysis* of

language and a device, and an admission of *comparability*, which involves legal analysis.  *3M*

does not affect the validity of *Naxon* and *Pittway.*

The sequential resolution of factual issues, leading to the legal determination of claim

construction, is under way in this case.[28]  At that point, it should be possible for Adams to

respond to the requests for admissions because both patents will have been construed.  Then the

admissions will narrow issues for trial.  At this point, responses would be confusing, because

---

[26] *Id.* at 1565.

[27] No. 94 C 5758, 1996 WL 637860, *2 (N.D. Ill. Nov. 1, 1996).

[28] *See* Order Granting Agreed Motion to Modify Scheduling Order, docket no. 196, filed November 30, 2006, and Order for Appointment of Robert L. Harmon as Special Master for Claim Construction, docket no. 175, filed November 13, 2006.

they ask for Adams' responses to be based on Adams' interpretations,[29] which will not

necessarily govern this action.  The court has authority to determine the timing and sequence of

discovery,[30] and in this instance, these requests will be better answered after claim construction

is complete.  While the issue is not framed now, it would seem very reasonable that the requests

be answered within 30 days of claim construction.

### ORDER

IT IS HEREBY ORDERED that the motion to compel[31] is DENIED.

Dated this 11th day of January, 2006

BY THE COURT:

_____

David Nuffer
United States Magistrate Judge

---

[29]Defendant Dell Inc.'s Reply Memorandum in Support of its Motion to Compel Answers to Dell's Requests for Admission Nos. 27-57 to Plaintiff at 2, docket no. 204, filed December 7, 2006.

[30] Fed. R. Civ. P. 26(d).

[31] Docket no. 176, filed November 13, 2006.