Raymond P. Niro
Vasilios D. Dossas
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Gregory D. Phillips (4645)
Kevin A. Howard (4343)
HOWARD, PHILLIPS & ANDERSEN
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, and SONY ELECTRONICS INC.,<br><br>Defendants. | **ADAM'S ANSWER TO RULE 14(a) CLAIMS BY THIRD-PARTY DEFENDANT WINBOND, ADAM'S COUNTERCLAIM AGAINST WINBOND, AND ADAM'S CROSS COMPLAINT AGAINST THIRD PARTY DEFENDANTS ASUS AND ITE**<br><br>Civil No. 1:05-CV-64<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |

Plaintiff Phillip M. Adams & Associates, L.L.C. ("Adams"), answers the Complaint of Third-Party Defendant Winbond Electronics Corp. ("Winbond") against Plaintiff as follows:

## PARTIES

1.      Upon information and belief, Phillip M. Adams & Associates, L.L.C. ("Adams"), is a Utah limited liability company with an address of P.O. Box 1207, Bountiful, UT 84011.

**RESPONSE:**

Admitted.

2.      Winbond is a company organized under the laws of Taiwan, with a place of business at No. 4, Creation Rd. 3, Science-Based Industrial Park, Hsinchu, 300, Taiwan, R.O.C.

**RESPONSE:**

Admitted.

## JURISDICTION AND VENUE

3.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the patent laws of the United States, 35 U.S.C. § 1 et seq.  The jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**RESPONSE:**

Admitted.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**RESPONSE:**

Admitted.

5.      Adams has alleged the infringement of claims of the '414, '002, and '222 patents "occurs because of the detection of the defects in chips used by the defendants and the fixes that were put into Winbond and ITE FDCs that are used by the defendants in their computers."  Adams has also alleged in its Conditional Response to Sony Electronics Inc.'s Motion to Implead Third Parties Under Rule 14 that "[a]s with the defendants presently in this action, Adams' patent infringement claims against Winbond, ITE and ASUS would involve multiple issues.  These companies have both directly infringed and induced the infringement of the claims of the patents-in-suit."  Winbond denies that it has directly or indirectly infringed those patents, and alleges that the claims of those patents by the defendants in the underlying action.  Upon information and belief, Adams' allegations of infringement of the '767 and '858 patents are directed to at least some of the defendants' products that incorporate the Super I/O chips

2

manufactured and sold by Winbond.  Winbond denies any infringement of the '767 and '858 patents and alleges that the claims of those patents are invalid.  As such, an actual controversy exists between the parties with respect to the '414, '002, '222, '767 and '858 patents and Winbond is entitled to declaratory relief.

**RESPONSE:**

Adams admits that it has alleged infringement of the '414, '002, '222, '767 and '858 patents by the defendants and Winbond and that an actual controversy exists; Adams denies the remaining allegations of this paragraph.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

6.    Winbond incorporates by reference the allegations of paragraphs 1 though 5 as if fully set forth herein as if fully set forth herein.

**RESPONSE:**

Adams incorporates by reference its responses to paragraphs 1-5 as if fully set forth herein.

7.    Winbond does not infringe directly, contributorily or by inducement, literally or under the doctrine of equivalents, any claims of the '414, '002, '222, '768, or '858 patents.

**RESPONSE:**

Denied.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY)

8.    Winbond incorporates by reference the allegations of paragraphs 1 through 7 as if fully set forth herein.

**RESPONSE:**

Adams incorporates by reference its responses to paragraphs 1-7 as if fully set

forth herein.

9.     The '414, '002, '222, '768, or '858 patents are invalid because they fail to satisfy the conditions for patentability specified under 35 U.S.C. §§ 102, 103, and/or 112.

**RESPONSE:**

Denied.

## COUNT III
## (LACHES)

10.     Winbond incorporates by reference the allegations of paragraphs 1 through 9 as if fully set forth herein.

**RESPONSE:**

Adams incorporates by reference its responses to paragraphs 1-9 as if fully set

forth herein.

11.     Adams is barred from recovering any past damages under the '414, '002, '222 patents from Winbond pursuant to the judicial doctrine of laches.

**RESPONSE:**

Denied.

