# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company, | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [413] and DENYING WINBOND'S MOTION FOR PROTECTIVE ORDER [333]** |
| Plaintiff, | |
| vs. | |
| DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC., | Case No. 1:05-CV-64 TS District Judge Ted Stewart |
| Defendants. | Magistrate Judge David Nuffer |
| SONY ELECTRONICS INC | |
| Third-Party Plaintiff, | |
| vs. | |
| ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL; WINBOND ELECTRONICS CORP. ("WINBOND"); AND ITE TECH. INC., | |
| Third-Party Defendants | |

Third-Party Defendant Winbond Electronics Corp. (Winbond) seeks a protective order against discovery related to its products that are not used in Sony products.[1]  A later filed motion by Plaintiff Phillip L. Adams & Associates, L.L.C. (Adams) seeks to compel Winbond to respond to discovery,[2] dealing with the same issue as the motion for protective order and two

---

[1] Third-Party Defendant Winbond's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), docket no. 333, filed August 13, 2007.

[2] Plaintiff's Motion to Compel Winbond to Produce Documents and Answer Interrogatories, docket no. 413, filed October 25, 2007.

other issues.  The motions actually address the substantive scope of this suit.  This order grants

Adams' motion and denies Winbond's motion.

## Background

Adams holds patents related to computer input/output (I/O) functions.  He claims his

patents are infringed by defendants and third-party defendants.  The original defendants are

computer sellers, but the case has expanded to include suppliers of motherboards including I/O

chips and the makers of those chips.

Winbond is a "global leader in the design, manufacture, and sales of integrated circuits"

including "a line of Super I/O chips for computers."[3]  Winbond is a third-party defendant which

intervened in this action to protect its rights affected by Plaintiff's claims against Sony

Electronics, Inc., which Winbond supplies.  At the time of the intervention, Sony was seeking to

bring Winbond into the case[4] based on the allegation that if Sony products infringe, it is because

they incorporate Winbond components.[5]  Adams did not resist Sony's motion so long as

conditions were imposed to prevent the case from "expanding to an unmanageable size . . . ."[6]

Winbond in its intervention papers proposed that it might "stipulate that involvement in the case

would not prevent Adams from asserting claims against Winbond's other products  . . . in the

future."[7]  In the idyllic hope that the issues in the case might be constrained, the magistrate

---

[3] Memorandum in Support of Third-Party Defendant Winbond's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (Winbond Supporting Memorandum) at iv, docket no. 334, filed August 13, 2007.

[4] Defendant Sony Electronics, Inc.'s Motion to Implead Third Parties Under Rule 14, docket no. 167, filed October 27, 2006.

[5] Winbond Supporting Memorandum at iv.

[6] Adams' Conditional Response to Sony Electronics, Inc.'s Motion to Implead Third Parties Under Rule 14, at 4, docket no. 174, filed November 13, 2006.

[7] Winbond's Supporting Memorandum at iv, citing to Winbond Electronics Corp.'s Memorandum in Support of Motion to Intervene . . .  at 12, docket 199, filed November 29, 2006.

judge's order admitting Winbond to the case endorsed the possibility of an order limiting issues.[8]
But at that time, no one had seen all the pleadings and cross-pleadings that are now filed.

The number and scope of pleadings expanded.[9]   "[T]he pleadings in this case . . . do not
exclude other Winbond customers."[10]   Adams reevaluated his position and believes that a limited
approach is impossible, based on Winbond's non-infringement and invalidity defenses, and
Adams' own pleadings that allege infringement beyond the Sony products.[11]   Winbond
complains that Adams is seeking discovery on "every product Winbond has ever made [which
includes] a floppy disk controller."[12]   Winbond asks that "Adams be held to its previous position
that Winbond's involvement should be limited . . .  to the Winbond products incorporated into
accused Sony products."[13]

Winbond points out the problems with managing litigation the size of the case Adams
seeks to pursue, and suggests it would be unfair to force Winbond to go to trial soon against the
broad scope of Adams' potential claims.[14]   Trial is currently set for early 2008, but a motion is
pending to move that date.

