IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>        Plaintiff,<br><br>  vs.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED CROSS CLAIM [379]**<br><br>Case No. 1:05-CV-64 TS<br>District Judge Ted Stewart<br><br><br>Magistrate Judge David Nuffer |
| SONY ELECTRONICS INC<br><br>        Third-Party Plaintiff,<br><br>  vs.<br><br>ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL; WINBOND ELECTRONICS CORP. ("WINBOND"); AND ITE TECH. INC.,<br><br>        Third-Party Defendants | |

      Plaintiff Phillip M. Adams & Associates, L.L.C. has moved[1] to file an amended cross claim against the third-party defendants in this case, Winbond Electronics Corp. ("Winbond"); ASUSTeK Computer, Inc. and ASUS Computer International (collectively, "ASUSTeK"); and ITE Tech. Inc. ("ITE"). The claim alleges misappropriation of trade secrets. All the other parties in the case, including those not named in the proposed cross-claims, oppose the amendment.

---

[1] Docket no. 379, filed September 11, 2007.

**History of this Case**

Adams filed this patent infringement action in May 2005, alleging that Dell, Inc., Fujitsu Limited & Fujitsu Computer Systems Corp., MPC Computers, LLC, and Sony Electronics Inc. ("Sony"), (collectively, the "Original Defendants") infringe Adams' U.S. Patent Nos. 5,379,414, 5,983,002, and 6,401,222.[2] Other original defendants including International Business Machines Corp., Lenovo, Inc., and Siemens AG have been dismissed from the case.[3]

On December 21, 2006, this Court granted Adams' motion to amend its complaint to add two new patents.[4] In the same Order, the Court also granted Sony's Motion to implead Winbond, ASUSTeK and ITE.[5] Sony alleged that these manufacturers of components of its computers could be liable for any infringement by Sony.[6]

Once Defendant Sony brought these new third-party defendants into the case, Adams filed a patent infringement cross-claim against them.[7] The cross-claim was not limited to the Sony products already implicated in this litigation, but extended to all potentially infringing products by those manufacturers. This was a reversal of Adam's position in earlier memoranda that he wanted the scope of the case confined.[8] Now, Adams seeks to expand his cross-claims against the third-party defendants to allege trade secret violations.

---

[2] Complaint, docket no. 1, filed May 12, 2005, and Amended Complaint, docket no. 6, filed May 31, 2005.

[3] Adams Motion for Leave to File a Second Amended Complaint . . . , docket no. 165, filed October 27, 2006.

[4] Docket no. 219.

[5] *Id.*

[6] Third-Party Complaint for Indemnification and Contribution, docket no. 224, filed January 5, 2007.

[7] Adam's [sic] Cross Complaint Against Third Parties, docket no. 277, filed May 3, 2007.

[8] Adams' Conditional Response to Sony Electronics, Inc.'s Motion to Implead Third Parties Under Rule 14, at 2 and 5, docket no. 174, filed November 13, 2006.  *See also* Adams' Response to Winbond's Motion for Protective Order . . . ,at 3, docket no. 363, filed August 31, 2007.

**Relationship of Trade Secret Claims to Existing Claims**

Adams alleges the third-party defendants acted wrongfully in the time period between Adams first patent ('002) and second patent ('222).[9] He says that some acts were trade secret violations, but not infringement of the '002 patent. This is because the patents and trade secrets are not identical. "[T]he '222 patent has additional disclosures relevant to Adams' trade secrets – disclosures that are not found in the 1999 patent, and remained secret until 2002, after the trade secret thefts occurred."[10] This allegation is in direct contradiction to Winbond's claim that "any technology disclosed in the '222 patent was necessarily disclosed in the earlier '002 patent"[11] and ASUSTeK's assertion that because "the '002 patent contains the same disclosures as the '222 patent . . . Adams did not have a trade secret at the time it alleges the third-party defendants allegedly misappropriated it."[12] Adams admits that the trade secrets are now disclosed in the '222 patent,[13] but under his theory, the only remedy available for some wrongful acts before the '222 patent issued is under the trade secret claims.

Whether there are any trade secret claims separate and apart from the '002 patent ought to be determined, but on a summary judgment motion, not on a motion to amend.

---

[9] Adams' Reply in Support of its Motion for Leave to File an Amended Cross-claim Against Third-Party Defendants ¶¶ 5-6 at 2, docket no. 405, filed October 16, 2007.

[10] *Id.* at 8.

[11] Winbond's Opposition to Adams' Motion . . . (Winbond's Opposition) at 6, docket no. 401, filed October 1, 2007.

[12] ASUSTeK Computer Inc.'s and ASUS Computer International's Memorandum in Opposition to Adams' Motion for Leave to File an Amended Cross-Claim . . . (ASUSTeK's Opposition ) at 6, docket no. 402, filed October 1, 2007.

