IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>    vs.<br><br>DELL, INC., FUJITSU LIMITED, FUJITSU COMPUTER SYSTEMS CORP., MPC COMPUTERS, LLC, AND SONY ELECTRONICS INC.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART ASUSTEK'S MOTION FOR A MORE DEFINITE STATEMENT [288] and MOTION FOR PROTECTIVE ORDER [344] and DENYING ASUSTEK'S MOTION FOR ORAL ARGUMENT [325]**<br><br>Case No. 1:05-CV-64 TS<br>District Judge Ted Stewart |
| SONY ELECTRONICS INC<br><br>    Third-Party Plaintiff,<br><br>    vs.<br><br>ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL; WINBOND ELECTRONICS CORP. ("WINBOND"); AND ITE TECH. INC.,<br><br>    Third-Party Defendants | Magistrate Judge David Nuffer |

Third Party Defendants ASUS Computer International and ASUSTeK Computer, Inc. (collectively ASUSTeK) moved for a more definite statement, or for an order requiring Plaintiff Phillip L. Adams & Associates, L.L.C. (Adams) to reply to their answer to Adams' Cross Complaint.[1]  They rightfully claim that they are in the dark without a specific allegation of which

---

[1] Docket no 288, filed May 29, 2007.

of their products "allegedly infringes a claim of a patent allegedly owned by Plaintiff."[2] "ASUSTeK designs, manufactures, tests, or sells at least 117 different models of notebooks and 174 different series of motherboards.  Each series of motherboards encompasses at least one model or revision, and may include multiple models."[3]  Thus, ASUSTeK feels Adams should be required to identify the specific products Adams claims infringe.

ASUSTeK also seeks a protective order against discovery from Adams.[4]  Among the reasons advanced for limitation of discovery is that the scenario under which ASUSTeK and other third party defendants entered the suit contemplated that claims against them might be limited to the products found in two computers sold by Defendant Sony Electronics, Inc.[5]  The magistrate judge has already determined that the hope that the litigation might be so limited has not been realized in the pleadings, and that all claims between all parties are better raised in this one suit than in secondary litigation.[6]

But how do we deal with the fact that Adams has not yet identified which ASUSTeK products infringe and has propounded comprehensive discovery which could reach all ASUSTeK products?  Adams does have evidence that implicates ASUSTeK.[7]  But he is not familiar with the universe of ASUSTeK products.  Discovery in patent litigation must necessarily

---

[2] Memorandum in Support of ASUS and ASUSTeK's Motion for a More Definite Statement, and/or for an Order Requiring a Reply to the Answer to Certain Paragraphs of the Cross Complaint at 6, docket no. 289, filed May 29, 2007.

[3] Memorandum Supporting Third Party Defendants ASUSTeK Computer Inc.'s and ASUS Computer International's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (ASUSTeK Memorandum 345) at xi, docket no. 345, filed August 15, 2007.

[4] Docket no. 344, filed August 15, 2007.

[5] ASUSTeK Memorandum 345 at iv-v.

[6] Memorandum Decsion and Order Granting Plaintiff's Motion to Compel [413] and Denying Winbond's Motion for Protective Order, docket no. 429, filed January 22, 2008.

[7] Adams' Response to ASUS' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) at 4-5, docket no. 362, filed August 31, 2007; Adams' Response to ASUS' Motion for a More Definite Statement at 3-4, docket no. 292, filed June 8, 2007.

2

identify the products *potentially* at issue before the products *actually* at issue are identified. The patent holder is not in a position to know the extent of the alleged infringer's activities but requires discovery from the alleged infringer to learn the potential extent of infringement. Then, the alleged infringer is entitled to a statement of which products are alleged to infringe. Thwarting discovery or limiting the lawsuit to the infringement known by the patent holder before suit is filed would result in piecemeal litigation and incomplete remedies or force the patent holder to undertake Herculean investigation to find all the alleged infringer's products on the open market. This would frustrate the remedies for patent infringement.

## Motion for Protective Order

ASUSTeK complains that Adams' 15 interrogatories and 89 requests for production, directed against its 291 products, call for a monumental effort and response.[8] In all fairness to Adams, the monumental nature is due in large part to the very large ASUSTeK business. But the interrogatories do pose some daunting challenges. For example, Interrogatory No. 1 asks ASUSTeK to identify all its computer products – and many elements of sales data for each – and Interrogatory No. 2 asks for a detailed analysis of each computer product against Adams' claims. Interrogatory No. 10 asks for the factual basis of each affirmative defense. These call for information beyond the base-level data needed to identify products and enable Adams to make the type of specification of infringing products that ASUSTeK desires and deserves. The interrogatories are probably appropriate, after some base level determination of subject matter of the claims against ASUSTeK.

At the present time, the motion for protective order is GRANTED, on a temporary basis, as to:

---

[8] ASUSTeK Memorandum 345 at ii-iii and 1.

      Interrogatory No. 1 d.
      Interrogatory No. 2
      Interrogatories Nos. 7-8
      Interrogatory No. 13 – last two sentences
      Interrogatory No. 14
      Request for Production No. 17
      Request for Production No. 18 d. and e.
      Requests for Production Nos. 19-25
      Requests for Production Nos. 29-30

The response to Request for Production No. 86 shall be limited to documents now existing and shall not require development of new documents.

All other Interrogatories and Requests for Production shall be answered within thirty days of this order, with the proviso that answers to the following interrogatories will be preliminary:

      Interrogatories Nos. 5-6
      Interrogatory No. 10

No sooner than 60 days after ASUSTeK's responses, Adams may move that the protective order be modified or lifted. The motion shall be supported by evidence that justifies the further inquiries which are not now permitted.

**ORDER**

IT IS HEREBY ORDERED that ASUSTeK's motion for protective order[9] is GRANTED IN PART as stated herein.

IT IS FURTHER ORDERED that the Motion for a More Definite Statement, and/or for an Order Requiring a Reply to the Answer to Certain Paragraphs of the Cross Complaint[10] is GRANTED IN PART.  Within thirty days of ASUSTeK's responses to discovery, Adams shall file a reply to paragraphs 12 to 14 of ASUSTeK's answer to the Cross Complaint and ASUSTeK's Defenses to the Complaint, No. 10.

IT IS FURTHER ORDERED that ASUSTeK's motion for oral argument[11] is DENIED.

Dated this 22nd day of January, 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[9] Docket no. 344, filed August 15, 2007.

[10] Docket no 288, filed May 29, 2007.

[11] Docket no. 325, filed July 26, 2007.