IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC,<br><br>　　　Plaintiff,<br><br>vs.<br><br>DELL INC., et al.<br><br>　　　Defendants,<br><br><br>PHILLIP M. ADAMS & ASSOCIATES, LLC,<br><br>　　　vs.<br><br>QUANTA COMPUTER, et al., | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTIONS TO CONSOLIDATE AND CONSOLIDATING CASES<br><br><br><br>Case No. 1:05-CV-64 TS<br><br>Case No. 2:07-CV-422 TS |

Plaintiff moves to consolidate these the above two cases[1] on the grounds that they

---

[1] Case No. 1:05-CV-64 (the Dell case) and Case No. 2:07-CV-422 (the Quanta case).

1

involve common issues of fact and law. Specifically, Plaintiff contends that they involve common issues of fact in the form of allegations of infringement of the same five patents. Additionally, Plaintiff argues that, due to Defendant Sony's interpleader of supplier defendants in the Dell case and the commercial relationships among the Defendants, there are common issues of fact and discovery issues arising from the same products, namely the computers, motherboards, and computer chips involved in the alleged infringement. Plaintiff also contends that there are common issues of law involved in claims construction in both cases. Plaintiff argues that where a Special Master has been appointed to hear and report on claims construction in the Dell case, and where that claims construction process is not scheduled, consolidation would be in the interest of economy and efficiency because it would allow the Special Master and the Court to address the claims construction of the same five patents in a single proceeding. Finally, Plaintiff contends that the scheduling changes resulting from Defendant Sony having interpleaded new parties in the Dell case means that there will be no substantial additional delay resulting from consolidation.

Defendants opposing consolidation in the Dell case are Dell, Asustek, and Winbond. Defendants opposing consolidation in the Quanta case are National Semiconductor Corporation,[2] Micro-Star International Corporation LTD, and MSI Computer Corporation. Defendants' opposition can be summarized as follows: It is unfair to allow Plaintiff to consolidate the actions now when Plaintiff chose to delay filing claims against the

---

[2] National Semiconductor filed its opposition in both cases.

Defendants in the Quanta case for two years. Defendants in the Quanta case will be disadvantaged by an acceleration of their discovery process to catch up with discovery in the older Dell case. Defendants in the Dell case will be disadvantaged by the delay resulting from the time needed for discovery by the Defendants who would be added by the Quanta case. The addition of the trade secret claim from the Quanta case will complicate discovery and be confusing to the jury. Due to the large number of Defendants already in the Dell case, the addition of any more Defendants or claims by consolidation with the Quanta case would result in rampant jury confusion on the different products, claims, and defenses particular to each Defendant. Although the cases involve the same patents, it is unknown if the same claims will need to be construed in both cases. The Defendants also argue generally that the substantial prejudice that they would suffer from consolidation would outweigh any efficiencies to be gained from consolidation.

Under Fed. R. Civ. P. 42(a):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.[3]

Plaintiff, as the party seeking consolidation, has the burden of establishing consolidation is proper under Rule 42(a).[4]

---

[3] This is the version of the rule in effect on the date the present motion was filed. Effective December 1, 2007, Rule 42(a) was amended making stylistic changes only. 2007 Advisory Committee Note.

[4] *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (affirming denial of consolidation and agreeing that movant "failed to meet their burden to establish that

Plaintiff has shown common issues of fact and law. Accordingly, the Court turns to Defendants other arguments against consolidation. Defendants argue that Plaintiff delayed overlong in bringing claims against the Defendants in the Quanta case and therefore it would be unfair to allow Plaintiff to accelerate the Quanta case by consolidating it with the older Dell case. The Court notes that Sony's interpleader of additional Defendants in the Dell case—a logical and proper action by Sony[5]—resulted in scheduling changes in the Dell case. Thus, the subsequent changes in the procedural posture of the Dell case are not attributable to fault of any party, but instead are attributable to the economic reality of patent infringement litigation in the context of a global industry. Once the Third Parties were added to the Dell case, consolidation with the more recently filed case makes sense to avoid unnecessary costs and delay. For this reason, the arguments regarding delay to the Dell defendants and inadequate time for the Quanta Defendants are not persuasive because they can be addressed by adjustments in the scheduling "to avoid unnecessary costs or delay."[6]

As to confusion of Defendants and issues, that is a matter that should be addressed closer to trial because in complex litigation it is common for the number of Defendants and issues to have been streamlined by settlements and/or pretrial motions. Further, closer to trial the Court would be able to assess whether separate trials or a bifurcated trial would

---

consolidation would promote trial convenience and economy in administration or that they have suffered any injury as a result of the trial court's refusal to consolidate").

[5] See Docket No. 219, Order Granting Sony's Motion to Implead Third Parties, at 4-9.

[6] Fed. R. Civ. P. 42(a).

"avoid prejudice," or "be conducive to expedition or economy."[7]

The Court notes that the three related Quanta entities[8] are currently pursuing a Motion to Dismiss asserting a lack of personal jurisdiction.[9] A month earlier, the Quanta entities filed Answers asserting lack of personal jurisdiction as affirmative defenses.[10] In the alternative, the Quanta entities seek a change of venue.[11] The Quanta entities have also joined in National Semiconductor's Motion to Dismiss Count II under Fed. R. Civ. P. 12(b)(6).[12] None of the Quanta entities have filed anything on the issue of consolidation, nor have they requested additional time in which to do so,[13] or to have the Court wait to determine the issue until after their jurisdictional issues have been resolved.

Consolidation would not prejudice the Quanta entities regarding personal jurisdiction because Defendants may be dismissed for lack of personal jurisdiction without affecting the remainder of the case. As to venue, where the other Defendants in the Quanta case

---

[7]*Id*. at 42(b).

[8]Quanta Computer, Quanta Computer USA, and Quanta Manufacturing.

[9]Docket No. 63.

[10]*E.g.* Docket No. 50 at ¶ 43. *See also Matthews v. Brookstone Stores, Inc.*, 431 F.Supp.2d 1219, 1225 (S.D. Ala. 2006) (holding that defendant did not waive defense of lack of personal jurisdiction by waiting five months between filing Answer and moving to dismiss or by required participation in action).

[11]Docket No. 63.

[12]*See* Docket No. 53.

[13]*Compare* Docket No. 20 (Defendant Micro-Star International's Motion for Extension of Time to file opposition to Motion to Consolidate on grounds that it could not respond to Motion without submitting to jurisdiction).

have not sought a change of venue, the requested change of venue for the Quanta entities would have had to be determined separately even absent consolidation.

On balance, the Court finds that consolidation will allow all issues regarding the alleged infringement of the five patents to go forward in one case and will thereby avoid unnecessary costs and delay, especially regarding discovery and claim construction. The Court finds that consolidation will not unfairly prejudice Defendants. Accordingly, these cases will be consolidated. Accordingly, it is therefore

ORDERED that Plaintiffs' Motions to Consolidate (Docket No. 335 in Case No. 1:05-CV-64 TS and Docket No. 15 in Case No. 2:07-CV-422 TS) are GRANTED. It is further

ORDERED that Case No. 2:07-CV-422 TS is consolidated into Case No. 1:05-CV-64 TS. It is further

**ORDERED that no further documents be filed in Case No. 2:07-CV-422 TS and that all further documents shall be filed in Case No. 1:05-CV-64 TS**.

DATED   January 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge