IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>DELL INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING RULE 56(f) DISCOVERY AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br><br><br><br><br>Case No. 1:05-CV-64 TS |

Before the Court is the Motion for Partial Summary Judgment of Non-Infringement of the '002 and '222 Patents Under 35 U.S.C. § 271 (a), (b), and (c) filed by Defendants Dell and Sony.  The Fujitsu Defendants and the Asustek Defendants subsequently joined in the Motion.[1]

Defendants seek summary judgment on Plaintiff's claims for infringement of the '002 and '222 patents under § 271 (a), (b), and (c) for acts that Defendants allege took place

---

[1] Defendant Winbond filed a separate motion (Docket No. 408) making similar arguments.  The Court will rule on that Motion separately.

outside of the United States.  The requested partial summary judgment would not affect these claims to the extent that alleged acts did not occur outside of the United States.  Defendants argue that the purpose of their Motion is to remove from this case the legal theory that foreign testing occurring outside the United States gives rise to liability under patent laws of the United States.  However, Defendants do not submit a statement of fact showing when and in what manner they used the patents only outside the United States, only for the purpose of testing, and not in the manufacturing process or by incorporation into their products.

Plaintiff states its theory of the case differently.  Plaintiff contends that its theory is that the patented technology is incorporated into the computers as well as an integral part of the manufacturing process.  Plaintiff also contends that there are issues of fact and seeks additional discovery under Rule 56(f).

The Court finds that Plaintiff has met its burden to show by affidavits and other evidence that there are material issues of fact, including but not limited to whether the testing is part of the manufacture of the products and whether the patented technology is incorporated into the products, which are then sold in the United States.  There are also issues of fact as to what acts, if any, each Defendant undertook using the patented technology, where those acts occurred, for what purpose, and the limits, if any, of any such use.

Pursuant to Fed. R. Civ. P. 56(f), Plaintiff requests additional time to respond in order to obtain discovery on specific issues of fact.  These issues include whether the patented technology is part of the design, engineering, manufacture and quality control of

the manufacture of Defendants' products.  "Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts."[2]  Plaintiff's Rule 56(f) affidavits state that Defendants have failed to produce requested discovery, including "microcode and related schematics and notes" that Plaintiff contends will show how its patents are used in the products.[3]

The Court finds that Plaintiff's request for additional discovery is properly supported with affidavits as required by Rule 56(f).[4]  The fact that discovery is not complete is insufficient to obtain a Rule 56(f) continuance.[5]  However, "unless dilatory or lacking in merit, the motion should be liberally treated."[6]

The Court finds that Plaintiff has properly supported its Rule 56(f) motion and it should be granted.  Rather than granting indefinite time for Plaintiff to conduct discovery and then file a supplemental response, the Court will deny the Motion without prejudice to revisiting the issue when discovery on the underlying issues is complete.  It is therefore

---

[2]*Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[3]Docket No. 387, at 7 ¶ 5(d).

[4]*See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (explaining when affidavits properly support a Rule 56(f) motion)).

[5]*Id.*

[6]*Id.*

ORDERED that the Plaintiff's Rule 56(f) request to permit additional discovery[7] is GRANTED.  It is further

ORDERED that the Fujitsu Defendants' Motion for Joinder in Dell's and Sony's Motion for Partial Summary Judgment of Non-Infringement (Docket No. 357) is GRANTED.  It is further

ORDERED that the Motions for Partial Summary Judgment of Non-Infringement of the '002 and '222 Patents Under 35 U.S.C. § 271 (a), (b), and (c) (Docket Nos. 337, 358, and 392) and the joinders therein are DENIED WITHOUT PREJUDICE.

DATED   March 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7]Docket No. 338, at 42.