IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>DELL INC., et al.<br><br>    Defendants.<br><br>SONY ELECTRIC INC., a Delaware corporation,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>WINBOND ELECTRONICS CORPORATION, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER GRANTING WINBOND'S MOTION FOR JUDGMENT ON THE PLEADINGS ON CONTRIBUTION CLAIM<br><br><br><br>Case No. 1:05-CV-64 TS |

Winbond Electronic Corporation (Winbond) moves for judgment on the pleading on Sony's third-party claim for contribution.

Plaintiff brought claims against Sony for patent infringement. Sony filed an Amended Third-Party Complaint for Indemnification and Contribution against Winbond and others.[1]  Sony's third-party claim against Winbond is for contribution only.[2]  Winbond answered and asserted the defense of failure to state a claim upon which relief can be granted. Winbond asserts, and Sony does not dispute, that Sony and Winbond do not have a contractual or other direct business relationship with each other. Thus, Sony's third-party claim for contribution against Winbond is not based on a contract.

Winbond contends that federal law does not recognize a cause of action for contribution for patent infringement and that one cannot be implied under federal common law because such claims are preempted by the federal statutory cause for contributory infringement.[3]  Winbond contends Sony has not stated a claim against it under the Utah Liability Reform Act (ULRA) and, if it had, such a claim is preempted by the Patent Act.

Sony contends the Patent Act implies a right to contribution, case law recognizes a right to contribution and, as a matter of public policy, a right of contribution is necessary. Sony also contends it is entitled to contribution under the ULRA, it has stated a claim under the ULRA, and the Patent Act does not preempt the ULRA.

---

[1] Docket No. 226.

[2] *Id*. at Count Three.

[3] 35 U.S.C. §271(c).

The parties agree there is no controlling law on this issue. Sony relies on *Musick, Peeler & Garrett v. Employers Ins. of Wausau*,[4] where the Supreme Court held that defendants in an action based on an implied right of action of §10(b) of the Securities Act[5] and Rule 10(b)-5[6] had a right to seek contribution as a matter of federal law.[7] Sony argues that the structure of the Patent Act is similar to the structure of the Securities Act in that the Patent Act authorizes joint liability but fails to address how that liability is to be allocated and, therefore, Congress implied that the federal courts have the authority to define the rights between joint infringers. Sony argues that the Patent Act is unlike the statutory schemes that the Supreme Court found did not imply right to contribution in *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*,[8] and *Texas Industries, Inc. v. Radcliff Materials, Inc.*[9]

Sony also relies on two district court cases. In *Conopco Inc. v. May Department Stores Co.*,[10] the trial court did not address the viability of a claim for contribution under the

---

[4] 508 U.S. 286, 298 (1993).

[5] Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b).

[6] Rule 10b-5 of the Securities and Exchange Commission.

[7] 508 U.S. at 297-98.

[8] 451 U.S. 77, 97-98 (1981) (holding it would be improper to "to add a right to contribution to the statutory rights that Congress created under the Equal Pay Act and Title VII" under those Acts or the federal common law).

[9] 451 U.S. 630, 642 (1981) (holding there was "no basis in federal statutory or common law that allows federal courts to fashion" a right of contribution among antitrust wrongdoers).

[10] 797 F. Supp. 740, 744 (E.D. Mo. 1992).

Patent Act.  Instead, it held the infringing defendants jointly and severally liable and remarked that the defendants "are able to bring subsequent actions for contribution among themselves, if deemed appropriate."[11]  In *Golden Trade, S.r.L. v. Jordache*,[12] the trial court allowed amendment to add third-party claims for contribution, but those third-party claims were based on state law causes of action.[13]

Winbond relies on several district court cases finding no right of contribution under the Patent Act, mainly *Motorola v. Varo, Inc*.[14]  In *Motorola*, the court held that "Congress, having defined contributory infringement by statute, could not have intended the courts to imply some other definition and allow a cause of action upon it."[15]

The Court finds the *Motorola* line of cases to be persuasive.  As one commentator discussed:

> The comprehensive statutory framework of specific remedies provided by the Patent Act, and the total silence on whether joint infringers have a right of contribution appear to make the Patent Act akin to the statutory schemes that the Supreme Court found not to support a federal common law right of

---

[11] *Id*. at 744.

[12] 143 F.R.D. 504 (S.D. N.Y. 1992).

[13] *Id*. at 507-09 (examining third-party claims for breach of warranty, fraudulent and negligent misrepresentation, and commercial bribery).

[14] 656 F.Supp. 716, 717-18 (N.D. Tex. 1986). *See also Chemtron v. Aqua Products, Inc. v. Viking Injector Co.*, 143 F.R.D. 504 (S.D. N.Y. 1992) (holding "[t]here is no claim for contribution under the U.S. patent laws, and none may arise under state law as it is preempted by federal law."); *Construction Tech., Inc. v. Lockformer Co.*, 781 F.Supp. 195, 201 (S.D. N.Y. 1990) (following *Motorola* and holding there is no right of contribution in patent cases).

[15] *Motorola*, 656 F. Supp. at 718 (citing the definition of contributory infringer found at 35 U.S.C. § 271(c)).

4

contribution in *Northwest Airlines* and *Texas Indus*. Further, the absence of any mention of contribution in any Patent Act provision appears to make the Patent Act unlike the 10b-5 provision for which the Supreme Court found a right of contribution in *Musick*. Not surprisingly, therefore, the several district courts that have considered in some detail the issue of whether patent law provides a right of contribution have concluded that no such right exists.[16]

The Court finds that there is no right of contribution for joint infringers under the Patent Act or the federal common law.

The Court need not determine if the Patent Act preempts a right of apportionment under the ULRA because the Court finds Sony's Amended Third-Party Complaint does not allege a claim against Winbond under the ULRA. Based on the foregoing, it is

ORDERED that Winbond's Motion for Judgment on the Pleadings (Docket No. 312) is GRANTED and Winbond shall have judgment on third-party plaintiff Sony's claim against third-party defendant Winbond for contribution.

DATED   October 9, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16] Robert A. Matthews, Jr., 4 Annotated Patent Digest § 30:112 (2008) (collecting cases).