IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>DELL, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S PROTECTIVE ORDERS<br><br><br><br><br><br>Case No. 1:05-CV-64 TS |

## I.  INTRODUCTION

Defendants[1] object to the Magistrate Judge's Memorandum Decision and Order

Granting Motion for Protective Order (in Part) (hereinafter Decision)[2] and Winbond objects

---

[1]Defendants Dell, Inc., Fujitsu Limited, Fujitsu Computer Systems Corp., International Business Machines Corp., Lenovo (United States) Inc., MPC Computers, LLC, and Sony Electronics Inc.

[2]Docket No. 113.

to the Magistrate Judge's Memorandum Decision and Order Granting Motion to Modify the Protective Order (in Part) (hereinafter Order Modifying Protective Order).[3]

The gist of both Objections is that the Magistrate Judge's Decision, Protective Order and Order Modifying Protective Order are that they allow the inventor, Dr. Phillip M. Adams (Adams), access to Defendants' highly confidential information in his role as his company's expert, subject to restrictions.  Defendants argue that the protections are insufficient to protect the confidentiality of their information, especially from inadvertent disclosure. Plaintiff argues that the Magistrate Judge's Orders are carefully tailored to protect the confidential information.

The Court finds no error in the Magistrate Judge's Protective Order and overrules the Objections.

## II.  PROTECTIVE ORDER

The Decision addressed Defendants' Motion for a Protective Order seeking to prevent Adams from accessing their highly confidential technical information.  Adams is the named inventor of the patents at issue in this action. The patents in suit relate to methods and apparatus for the detection of floppy diskette controllers.[4]  He owns Plaintiff through a family partnership and operates the business.  He is the holder of multiple issued U.S. Patents and is currently prosecuting at least seven patents.  However, he does not currently work or consult in the field of floppy diskette controllers, nor does he plan to file

---

[3]Docket No. 428.

[4]Docket No. 97-2 (Adams' Declaration at ¶ 6).

any further patent applications in that field.  He has extensive academic qualifications and industry experience.

The Magistrate Judge found that the balance of factors, including hardship, Adams' role as a party expert, Plaintiff's inability to identify an expert without a connection to the Defendants, and the extent of Adam's prior access in a related case to the same information sought in this case, weighed in favor of carefully controlled conditional access. Among other things, the Magistrate Judge noted that for any expert who would be qualified in the highly technical issues in this case:

> It is almost a catch-22: to be qualified, the person must be involved, but that involvement creates concerns about disclosure.
> Further, calling in another expert would create another potential diverter of information.  The information would flow to a person less controlled by the Court . . . .[5]

The Magistrate Judge imposed safeguards as conditions of specified access included the following: that Adams sign a Confidentiality Undertaking; that he not file a patent application related to computer error detection or correction for a period of one year from the date of termination of this litigation; that Plaintiff and Adams provide Defendants with a copy of all future correspondence with the patent office regarding his currently pending applications; and, that they also provide a list of all pending patent application listing them as inventor or owner.[6]

---

[5]Docket No. 113, at 16.

[6]Docket No. 113, at 17.

The Magistrate Judge provided the parties with a draft of the proposed Protective Order and an opportunity to object to its form.

Defendants filed an Objection to the proposed form of the protective order, and the same day, an Objection to the Decision.[7]   The Magistrate Judge then entered the Protective Order.[8]

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[9]   Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[10]   Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[11]

Defendants generally argue that the Decision is clearly erroneous and contrary to law because it allows Adams access to their confidential information at the same time it permits him to continue to prosecute pending patent applications on the related subject matter.

---

[7]Docket No. 121.

[8]Docket No. 122. Because the Protective Order was entered after the Objection to the Order Granting the Motions, the docket did not show the Objection as pending. *See* Docket No. 121.

[9] 28 U.S.C. § 636(b)(1)(A).

[10]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[11]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

Turning to Defendants' specific objections, they first contend that the Magistrate Judge erred because Adams will be able use their confidential information to modify the claims of his pending patents or to add new claims.  Defendants further contend that the Protective Order's disclosure requirements are not sufficient to protect their confidential information because the use may be inadvertent.

Plaintiff contends that the Protective Order's requirements that Adams provide Defendants with copies of all correspondence with the Patent Office will allow Defendants to monitor any amendments or claims to determine if he relied upon confidential information.   Plaintiff also points out that there cannot be inadvertent disclosure because any amendment or addition of claims must be based on information already fully disclosed in the specifications of his pending patent applications—all of which were in existence prior to the release of information under the Protective Order.

The Court finds that Magistrate Judge's Decision and his resulting Protective Order are carefully and narrowly structured to provide contemporaneous notice to Defendants of any attempted use of the confidential information in Adams' pending patents and to protect such information thereafter.

Defendants next contend that the Magistrate Judge's Decision and Protective Order are contrary to law because they are inconsistent with relevant case law.  Plaintiff contends that the Magistrate Judge correctly applied the law.

The Court finds the Magistrate Judge comprehensively analyzed all of the relevant case law and adopted the balancing test for considering access by a party.[12]  He  correctly applied that balancing test to all relevant factors in this case.  The Court agrees with the Magistrate Judge's analysis of the law, including his discussion of the cases relied upon by Defendants.

Finally, Defendants contend that the Magistrate Judge erred in finding that Plaintiff will be prejudiced in conducting its case if Adams cannot access the confidential information.  The Court finds no error in the Magistrate Judge's thoughtful and careful weighing of this factor, the other factors, or in his conclusion.  Accordingly, the Court overrules Defendants' Objection to the  Magistrate Judge's Decision and his Protective Order.

### III.   ORDER MODIFYING PROTECTIVE ORDER

Defendants, including Third-Party Defendant Winbond, sought to modify the Protective Order.  The Magistrate Judge found that Winbond's entry into the case was not a new circumstance that required modification of the Protective Order because its arguments had been previously advance by other Defendants.  However, the Magistrate Judge also found that Defendants had shown that the Protective Order should be modified in key respects.  The modifications included a clarification of the type of pending patent

---

[12]Docket No. 113, at 7-8 (adopting five-part test from *Davis v. AT&T Corp.*, 1998 WL 912012 (W.D. N.Y. 1998)). *See also* Robert A. Matthews, Jr., 6 Annotated Patent Digest § 41:142 (2008) (collecting cases applying balancing tests weighing "the need for the requested disclosure for preparing the case against the harm that would be sustained by the disclosing party from the disclosure").

applications must be disclosed, the description of materials that may be provided to Adams, and a tightening of the language of the undertaking to make it clear that it prohibits Adams' indirect involvement in filing certain types of new patents until one year after the termination of this action.

Winbond makes the same Objections to Adams' receipt of confidential information under the Modified Protective Order as Defendants made to the original Decision and Protective Order.   Plaintiff makes the same responses.   For the reasons stated above, the Court finds no error in the Magistrate Judge's Decision or Protective Order.

It does not appear that Winbond objects to the modifications to the Protective Order because those modifications provide further protections.   The Court finds no error in the Modified Protective Order.   The Modified Protective Order and Adams' Confidentiality Undertaking will be fully enforced.

## IV.  ORDER

Accordingly, it is therefore

ORDERED that Defendants' Objection to the Magistrate Judge's Order Granting Motions for Protective Order (in Part) (Docket No. 120) is OVERRULED.   It is further

ORDERED that Winbond's Objection to the Magistrate Judge's January 22, 2008

Memorandum Decision and Order Granting Motion to Modify the Protective Order (in Part)

(Docket No. 447) is OVERRULED.

DATED November 7th, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge