IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>    vs.<br><br>DELL INC., et al.<br><br>    Defendants.<br><br>SONY ELECTRIC INC., a Delaware corporation,<br><br>    Third-Party Plaintiff,<br><br>    vs.<br><br>WINBOND ELECTRONICS CORPORATION, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION FOR CLARIFICATION<br><br><br><br>Case No. 1:05-CV-64 TS |

The Court denied the Motion for Partial Summary Judgment by Defendants Dell, Sony, the Fujitsu Defendants and the Asustek Defendants.[1]  Those Defendants move for clarification on whether that Order included denial of their Motion for Partial Summary Judgment as to Plaintiff's claim under 35 U.S.C. § 271(g) (subsection (g) claim).  In support, they note that subsection (g) was not included in the recitation of the sections under which they had sought partial summary judgment.  They take the opportunity to renew their arguments in support of partial summary judgment on that subsection.

Plaintiff opposes the Motion for Clarification, arguing that the reason that subsection (g) claim was not included was clearly inadvertent.  Plaintiff also argues that the Motion merely seeks reconsideration of the ruling denying summary judgment as to the subsection (g) claim.

Generally, subsection (g) allows an infringement action against an unauthorized user, seller, or importer of product made abroad if that product is "made by a process patented in the United States."[2]  As noted by the parties, subsection (g) is construed to mean that, to be covered, the process or method claim must be for the manufacturing of a physical article.[3]  In denying partial summary judgment the Court noted that Plaintiff contended that its patented processes or methods are "an integral part of the *manufacturing* process" and held the material issues of fact include "whether the testing

---

[1] Docket No. 447 Memorandum Decision denying Defendants' Motion for Partial Summary Judgment (Order).

[2] 35 U.S.C. § 271(g).

[3] *See, e.g.*, Docket No. 338, Def.'s Mem. in Supp. of Partial Sum. Jud., at 13 (citing *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1323-24 (Fed. Cir. 2005)).

is part of the *manufacture of the products*."[4]  Thus, the subsection (g) claim was included in those claims of infringement for which partial summary judgment was denied.  It is therefore

ORDERED that Defendants' Motion for Clarification (Docket No. 483) is GRANTED and it is clarified that the denial of partial summary judgment in Docket No. 477 included denial of summary judgment on Plaintiff's claim of infringement under 35 U.S.C. § 271(g).

DATED   March 3, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] Order at 2 (emphasis added).