IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>DELL INC., et al.,<br><br>    Defendants.<br><br>SONY ELECTRIC INC., a Delaware corporation,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>WINBOND ELECTRONICS CORPORATION, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART WINBOND'S MOTION TO DISMISS ASUSTEK COMPUTER'S AMENDED CROSS-CLAIMS AGAINST WINBOND<br><br><br><br>Case No. 1:05-CV-64 TS |

1

Winbond Electronic Corporation (Winbond) moves to dismiss ASUSTek Computer, Inc.'s and ASUS Computer International's (collectively ASUSTeK) Amended Cross-claim for contribution against Winbond.

Plaintiff brought claims against ASUSTeK for patent infringement and trade secret misappropriation claims. ASUSTeK filed an Amended Cross-claim for indemnification and contribution against Winbond and another company.[1]

Winbond moves to dismiss ASUSTeK's contribution cross-claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Winbond contends: (1) patent law does not provide for an action for contribution; (2) there is no federal common law recognition of a contribution claim because it is preempted by the federal statutory cause for contributory infringement; (3) ASUSTeK has not alleged a claim for contribution under the Utah Liability Reform Act (ULRA); (4) the Utah Uniform Trade Secrets Act (UUTSA) provides for apportionment, but not contribution; and (5) any contractual claim for contribution would be governed by the laws of Taiwan.[2]

ASUSTeK contends that it does state a claim for contribution because (1) federal patent law does not bar an action for contribution; (2) contribution is available under federal common law; (3) it has stated a claim for contribution under the ULRA; (4) its claim for

---

[1]Docket No. 482. ASUSTeK recently filed a new Amended Cross Complaint, that incorporates Docket No. 482. See Docket No. 695 at 14.

[2]ASUSTeK alleged that ASUSTeK is a Taiwanese corporation and that ASUS is a California corporation. Amended Cross-claim, Docket No. 482, at ¶ 2.

contribution for the trade secret violation is not barred by the UUTSA; and (5) it has a contractual contribution claim against Winbond.

The standard for considering a motion to dismiss under 12(b)(6), is explained in *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*,[3]

> [The court] asks whether there is plausibility in the complaint. The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level.  When, in *Twombly*, the Supreme Court emphasized the need for plausibility in the complaint rather than wholly conclusory statements, it warned particularly of the high costs and frequent abuses associated with antitrust discovery. The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.[4]

For the reasons stated in its Memorandum Decision granting Winbond's Motion for Judgment on the Pleadings on Sony's claim against Winbond for contribution,[5] the Court concludes there is no right of contribution for joint infringers under the Patent Act or under the federal common law.

The Court finds that ASUSTeK does not allege a claim against Winbond under either the ULRA or the UUTSA.  ASUSTeK concedes that it does not specifically reference the ULRA, but argues its position on liability is clear.[6]  ASUSTeK argues that the UUTSA provides that it does not bar any *other* civil remedy that is not based on misappropriation

---

[3] 555 F.3d 1188 (10th Cir. 2009).

[4] *Id*. at 1191 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959, 1964-67 (2007) (internal quotation marks, parenthetical cite, and brackets deleted).

[5] Docket No. 638 at 2-5.

[6] ASUSTeK's Mem. at 12.

of a trade secret.[7]  However, ASUSTeK does not argue that the UUTSA itself provides for a contribution claim.

The Court finds that the cross-claim does not allege a claim for contribution under either the UUTSA or the ULRA.  A plain reading of ASUSTeK's contribution claim is that it is based on "various written agreements, policies, and indemnity agreements (the agreements)."[8]

Turning to the contractual contribution claim that is alleged, Winbond contends that the laws of Taiwan would be applicable to such claim and that ASUSTeK has failed to show that it has a valid state law claim based on the contracts.

At this stage, the Court looks only to the allegations in the cross-complaint and presumes them to be true.  ASUSTeK alleges contractual agreements that provide for indemnification and alleges they provide for contribution.  The Court may not look outside the cross-claim to consider Winbond's claim that those agreements are governed by the laws of Taiwan.  Further, even if that were true, all that is required is that ASUSTeK state a claim that it is entitled to relief under relevant law.  The issue of the relevant law to be applied to the alleged agreements is not before the Court in this Motion.  ASUSTeK has alleged contractual agreements providing for the relief it seeks.  It has stated a plausible claim.  If Winbond seeks to challenge that claim on the facts outside ASUSTeK's cross-complaint, a Rule 12(b)(6) motion is not the vehicle to do so.  It is therefore

---

[7]*Id*. at 5 (citing Utah Code Ann. § 13-24-8(2)(b)).

[8]Cross-claim at ¶ 14.

ORDERED that Winbond's Motion to Dismiss ASUSTeK's Amended Cross-claim for contribution (Docket No. 495) is GRANTED except insofar as the claim is based on the contractual agreements.

DATED   March 30, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge