IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah limited liability company,<br><br>　　Plaintiff,<br><br><br><br>　　　　　　vs.<br><br><br>DELL INC., et al.,<br><br>　　Defendants.<br><br><br>SONY ELECTRIC INC., a Delaware corporation,<br><br>　　Third-Party Plaintiff,<br><br>　　　　v.<br><br>WINBOND ELECTRONICS CORPORATION, et al.,<br><br>　　Third-Party Defendants. | MEMORANDUM DECISION AND ORDER DENYING NATIONAL SEMICONDUCTOR CORPORATION'S AND QUANTA'S MOTIONS TO DISMISS COUNT II<br><br><br><br><br>Case No. 1:05-CV-64 TS |

National Semiconductor Corporation (NSC) moves to dismiss Count II of the Complaint for misappropriation of trade secrets under Fed. R. Civ. P. 12(b)(6). Quanta Computer Inc., Quanta Computer USA, Inc., and Quanta Manufacturing, Inc. (collectively Quanta) join in the Motion, adopting NSC's briefing.

Among other patents, this case involves the '002 and the '222 patent.[1]  NSC contends that Plaintiff has failed to allege a trade secret in paragraph 22 of the Complaint. That paragraph alleges:

> The Detector program [defined earlier as "a proprietary and confidential software program which Dr. Adams invented"] contained trade secrets of Adams, *including, among other things, a specific method to allow the detection process to be performed on any byte in a sector*. Adams maintained the Detector program in confidence, and when it licenced the program, Adams required in writing that its licensee keep the program confidential. Adams maintained the confidentiality of its Detector trade secrets until the aforementioned '222 patent issued on June 4, 2002. Until that time, Adams' Detector trade secrets were extremely valuable; . . . .[2]

NSC contends that a trade secret terminates when it is disclosed. NSC contends that because Adams' '222 patent application is a continuation-in-part of Adams' '002 patent application, and because Adams filed a terminal disclaimer during the prosecution of the '222 patent, limiting its term to that of the '222 patent, that whatever trade secrets were disclosed in the '222 patent were necessarily disclosed earlier in the '002 patent, which issued before NSC's alleged trade secret misappropriation. In support of its position, NSC

---

[1] Docket No. 1 in Case No. 2:07-CV-422 (Complaint) at ¶ 21. Case No. 2:07–CV-422 was subsequently consolidated into the present case. Pursuant to local rule, the consolidation order, required that all further documents be filed herein. Docket No. 432.

[2] Complaint ¶ 22 (quoting ¶ 21) (emphasis added).

submits the two patents, the Patent Office's Manual of Patent Examining Procedure's (MPEP) provision on continuation-in-part patents and information from the patent file—which it contends are public record—the Patent Offices' "patent action," Adams' Request for Reconsideration of the Patent Action, and the Terminal Disclosure. NSC also contends that Adams relies on outdated case law regarding consideration of a Rule 12(b)(6) motion to dismiss.

Adams responds that NSC's argument misunderstands the MPEP's section on patents-in-continuation and misunderstands the effect of a terminal disclosure. Adams argues there are significant differences in the disclosures of the two patents, differences that include his trade secrets. Adams gives specific examples of how the '222 patent contains features that were disclosed in the '222 patent but not in the '002 patent; features he contends NSC misappropriated in specific ways when it created and used apparatus containing those features. He submits a chart showing disclosures made in the '222 patent that were not present in the '002 patent.[3]

The standard for considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), is explained in *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*:[4]

> [The court] asks whether there is plausibility in the complaint. The complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. When, in *Twombly*, the Supreme Court emphasized the need for plausibility in the complaint rather than wholly conclusory statements, it warned particularly of the high costs and frequent abuses associated with antitrust discovery. The

---

[3] Pl.'s Mem. Ex. A.

[4] 555 F.3d 1188 (10th Cir. 2009).

concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.[5]

In addition to the complaint, this Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[6] The '002 and '222 patents were referred to the complaint and are central to Adams' claim of trade secret misappropriation.

The fact that Plaintiff quoted from the former case law[7] on the standard for a rule 12(b)(6) motion is not dispositive. NSC quoted and relied on the standard as applied in *Twombly*. Regardless of the standards cited by the parties, the Court will apply the appropriate standard as set forth above.

The Court first considers NSC's argument regarding the MPEP. The MPEP provides:

> A continuation-in-part is an application filed during the lifetime of an earlier nonprovisional application, repeating some substantial portion or all of the earlier nonprovisional and *adding matter not disclosed* in the said earlier nonprovisional application.[8]

---

[5] *Id*. at 1191 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959, 1964-67 (2007) (internal quotation marks, parenthetical cite, and brackets deleted).

