**[COUNSEL LISTED ON SIGNATURE PAGES]**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU AMERICA, INC., MPC COMPUTERS, LLC, SONY ELECTRONICS INC., WINBOND ELECTRONICS CORP., ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, QUANTA COMPUTER, INC., QUANTA COMPUTER USA, INC., QUANTA MANUFACTURING, INC., MICRO-STAR INTERNATIONAL CORPORATION, LTD., MSI COMPUTER CORPORATION, NATIONAL SEMICONDUCTOR CORPORATION,<br><br>Defendants. | **MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO CONTINUE THE TRIAL**<br><br>Case No. 1:05-cv-64 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...........................................................................................................1

II.  BACKGROUND FACTS.............................................................................................2

    A.   The January 2008 Consolidation Of The First And Second Cases.........................2

    B.   The May 2008 Scheduling Order............................................................................3

    C.   Adams Delayed In Taking Depositions Of The Taiwanese And Other Defendants. ..............................................................................................................4

    D.   Adams Has Withheld Documents And Has Failed To Provide Adequate Discovery Responses. ..............................................................................................5

III. ARGUMENT.................................................................................................................6

    A.   Defendants Have Been Diligent In Preparing For Trial And Moving For A Continuance Once It Became Apparent That The Current Schedule Is Unworkable..............................................................................................................7

    B.   A Continuance Would Accomplish The Purpose Of Giving Defendants Sufficient Time To Prepare For Trial. ...................................................................10

    C.   Defendants Do Not Believe That Continuing The Trial For A Few Months Would Inconvenience Adams, Its Witnesses, Or The Court. ...............................12

    D.   Defendants Need A Continuance Of A Few Months To Prepare For Trial...........13

IV.  CONCLUSION...........................................................................................................13

Defendants Sony Electronics Inc., Winbond Electronics Corp., ASUSTeK Computer, Inc., ASUS Computer International, Quanta Computer, Inc., Quanta Computer USA, Inc., Quanta Manufacturing, Inc., Micro-Star International Corporation, Ltd., MSI Computer Corporation, and National Semiconductor Corporation (collectively "Defendants")[1] file this memorandum in support of Defendants' Motion to Continue The Trial.

## I.   INTRODUCTION

Defendants respectfully ask the Court to continue the trial by five months – from January 2010 to June 2010 – to give the parties and the Court sufficient time to complete discovery, narrow the issues, and prepare for trial.  Plaintiff Adams opposes this request.

In May 2008, the Court entered a scheduling order following the consolidation of two actions filed by Adams, the original case filed in May 2005, and a second case filed in June 2007.  The scheduling order set trial for January 2010, approximately ten months after the fact discovery cutoff (February 2009) and eight months after the dispositive motion deadline (March 2009).

Rather than diligently pursuing discovery after May 2008, Adams waited until January 2009 to begin pursuing depositions against Defendants based in Taiwan – ASUS, Winbond, Quanta and MSI.  Adams waited even longer to pursue depositions from Sony and National Semiconductor.  As a result of Adams' delay, nearly 30 depositions of Defendants' witnesses did not take place until *after* the Court's original February 2009 fact discovery deadline.

Adams has also informed Defendants that it is still searching for and planning to produce additional documents, and Adams refuses to produce other relevant information.  Adams' refusal

---

[1] This action has been stayed with respect to Defendant MPC Computers, LLC ("MPC"). *See* Docket No. 656, Defendant MPC Computers, LLC's Suggestion of Bankruptcy and Notice of Automatic Stay.  Accordingly, MPC has not joined this motion.  Defendants Fujitsu Limited and Fujitsu America, Inc. Defendants are believed to be close to settlement and have not joined this motion.

to produce information required Defendants to file a number of motions to compel that are pending before the Court. With Adams' discovery still incomplete and no clear deadline when it will finally produce all of its discovery, the current schedule provides insufficient time to complete discovery, narrow the issues through summary judgment, and prepare for trial.

Defendants respectfully submit that these circumstances justify a short continuance of the trial date to allow the parties to complete discovery, narrow the complex issues through summary judgment, and to prepare for the scheduled thirty-day trial. Defendants have reviewed the calendar available on the Court's website and believe that a trial date of June 21, 2010 or shortly thereafter is available and that the Court has sufficient availability to complete the thirty-day trial.

Adams will not agree to join in this request for a continuance, but has not identified any inconvenience resulting from continuing the trial by a few months. Any issues of inconvenience Adams may raise in opposition are countered by Adams' delay in pursuing discovery from Defendants and its failure to provide Defendants the discovery they need without motion practice.

## II.     BACKGROUND FACTS

### A.     The January 2008 Consolidation Of The First And Second Cases

This case began on May 12, 2005 when Adams filed a complaint alleging that Lenovo, Sony, Dell, MPC, and Fujitsu infringed three patents.[2] Since then, the parties have changed substantially. Because Adams had alleged that computers having motherboards sold by ASUS and chips sold by Winbond and ITE were infringing, Sony moved on October 27, 2006 to

---

[2] *See* Docket No. 1, Complaint for Patent Infringement.

implead those companies as third-party defendants.[3]  On the same day, Adams moved for leave to amend its complaint to add counts for infringement of two additional patents.[4]  The Court granted both of those motions on December 21, 2006.[5]  More than six months later, on June 26, 2007, Adams initiated a separate case in this Court by filing a complaint accusing Quanta, MSI, and National Semiconductor of infringing the same five patents and adding a count for misappropriation of trade secrets against Quanta and National Semiconductor.[6]  Adams then moved on August 13, 2007 to consolidate the two cases and the Court granted that motion on January 23, 2008.[7]  Most recently, Adams has sought to add a count for misappropriation of trade secrets against MSI.[8]

### B.   The May 2008 Scheduling Order

Although the original action was filed in May 2005, this case did not begin moving forward until May 2008 when the Court entered a scheduling order[9] that set the following schedule:

- Claim construction hearing         September 24, 2008
- Fact discovery cutoff              February 27, 2009
- Expert discovery cutoff            March 27, 2009

---

[3]  *See* Docket No. 167, Defendant Sony Electronics Inc.'s Motion to Implead Third Parties Under Rule 14.

[4]  *See* Docket No. 165, Adams Motion for Leave to File Second Amended Complaint Pursuant to Fed.R.Civ.P. 15(a).

[5]  *See* Docket No. 219, Memorandum Decision and Order.

[6]  *See* Docket No. 1, Complaint for Patent Infringement and Misappropriation of Trade Secrets, Case No. 2:07-CV-422 TS.

[7]  *See* Docket No. 335, Adams' Motion to Consolidate Related Cases; Docket No. 432, Memorandum Decision and Order Granting Plaintiff's Motions to Consolidate Cases and Consolidating Cases.

[8]  *See* Docket No. 836, Adams' Motion for Terminating Sanctions Against MSI, Motion to Amend Complaint, and Other Relief.

[9]  *See* Docket No. 511, Scheduling Order.

- Dispositive motion deadline       April 24, 2009
- Trial (30 days)                   January 4, 2010

This schedule left approximately 10 months between the close of fact discovery and trial and approximately 8 months between the dispositive motion deadline and trial.

### C. Adams Delayed In Taking Depositions Of The Taiwanese And Other Defendants.

Although the May 2008 schedule set the fact discovery cutoff for February 2009, Adams waited until January 2009 to request a large number of depositions from ASUS, Winbond, Quanta and MSI. Defendants subsequently worked very hard to schedule these depositions in Taiwan so that all of them could take place during the same three week period. Defendants arranged deposition dates during the second half of February 2009 and asked Adams to confirm those dates before the witnesses went on their New Year holiday during the last week of January.[10] Defendants did not hear back from Adams until the middle of the holiday and then offered to reschedule those depositions to begin on March 2, 2009.[11] Adams would not accept that schedule either.[12] Adams finally agreed to a schedule for the depositions in Taiwan beginning on April 27, 2009.[13] But Adams' repeated delays forced these depositions and the deadline for fact discovery relating to Adams' claims to be extended.

Adams also delayed taking depositions of Sony's employees. Adams noticed depositions of Sony's employees on September 26, 2008,[14] and Sony offered dates for their depositions.[15]

---

[10] *See* E-mail from Steven Morrissett to Bill D Dossas and Gregory D. Phillips (Feb. 11, 2009) (attached hereto as Exhibit A).

[11] *See id.*

[12] *See* E-mail from Paul K Vickrey to Steven Morrissett (Feb. 12, 2009) (attached hereto as Exhibit B) ("The schedule which you proposed yesterday cannot work for us.").

[13] *See* E-mail from Paul K Vickrey to Gary Ma (Feb. 28, 2009) (attached hereto as Exhibit C).

[14] *See* E-mail from Bill D Dossas to Counsel for Defendants (Sept. 26, 2008) (attached hereto as Exhibit D).

However, Adams ignored Sony's offer. Adams then sent a Rule 30(b)(6) notice to Sony on December 10, 2008,[16] but made no attempts at that time to schedule the 30(b)(6) deposition. The next time Adams expressed any interest in taking depositions from Sony was in the spring of 2009,[17] long after the original fact discovery deadline of February 27, 2009.[18] Sony then worked diligently to schedule those depositions, which took place on June 19, June 22, June 30, July 21, and July 22, 2009. Adams' delay resulted in the last deposition of a Sony employee taking place approximately five months after the original fact discovery deadline of February 27, 2009.

        **D.    Adams Has Withheld Documents And Has Failed To Provide Adequate Discovery Responses.**

Adams' continuing failure to produce documents requested by Defendants has also delayed progress toward completing discovery. Sony contacted Adams' former manager, Luke Ong, by e-mail in late 2008 and requested that he produce documents in his possession relevant to Adams' claims and Sony's defenses.[19] Adams' counsel demanded to review Mr. Ong's files prior to production to Sony for "privilege review." Sony later learned during Mr. Ong's deposition on June 1, 2009 that Adams had withheld approximately 16,000 thousand pages of documents from Mr. Ong's files. Only within the last few weeks has Adams produced some of the withheld documents, even though they have been in Adams' possession since December 22,

---

[15] *See* E-mail from Todd Briggs to Bill D Dossas (Nov. 7, 2008) (attached hereto as Exhibit E).
[16] *See* E-mail from Bill D Dossas to Counsel for Defendants (Dec. 10, 2008) (attached hereto as Exhibit F).
[17] *See* E-mail from Bill D Dossas to Todd Briggs (Apr. 21, 2009) (attached hereto as Exhibit G).
[18] *See* Docket No. 511, Scheduling Order at 3.
[19] *See* Docket No. 817, Sony Electronics Inc.'s Memorandum in Support of Its Motion for Sanctions at 18-20.

2008.[20] And although Adams promised to produce a privilege log for nearly 12,000 pages from Mr. Ong's files by August 7, 2009, to date Adams has failed to do so.

Adams has also refused to search for and produce documents relating to prior floppy diskette controller ("FDC") actions.  Adams and/or Dr. Adams have been involved in at least thirteen other litigations between 1997 and 2006 related to FDC defects.  Because these actions relate to the same FDC defect at issue in this case, it is highly likely that documents from each of these litigations contain highly relevant information.  Winbond has filed a motion to compel production of documents relating to prior FDC actions.[21]

There are also several pending motions to compel discovery from Adams that Defendants believe will require Adams to produce more documents and information.  The production of this information in addition to the recently produced documents will likely require follow up discovery and follow-up fact depositions.

## III.   ARGUMENT

Courts consider the following factors when deciding a motion to continue trial:  (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose of the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the moving party might suffer as a result of the court's denial of the continuance.[22]  Each of these factors weigh in favor of granting a continuance here.

---

[20]   *See* Letter from Vasilios D. Dossas to Jordan Jaffe (Aug. 7, 2009) (attached hereto as Exhibit H) (enclosing "a CD with Luke Ong documents LONG000500-LONG003713).

[21]   *See* Docket No. 865, Winbond Electronics Corporation's Memorandum in Support of Its Motion to Compel Discovery from Plaintiff at 10-12.

[22]   *See Walker v. City of Orem*, No. 2:02-CV-253 TS, 2007 WL 2746941, at *1 (D. Utah Sept. 20, 2007) (granting motion for continuance of trial).

### A. Defendants Have Been Diligent In Preparing For Trial And Moving For A Continuance Once It Became Apparent That The Current Schedule Is Unworkable.

Defendants have been diligent in preparing for trial. Defendants have been forced to file a number of motions to compel discovery that Adams has unjustifiably refused to provide.[23] In a memorandum filed on November 28, 2006, Adams represented to the Court that its production was "complete" and that it had not "withheld any documents because of privilege" (at least in response to the discovery requests served by Sony and the other original defendants by that date).[24] But Defendants have recently learned that Adams has withheld relevant documents relating to scores of prior FDC litigations as well as approximately 16,000 pages from Mr. Ong's files. Adams' representation to the Court this week that Defendants had "completed their discovery from Adams long ago"[25] is contradicted by Adams' production of documents just one week before.[26] Motions to compel, brought on by Adams' failure to provide discovery, justify a continuance of the trial.[27]

---

[23] Motions to compel pending before the Court include: (1) Docket No. 800, Sony's Motion to Compel Discovery from Hewlett-Packard Company and Compaq Computer Corporation; (2) Docket No. 802, Sony's Motion to Compel Adam's Interrogatory Responses and Production of Documents; (3) Docket No. 850, Quanta's Notice of Motion to Compel Discovery Responses from Plaintiff; (4) Docket No. 864, Winbond's Motion to Compel Discovery from Plaintiff; and (5) Docket No. 877, Winbond's Motion to Compel *in Camera* Review and Production of Allegedly Privileged Documents.

[24] *See* Docket No. 190, Adams' Memorandum Supporting Its Second Motion to Compel.

[25] Docket No. 907, Adams' Opposition to Defendants' Motion to Modify Scheduling Order at 3.

[26] *See* Letter from Vasilios D. Dossas to Jordan Jaffe (Aug. 7, 2009) (attached hereto as Exhibit H) (enclosing "a CD with Luke Ong documents LONG000500-LONG003713").

[27] *See Lathon v. Wal-Mart Stores East, LP*, Civil Action No. 3:09cv57, 2009 WL 1810006, at *2 (E.D. Va. Jan. 24, 2009) (continuing trial date where defendant "filed several motions as a result of Plaintiff's failure to meet discovery deadlines").

Despite Defendants' best efforts to complete discovery relating to Adams' claims by the August 25, 2009 deadline,[28] Defendants are still waiting for discovery promised by Adams. Adams only recently produced thousands of pages of documents from seven boxes that had been in the custody of counsel for Adams since December 22, 2008 that Adams' former manager, Luke Ong, had delivered to counsel for Adams after being served with a subpoena.[29] Adams' counsel demanded to review these documents for "privilege issues" before producing them,[30] but Defendants later learned that Adams withheld approximately 16,000 pages.[31] Mr. Ong's testimony at his deposition made it clear that many of those withheld documents were known to Adams to be relevant to this case. He testified that "he looked in the boxes to make sure what they were and that they were relevant to the subpoena and that they were, you know, regarding Phil Adams."[32] Adams later agreed that counsel for Defendants could inspect those withheld documents in Chicago on July 27, 2009. After that inspection Adams agreed to produce all withheld non-privileged documents or to produce a privilege log for all documents withheld as privileged by August 7, 2009.[33] Adams has produced approximately 3,200 pages, but has not served a privilege log for the remaining 12,000 pages as promised. Adams also tentatively agreed to produce non-privileged documents that had not already been produced that had been in the custody of another of Plaintiff's former managers, Cynthia Ong. The production of these

---

[28] *See* Docket No. 895, Order Modifying Scheduling Order.
[29] *See* Docket No. 817, Sony Electronics Inc.'s Memorandum in Support of Its Motion for Sanctions at 17-21.
[30] *See id.* at 18.
[31] *See* E-mail from Bill D. Dossas to Jordan Jaffe (July 24, 2009) (attached hereto as Exhibit I).
[32] *See* Transcript of Deposition of Luke H. Ong at 152:6-9 (June 1, 2009) (attached hereto as Exhibit J).
[33] *See* E-mail from Jordan Jaffe to Bill D Dossas and Gregory D. Phillips (July 28, 2009) (attached hereto as Exhibit K).

documents will likely require more discovery and a new deposition of Dr. Adams and other Adams witnesses.

Depositions also continued beyond the discovery deadline before it was recently extended.[34] The schedule for many of these depositions was pushed back because Adams twice rescheduled the depositions in Taiwan. More recently, the deposition of Karen Elofson, a former NEC engineer who has personal knowledge of the prior art NEC 765B FDC chip and NEC FDCTEST detector, was postponed to July 29, 2009 because she and her family had been sick on the date her deposition was previously scheduled. Adams took the deposition of third-party witness and former National Semiconductor employee Dan Fainshtein on August 5, 2009 (Adams did not serve the Fainshtein subpoena until July 21, 2009).

When Defendants asked Adams to stipulate to a continuance, Adams argued that Defendants were responsible for the delay of these depositions and the delay of the depositions of Takashi Mukaibayashi, a former NEC employee, and Takashi Yoshida, a former employee of Defendant Sony Electronics Inc. and a current employee of Sony Corporation, which is not a party to this case.[35] But the delays in these depositions were either caused by Adams' or were out of Defendants' control. Ms. Elofson's deposition was delayed because she and her family had been sick. Adams asserts in a letter in which it refused to stipulate to a continuance that the depositions of Ms. Elofson and Mr. Mukaibayashi could have taken place when they were meeting with counsel for Sony in earlier this year. Counsel for Sony met with them to determine whether they had information relevant to this case. Dan Fainshtein's deposition took place as late as it did because Adams did not serve its subpoena on him earlier. Adams served a notice for Mr. Yoshida's deposition on Sony on September 26, 2008, and on November 7, 2008 Sony

---

[34] *See* Docket No. 895, Order Modifying Scheduling Order.
[35] *See* Letter from Gregory D. Phillips to Kevin P.B. Johnson at 1 (Aug. 4, 2009) (attached hereto as Exhibit L). While this letter is dated July 20, 2009, it was e-mailed on August 4, 2009.

told Adams that Mr. Yoshida was available for a deposition in January 2009 in Japan, where he lives. Adams did not respond to Sony's offer and only took Mr. Yoshida's deposition after Sony designated him to testify as a Rule 30(b)(6) witness on June 7, 2009 and made him available for a deposition in the United States, rather than where he lives in Japan, on June 30, 2009.[36]

Defendants have also been diligent in moving for a continuance. Defendants wrote to Adams on July 30, 2009 when it became clear the current schedule is unworkable, and explained why a continuance was in the best interests of the parties and the Court.[37] And Adams replied that it would not agree to a continuance, and Defendants were forced to filed this motion.

### B. A Continuance Would Accomplish The Purpose Of Giving Defendants Sufficient Time To Prepare For Trial.

A continuance would give Defendants time to complete discovery relating to the documents Adams recently produced and additional documents and information that Defendants are seeking in the pending motions to compel. In addition to the pending motions to compel, there are a number of other motions pending before the Court that will likely result in the production of more documents and information from Adams, including Sony's Motion for Sanctions: (1) Against Adams for Spoliation of Evidence Central to Sony's Defenses and (2) Against Adams and Gregory D. Phillips for Their Bad Faith Discovery Misconduct.[38]

The parties' objections to the Special Master's report and recommendation regarding claim construction are also pending before the Court.[39] A continuance will give the Court more

---

[36] *See* E-mail from Todd Briggs to Bill D Dossas (June 7, 2009) (attached hereto as Exhibit M).

[37] *See* Letter from Kevin P.B. Johnson to Gregory D. Phillips (July 30, 2009) (attached hereto as Exhibit N).

[38] Docket No. 801.

[39] *See* Docket No. 643, Adams' Sole Objection to the Report and Recommendation of the Special Master on Claim Construction; Docket No. 644, Defendants' Objections to Report and Recommendations of Special Master Regarding Claim Construction.

time to rule on the parties' objections. After the Court issues its claim construction order, Defendants and Adams will be in a much better position to narrow the issues for trial.

The current schedule also leaves too short a period of time between the end of summary judgment briefing and trial. Under the current schedule the deadline for filing dispositive or potentially dispositive motions relating to Adams' claims is October 16, 2009.[40] Responsive briefs are due three weeks later on November 6, 2009 and reply briefs are due two weeks later on November 20, 2009. This leaves only forty-four days between reply briefs and trial on January 4, 2010, a short time especially considering the intervening holidays. Given the complexity of this case and the number of issues that should be resolved on summary judgment, the defendants do not believe this gives the Court ample time to rule on the summary judgment motions. It will also require the parties to prepare for trial on issues that could very well be resolved on summary judgment. "The very purpose of a summary judgment action is to determine whether a trial is necessary."[41] Continuing the trial date will thus allow Defendants to avoid potentially unnecessary trial preparation and will permit the parties and the Court to more efficiently plan for and streamline pretrial matters, including the witness and exhibit lists, jury instructions, the trial memorandum for the Court, and to more efficiently schedule and use the trial time for issues that must be tried. The time between the close of discovery and trial is particularly important in this case because there are so many broad claims and many parties involved. Efficient use of the Court's resources will be best served by reducing or eliminating issues through negotiations of the parties or dispositive motions to ensure that the only issues tried to a jury are those still-disputed issues supported by sufficient evidence warranting a trial.

---

[40] *See* Docket No. 843, Order Granting ASUSTeK's Motion to Modify Scheduling Order [838] at 2.
[41] *White v. York International Corporation*, 45 F.3d 357, 360 (10th Cir. 1995).

### C.     Defendants Do Not Believe That Continuing The Trial For A Few Months Would Inconvenience Adams, Its Witnesses, Or The Court.

Defendants do not want to delay trial any longer than is needed to give them sufficient time to prepare their defense. The length of the continuance proposed by Defendants has been held reasonable under similar circumstances.[42]

Adams has not identified any inconvenience resulting from continuing the trial by a few months. Those few months are a short time compared to the almost five-year period that Adams waited to file its complaints here after forming his opinion that Defendants' products infringe. For example, Dr. Adams provided a declaration in this case describing his testing of a Sony computer on November 7, 2000 and suspecting that it had the same modified chip that Adams accuses of infringing in this case.[43]

Defendants have reviewed the calendar available on the Court's website and believe that a trial date of June 21, 2010 or shortly thereafter would be available without inconvenience to the Court. Defendants are aware that the Court has a busy case load and attempted to find space in the Court's calendar that when the Court appears to have availability. The June 21, 2010 trial date was also proposed by Defendants because one of Defendants' experts, Professor Brent E. Nelson of Brigham Young University, will be abroad leading an educational program for a six-week period of time prior to that date. Defendants of course would be agreeable to other dates that may be convenient for the Court.

---

[42]  *See Quillin v. Easton Sports, Inc.*, No. 3:03-CV-151, 2005 WL 3560641, at *1 (E.D. Tenn. Dec. 28, 2005) (granting plaintiff's motion for continuance and continuing trial for approximately six months where the plaintiff contended that new evidence was discovered during a recent deposition that would require additional discovery to be taken).

[43]  *See* Docket No. 449, Declaration of Phillip M. Adams in Support of Renewed Motion for Sanctions Against Sony Including Terminating Sanctions Based Upon Sony's Spoliation of Evidence of Sony's Piracy ¶ 8.

### D. Defendants Need A Continuance Of A Few Months To Prepare For Trial.

Despite Defendants' best efforts to meet the deadlines in the Court's Scheduling Order, Defendants need a continuance of a few months to prepare for the anticipated thirty-day trial. The Court has acknowledged that this is a complex case,[44] and those additional few months will give Defendants sufficient time complete discovery and adjust their trial preparation to take into account the Court's rulings on pending motions and motions for summary judgment not yet filed. That Defendants are still waiting for discovery from Adams would by itself justify a continuance.[45]

## IV. CONCLUSION

All of the factors to be considered on a motion to continue trial support granting Defendants a continuance. Defendants have been diligent in defending this case and moving for a continuance as soon as it became apparent that the current schedule is unworkable. Continuing trial by a few months would give Defendants the time they need to prepare for trial and Defendants do not believe that such a continuance would result in inconvenience to Adams, its witnesses, or the Court. Defendants ask the Court to continue trial by a few months to June 21, 2010 or the next available date.

---

[44] *See* Docket No. 719, Memorandum Decision and Order Denying Winbond's Motion for Partial Summary Judgment at 6.

[45] *See Hynix Semiconductor Inc. v. Rambus Inc.*, No., 2006 WL 2522506, at *3 (N.D. Cal. Aug. 30, 2006) (continuing trial date to permit party time to complete additional discovery); *North Carolina Mutual Life Insurance Company v. McKinley Financial Services Inc.*, No. 1:03CV00911, 2005 WL 3527050, at *3 n.5 (M.D.N.C. Dec. 22, 2005) (continuing trial date "to allow time for necessary discovery to be completed").

DATED this 19th day of August, 2009.

| | |
|---|---|
| **Sony Electronics Inc.** | **National Semiconductor Corporation** |
| By: /s/ Todd M. Briggs | By: /s/ R. Terrence Rader |
| Kevin P.B. Johnson | *(Signed with permission)* |
| Jennifer A. Kash | R. Terrence Rader |
| Todd M. Briggs | Rader, Fishman & Grauer PLLC |
| Michael W. Gray | 39533 Woodward Ave., Suite 140 |
| Jordan R. Jaffe | Bloomfield Hills, Michigan 48304 |
| Quinn Emanuel Urquhart Oliver & Hedges | |
| 555 Twin Dolphin Drive, Suite 560 | Charles L. Roberts |
| Redwood Shores, CA 94065 | Workman | Nydegger |
| (650) 801-5000 | 1000 Eagle Gate Tower |
| | 60 East South Temple |
| Arthur B. Berger | Salt Lake City, UT 84111 |
| Rick B. Hoggard | |
| Ray Quinney & Nebeker PC | |
| 36 S. State St., Ste. 1400 | |
| Salt Lake City, UT 84145-0385 | |
| | |
| **Winbond Electronics Corporation** | **Quanta Computer, Inc., Quanta Computer USA, Inc., and Quanta Manufacturing, Inc.** |
| By: /s/ Steven H. Morrissett | |
| *(Signed with permission)* | By: /s/ Daniel Prince |
| Steven H. Morrissett | *(Signed with permission)* |
| Gary C. Ma | Terry D. Garnett |
| Finnegan, Henderson, Farabow, | Vincent K. Yip |
| Garrett & Dunner, LLP | Peter J. Wied |
| 3300 Hillview Avenue | Daniel Prince |
| Palo Alto, CA 94304 | Paul, Hastings, Janofsky & Walker LLP |
| (650) 849-6600 | 515 South Flower Street, 25th Floor |
| | Los Angeles, CA 90071 |
| Neil A. Kaplan | (213) 683-6000 |
| Clyde Snow Sessions & Swenson | |
| 201 S. Main St., 13th Floor | David O. Seeley USB No. 2906 |
| Salt Lake City, UT 84111-2216 | Holme, Roberts & Owen LLP |
| (801) 322-2516 | 299 South Main Street, Suite 1800 |
| | Salt Lake City, UT 84111 |
| | (801) 521-5800 |

**ASUSTeK Computer, Inc., ASUS Computer International**
By: /s/ J. Mark Gibb
*(Signed with permission)*
R. Stephen Marshall (2097)
J. Mark Gibb (5702)
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

Todd E. Zenger (5238)
KIRTON & MCCONKIE
60 East South Temple Street, Suite 1800
Salt Lake City, Utah 84111
Tel: (801) 328-3600
Fax: (801) 321-4893

**Micro-Star International Corporation, Ltd. and MSI Computer Corporation**
By: /s/ Catherine L. Brabson
*(Signed with permission)*
Paul T. Moxley
Catherine L. Brabson
PARSONS KINGHORN HARRIS
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
(801) 363-4300
fax: (801) 363-4378

Jenny W. Chen (*pro hac vice*)
Chen IP Law Group
Laurence Kao (*pro hac vice*)
Eastwind Consultants Company Limited
7F, No. 1, Alley 30, Lane 358,
Rueiguang Road, Neihu District
Taipei, Taiwan 114
Tel: +886.2.7721.8855
Fax: +886.2.7721.8822

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2009, I caused a copy of the foregoing to be electronically filed with the Court and electronically served the same on counsel of record through the Court's CM/ECF system.

/s/ Todd M. Briggs