IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C.,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>SONY ELECTRONICS, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING SONY'S MOTION TO BIFURCATE<br><br><br><br><br>Case No. 1:05-CV-64 TS |

      Defendant Sony Electronics moves to bifurcate trial on Adams' patent and trade secret claims on the ground of prejudice and jury confusion. Sony points out that it will be the only defendant against whom Adams does not bring a trade secret claim. It contends that Adams' allegations in support of the trade secret claims are inflammatory. Sony contends that it will be prejudiced by the presentation of such inflammatory information against the other defendants and also argues the likelihood of juror confusion. Adams opposes bifurcation. Adams argues that nearly all of the evidence overlaps, that judicial economy, convenience to the parties, and expedition all point away from bifurcation.

Adams argues that Sony will not be prejudiced by a single trial but that Adams would be prejudiced by bifurcation.

Separate trials on issues may be had "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."[1]  "Such decisions must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."[2]

> Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable.  Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party.[3]

The Court finds that convenience and economy will be served by a joint trial.  The Court further finds that the issues are not clearly separable and that there is a significant overlap in evidence.

"Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party."[4]  The Court finds that a single trial will not be prejudicial to Sony.  There are only four defendants remaining for trial. The fact that Sony is the only one of the four not alleged to have used Adams' alleged trade secrets will not be a difficult or confusing matter for the average juror.  The fact that the trade secret, patent infringement, and wilful infringement claims have different elements and standards

---

[1] Fed.R.Civ.P. 42(b).

[2] *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996).

[3] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) (citation omitted).

[4] *Id*. at 964.

is not sufficient to show prejudice. It is not unusual in a multi-defendant civil case for certain claims to be brought against some, but not all, defendants. Similarly, it is not unusual for some evidence to be offered as to only some parties. Limiting instructions are available if appropriate. It is therefore

ORDERED that Sony's Motion to Bifurcate (Docket No. 901) is DENIED.

DATED   January 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge