# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS INC., WINBOND ELECTRONICS CORPORATION, ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORPORATION, LTD., AND MSI COMPUTER CORPORATION,<br><br>Defendants | **ORDER GRANTING AMENDED STIPULATED MOTION REGARDING:**<br><br>**(1) SONY'S MOTION FOR SANCTIONS AGAINST ADAMS [DKT. NOS. 801, 817]; AND**<br><br>**(2) ADAMS' MOTION TO STRIKE AND FOR SANCTIONS [DKT. NOS. 956, 957]**<br><br>Case No. 1:05-CV-64<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

In a commendable effort, Sony Electronics Inc. ("Sony") and Phillip M. Adams & Associates, L.L.C. ("Adams") have agreed to narrow the issues raised in the following motions pending before the Court:

    1. Sony's "Motion for Sanctions (1) Against Adams for Spoliation of Evidence and (2) Against Adams and Gregory Phillips for Bad Faith Discovery Misconduct" [docket no. 801, with a supporting memorandum filed under seal as docket no. 817]. Adams submitted its opposition to Sony's motion on June 29, 2009 [docket no. 831], and Sony submitted its reply under seal on July 13, 2009 [docket no. 853]; and

1

2. Adams' and Mr. Phillips' "Motion to Strike Sony's Reply Memorandum (docket no. 847[1]), Motion to Prevent Disclosure To An Alleged "Expert," And Request For Sanctions" [docket no. 956, with a supporting memorandum docket no. 957]. Sony submitted its opposition to Adams' and Mr. Phillips' motion under seal on October 5, 2009 [docket no. 1028] and filed a substitute opposition under seal on October 9, 2009 [docket no. 1046], and Adams and Mr. Phillips filed their reply on October 30, 2009 [docket no. 1130].

Sony and Adams have been conferring over the past several months, in an attempt to narrow the issues raised in these motions.

> The parties have resolved some of the issues raised in Sony's motion for sanctions, and have agreed to refile substitute (redacted) versions of their respective briefs on Sony's motion for sanctions to remove the issues on which they have reached agreement. In addition, Adams and Mr. Phillips have agreed to withdraw their motion to strike and for sanctions in its entirety and to remove all papers relating to that motion from the Court's docket.[2]

On March 9, 2010, the magistrate judge ordered that the parties submit the proposed redacted documents, which was done. The magistrate judge has carefully reviewed the proposed redacted documents, comparing them to the papers the parties propose to replace. That comparison reveals that the parties have carefully and laboriously reviewed their filings, and on reflection, and by agreement, have omitted many arguments and words that contributed little if anything to the resolution of the actual disputes in the motion but which impaired relationships between counsel and the parties. Of course, it would have been better if there were nothing to redact. But counsel are commended for their ability to look objectively at the papers and review the decisions they have made. It is hard to look back and make changes to positions taken, but

---

[1] The correct docket number of the document sought to be stricken is a sealed memorandum docket no. 853. Docket no. 847 is actually the notice of conventional filing of the sealed memorandum.

[2] Amended Stipulation . . . at 2, docket no. 1227, filed March 9, 2010.

these counsel have accomplished this, to the benefit of the parties in the case, and with considerable benefit to the court. The parties are absolutely correct when they state that "by removing the allegations made against the attorneys, the parties will be able to alleviate the burden on the Court."[3] They have also provided a beneficial example to other counsel who may now be encouraged to reflect more carefully before filing and even to look back at filings to correct them, refining the case and improving their relationships, facilitating the "just, speedy, and inexpensive determination of every action and proceeding."[4]

## ORDER

Pursuant to the parties' agreement (docket no. 1227), it is hereby **ORDERED** that the parties shall file their substitute (redacted) materials as presented to the magistrate judge with the exhibits thereto:

    1. Sony shall file a substitute (redacted) version of the memorandum in support of its motion for sanctions against Adams [docket no. 817] and all relevant exhibits;

    2. Adams shall file a substitute (redacted) version of its opposition to Sony's motion for sanctions against Adams [docket no. 831] and all relevant exhibits;

    3. Sony shall file a substitute (redacted) version of its reply supporting its motion for sanctions against Adams [docket no. 853] and all relevant exhibits;

    4. Adams may file the response to Sony's reply that Sony has reviewed and agreed to allow Adams to file with the Court;

    5. The forgoing memoranda shall be filed within two (2) days of this Court's order; and

---

[3] Amended Stipulation . . . , docket no. 1227, filed March 9, 2010.
[4] Fed. R. Civ. P. 1.

6. The links in CM/ECF to Sony's original memorandum in support of its motion for sanctions [docket no. 817], Adams' original opposition memorandum [docket no. 831], and Sony's original reply [docket no. 853] shall be removed from the docket by the Clerk of the Court within five (5) days of this Order.  Each docket entry shall remain on the docket with a notation that the associated document was removed and substituted, listing the new document number and referencing this order.

Pursuant to the parties' agreement, it is further **ORDERED** that:

1. Adams' and Mr. Phillips' motion to strike and for sanctions [docket no. 956, and its supporting memorandum docket no. 957] is withdrawn in its entirety; and

2. The links in CM/ECF to Adams' and Mr. Phillips' motion to strike and for sanctions [docket no. 956, and its supporting memorandum docket no. 957], Sony's opposition and substitute opposition [docket no. 1028 and docket no. 1046], and Adams' and Mr. Phillips' reply [docket no. 1130] shall be removed from the docket by the Clerk of the Court within five (5) days of this Order.  Each docket entry shall remain on the docket with a notation that the associated document was removed and substituted, listing the new document number and referencing this order.

March 19, 2010.

                                  BY THE COURT

                                  David Nuffer
                                  United States Magistrate Judge