# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU AMERICA, INC., MPC COMPUTERS, LLC, SONY ELECTRONICS INC., WINBOND ELECTRONICS CORP., ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, , MICRO-STAR INTERNATIONAL CORPORATION, LTD., MSI COMPUTER CORPORATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL EXPERT DISCOVERY FROM DR. ADAMS**<br><br>Civil No. 1:05-CV-64 TS<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

Defendants Sony Electronics Inc., Winbond Electronics Corp., ASUSTeK Computer, Inc., ASUS Computer International, Micro-Star International Corporation, Ltd., and MSI Computer Corporation, (collectively "Defendants")[1] have filed a Motion to Compel Expert Discovery from Dr. Adams.[2]

> Defendants request that the Court order: (1) Dr. Adams to provide a written expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), (2) Dr. Adams to appear for at least four days of expert deposition to fully examine him on all the expert opinions he intends to offer at trial, and (3) Adams to produce all documents Dr. Adams has considered in forming any expert opinions he intends to offer at trial.[3]

---

[1] Quanta Computer, Inc., Quanta Computer USA, Inc., Quanta Manufacturing, Inc., and National Semiconductor Corporation joined in the original motion but have since been dismissed from the case.

[2] Defendants' Motion to Compel Expert Discovery from Dr. Adams, docket no. 924, filed August 21, 2009.

[3] *Id.* at 1.

After carefully considering the parties' filings, the motion is GRANTED IN PART as provided herein.

**INTRODUCTION**

In the late 1980s, Dr. Phillip Adams identified a defect in the NEC 765A floppy disk controller (FDC) which was present in most personal computers.[4] Dr. Adams believed that the defect in the FDC could cause the random destruction or corruption of data without proper notification to the user that data had been destroyed, which potentially could lead to serious consequences.[5] Since his discovery of the defect, Dr. Adams has devoted substantial amounts of time and effort to developing various solutions for FDC defects.[6] Dr. Adams decided to patent the computer technology resulting from his development efforts, with the first patent application being filed in 1992.[7] To date, there have been at least five patents issued as the result of Dr. Adams' efforts.[8] Each of those patents has been purportedly assigned to Phillip M. Adams & Associates L.L.C. (Adams), the Plaintiff in this case.[9]

The FDC-related defects have given rise to multiple lawsuits over the past several years, one of which culminated with a $2.1 billion class-action settlement. In the aftermath of that class-action settlement, interest in Adams' technology apparently increased. Alleged misuse of that technology has given rise to Adams' instant lawsuit against a number of companies in the computer industry.

---

[4] Second Amended Complaint at 3, docket no. 222, filed January 4, 2007.

[5] *Id*.

[6] *Id.* at 2.

[7] U.S. Patent No. 5,379,414

[8] Second Amended Complaint at 2, docket no. 222, filed January 4, 2007. The United States patents identified by Adams, *i.e.* the patents-in-suit, are as follows: 5,379,414 titled "Systems and Methods for FDC Error Detection and Prevention" ("the '414 patent"); 5,983,002 titled "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '002 patent"); 6,401,222 titled "Defective Floppy Diskette Controller Detection Apparatus and Method" ("the '222 patent"); 6,195,767 titled "Data Corruption Detection Apparatus and Method" ("the '767 patent"); and 6,687,858 entitled "Software-Hardware Welding System" ("the '858 patent").

[9] *Id.* at 3.

In a previous lawsuit, *Adams v. Gateway, Inc.*,[10] this court ruled that Dr. Adams' duties as an employee of Phillip M. Adams & Associates L.L.C. did not require him to regularly testify as an expert witness on its behalf in cases where it was a party, and therefore, denied Gateway's motion to compel Dr. Adams to provide an expert report.[11] The court also denied Gateway's motion to compel additional deposition of Dr. Adams because Adams had already "been extensively deposed."[12] Defendants now bring a motion with nearly the identical request that was brought in *Gateway*—to require Dr. Adams to provide an expert report and four more days of expert deposition.[13] Defendants believe that the situation has changed since the *Gateway* case because Defendants have evidence that Dr. Adams has testified as an expert witness in seven separate cases, which would now qualify him as an expert witness that must provide an expert report.[14] In only one of these cases was his employer a party. But his employer may have had a business interest in having him testify.

## DISCUSSION

### Expert Report

Disclosure of opinion and supporting information by report is required for a witness who "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[15] Federal Rule of Civil Procedure 26(a)(2)(B) "explicitly identifies two categories of experts from whom reports are required; one comprising non-employees of a party especially retained or employed for the

---

[10] *Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006 WL 644848, at *3 (D. Utah March 10, 2006).

[11] *Id*.

[12] *Id.*

[13] Memorandum in Support of Defendants' Motion to Compel Expert Discovery from Dr. Adams (Memorandum in Support) at 1, docket no. 928, filed under seal, August 21, 2009.

[14] *Id.* at 4-5.

[15] Fed. R. Civ. P. 26(a)(2)(B). *See generally Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006 WL 644848, at *3 (D. Utah March 10, 2006) (explaining the history of expert discovery and report requirement).

particular case and one comprising employees of a party who regularly testify for the employer party."[16]

The language of rule 26(a)(2)(B) is susceptible to several alternative interpretations. Courts have split on when an expert employee witness must give an expert report. Some courts read Rule 26(a)(2)(B) to require reports only from those employees who testify on a regular basis for their employer party when their employer is a party. Other courts have held the rule applies to all employee experts who testify on behalf of the employer party.

In *Day v. Consolidated Rail Corp.*[17] the magistrate judge ruled that an employee used by a party employer to offer expert testimony will always be required to give an expert report. "Since his duties do not normally involve giving expert testimony, he may fairly be viewed as having been 'retained' or 'specially employed' for that purpose."[18] This magistrate judge reasoned that using employees as expert witnesses and not requiring these employee witnesses to provide an expert report would "create a category of expert trial witness for whom no written disclosure is required—a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulable policy."[19]

The interpretation adopted in *Day* seems to ignore the Rule's language which limits the requirement of an expert employee to provide an expert report to those instances in which the duty of the party's employee "regularly involve[s] giving expert testimony."[20] Under *Day,* even if an employee expert's duties do not "regularly involve giving expert testimony" the employee will always be required to give an expert report as one having been "retained or specially employed to provide expert testimony in the case."

---

[16] *Navajo Nation v. Norris*, 189 F.R.D. 610, 612 (E.D. Wash. 1999).

[17] No. 95 CIV 968 (PKL) 1996 WL 257654, *4 (S.D.N.Y. May 15, 1996).

[18] *Id.* at 3.

[19] *Id.* at 2.

[20] Fed. R. Civ. P. 26(a)(2)(B)

The Court of Appeals for the Second Circuit follows the literal language of Rule 26(a)(2)(B) to require reports only from those employees "whose duties as an employee of the party regularly involve giving expert testimony."[21] "Where the witness . . . does not regularly give expert testimony in his or her capacity as an employee, no expert report is required."[22]

Similarly, a district judge in the Ninth Circuit concluded that "[i]f the drafters had intended to impose a report obligation on all employee-experts, they could have and would have done so."[23] In that case, three Tribal Council members that were designated to "testify regarding tribal customs and traditions" were not required to provide an expert report.[24] The court said that in the *Day* case "the Magistrate Judge simply rewrote the rule to say that employee-experts must provide the report required by FRCP 26(a)(2)(B)."[25] It further held that "those employees (of the party employer) who do not regularly testify for the employer but are doing so in a particular case (of the employer party) need not provide the report."[26]

As stated in the ruling in the *Gateway* case, "Dr. Adams has extraordinary knowledge about the technical subject matter of his patents, and he has been formally designated as an expert in this litigation."[27] However, this fact and the fact that his status as an employee is undisputed do not determine whether Dr. Adams is required to provide an expert report.

It is undisputed that Dr. Adams is not a witness who is retained or specially employed by Plaintiff, his employer, to provide expert testimony in this case. The only issue is whether Adams is an employee "whose duties as the party's employee regularly involve giving expert testimony" because he testified as an expert in other cases where his employer was not a party

---

[21] *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 n.13 (2nd Cir. 2004).
[22] *Id.*
[23] *Navajo Nation v. Norris*, 189 F.R.D. at 613.
[24] *Id.* at 611.
[25] *Id.* at 612.
[26] *Id.*.
[27] *Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006 WL 644848, at *1 (D. Utah March 10, 2006).

5

but may have had a business purpose in his testimony.[28] Plaintiff claims that "of the handful of instances of [Dr. Adams's] expert 'testimony' cited by Defendants, only *two* **arguably** involved giving expert testimony as an employee of Adams on behalf of his employer when the employer was a party: the declarations filed in *Gateway* and in this case."[29]

Defendants, however, argue that Dr. Adams, although not testifying on behalf of Plaintiff, testified in other cases in Plaintiff's interest "only in order to attempt to license [Plaintiff's] patents."[30] Defendants further argue that "Dr. Adams' prior expert testimony [in these cases where his employer was not a party] is part of his duties as principal of Plaintiff" and that "Plaintiff has failed to show that Dr. Adams is not an employee whose duties do not 'regularly involve giving expert testimony.'"[31]

Thus, the question is whether Rule 26(a)(2)(B) should be read to require that an employee of a party make an expert report if the witness's "duties as the party's employee regularly involve giving expert testimony"[32] *in cases in which the employer is not a party to the suit in which the employee testifies*.

Dr. Adams has testified on behalf of his employer Phillip M. Adams & Associates, L.L.C., on only two occasions when his employer was a party—in *Gateway* and in this case. In the other instances listed by Defendants, Dr. Adams offered expert testimony not for his employer, but for a third party. In those instances, Dr. Adams easily fits into the first category of expert witness under Rule 26(a)(2)(B) as one who is "retained or specially employed to provide expert testimony in the case" and the party using Dr. Adams as an expert would be required to

---

[28] Fed. R. Civ. P. 26(a)(2)(B). *See generally Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006 WL 644848, at *3 (D.Utah March 10, 2006) (explaining the history of expert discovery and report requirement).

[29] Plaintiff's Response to Defendants' Motion to Compel Expert Discovery (Memorandum in Opposition) at 9, docket no. 952, filed September 8, 2009 (emphasis in original).

[30] Reply in Support of Defendants' Motion to Compel Expert Discovery from Dr. Adams (Reply Memorandum) at 2-3, docket no. 977, filed under seal September 16, 2009.

[31] *Id.* at 3.

[32] Fed. R. Civ. P. 26(a)(2)(B). *See generally Adams v. Gateway, Inc.*, No. 2:02 CV 106 TS, 2006 WL 644848, at *3 (D. Utah March 10, 2006) (explaining the history of expert discovery and report requirement).

provide an expert report. However, in none of those cases was he testifying for his employer-party.

The rule requires expert reports when an expert is acting as such on a regular basis – for parties to litigation who engage the expert as a professional outsider and for parties to litigation who use "in-house" professional experts to testify on their behalf. Examples of the latter would be employees of automobile or tire manufacturers who are on staff to provide expert witness services for their frequently litigating employer. The rule is not meant to embrace Dr. Adams who has testified twice for his employer and several times for others on related issues. The rule should be read to require an expert report from an employee-expert only when the witness is the functional equivalent of a hired professional expert, which Dr. Adams is not. He is the inventor, the owner, and the person in his company most knowledgeable about his technology. He is not hired for the purpose of presenting expert testimony.

## Additional Deposition Days

Defendants also ask for an additional four days to take Adams's deposition as an expert.[33] Defendants argue that "[i]n multiparty cases, the need for each party to examine the witness may warrant additional time."[34] Although Defendants have had seven days to depose Dr. Adams, Dr. Adams has agreed to give an additional one-day deposition.[35] Because of the number of topics upon which Dr. Adams is planning to offer his testimony,[36] the court will allow additional time so Defendants may "fairly examine the deponent."[37] However, because Defendants have already taken a full seven days to depose Dr. Adams, only two additional days will be granted for expert deposition.

---

[33] Memorandum in Support at 1.

[34] *Id.* at 7 (quoting Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, 192 F.R.D. 395, 106th Cong. (2000) (adopted April 17, 2000)).

[35] Memorandum in Opposition at 2.

[36] Memorandum in Support at 2

[37] Fed. R. Civ. P. 30(d)(1)

**Documents Considered in Forming Expert Opinions**

Defendants request that Dr. Adams "produce all of the documents and communications he considered in forming his expert opinions even if those documents and communications may have contained privileged or work product information."[38] One of the requirements of an expert report is that it include "the data or other information considered by the witness in forming (the opinions)."[39] As stated above, Dr. Adams will not be required to provide an expert report. Consistent with Rule 26, Dr. Adams is also not required to produce the documents and communications he considered in forming his expert opinions. Since he is the Plaintiff's principal, it would likely be impossible for him to segregate information he has considered in forming his opinions from all the information he has received in the case, including privileged communications.

**ORDER**

IT IS HEREBY ORDERED that Defendants' motion to compel expert discovery from Dr. Adams[40] is DENIED IN PART and GRANTED IN PART. Dr. Adams is not required to provide a written expert report but he will provide two days of expert deposition. He will not be required to produce documents and communications he considered in forming his expert opinions.

March 20, 2010.

Magistrate Judge David Nuffer

---

[38] Memorandum in Support at 1.

[39] Fed. R. Civ. P. 26(a)(2)(B)(ii).

[40] Defendants' Motion to Compel Expert Discovery from Dr. Adams, docket no. 924, filed August 21, 2009.