IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., A Utah Limited Liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC., SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT WINBOND'S MOTION TO COMPEL *IN CAMERA* REVIEW AND DENYING WITHOUT PREJUDICE WINBOND'S MOTION FOR PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS<br><br>Case No. 1:05-CV-64 TS |

Defendant Winbond seeks *in camera* review of many documents on Plaintiff's privilege log. In addition, Winbond argues that four categories of documents be produced because (1) Plaintiff has failed to properly support its burden of showing they are

1

privileged; (2) they relate to the topics of his expert testimony; and (3) they were not made for the purpose of seeking legal advice.

The Court agrees that the privilege log is insufficient. Plaintiff contends that the insufficiency results from logging the email rather than the underlying communication. Regardless of the reason the privilege log is insufficient. Plaintiff shall serve an amended privilege log on Winbond within 14 days of the entry of this order, together with any declaration(s) establishing the identify and relationship of the persons listed therein.

Winbond also requests that if it prevails on its Motion to Compel, that Plaintiff shall provide a new privilege log regarding the documents it seeks therein. However, the Court finds that such request should following a ruling on that Motion.

The Court finds that it is premature to consider Winbond's request that broad categories of documents on Plaintiff's privilege log should be produced because they are not privileged. The Court will conduct an *in camera* examination, determine if any of those documents are not privileged, and, if so, order them produced. After that determination is made, Winbond may again raise its wholesale objections, if it is not satisfied.

If a proffer letter is submitted with the *in camera* documents in support of Plaintiff's position that the documents are privileged or subject to protection as trial-preparation material, such proffer letter is a claim of privilege while withholding information otherwise discoverable within the meaning of Rule 26(a)(5) and, therefore, the proffer letter must meet that rule's requirements. Thus, a proffer letter advancing a claim of privilege for information withheld must still make the claim "in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim."[1] Thus, despite any redactions, any proffer letter served on Winbond must contain sufficient information to allow Winbond to assess the claim. It is therefore

ORDERED that within 14 days of the entry of this order, Plaintiff shall serve on Winbond an amended privilege log. It is further

ORDERED that within 14 days of the entry of the order, Plaintiff shall submit the following documents for *in camera* review together with a copy of the amended privilege log: 1, 2, 21, 32, 33, 35, 36, 38, 40-41, 50, 69, 79, 83-85, 89, 92, 94, 123-24, 131, 164, 175, 181, 184-88, 189, 190, 192-93, 195, 201-05, 207, 213, 219, 227, 233, 240, 243, 251, 259, 260-64, 274-75, 295-98, 297, 300-02, 309-11, 314-17, 319-20, 323-27, 330, 332, 339, 340, 345, 351, 354, 365-70, 375-76, 387, 388, and 392. It is further

ORDERED that Plaintiff may submit an optional proffer letter and declaration(s) with its materials for *in camera* review as set forth above. It is further

ORDERED, that if a proffer letter and/or declaration(s) are submitted, Winbond may submit its optional response 14 days following service of Plaintiff's proffer letter. It is further

ORDERED that Plaintiff's *in camera* materials and any response shall be served by hand-delivery to the undersigned's chambers, 350 South Main Street, Rm. 148, Salt Lake City, Utah, clearly marked as SEALED FOR *IN CAMERA* REVIEW ONLY, and referencing

---

[1] Fed.R.Civ.P. 26(b)(5)(A).

the date of this order. Delivery of the *in camera* documents and any response shall be within business hours unless prior arrangements are made for chambers staff to accept delivery after business hours.

DATED   March 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge