# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU AMERICA, INC., MPC COMPUTERS, LLC, SONY ELECTRONICS INC., WINBOND ELECTRONICS CORP., ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORPORATION, LTD., MSI COMPUTER CORPORATION, NATIONAL SEMICONDUCTOR CORPORATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING DEFENDANTS' MOTION TO COMPEL EXPERT DISCOVERY FROM PLAINTIFF'S EXPERTS [DKT NO 978]**<br>• **GRANTING DEFENDANTS' MOTION TO EXTEND THE EXPERT DISCOVERY DEADLINE [DKT NO 1014]**<br>• **FINDING MOOT DEFENDANTS' MOTION FOR EXPEDITED BRIEFING AND CONSIDERATION [DKT NO 1016]**<br>• **GRANTING IN PART MSI'S MOTION TO COMPEL EXPERT DISCOVERY [DKT NO 1053]**<br><br>Civil No. 1:05-CV-64 TS<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

Defendants bring four motions relating to the deposition of two of Plaintiff's (Adams) expert witnesses, Dr. Kraft and Mr. Gemini. These motions request various relief:

1. Require[1] Dr. Kraft and Mr. Gemini to (i) sit for deposition for at least a total of 28 hours each; (ii) provide at least four days of expert deposition; and (iii) produce all of the documents and communications each considered in forming their respective expert opinions prior to their respective depositions.

---

[1] Defendants' Motion to Compel Expert Discovery from Plaintiff's Experts, Dr. Clifford Kraft and Joseph Gemini, docket no. 978, filed September 17, 2009.

2. Extend[2] the expert discovery deadline until ten business days after the court rules on the motions with the docket numbers 924 and 978.

3. Expedite[3] briefing and consideration on defendants' motion to extend the expert discovery deadline and defendants' motion seeking additional deposition time with Adams's experts.

4. Compel[4] Adams to allow MSI to unconditionally depose Adams's expert witnesses and for MSI's attorneys' fees incurred in bringing its motion.

**DISCUSSION**

Docket No. 978 to Require Additional Time to Depose Adams's Experts:

Adams has designated a technical expert, Dr. Clifford Kraft, and a damages expert, Joseph Gemini. Defendants assert that Dr. Kraft will opine on "five asserted patents, 40 asserted claims, hundreds of alleged infringing products, trade secret misappropriation claims against three parties, and five defendants."[5] Defendants also assert that Mr. Gemini has established that Adams seeks more than $31 million from each of the defendants.[6] Defendants believe they would need four full days to adequately depose each expert.[7]

Adams believes that the defendants should only be allowed to depose Dr. Kraft and Mr. Gemini for seven hours each.[8] Adams asserts that Fed. R. Civ. P. 30(d)(2) "establishe[s] a

---

[2] Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978], docket no. 1014, filed October 2, 2009.

[3] Motion for Expedited Briefing and Consideration on: Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978], docket no. 1016, filed October 2, 2009.

[4] MSI's Motion to Compel, docket no. 1053, filed October 16, 2009.

[5] Memorandum in Support of Defendants' Motion to Compel Expert Discovery from Plaintiff's Experts, Dr. Clifford Kraft and Joseph Gemini (Defendants' Support Memorandum 984 to Docket No. 978) at 1-2, docket no. 984, filed under seal, September 17, 2009.

[6] *Id.* at 2.

[7] *Id.*

[8] Adams' Opposition to Defendants' Motion to Compel Expert Discovery from Plaintiffs' Experts Dr. Kraft and Joseph Gemini (Adams's Opposition Memorandum 989 to Docket No. 978) at 1, docket no. 989, filed September 24, 2009.

presumptive time limit of seven hours per deposition."[9] Also, Adams believes that the expert reports submitted by Dr. Kraft and Mr. Gemini should shorten the time or decrease the need for an expert deposition.[10] Adams points to another court's decision that ruled that "court(s) should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule."[11] The case Adams cites is different in at least one significant respect – that case involved only a single adverse party, unlike the present case which involves multiple adverse parties.

If the defendants were to divide the seven deposition hours evenly, each defendant group would be allowed one hour and 24 minutes to depose each expert. Defendants assert that Dr. Kraft has submitted 217 pages of expert reports and 67 exhibits providing opinions on numerous topics.[12] Mr. Gemini has submitted 47 pages of expert opinion and 15 schedules.[13] Defendants argue that the reports are neither detailed nor complete and that both reports "contain statements that are not supported by any evidence, opinions and conclusions reached without any disclosed analysis, and new theories never before disclosed by Plaintiff."[14]

The Advisory Committee Notes concerning the revisions to Rule 26(b)(4)(A) describes certain situations that might allow depositions in excess of seven hours. For example:

> In multiparty cases, the need for each party to examine the witness may warrant additional time . . . with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies.[15]

---

[9] *Id.*
[10] *Id.* at 1-2.
[11] *Id.* at 1 (quoting *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007)).
[12] Defendants' Support Memorandum 984 to Docket No. 978 at 3.
[13] *Id.* at 4.
[14] Reply in Support of Defendants' Motion to Compel Expert Discovery from Plaintiff's Experts, Dr. Clifford Kraft and Joseph Gemini (Defendants Reply Memorandum 1003 to Docket No. 978) at 2, docket no. 1003, filed under seal, September 25, 2009.
[15] Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, 2000, 192 F.R.D. 340, 395-96.

Also, this court's scheduling order for this case has excepted expert witness depositions from the usual seven-hour deposition limit.[16] The complexity of the present case and the amount Adams is claiming as damages permits additional days for expert deposition.

It is difficult to predict what will be an adequate time for completion of the depositions. However, it is clear that seven hours is not enough, and very likely that 28 hours is too much – each party would have over half a day to depose each expert. Dr. Kraft's report is shorter, which may require more deposition time; or it may mean less deposition time is needed than for Mr. Gemini who submitted a much larger report. Based on the information available, the party noticing the expert deposition will be permitted three hours of examination and the other parties (counting affiliated entities such as Micro-Star International Corporation, Ltd., and MSI Computer Corporation as one party) shall be permitted two hours. Parties may cede time to each other.

Defendants also request that Dr. Kraft and Mr. Gemini produce all of the documents and communications each considered in forming their respective expert opinions prior to their respective depositions.[17] Fed. R. Civ. P. 26(a)(2)(B)(ii) requires an expert report to contain "the data or other information considered by the witness in forming (the expert opinion)." Dr. Kraft and Mr. Gemini should have already produced what the defendants have requested. If they have not, both Dr. Kraft and Mr. Gemini will be required to produce such documents immediately.

<u>Docket No. 1014 to Extend the Expert Discovery Deadline:</u>

Defendants, wanting to conduct the expert depositions in the most efficient and cost-effective manner, request the court to extend the expert discovery deadline until at

---

[16] Scheduling Order, docket no. 511, filed May 8, 2008.
[17] Defendants' Support Memorandum 984 to Docket No. 978 at 9.

4

least ten business days after the court rules on motions 924 and 978.[18] Defendants believe that waiting for the court's ruling would prevent all parties from possibly having to attend two separate depositions.[19] Also, defendants want to know how much time they will have to depose Adams's experts so defendants will know how much time they have to allocate to each topic.[20] Defendants' filed this motion before the close of expert discovery and requested expedited briefing on this motion.[21]

Adams takes the position that Adams made its experts available before the deadline and that because defendants did not depose Adams's experts before the deadline, defendants have waived the opportunity to depose Adams's experts.[22] Adams has stipulated that it would likewise take no expert depositions.[23]

As mentioned above, the present case is complex, and Adams has claimed at least tens of millions of dollars in damages. Not allowing the defendants to depose Adams's expert witnesses could seriously impede their defense. Even though the court had previously indicated that expert depositions were not subject to the seven-hour limit, Adams refused to allow defendants to depose Adams's experts for more than seven hours. This left the defendants with no choice but to submit a motion to compel additional days to depose Adams's experts, and then wait for the court to rule on the motion. Defendants should not be punished for Adams's refusal to cooperate with the

---

[18] Memorandum in Support of Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978] (Defendants' Support Memorandum 1015 to Docket No. 1014) at 2, docket no. 1015, filed October 2, 2009.
[19] *Id.* at 2.
[20] *Id.* at 3.
[21] Motion for Expedited Briefing and Consideration on: Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978], docket no. 1016, filed October 2, 2009.
[22] Adam's (sic) Memorandum in Opposition to Defendants' Motion to Extend the Expert Discovery Deadline (Dkt. No. 1015) at 1, docket no. 1103, filed October 21, 2009.
[23] *Id.* at 3.

court's scheduling order. Therefore, the expert discovery deadline for these experts will be extended twenty-eight days after the date of this ruling.

Two objections[24] have been submitted to the magistrate judge's decisions[25] regarding what Dr. Adams must produce in his capacity as an expert and how long Dr. Adams will be required to sit for expert deposition. Those objections do not affect this ruling to allow defendants to depose Dr. Kraft and Mr. Gemini, and the depositions of Dr. Kraft and Mr. Gemini may take place before resolution of the objection to the Adams Order.

Docket No. 1016 to Expedite Briefing and Consideration on the Motions:

Defendants' motion requests expedited briefing and consideration on the motions with docket numbers 924 and 978.[26] Given the time that has passed since defendants filed this motion, this motion has become moot. Defendants' motion to expedite briefing and consideration is therefore found moot.

Docket No. 1053 to Allow MSI to Depose Adams:

Defendants Micro-Star International Corporation, Ltd. and MSI Computer Corporation (collectively MSI) attempted to schedule depositions with Dr. Kraft and Mr. Gemini. MSI asserts that Adams "refused to produce either expert for deposition unless MSI agreed to numerous unreasonable and unwarranted 'conditions.'"[27] MSI asserts that these conditions include:

---

[24] *See* docket no. 1254, filed April 8, 2010. *See also* docket no. 1255, filed April 8, 2010.
[25] Memorandum Decision and Order Granting in Part Defendants' Motion to Compel Expert Discovery from Dr. Adams, docket no. 1234, filed March 22, 2010.
[26] Motion for Expedited Briefing and Consideration on: Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978], docket no. 1016, filed October 2, 2009.
[27] Memorandum in Support of MSI's Motion to Compel, at 1-2, docket no. 1054, filed October 16, 2009.

1. Any deposition will count against the time of all defendants should the Court decide to allow the defendants to take expert depositions;

2. MSI will pay the experts in advance, or MSI's local counsel will guarantee payment within 30 days; and

3. Only MSI's attorneys can question the experts with respect to MSI issues only.[28]

Unless MSI agrees to Adams's requests, the depositions will be governed by the Federal Rules of Evidence and the Federal Rules of Civil Procedure. MSI has not agreed to Adams's requests, and will be allowed to depose Adams's experts as allowed by the governing rules.

MSI has requested the court to grant attorney's fees for having filed this motion.[29] MSI's request is denied.

## ORDER

IT IS HEREBY ORDERED that:

- Defendants' motion[30] to compel Adams's experts Dr. Kraft and Mr. Gemini to sit for additional days of deposition is GRANTED. The party noticing the expert deposition will be permitted three hours of examination and the other parties (counting affiliated entities such as Micro-Star International Corporation, Ltd., and MSI Computer Corporation as one party) shall be permitted two hours. Dr. Kraft and Mr. Gemini will also be required to produce all of the documents and communications each considered in forming their respective expert opinions prior to their respective deposition;

---

[28] *Id.* at 2.
[29] *Id.* at 3.
[30] Defendants' Motion to Compel Expert Discovery from Plaintiff's Experts, Dr. Clifford Kraft and Joseph Gemini, docket no. 978, filed September 17, 2009.

- Defendants' motion[31] to extend the expert discovery deadline is GRANTED.  The expert discovery deadline for Dr. Kraft and Mr. Gemini will be extended twenty-eight days after the date of this ruling.

- Defendants' motion[32] for the court to expedite briefing and consideration is DENIED;

- MSI's motion[33] to compel expert discovery is GRANTED IN PART.  MSI's motion to compel Dr. Kraft and Mr. Gemini to sit for deposition is GRANTED.  The expert depositions of Dr. Kraft and Mr. Gemini will not be subject to any conditions to which the parties have not previously agreed.  MSI's request for attorney's fees is DENIED.

May 8, 2010.

                                            Magistrate Judge David Nuffer

---

[31] Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978], docket no. 1014, filed October 2, 2009.

[32] Motion for Expedited Briefing and Consideration on:  Defendants' Motion to Extend the Expert Discovery Deadline Until at Least Ten Days After the Court Rules on Defendants' Motions Seeking Additional Deposition Time with Adams' Experts [Docket Nos. 924 and 978], docket no. 1016, filed October 2, 2009.

[33] MSI's Motion to Compel, docket no. 1053, filed October 16, 2009.