IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING ASUS' PARTIAL OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL EXPERT DISCOVERY FROM PLAINTIFF'S EXPERTS<br><br>Case No. 1:05-CV-64 TS |

On May 10, 2010, the Magistrate Judge entered an Order Granting in Part Defendant's Motion to Compel Expert Discovery from Plaintiff's Experts.[1] Among other things, the Magistrate Judge granted Defendants' Motion in so far as it requested that Plaintiff's expert witnesses Dr. Kraft and Mr. Gemini sit for depositions and that those depositions be longer than standard seven hour day per Fed. R. Civ. P. 30(d)(1); and also

---

[1]Docket No. 1234.

1

provided a formula for such additional time. However, the Magistrate Judge denied Defendant's request that the experts submit to one day of deposition examination for each defendant.

Defendant ASUS[2] objects only to the portion of the order that established the formula for additional time on the ground that the extended time ordered is still insufficient. ASUS also argues that the Magistrate Judge did not adequately justify the amount of the additional time allowed.

Plaintiff relies on DuCivR 72-3(b)'s provision that no response need be filed and submits the matter on the record.[3]

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Order under a "clearly erroneous or contrary to law" standard of review.[4] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5] Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.[6]

---

[2]ASUSTeK Computer, Inc. and ASUS Computer International.

[3]Docket No. 1335.

[4]28 U.S.C. § 636(b)(1)(A).

[5]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[6]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

Rule 30(d)(1) establishes a nationally-applicable limit for deposition length and also provides when additional time must be allowed:

> Unless otherwise stipulated or ordered by the Court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.[7]

Fed. R. Civ. P. 26 (b)(2)(A) permits the Court to "alter the limits on the length of depositions under Rule 30."

The Court finds no error in the Magistrate Judge's ruling on the length of the additional time allowed for the expert depositions. The Magistrate Judge has extensive experience with complex-case expert discovery in general and with the expert discovery issues in this case in particular. The Magistrate Judge's Order ensures that the experts will have submitted their reports by the time of their depositions, allowing efficient examination. The Court finds the Magistrate Judge's ruling to be fully explained and supported.

Further, since the filing of the original request for additional time,[8] filed by ASUS on behalf of itself, Winbond, National Semiconductor, and Sony, two of those parties are no longer part of this case. In its Objection, ASUS notes there are now four remaining defendants, correct if ITE, a defaulted defendant, is counted.[9] But as a practical matter

---

[7] FED. R. CIV. P. 30(d)(1).

[8] Docket No. 978.

[9] The remaining Defendants are ASUSTeK/ASUS, Micro-Star/MSI, and Winbond. Defendant ITE recently moved to set aside its default. The case is stayed as to Defendant MPC by its bankruptcy case. Docket No. 656.

3

(counting affiliated entities as one party) there are now only three Defendants involved in the depositions.[10] Further, and more significantly, there are now two fewer patents in suit. This has substantially reduced the number of asserted patents, asserted claims, infringing products, and trade secret misappropriation claims—the previous numbers of which were the basis of ASUS' argument that the time allowed is insufficient.

Based on the foregoing, it is therefore

ORDERED that ASUS' Partial Objection (Docket No. 1306) to the Magistrate Judge's May 10, 2010 Memorandum Decision and Order Granting Defendant's Motion to Compel Expert Discovery from Plaintiff's Experts (Docket No. 1276) is OVERRULED.

DATED June 24th, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10]ITE's recent Motion to Set Aside Default will not be briefed and submitted before the scheduled expert depositions. *See* Docket No. 1344 (stipulated briefing schedule on ITE's Motion to Set Aside Default).