IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL EXPERT DISCOVERY FROM DR. ADAMS<br><br><br><br>Case No. 1:05-CV-64 TS |

On April 8, 2010, the Magistrate Judge entered an Order Granting in Part Defendant's Motion to Compel Expert Discovery from Dr. Adams (the Order).[1] The Magistrate Judge found that Plaintiff's expert, Dr. Philip Adams, the inventor of the patents in suit, was not required to file an expert report under Fed. R. Civ. P. 26(a)(2)(B) because he was not employed for this particular case and does not regularly testify for the employing party. The Magistrate Judge also granted in part Defendants' request for

---

[1]Docket No. 1234.

1

additional days to examine Dr. Adams by deposition. The Magistrate Judge granted two additional days, instead of the four requested by Defendants, because Defendants had already deposed Dr. Adams for seven days. Finally, the Magistrate Judge denied Defendants' request that Dr. Adams "produce all of the documents and communications he considered in forming his expert opinions even if those documents and communications may have contained privileged or work product information."[2]

Defendants Winbond,[3] ASUS,[4] and MSI[5] object only to the portion of the Order that denies their request that Dr. Adams produce all communications he may have considered in forming his expert opinion, even if privileged or work product. Thus, the issue herein is related to the issue in Winbond's Motion to Compel Production of Allegedly Privileged Documents[6] and the *in camera* review of documents from Plaintiff's privilege log.

Defendant ASUS separately objects to the two-day limit.[7] Defendant Sony had also filed an objection,[8] but that separate objection is moot because Sony is no longer part of this case.

---

[2] *Id.* at 8 (quoting Mem. in Supp. of Mot. to Compel, at 1).

[3] Winbond Electronics Corporation.

[4] Asustek Computer and Asus Computer Intl.

[5] MSI Computer Corporation and Micro-Star International Corporation, Ltd.

[6] Docket No. 878.

[7] Docket No. 1255.

[8] *Id.* at 9-10 (containing Sony's Related Objection).

Plaintiff relies on DUCivR 72-3(b)'s provision that no response need be filed and submits the matter on the record.[9]

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[10] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[11] Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.[12]

As to the number of deposition days, ASUS argues that it is prejudicial to have so little time for it to examine Plaintiff's expert and that the Magistrate Judge erred in considering that there had previously been seven days of depositions for that witness because those prior deposition days were examination of Dr. Adams in his personal and 30(b)(6) capacities.

The Court finds no error in the Magistrate Judge's limit on the number of additional deposition days for Dr. Adams. The Magistrate Judge's consideration of the number of prior days of deposition for Dr. Adams was appropriate based on the circumstances of this case. Although those prior seven days were in different capacities, there would have been

---

[9] Docket No. 1263.

[10] 28 U.S.C. § 636(b)(1)(A).

[11] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[12] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

3

substantial overlap. Additionally, the Court notes that Dr. Adams' access to significant amounts of Defendant's confidential and technical information in this case[13] has, at Defendants' insistence, been restricted because they argued that he may use it in pursuing new patents.[14] As Defendants have recognized, their restriction on such significant amounts of confidential technical material disclosed to Dr. Adams has shifted much of the areas of expert testimony to Plaintiff's independent expert, Dr. Kraft.[15] In turn, this reduces the scope of Dr. Adams' expert testimony and the time required to depose him on that expert testimony.

Two events since the filing of ASUS' objection further show there is no prejudice to ASUS in limiting Defendants' expert deposition of Dr. Adams to two days. First, Defendant Sony is no longer part of the case. Thus, there is now one less Defendant to divide the two-day deposition time, with the result that each remaining Defendant will be allocated a larger share of the time. Second, the number of patents in suit has recently been reduced from five to three. This substantially reduces the areas of examination.

Based upon the entire record, the Court finds that the Magistrate Judge's limit of two deposition days for Dr. Adams in his capacity as an expert is not clearly erroneous or contrary to law.

---

[13] The technical information Dr. Adams has not reviewed consists of those items that Defendants have designated as "confidential-attorney's eyes only."

[14] *E.g.* Docket Nos. 1167 and 1172.

[15] Docket Nos. 744 and 745 (refuting Plaintiff's argument that denying Dr. Adams' access to the technical materials would impair Plaintiff's ability to prepare its case with the argument that Plaintiff is able to rely on Dr. Kraft who has unrestricted access to Defendant's technical information).

The Court next turns to the issue of the Magistrate Judge's denial of Defendants' request that Dr. Adams produce all information relied upon. Defendants rely on two cases for the proposition that an expert who is not required to submit a report under Fed. R. Civ. P. 26(a)(2)(B), must still produce the data or information that he or she considered in forming the expert opinions because such data or information are "relevant" under Fed. R. Civ. P. 26(b)(1). Neither case supports that proposition. The first, *Boyett v. County of Washington*,[16] an unreported case from this district, involved an expert who was required to submit a report—not the situation with Dr. Adams.[17] Defendants rely on the following quote from *Boyett*: "experts must identify the facts and data forming the basis for their testimony so courts can assess the sufficiency of the facts and data."[18] However, that quote stated the law in connection with a challenge to the expert's qualifications under Fed. R. Evid. 702, not Rule 26(b)(1)[19] and, therefore, does not support Defendants' position.

The second case, *Conkling v. Turner*,[20] involves examination of when attorney-client privilege is waived under the fairness doctrine. However, it does not examine the issue that forms the basis of the present objection—whether Rule 26(b)(1) may be used to impose the production requirement of Rule 26(a)(2)(B)(ii) on an expert who is not subject

---

[16] 2006 WL 3422104, at *5 (D. Utah 2006).

[17] *Id*. at 5-7 (noting that one of many reasons to strike the report is that the expert's "first report failed to specifically list the materials he reviewed").

[18] *Id*. at 5.

[19] *Id*.

[20] 883 F.2d 431, 434 (5th Cir. 1989).

to the report requirements of Rule 26(a)(2)(B). Similarly, the citation to the Advisory Committee Note for the amendment to Rule 26(a)(2)(B) is not helpful as it involves experts who are subject to the report requirements.[21]

Defendants also rely on the following statement from *Kooima v. Zacklift International Inc.*,[22] "[b]ecause Plaintiff has designated himself as an expert, therefore, all documents and information disclosed to him (including correspondence from his attorneys) in connection with his anticipated expert testimony are discoverable."[23] However, as *Kooima* explains, while the general rule is that defendants are entitled to such documents where a plaintiff designates himself as an expert, if such a plaintiff "wishes to withhold some on privilege or work product grounds, he must produce the 'privilege log' described in Rule 26(b)(5)."[24] In the present case, Plaintiff has submitted the required privilege log for the withheld communications.

Further, the case relied upon by the *Kooima* court for its general rule, *In re Pioneer Hi-Bred International Inc.*,[25] involved an expert who was subject to the disclosure and report requirements of Rule 26(a)(2), a distinction not addressed in *Kooima*.

---

[21] Docket No. 1254 at 8 n.19.

[22] 209 F.R.D. 44 (D. S.D. 2002). As noted by Defendants, Winbond also relies on *Kooima* in its related Motion for *In Camera* Review.

[23] *Id.* at 447.

[24] *Id.*

[25] 238 F.3d 1370 (Fed. Cir. 2001) (applying Eighth Circuit law).

6

Finally, the language from *Pioneer*, quoted in *Kooima*, is limited to all documents and information "disclosed *to*" the expert in connection with the expert's testimony.[26] As explained in the Order on the *in camera* review of documents listed in Plaintiff's privilege log, there are very few of those documents that involve disclosure *to* Dr. Adams, and none in connection with this case.

In passing, Defendants also argue that even if the withheld documents are privileged, they should be produced because Defendants cannot obtain the information elsewhere.[27] Specifically, they argue that because there are no other records of "Dr. Adams' analyses of the patents in suit, or testing and analyses of Defendant's products," all documents that are the basis of his expert opinion should be produced. The Court has conducted an *in camera* review of approximately one-third of the withheld documents listed in that privilege log and has directed that the remaining documents be submitted for review. The Court will address Defendants' asserted need for the documents in its order on *in camera* review. For the reasons stated in its order on *in camera* review, a small amount of additional information will be required to be disclosed, if that information has not otherwise been disclosed. However, that Order is fact-specific to the *in camera* review and is not intended to alter the Magistrate Judge's ruling that "consistent with Rule 26, Dr. Adams is also not required to produce the documents and communications he considered

---

[26]*Pioneer*, 238 F.3d at 1376; *Kooima*, 209 F.R.D. at 446-47.

[27]Docket No. 1254, at 8.

in forming his expert opinions."[28] The Court finds that such ruling is not clearly erroneous or contrary to law.

Based on the foregoing, it is therefore

ORDERED that Defendants' Objection (Docket No. 1254) to the Magistrate Judge's Order March 22, 2010 Memorandum Decision and Order Granting in Part Defendants' Motion to Compel Expert Discovery From Dr. Adams (Docket No. 1234) is OVERRULED. It is further

ORDERED that ASUS' Objection (Docket No. 1255) to the Magistrate Judge's Order March 22, 2010 Memorandum Decision and Order Granting in Part Defendants' Motion to Compel Expert Discovery From Dr. Adams (Docket No. 1234) is OVERRULED.

DATED June 24th, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[28] *Id.*