IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING WINBOND'S PARTIAL OBJECTION TO MAGISTRATE JUDGE'S ORDER THAT PLAINTIFF IS NOT REQUIRED TO PRODUCE A PRIVILEGE LOG FOR PRIOR FDC LITIGATION<br><br>Case No. 1:05-CV-64 TS |

On May 10, 2010, the Magistrate Judge entered an Order Granting in Part Winbond's Motion to Compel Discovery From Plaintiff.[1] Among other things, that Order provided that Plaintiff would not be required to produce a privilege log for prior FDC litigation because the voluminous documents related to prior FDC litigation are "highly likely

---

[1]Docket No. 1275.

1

to be privileged and, therefore, would not be 'otherwise discoverable.'"² The Magistrate Judge did, however, note that Plaintiff was logging all documents withheld on claim of privilege and required that Plaintiff conduct a search of the prior FDC litigation files and produce any document that is not privileged but is responsive to Winbond's request for production.

Winbond argues that the Magistrate Judge's ruling is contrary to the mandatory requirements of Fed. R. Civ. P. 26(b)(5)(A) and inconsistent with other rulings of this Court. Plaintiff relies on DUCivR 72-3(b)'s provision that no response need be filed and submits the matter on the record.³

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Order under a "clearly erroneous or contrary to law" standard of review.⁴ Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"⁵ Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.⁶

---

²*Id.* at 11.

³Docket No. 1341.

⁴28 U.S.C. § 636(b)(1)(A).

⁵*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

⁶*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

2

Winbond argues that the Magistrate Judge's ruling is inconsistent with other rulings of this Court. In support, it cites a previous Order[7] (the September Order) wherein Winbond argues the Court "previously found that *other FDC cases involv[ed] information that [is] discoverable and potentially relevant to the present litigation*, [and] recogniz[ed] that the privilege log is an important part of the Court's ability to supervise discovery and enforce discovery violations."[8]

The September Order involved only one specific prior FDC litigation, a case in which Sony, a defendant herein at the time of the Order, was also a defendant.[9] In that specific prior litigation, Sony had been a party and Dr. Adams had been an expert who demonstrated his technology—some of the same technology at issue in this case—on Sony's products.[10] Contrary to Winbond's representation, the only findings made in the September Order were: (1) "As an expert witness Adams apparently demonstrated the use of his detector—a major subject of this patent litigation—for Sony's counsel during that litigation" and (2) "an *in camera* review is warranted."[11] The September Order did not mention any other FDC case, supervising discovery, or enforcing discovery violations. The

---

[7] Docket No. 1004.

[8] Docket No. 1316, at 3 (emphasis added).

[9] *Christian v. Sony Corporation*, Civil Action No. 00932-DFW-AJB, was a class action alleging defective computers, in the United States District Court for the District of Minnesota (the Minnesota class action). It was filed April 2000 and resolved in November 2001.

[10] *See e.g.* Docket No. 286.

[11] Docket No. 1004 at 1-2.

3

September Order involved a privilege log that had already been prepared and served on Plaintiff by Sony prior to the request for *in camera* review.

Unlike the prior FDC litigation at issue in the September Order, Winbond has made no showing for this matter[12] of relevance for most of the other prior FDC litigation. Winbond does not appear to have been a party to any prior FDC litigation or had its products at issue in any prior FDC litigation, except it was involved as a non-party in the *Gateway*[13] case.

Winbond argues that the prior FDC litigations are relevant because those cases relate to the same defects at issue in this case and Dr. Adams was a party, an expert, or both in each of those cases. As to his status as an expert, by separate Order the Court has affirmed the Magistrate Judge's ruling that Dr. Adams need not produce all communications he may have considered in forming his expert opinion.[14] Winbond's argument that Plaintiff must produce or log all communications in a case because Dr. Adams testified as an expert is a variation on that denied request.

In the Motion that underlies this Objection, Winbond makes a specific proffer of relevancy for only three of the prior FDC litigation cases: a California Qui Tam case, the

---

[12]Winbond's arguments regarding the relevance of the *in camera* documents are addressed in that *in camera* process.

[13]*Adams v. Gateway*, 2:02-CV-106 TS.

[14]Docket No. 1354.

*Toshiba* case, and the *Gateway* case.[15] Winbond's proffer of relevancy for the California Qui Tam and *Toshiba* cases is not persuasive.

As to a California Qui Tam case, any relevance it could have had at the time Winbond filed it motion is moot because Winbond proffers that Dr. Adams' testimony in that case involved the '414 patent, a patent no longer at issue in this case.

As to the *Toshiba* case, relevancy is not established. Neither Dr. Adams nor Plaintiff were parties to the *Toshiba* case and Winbond does not dispute Plaintiff's consistent position that *Toshiba* involved a significantly different defect that it alleges Dr. Adams discovered in Defendants' products.[16] Dr. Adams' involvement as an expert in *Toshiba* does not by itself establish relevance because, as noted above, Dr. Adams need not produce all communications he may have considered in forming his expert opinion. Further, while Plaintiff does, as Winbond asserts, constantly refer to the *Toshiba* case, it is usually only in reference to the well known amount of the *Toshiba* settlement; a background fact that Plaintiff asserts started Defendants looking into alleged defects in their own computers and/or chips.

The Court finds that the present Objection is mooted by subsequent events. Although Plaintiff objected to production of the documents on relevancy grounds, it has

---

[15] As to at least one of the cases listed by Winbond, the Minnesota class action, Plaintiff had already produced all documents, not withholding on grounds of privilege. Docket No. 878-1.

[16] *E.g.* Docket No. 865-23 (Plaintiff's Answers to Interrogatories).

5

produced those documents generally,[17] except for documents claimed privileged.  As noted in Plaintiff's opposition, it had already turned over the documents and was in the process of logging the others.  It appears that Plaintiff was logging the documents claiming privilege or work product in the same privilege log that is the subject of the on-going *in camera* review at Winbond's request.

For example, it appears that the *Toshiba* materials withheld on the basis of privilege were listed in the privilege log at issue in the related *in camera* review.[18]  This includes documents originating with Plaintiff and collected from third parties—its former managers.[19]

Pursuant to the Order at Docket No. 1241, the Court conducted an *in camera* review of the documents therein that Winbond specifically questioned.  Pursuant to the Order at Sealed Docket No. 1356, the Court will conduct further review of the all documents on that privilege log in order to put to rest this protracted dispute.  Thus, even if Winbond had shown that the Toshiba documents were relevant, because the *Toshiba* privileged documents were included on the privilege log, Winbond's objection insofar as it involves the *Toshiba* case appears to be moot.

---

[17] Docket No. 894, at viii.

[18] *See* Docket Nos. 877, 1104, and 1112.  For examples of documents claimed privileged from the *Toshiba* case, see Documents No. 262-63 on that privilege log.

[19] Docket No. 911 at 6.

As to the *Gateway*[20] case, it appears that Plaintiff produced the *Gateway* documents—without withholding any of them on the basis of privilege—early in this case.[21] Thus, while relevancy may be established as to the *Gateway* case, it appears that no documents have been withheld on the grounds of privilege and, therefore, there is no reason to require Plaintiff to submit a privilege log for those documents.

It is therefore

ORDERED that Winbond's Partial Objection (Docket No. 1316) to the Magistrate Judge's May 10, 2010 Memorandum Decision and Order Granting in Part Winbond's Motion to Compel Discovery From Plaintiff (Docket No. 1275) is OVERRULED.

DATED June 29th, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[20] *Adams v. Gateway*, 2:02-CV-106 TS, filed February 5, 2002.

[21] Docket No. 911, at 5.