# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> WINBOND ELECTRONICS CORP., ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORPORATION, LTD., MSI COMPUTER CORPORATION, ITE TECH. INC., INTEGRATED TECHNOLOGY EXPRESS, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WINBOND ELECTRONICS CORPORATION'S MOTION FOR RECONSIDERATION OF THE PORTION OF MAGISTRATE JUDGE NUFFER'S MEMORANDUM DECISION AND ORDER GRANTING IN PART WINBOND'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF [DOCKET NO. 1275] REGARDING WINBOND'S INTERROGATORIES 14-30** <br><br> Civil No. 1:05-CV-64  TS <br><br> The Honorable Ted Stewart <br> Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

Winbond Electronics Corporation's (Winbond) has submitted a motion[1] for

reconsideration of the portion of Magistrate Judge Nuffer's decision[2] regarding Phillip M.

Adams & Associates L.L.C. (Adams) response to some interrogatories from Winbond.

Winbond's motion is DENIED as provided herein.

---

[1] Winbond Electronics Corporation's Motion for Reconsideration of the Portion of Magistrate Judge Nuffer's Memorandum Decision and Order Granting in Part Winbond's Motion to Compel Discovery from Plaintiff [Docket No. 1275] Regarding Winbond's Interrogatories 14-30, docket no. 1285, filed May 17, 2010.

[2] Memorandum Decision and Order Granting in Part Winbond Electronics Corporation's Motion to Compel Discovery From Plaintiff, docket no. 1275 (1275 Order), filed May 10, 2010.

Winbond previously submitted a motion[3] to compel discovery from Adams. In that motion, Winbond asked the court to compel Adams to fully answer Winbond's interrogatories nos. 14-46 without objection.[4] The Magistrate Judge compelled Adams to fully answer interrogatories nos. 31-46.[5] Adams was not required to provide responses to interrogatories nos. 14-30.[6]

Winbond's interrogatories nos. 14-30 ask Adams to identify the documents that support Adams's preliminary infringement contentions against Winbond.[7] Adams, after gaining access to additional documents and conducting depositions, has submitted an expert report that ~~provides~~ provides detailed contentions and detailed claims charts . . . referencing specific documents and testimony."[8] The expert report was filed after the prior motion was briefed.

Winbond seems to not to be focused on a need for data to conduct its defense, but on Adams's Fed. R. Civ. P. 11(b) basis to make its preliminary infringement contentions:

> Winbond is still entitled to know the factual evidence Adams had to support those contentions to satisfy Fed. R. Civ. P. 11(b).[9]
>
> ***
>
> [T]he identity of those documents is necessary to establish whether Adams had a Rule 11 basis for the patent allegations.[10]

---

[3] Winbond Electronics Corporation's Motion to Compel Discovery From Plaintiff, docket no. 864, filed July 22, 2009.

[4] *Id.* at 1.

[5] 1275 Order at 14.

[6] *Id.*

[7] Memorandum in Support of Winbond Electronics Corporation's Motion for Reconsideration of the Portion of Magistrate Judge Nuffer's Memorandum Decision and Order Granting in Part Winbond's Motion to Compel Discovery from Plaintiff [Docket No. 1275] Regarding Winbond's Interrogatories 14-30 at 1, docket no. 1286, filed May 17, 2010.

[8] Adams' Opposition to Winbond's Motion for Reconsideration [Docket No. 1285] at 2, docket no. 1303, filed May 24, 2010.

[9] Winbond's Reply in Support of Its Motion for Reconsideration of the Portion of Magistrate Judge Nuffer's Memorandum Decision and Order Granting in Part Winbond's Motion to Compel Discovery from Plaintiff [Docket No. 1275] Regarding Winbond's Interrogatories 14-30 at 1, docket no. 1311, filed May 26, 2010.

***

[O]ne reason for the requested information is to determine what, if any, evidentiary support Adams had for those contentions pursuant to Fed. R. Civ. P. 11(b).[11]

***

***More importantly*** for Winbond's current motion, Adams has provided nothing from which Winbond can determine the factual bases for or identify the document that support the [Preliminary Infringement Contentions] (emphasis added).[12]

Winbond seems to believe that Adams is required to support its preliminary infringement contentions with only the documents that were available at the time the preliminary contentions were made. Winbond cites to no authority for such a requirement. A preliminary infringement contention is exactly what it claims to be – preliminary. Requiring Adams to show a factual basis for its preliminary contentions by using only the evidence that was available up through January 2009 is not helpful to the merits of this case. Reference to documents in preliminary contentions that have subsequently been superseded by new documents and deposition testimony would not help Winbond prepare its case. Adams has produced and identified what now supports its contentions—Adams's case will rest on that.

---

[10] *Id.* at 2.

[11] *Id.* at 2-3.

[12] *Id.* at 4.

**ORDER**

IT IS HEREBY ORDERED that Winbond's motion[13] for reconsideration of the

portion of Magistrate Judge Nuffer's decision regarding Adams's response to Winbond's

interrogatories nos. 14-30 is DENIED as provided herein.

Dated July 20, 2010.

BY THE COURT:

_____

David Nuffer
U.S. Magistrate Judge

---

[13] Winbond Electronics Corporation's Motion for Reconsideration of the Portion of Magistrate Judge Nuffer's Memorandum Decision and Order Granting in Part Winbond's Motion to Compel Discovery from Plaintiff [Docket No. 1275] Regarding Winbond's Interrogatories 14-30, docket no. 1285, filed May 17, 2010.