# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORP., ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORPORATION, LTD., MSI COMPUTER CORPORATION, ITE TECH. INC., INTEGRATED TECHNOLOGY EXPRESS, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE PHILLIP M. ADAMS & ASSOCIATES LLC'S CONFIDENTIAL[ITY] UNDERTAKING AND COMPLY WITH THE COURT'S PROTECTIVE ORDERS**<br><br>Civil No. 1:05-CV-64 TS<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

Defendants have submitted a motion[1] to strike Phillip M. Adams & Associates L.L.C.'s (Adams) confidentiality undertaking and to order compliance with the court's protective orders. After reviewing the parties' memoranda, Defendants' motion is GRANTED IN PART as provided herein.

This court issued a protective order in this case on June 12, 2006.[2] This protective order resolved two fundamental differences that prevented the parties' agreement to the terms of a

---

[1] Defendants' Motion to Strike Phillip M. Adams's Confidential Undertaking and Comply with the Court's Protective Orders, docket no. 668, filed December 17, 2008.

[2] Memorandum Decision-Order Granting Motions for Protective Order (In Part), docket no. 113, filed June 12, 2006.

1

protective order.[3] The first issue was which party had the burden of proof when challenging a confidentiality designation.[4] The second issue was Defendants' desire to prevent Dr. Adams from accessing Defendants' highly confidential technical information.[5]

The magistrate judge modified the protective order on January 22, 2008.[6] The modifications dealt specifically with limitations and requirements on Dr. Adams's access to Defendants' technical information.[7] The protective order designated a new category of technical information that Dr. Adams could access in his role as an expert.[8]

The modified protective order required Adams to sign a confidentiality undertaking specifically crafted to protect against his inadvertent misuse of Defendants' technical information. The confidentiality undertaking form required Dr. Adams to agree not to file a patent application related to computer error detection or correction or computer motherboards or chips from June 12, 2006 until one year after the date of termination of this litigation.[9] On November 12, 2008, after the district judge affirmed the original decision on the protective order,[10] Dr. Adams signed a confidentiality undertaking but substituted the date November 11,

---

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

[6] Memorandum Decision and Order Granting in Part Defendants' Motion for Protective Order [349]; and Granting in Part Winbond's Motion to Modify Protective Order [355], docket no. 428, filed January 22, 2008.

[7] *Id.* at 6-8.

[8] Memorandum Decision-Order Granting Motions for Protective Order (In Part) at 17, docket no. 113, filed June 12, 2006.

[9] Memorandum Decision and Order Granting in Part Defendants' Motion for Protective Order [349]; and Granting in Part Winbond's Motion to Modify Protective Order [355] at 7, docket no. 428, filed January 22, 2008.

[10] Memorandum Decision and Order Affirming Magistrate Judge's Protective Orders, docket no. 651, filed November 7, 2008.

2

2008 in place of June 12, 2006. Defendants submitted a motion[11] to strike Adams's confidentiality undertaking.

Adams later decided not to use Dr. Adams as an expert and withdrew Dr. Adams's confidentiality undertaking stating that "Defendants have been successful in denying [Dr. Adams] access to evidence of Defendants' . . . (but Adams has) nonetheless been able to prepare for trial by retaining its technical expert, Clifford Kraft."[12] Adams declared Defendants' motion to strike Dr. Adams's confidentiality undertaking as moot. Defendants objected to Adams's notice of mootness, stating that Adams's notice only addressed one of the five forms of relief requested in Defendants' original motion.[13]

Adams's withdrawal of Dr. Adams's confidentiality undertaking makes parts of the protective order irrelevant. A major dispute in the protective order was over Dr. Adams's access to Defendants' confidential documents. Dr. Adams no longer seeks access to "Confidential-Attorneys' Eyes Only" information but has instead retained an expert to review this information.

Defendants believe that Adams has violated multiple protective orders issued by this court in this and a related case.[14] Defendants' motion to strike asks the court for the following forms of relief:

1. Strike Adams's Confidentiality Undertaking filed on November 12, 2008;

---

[11] Defendants' Motion to Strike Phillip M. Adams's Confidential Undertaking and Comply with the Court's Protective Orders, docket no. 668, filed December 17, 2008.

[12] Adams' Withdrawal of Undertaking [Dkt 655], and Notice of Mootness of Defendants' Motion to Strike Undertaking [Dkt 668] , and Related Filings at 2, docket no. 1167, filed November 17, 2009.

[13] Defendants' Objection to the "Notice of Mootness" Portion of "Adams' Withdrawal of Undertaking [Dkt 655] and Notice of Mootness of Defendants' Motion to Strike Undertaking [Dkt 668], and Related Filings" [Dkt. 1167] at 2, docket no. 1172, filed November 20, 2009.

[14] *See generally* Memorandum and Points of Authority in Support of Defendants' Motion to Strike Phillip M. Adams's Confidential Undertaking and Comply with the Court's Protective Order (Memorandum in Support), docket no. 669, filed December 17, 2008.

2. Prohibit Adams from accessing any of Defendants' documents designated as Confidential-Attorneys' Eyes Only or TECHNICAL INFORMATION FOR ADAMS;

3. Require Adams and Phillip M. Adams (Dr. Adams) to comply with the requirements of the Protective Order in this case and the protective order issued by this court in *Phillip M. Adams v. Gateway, Inc*;[15]

4. Require Adams and Dr. Adams to deliver to Defendants all copies of Defendants' confidential documents and any notes or information containing the contents of those documents that are in Adams's or Dr. Adams's possession in violation of either protective order; and

5. Order Adams to immediately produce copies of all pending applications and correspondence with the USPTO relating to Adams's patent applications that were filed or have been pending at any time from June 12, 2006, through the present date.[16]

As to the first form of relief requested by Defendants (to strike Adams's confidentiality undertaking), Adams has withdrawn its confidentiality undertaking. As such, this point is moot.

As to the second form of relief requested by Defendants (to prohibit Adams from accessing Defendants' confidential documents), Adams will be allowed access to Defendants' confidential documents as governed by this court's previous protective orders.

As to the third form of relief requested by Defendants (to require Adams to comply with the protective orders of this case and *Gateway*), the parties are still governed by the protective orders from this case. The *Gateway* protective order is not in this case file. The *Gateway* order will not be enforced in this case.

As to the fourth form of relief requested by Defendants (to require Adams to deliver all copies of Defendants' documents in violation of either protective order), Adams has withdrawn its confidentiality undertaking and has instead retained Clifford Kraft to review Defendants'

---

[15] *Phillip M. Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS (D. Utah March 22, 2006).

[16] Defendants' Motion to Strike Phillip M. Adams's Confidential Undertaking and Comply with the Court's Protective Orders at 1, docket no. 668, filed December 17, 2008.

"Confidential-Attorneys' Eyes Only" information. Mr. Kraft, as well as all parties, will still be governed by the protective orders issued by this court which prohibits sharing "Confidential-Attorneys' Eyes Only" information.

As to the fifth form of relief requested by Defendants (to require Adams to produce copies of patent applications), even though the confidentiality undertaking has been withdrawn, Adams is required to provide counsel for Defendants with a copy of all correspondence with the patent office regarding Dr. Adams's pending applications. This will alleviate Defendants' fears that Adams will use Defendants' confidential information for its own benefit.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion[17] to strike Adams's confidentiality undertaking is GRANTED IN PART as to the fifth form of relief as stated above.

Dated this 21st day of July, 2010.

BY THE COURT

_____

---

[17] Defendants' Motion to Strike Phillip M. Adams's Confidential Undertaking and Comply with the Court's Protective Orders, docket no. 668, filed December 17, 2008.

5