**COUNTERCLAIM AGAINST WINBOD AND CROSS COMPLAINT
AGAINST THIRD-PARTY DEFENDANTS**

Plaintiff Phillip M. Adams & Associates, L.L.C. ("Adams") brings this counterclaim

and cross complaint for infringement of U.S. Patent Nos. 5,379,414, 5,983,002,

6,401,222, 6,195,767 or 6,687,858 patents:

1.    This is a claim for patent infringement and arises under the patent laws of

the United States, Title 35 of the United States Code.    This Court has exclusive

jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).    Venue

is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

**PLAINTIFF**

2.    Adams is a Utah limited liability company located in Bountiful, Utah 84011.

Adams owns all right, title and interest in and has standing to sue for infringement of the

United States patents identified below:

- 5,379,414 titled "Systems and Methods for FDC Error Detection and Prevention" ("the '414 patent");

- 5,983,002 titled "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '002 patent");

- 6,401,222 titled "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '222 patent");

- 6,195,767 titled "Data Corruption Detection Apparatus and Method" ("the '767 patent");

- 6,687,858 entitled "Software-Hardware Welding System" ("the '858 patent"); and

(collectively, the "patents-in-suit").

3.    Dr. Phillip M. Adams heads plaintiff Adams.    He has a Ph.D. in applied

computer science, a D.Sc. in engineering and over 30 years of experience in the

computer industry.    Dr. Adams has served on the faculty of major universities and holds

numerous patents.    In the late 1980s, Dr. Adams characterized a defect in the NEC

765A floppy disk controller (FDC) present in most personal computers.    This defect

causes the random destruction or corruption of data without proper notification to the user that data has been destroyed or corrupted.

4.      The random destruction or corruption of data in computers is a serious, and potentially cataclysmic, problem.  Computers are used throughout society and the data integrity of computers is the lifeblood of the information age.  The public relies upon the integrity of data stored by computers and exchanged between them to support virtually all aspects of society, including the multitude of financial transactions, the accurate and effective diagnoses and treatment of illnesses and the proper design and construction of automobiles, aircraft, bridges, dams, office buildings and various other structures and devices.

5.      The scope and seriousness of the FDC-related defects characterized by Dr. Adams was illustrated by the $2.1 billion *Toshiba* class-action settlement in the Eastern District of Texas.  In addition to the *Toshiba* class-action settlement, the United States Government settled False Claims Act claims against Toshiba for $33.5 million. The State of California settled California State False Claims Act claims against Toshiba for $33 million.  Also, several billion-dollar class-action lawsuits are presently pending against different computer companies in various federal and state courts because of such defects built into various computers.

6.      In the 18 years since Dr. Adams characterized the NEC 765A defect, Dr. Adams has discovered related data corruption defects and has devoted thousands of hours to developing solutions, alerting various federal and state governments, computer companies and private purchasers to such defects and assisting computer manufacturers to acknowledge and remedy these defects.  In addition, Dr. Adams has

developed several patented computer technologies that address such defects. First, he developed patented computer technology (both hardware and software, as described and claimed in the patents-in-suit) that detects which computers are defective. Second, he developed patented solutions (both hardware and software, as described and claimed in the '414 patent) that resolve the defects found in such computers.

7.      Hewlett Packard (one of the world's leaders in personal computers) accepted a license from Adams, and then placed Adams' solution on the Internet for all its customers throughout the world. Thus, any Hewlett Packard customer could go to this Internet website, download the solution and fully repair such defects in his or her computer. The website included notice of Adams' patents. Compaq (before it merged with Hewlett Packard) also accepted a license under Dr. Adams' patents.

## COUNTERCLAIM AND THIRD-PARTY DEFENDANTS

8.      Winbond Electronics Corporation ("Winbond") is a company organized under the laws of Taiwan, with a place of business at No. 4, Creation Rd. 3, Science-Based Industrial Park, Hsinchu, 300, Taiwan, R.O.C.

9.      ASUSTeK Computer, Inc. is a Taiwanese corporation with its principal place of business at No. 150 Le-Te Road, Peitou, Taipei Taiwan, R.O.C.

10.     ASUS Computer International is a California corporation with its principal place of business at 44370 Nobel Drive, Fremont, California 94538. (ASUSTeK Computer, Inc. and ASUS Computer International collectively referred to as "ASUS").

11.     ITE Tech. Inc. ("ITE") is a Taiwanese corporation with its principal place of business at 3F, No. 13, Chuangsin 1st Road, Science Park, Hsinchu 300, Taiwan, R.O.C.

## COUNTERCLAIM AND THIRD-PARTY DEFENDANTS' ACTS OF PATENT INFRINGEMENT

12.    Winbond, ASUS and ITE have infringed various claims of each of the patents-in-suit in violation of 35 U.S.C. ' 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale of computer chips, and motherboards.  In addition to their direct infringement, Winbond, ASUS and ITE have also knowingly and intentionally induced others to infringe under 35 U.S.C. ' 271(b) (such as its customers and end-users in this judicial district and throughout the United States) by intentionally aiding, assisting and encouraging their infringement, and defendants have knowingly contributed to the infringement of others under 35 U.S.C. ' 271(c) (such as its customers and end-users in this judicial district and throughout the United States) by supplying their technical know-how and specially modified computer chips and motherboards (which are non-staple articles of commerce having no substantial non-infringing use).  The infringement that has occurred is at least of the following claims of the following patents:

| Patent Number | Claims |
|---|---|
| 5,379,414 | 1 |
| 5,983,002 | 1-6; 8-15 |
| 6,401,222 | 1-7; 9-16; 18-20 |
| 6,195,767 | 1; 10-12 |
| 6,687,858 | 1; 3-4 |

8

## NOTICE AND WILLFULNESS

13.    Winbond, ASUS and ITE have had actual and/or constructive notice of their infringement of the patents-in-suit, including actual pre-complaint notice.

14.    Winbond's, ASUS' and ITE's infringement has been willful and deliberate as to the patents-in-suit and has occurred with knowledge of those patents in violation of 35 U.S.C. ' 284.  Winbond's, ASUS' and ITE's infringement has injured and will continue to injure Adams, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Winbond's, ASUS' and ITE's products and/or services that fall within the scope of any claim of any of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Adams respectfully requests this Court enter judgment against Winbond, ASUS and ITE and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them granting the following relief:

A.    Dismissal of Winbond's claims against Adams and denial of all relief sought in such claims;

B.    An award of damages adequate to compensate Adams for the patent infringement by Winbond, ASUS and ITE that has occurred, together with prejudgment interest from the date infringement of each respective patent-in-suit began together with costs, said damages to be no less than a reasonable royalty;

C.    An award to Adams of all damages so determined for willful infringement, including an increase of the compensatory damages by up to three times, in accordance

9

with 35 U.S.C. 284;

D.      A finding that this case is exceptional and an award to Adams of all remedies available under 35 U.S.C. ' 285, including the costs of this action and reasonable attorney's fees;

E.      A permanent injunction prohibiting further infringement, inducement and contributory infringement of the patents-in-suit; and

F.      Such other and further relief as this Court or a jury may deem proper and/or just.

## JURY DEMAND

Adams demands a trial by jury on all issues so triable.

DATED:  May 3, 2007.

HOWARD, PHILLIPS & ANDERSEN


  s/Gregory D. Phillips
By: Gregory D. Phillips

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Matthew W. Neumeir
Reginald J. Hill
Stephen M. Geissler
Jenner & Block
One IBM Plaza
330 North Wabash Avenue
Chicago, Illinois 60611

Terry E. Welch
Darren K. Nelson
Parr Waddoups Brown Gee & Loveless
185 South State Street, Suite 1300
Salt Lake City, Utah 84111-1537

Michael A. Jacobs
Parisa Jorjani
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Sterling A. Brennan
David R. Wright
Janna L. Jensen
Workman Nydegger a
 Professional Corporation
 1000 Eagle Gate Tower
 60 East South Temple
 Salt Lake City, Utah 84111

Jennifer A. Brown
David M. Connors
Chapman & Cutler
One Utah Center
201 S. Main St. Ste. 2000
Salt Lake City, UT 84111

Brian L. Jackson
Howery LLP
1111 Louisanna 25th FL
Houston, TX 77002

Rick B. Hoggard
Arthur B. Berger
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

Benjamin J. Bradford
Jenner & Block
330 N Wabash Ave
Chicago, IL 60611

11

12

Kevin B. Johnson
Todd M. Briggs
Christopher A. Honea
Quinn Emanuel Urquhart Oliver
    & Hedges
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065

Jeremy O. Evans
Jackson, Walter & Evans
10421 Jordan Gateway, Suite 630
South Jordan, Utah  84095



/s/ Julianne Partridge
HOWARD, PHILLIPS, & ANDERSEN