Adams says that Winbond is really asking to limit this suit so that it can "challenge
infringement, validity and enforceability a second time . . . ."[15] in a second suit.  Adams
expresses concern about the possibility that it might have to litigate the same facts twice, and

---

[8] Memorandum Decision and Order at 8-9, docket no. 219, filed December 21, 2006.

[9] Winbond's Supporting Memorandum at v-vii.

[10] Adams' Response to Winbond's Motion for Protective Order (Adams' Opposition) at 7, docket no. 363, filed August 31, 2007.

[11] *Id.* at 3.

[12] Winbond's Supporting Memorandum at vii.

[13] *Id.* at 1-2.

[14] Reply Memorandum in Support of Third-Party Defendant Winbond's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (Winbond Reply Memorandum) at 1, docket no. 384, filed September 17, 2007.

[15] Adams' Opposition at 2

about the six year statute of limitations for damages.[16]  Adams fears that a judgment in this case might merge all his claims.

Winbond claims that even though a judgment may be conclusive to all claims that might be litigated, Adams would retain "new rights acquired pending the action."[17]  Winbond offers to "stipulate that Adams would not be barred from bringing claims accusing other Winbond products in a future lawsuit."[18]

All these arguments attempt to anticipate the result of a second court looking back at the activities of this court.  Winbond's position proposes that parties before the court defer to adjudicate all issues between them on this subject matter.  Since the pleadings are not limited in scope, the magistrate judge feels that the more responsible course for this court and the parties would be to proceed to adjudicate all the claims between Adams and Winbond.  The motion for protective order is denied.

### Adams' Motion to Compel

Adams' related motion to compel discovery from Winbond[19] raises three principal points of dispute.  Winbond objects to producing:

> (1) discovery relevant only to alleged infringement taking place outside the six-year statute of limitations for infringement claims;
>
> (2) discovery into alleged acts of infringement taking place entirely outside of the United States; and
>
> (3) discovery into Winbond products not properly at issue in this case.[20]

---

[16] *Id.* at 5 (citing 35 U.S.C. § 286).

[17] Winbond Reply Memorandum at 5-6.

[18] *Id.* at 6.

[19] Docket no. 413, filed October 25, 2007.

[20] Winbond's Opposition to Adams' Motion to Compel Winbond to Produce Documents and Answer Interrogatories at 1, docket no. 417, filed November 13, 2007.  The objections are reproduced in full in Adams' Memorandum in Support of its Motion to Compel Winbond to Produce Documents and Answer Interrogatories (Adams' Supporting Memorandum) at 5, docket no. 414, filed October 25, 2007.

Winbond has also applied these three limitations to its answer to an interrogatory seeking information about Winbond products.[21]

The last point is identical to the issue presented in Winbond's motion for protective order.  The magistrate judge is of the view that the issues in the case between Adams and Winbond are not limited to the products Winbond has sold Sony, but extend to the breadth of Winbond products which Adams claims infringe.  This is a source of frustration for Winbond because Adams cannot identify all infringing Winbond products since Adams is not familiar with the universe of Winbond products.  Discovery in patent litigation must necessarily identify the products *potentially* at issue before the products *actually* at issue are identified.  The patent holder is not in a position to know the extent of the alleged infringer's activities but requires discovery from the alleged infringer to discover the potential extent of infringement.  Then, the alleged infringer is entitled to a statement of which products are alleged to infringe.  Thwarting discovery or limiting the lawsuit to the infringement known by the patent holder before suit is filed would result in piecemeal litigation and incomplete remedies or force the patent holder to undertake Herculean investigation to find all the alleged infringer's products on the open market.  This would frustrate the remedies for patent infringement.

The second objection Winbond makes – "alleged acts of infringement taking place entirely outside of the United States"[22] is also subject to a motion pending before the district judge.[23]  This is a hot and vigorously disputed point.  At this stage of the litigation, without a ruling on dispositive motions seeking to exclude activity outside the United States from this case,

---

[21] Interrogatory no. 13, in Adams' First Set of Interrogatories, reproduced in Third-Party Defendant Winbond's Objections and Responses to Adams' First Set of Interrogatories, Exhibit B to Adams' Supporting Memorandum.

[22] Winbond's Opposition Memorandum at 1.

[23] Defendants' Motion for Partial Summary Judgment, docket no 337, filed August 13, 2007, and Winbond's Motion for Partial Summary Judgment, docket no 408, filed October 19, 2007.

the discovery must include alleged acts of infringement outside the United States. Adams claim that these activities are relevant and admissible is still viable. Without discovery, Adams cannot connect them to alleged infringing activities within the United States. And discovery does not guarantee he can make the connection, but discovery is necessary for a fair adjudication.

Winbond's first objection is a fine point. Adams claims "Winbond refuses to produce any documents that came into existence more than six (6) years before the filing of the cross-claim against them, i.e., May 3, 2001."[24] Winbond claims it "has only limited discovery into alleged acts of infringement taking place prior to that date."

The misunderstanding is rooted in Winbond's objection to the Request for Production, which is a correct statement of the law:

> 9. Winbond objects generally to each Request for Documents to the extent that it fails to be properly limited in time and in scope. The relevant period for any damages calculation is limited to the period beginning six years prior to the filing of Adams' claims against Winbond, or May 3, 2001.[25]

The implementation of the objection is the problem. Winbond states its willingness to produce some documents created before May 3, 2001. It identifies two categories of documents it will produce that predate Adams' complaint by more than six years:

> To the extent any non-privileged documents were created prior to May 3, 2001 and are probative of infringement or non-infringement after that date, Winbond has agreed to produce those documents. . . . Winbond has likewise agreed to produce non-privileged documents that discuss plaintiff Adams, Dr. Adams, or the patents-in-suit, without any date limitation.[26]

Winbond is headed in the right direction but does not go far enough. Similar to the second objection – extraterritoriality – Winbond attempts to use a legal principle to conclusively determine discovery. The legal principle will determine the merits, and will determine

---

[24] Adams' Supporting Memorandum at 2.

[25] Adams' Supporting Memorandum at 5.

[26] Winbond's Opposition Memorandum at 4.

admissibility of evidence, but Adams is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[27]  Winbond's interpretations of the effect of the law on discovery are too narrow.

For example, Winbond offers "non-privileged documents that discuss plaintiff Adams, Dr. Adams, or the patents-in-suit, without any date limitation."[28]  But what about documents that discuss the problem Winbond was solving which allegedly resulted in infringement?  And the offer to produce documents "created prior to May 3, 2001 [which] are probative of infringement or non-infringement after that date" is similarly over-restrictive.

The unworkable nature of Winbond's May 3, 2001, delineation is demonstrated by examination of Interrogatory No. 12.

> Identify in detail any and all modifications made since January 1, 1999 to any chips for the floppy disk controller used in any of Third-Party Defendant's Computer Systems (as defined above) designed in whole or in part to address data corruption occurring or potentially occurring.[29]

In partial response, Winbond stated that it will produce documents "sufficient to show any changes to the Winbond implicated chips relevant to the subject matter and the patent-in-suit made subsequent to May 3, 2001 . . . ."[30]  But changes made prior to that date are relevant to the issue of infringement and the flow of products extending after May 3, 2001.

In discovery, Winbond must produce documents and provide information related to the subject matter of Adams' claim regardless of time frame.  And then, in the substantive process, Winbond may seek to bar admission of evidence, narrow issues, and limit the calculation of

---

[27] Fed. R. Civ. P. 26(b)(1).

[28] Winbond's Opposition Memorandum at 4.

[29] Third-Party Defendant Winbond's Objections and Responses to Adams' First Set of Interrogatories at 15, attached as Exhibit B to Adams' Supporting Memorandum.

[30] *Id.*

damages.  The arbitrary line of May 3, 2001, may apply to some damages evidence, but not to infringement-related discovery.

Winbond's objections 9, 10 and 21 are stricken.  Adams' motion to compel is granted.

## ORDER

IT IS HEREBY ORDERED that Winbond's motion for protective order[31] is DENIED. Adams motion to compel[32] is GRANTED.

Dated this 22nd day of January, 2008.

BY THE COURT:

David Nuffer
United States Magistrate Judge

---

[31] Third-Party Defendant Winbond's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), docket no. 333, filed August 13, 2007.

[32] Plaintiff's Motion to Compel Winbond to Produce Documents and Answer Interrogatories, docket no. 413, filed October 25, 2007.