[13] *Id.* ¶ 6 at 2 and 7.

**Timeliness**

Defendants and Third-Party Defendants object that the motion to amend is untimely. They say that since Adams knew of these claims three years ago, [14] he should have brought them at that time, or at least at the time he filed his cross-claims against the third-party defendants. [15] However, this motion was filed just four months after Adams' cross claims were filed.

There is no currently effective scheduling order, [16] but the most recent scheduling order in effect set a deadline of October 27, 2006 as the last day to file motions to amend the pleadings or to add parties. [17] The third-party defendants, against whom the trade secret claims will be made, were brought into the case in the Winter of 2007 and finished appearing in Spring, in the same time as Adams' cross-claims were filed.

The proposed additional cross-claims are presented in a reasonable time after the third-party defendants appeared, and under circumstances not contemplated in the original scheduling order.

**Delay of Case**

Defendants also object that the amendment will delay the claim construction process and ensuing discovery. [18] And "delaying the resolution of Adams's infringement allegations prejudices the Original Defendants because it creates uncertainty about the Original Defendants' ability to manufacture and sell their products free from infringement allegations." [19] However,

---

[14] Defendants' Opposition to Adams's Motion for Leave to File an Amended Cross-Claim . . . (Defendants' Opposition) at 2, docket no. 400, filed October 1, 2007; Winbond's Opposition at 7-8; ASUSTeK's Opposition at 9 and 10.

[15] Defendants' Opposition at 4.

[16] See Order, docket no. 254, March 1, 2007, and Defendants' and Third Party Defendants' Joint Motion for Entry of Amended Scheduling Order, docket no 368, filed August 31, 2007.

[17] Scheduling Order . . . at 3, docket no. 112, filed June 5, 2006.

[18] Defendants' Opposition at 4 and 7.

[19] Defendants' Opposition at 8.

the trade secrets will need to be defined and resolved at some point to clear Defendants' products of any shadow. Deferring them to future litigation does nothing to clarify uncertainties.

### Expansion of Large Case

Defendants also claim that the trial will be "more complicated and prolonged,"[20] but again, the issues must be tried (or summarily resolved) sometime. Winbond objects that the year 2000 timeframe of the trade secret appropriation is outside the patent infringement statute of limitations, so discovery will be expanded.[21] However, Winbond's objection to any discovery outside the six-year statute of limitations has been substantially limited in another order.[22]

### Confusion of Jury

Defendants also express the fear that the jury could be confused and apply relatively simple trade secret theft law to the more complex patent infringement claims and defenses.[23] ASUSTeK correctly states that "[a] trade secret claim and a patent infringement claim involve entirely different elements."[24] ASUSTeK complains "[t]he addition of non-patent claims that are asserted against only three of the parties will complicate and prolong the trial in this already complex case."[25] At the point when the case is being readied for trial, there are many management tools available to the court which can meet these concerns.

### All Issues Between These Parties on this Subject Matter Should be Resolved

The court is faced with two difficult alternatives. First, expand this already large case, or commit Adams and the third-party defendants to piecemeal litigation. Discovery and trial – and

---

[20] Defendants' Opposition at 7.

[21] Winbond's Opposition at 8.

[22] Memorandum Decision and Order Granting Plaintiff's Motion to Compel [413] and Denying Winbond's Motion for Protective Order [344], docket no. 429, filed January 22, 2008.

[23] Defendants' Opposition at 7.

[24] ASUSTeK's Opposition at 9.

[25] *Id.*.

settlement negotiations – would be fragmented under the second alternative.  This concern about doing "partial justice" compels the conclusion that Adams' cross-claims should be amended.

This expansion of the case is also debated in discovery motions decided today.[26]  The magistrate judge has determined that including all of Adams's claims about the third-party defendants' products makes more sense than limiting Adams' cross-claims to components included in Sony products.

That same sense leads to the conclusion that adding the trade secret claims to this case is better than having a separate case filed.  This is not to say that all the claims now in this suit will necessarily be tried together, but the discovery ought to be handled in the same forum at the same time.

## ORDER

IT IS HEREBY ORDERED that Adams' Motion for Leave to File an Amended Cross-claim Against Third-Party Defendants[27] is GRANTED.

Dated this 22nd day of January, 2008.

BY THE COURT:

_David Nuffer_
David Nuffer
United States Magistrate Judge

---

[26] Memorandum Decision and Order Granting Plaintiff's Motion to Compel [413] and Denying Winbond's Motion for Protective Order [344], docket no. 429, filed January 22, 2008.

[27] Docket no. 379, filed September 11, 2007.