[6] *Moss v. Kopp*, __ F.3d __, 2009 WL 692832, 10 n.2 (10th Cir. March 18, 2009).

[7] *See Twombly*, 127 S.Ct. at 1969 (rejecting the former standard requiring denial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (additional citation omitted).

[8] MPEP § 201.08.

Under the MPEP, the fact that the '222 patent is a continuation-in-part patent of the '002 patent does not mean that all disclosures in the former patent were included in the latter.

Turning to the Terminal Disclosure, it merely limits the term of the '222 patent to the term of the '002 patent.[9]  The Federal Circuit has rejected the argument that the filing of a terminal disclaimer represents an admission equating all claims in continuation-in-part patent to all claims in the earlier patent, holding "the filing of a terminal disclaimer simply serves the statutory function of removing the rejection of double patenting, and raises neither presumption nor estoppel on the merits of the rejection."[10]

NSC does not point to where in the '002 patent it includes Adams' specific example of Adams' trade secrets, such as a specific method to allow the detection process to be performed on *any* byte in a sector.  NSC does argue that the titles of the patents are the same.

In order to adequately explain his position on how the disclosures in the two patents differed, Adams needs to rely on Exhibit A, a chart comparing the disclosures of the two patents side by side.  NSC has objected to that additional exhibit as a matter outside the pleading.  Therefore, in fairness, the Court will not address NSC's additional arguments

---

[9] NSC's Ex. F.

[10] *Ventana Medical Systems, Inc. v. Biogenex Laboratories, Inc*., 473 F.3d 1173, 1184 n.4 (Fed. Cir. 2006) (quoting *Quad Envtl. Techs. Corp. v. Union Sanitary Dist*., 946 F.2d 870, 874 (Fed. Cir. 1991)).

5

regarding any alleged similarities of the patents because such delving into what the respective patents disclose would involve matters outside the pleading.

The Court finds that Adams' claim for misappropriation of trade secrets meets the standard under Rule 12(b)(6).  As explained in *Christy Sports*, Adams' Complaint does not need detailed factual allegations. Adams' factual allegations are as follows: Adams possessed trade secrets, generally described with a nonexclusive example.  Adams limited the disclosure of the trade secrets, including by provisions in its written licencing agreements.  The trade secrets were valuable until disclosed by the '222 patent. Those trade secrets were not disclosed until the '222 patent was issued.  NSC misappropriated the trade secrets before the '222 patent issued.[11]   Adams was thereby injured.

As explained in *Christy Sports*, "[t]he concept of 'plausibility' at the dismissal stage refers not to whether the *allegations* are likely to be true; the court must assume them to be true.  The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law."[12]   NSC's arguments that trade secrets were disclosed before the '222 patent issues goes to whether the allegations are likely to be true.  However, assuming, as the Court must, that the allegations in the Adams' Complaint are true, "it is plausible and not merely possible"[13] that

---

[11] Complaint ¶ 26.

[12] 555 F.3d at 1182 (emphasis added).

[13] *Id.*

6

Adams is entitled to relief.  Therefore, the allegations are "enough to raise a right to relief above the speculative level."[14]

NSC also contends, in a footnote in its Reply brief, that Plaintiff fails to state a claim for trade secret misappropriation because it does not allege NSC's "acquisition of a trade secret of another by a person *who knows or has reason to know* that the trade secret was acquired by improper means."[15]  It is not appropriate to assert new grounds for a motion in a reply brief, especially in a footnote.  Further, it appears that the allegation in the Complaint's paragraph 26 alleging: NSC "obtained and used Adams' trade secrets under circumstances indicating that the trade secrets were the confidential property of Adams, and had been acquired by improper means"[16] adequately alleges misappropriation within the meaning of Utah Code Ann. §13-4-2 (2)(a) or (b).

Based on the foregoing, it is  therefore

ORDERED that National Semiconductor Corporation (NSC) Motion to Dismiss Count II of the Complaint (Docket No. 433) is DENIED.  It is further

---

[14]*Id.*

[15]Docket No. 435, Reply Br. at 3 n.3 (quoting Utah Code § 13-24-2(2)(a) (defining misappropriation) (emphasis added by NSC).

[16]Complaint at ¶ 26.

ORDERED that the Quanta Defendant's Motion to Dismiss Count II of the Complaint (Docket No. 436) is DENIED.

DATED   March 30, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge