# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORP., ASUSTEK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORPORATION, LTD., MSI COMPUTER CORPORATION, ITE TECH. INC., INTEGRATED TECHNOLOGY EXPRESS, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING ADAMS'S MOTION FOR TERMINATING SANCTIONS AGAINST ASUS BASED UPON ASUS' SPOLIATION OF EVIDENCE OF ITS PIRACY**<br><br>Civil No. 1:05-CV-64  TS<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

On April 17, 2008, Phillip M. Adams & Associates L.L.C. (Adams) filed a motion[1] for sanctions against ASUSTEK Computer, Inc. and ASUS Computer International (collectively ASUS) for spoliation of evidence. Adams claimed that "ASUS has destroyed the source code and documents relating to [ASUS's] test programs, as well as other documents that would have conclusively demonstrated ASUS' piracy."[2] On March 30, 2009, the magistrate judge issued a

---

[1] Adams' Motion for Terminating Sanctions Against ASUS Based upon ASUS' Spoliation of Evidence of Its Piracy, docket no. 492, filed April 17, 2008.

[2] *Id.* at 1.

1

decision granting in part Adams's motion.[3] The magistrate judge found that "[t]he universe of materials we are missing is very large," and that "we have very little evidence compared to what would be expected."[4] The magistrate judge also found that "[i]n the 1999-2000 environment, ASUS should have been preserving evidence related to floppy disk controller errors.[5] The magistrate judge further found that "ASUS' practices invite the abuse of [the] rights of others, because the practices tend toward loss of data."[6]

In order to determine what prejudice Adams faced and what, if any, sanctions were appropriate, the magistrate judge ordered ASUS to provide the court with a summary listing and copy of all evidence ASUS has produced to Adams of:

1. the ASUS test programs' source code;

2. ASUS FDC error test program development;

3. ASUS's FDC and motherboard testing activities in the 2000-2001 time period;

4. ASUS's communications with suppliers regarding testing of the FDC problems;

5. ASUS's communications with design experts relating to Adams's technology;

6. Discussions occurring internally within ASUS regarding whether to license Adams's technology;

7. ASUS's communications with its customers about the FDC issue;

8. ASUS's efforts to resolve the FDC issue; and

9. ASUS's patent application process for its detector technology.[7]

---

[3] Memorandum Decision and Order: Granting in Part [492] Motion for Terminating Sanctions Against ASUS Based Upon ASUS' Spoliation of Evidence of Its Piracy; Granting in Part [559] Motion to Strike; and Denying [604] Motion to Strike, docket no. 731, filed March 30, 2009.

[4] *Id.* at 24.

[5] *Id.* at 26.

[6] *Id.* at 31.

[7] *Id.* at 33-34.

The magistrate judge then ordered Adams to file a response to identify evidence Adams has received from sources other than ASUS which would be of value in Adams's spoliation claim against ASUS.[8] Comparison of this evidence would enable the magistrate judge to determine the degree of prejudice to Adams from ASUS's inadequate document retention.

After March 30, 2009, ASUS produced approximately 350,000 pages of documents.[9] Adams asserts that while "ASUS was able to produce documents from the relevant time period . . . none of those documents involves critical evidence such as the source code, testing, etc."[10] Adams filed its response on September 22, 2009, listing evidence that Adams believed to be of evidentiary value from sources other than ASUS. Adams relies on four emails which ASUS either sent or received[11] and the cover page of a fax received by Sony which was possibly sent by ASUS.[12]

Adams claims it has shown that "ASUS has destroyed, lost or withheld documents[,] . . . has completely thwarted Adams from obtaining any evidence . . . [and] has greatly interfered with the judicial process and has caused great harm."[13] The evidence that Adams lists from other parties does not show that ASUS has willfully spoliated its evidence—very little was produced by other parties. In fact, the evidence that Adams obtained from other parties shows just the opposite—other parties also have very little documentary evidence involving ASUS. The fact

---

[8] *Id.* at 34.

[9] Adams' Response to ASUS' Summary Listing of Evidence at 1, docket no. 987, filed under seal, September 22, 2009.

[10] *Id.* at 2.

[11] *Id.* at 3-4.

[12] *Id.* at 12-13.

[13] Adams' Memorandum in Support of Its Motion for Terminating Sanctions Against ASUS Based upon ASUS' Spoliation of Evidence of Its Piracy at 5, docket no. 493, filed April 17, 2008.

3

that evidence is not present does not mean it was spoliated. The documents produced by other parties do not show that ASUS destroyed documents.

However, ASUS has failed to produce its original source code. ASUS, in an attempt to remedy this problem, retained an independent consultant to disassemble the executable files and reassemble the source code.[14] ASUS again reveals its lack of an information retention policy. Engineers would maintain data on their own, and had no specific requirements on data retention.[15] Another ASUS witness testified that "when an individual left the company, the hard drive should be left with the company. But there was no SOP or standard SOP."[16]

Adams believes the original source code would be the "smoking gun" that would show ASUS's piracy.[17] Adams asserts that ASUS destroyed the source code because "the developer Sam Yang included various comments in the source code evidencing that he was pirating the technology from Adams' patents and trade secrets."[18] Adams is correct that the recompiled source code will not have any comments that were made by the developer, but whether the comments may have shown ASUS's piracy is speculation.

ASUS asserts that Adams has previously claimed to be able to prove its case without source code, and therefore, a reassembled version of the source code eliminates any prejudice to Adams.[19] ASUS's argument ignores the value of the missing comments and ASUS's admission that it made "minor modifications [to the reassembled code] in order to . . . produce an

---

[14] ASUSTeK's and ACI's Summary Listing and Copy of Evidence Produced to Adams at 4, docket no. 955, filed under seal, September 8, 2009.

[15] *Id.* at 6-7.

[16] *Id.* at 7.

[17] Adams' Response to ASUSTeK's Supplementation to Its Summary Listing of Evidence [Dkt. No. 1358] at 2, docket no. 1369, filed July 6, 2010.

[18] *Id.* at 4.

[19] ASUSTeK's Reply to Adams' Response to Summary Listing of Evidence at xvi – xvii, docket no. 1034, filed under seal, September 30, 2009.

executable file."[20] ASUS should have the original source code. In 2000, ASUS filed patent applications in Taiwan and China.[21] Both patent applications were granted.[22] In 2001, ASUS filed patent applications in Japan and the United States.[23] These patent applications were initially rejected and eventually abandoned by ASUS.[24] Adams points out that the final patent application was abandoned in 2005.[25] For roughly five years ASUS attempted to obtain a patent of its source code.

The fact that ASUS no longer has the original source code and the reasons it would be expected to have it will be in evidence. Adams can argue to the jury that ASUS should have the original source code to a program that it both patented and attempted to patent for many years. The jury will consider these facts and draw their inferences.

Adams argues that this court should "enter judgment against ASUS for patent infringement . . . and schedule a trial for damages."[26] But entry of judgment is a severe and extreme remedy to be used only when there is clear proof that evidence central to the case has been spoliated. ASUS's data retention policies, as stated many times, were clearly inadequate. However, under the backdrop of the minimal evidence Adams has obtained from other parties, it is not clear that ASUS spoliated evidence.

---

[20] ASUSTeK's and ACI's Summary Listing and Copy of Evidence Produced to Adams at 4, docket no. 955, filed under seal, September 8, 2009.

[21] ASUSTeK's Reply to Adams' Response to Summary Listing of Evidence at viii, docket no. 1034.

[22] *Id.*

[23] *Id.*

[24] *Id.* at ix.

[25] Adams' Response to ASUSTeK's Supplementation to Its Summary Listing of Evidence [Dkt. No. 1358] at 3, docket no. 1369, filed July 6, 2010.

[26] Adams' Memorandum in Support of Its Motion for Terminating Sanctions Against ASUS Based upon ASUS' Spoliation of Evidence of Its Piracy at 9, docket no. 493, filed April 17, 2008.

ASUS has presented multiple defenses it anticipates using at trial.[27] Some of these defenses may have merit, and ASUS should be allowed to put on its case.

Further, ASUS believes the recent deposition of Thi La, a former HP employee, strongly supports ASUS's arguments. ASUS claims that it did not receive a pirated copy of Adams's programs from HP. Thi La testified in her deposition that she had never sent a program given to her by Dr. Adams to anyone outside of HP; she never told anyone at HP to send Dr. Adams's program to anyone outside of HP; and that to her knowledge, she is unaware of anyone at HP ever sending any of Adams's programs to anyone outside of HP.[28]

The jury will consider these facts and draw their inferences.

**ORDER**

IT IS HEREBY ORDERED that Adams's motion[29] for terminating sanctions against ASUS is DENIED.

Dated July 21, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[27] ASUSTeK's Reply to Adams' Response to Summary Listing of Evidence at xiv – xxv, docket no. 1034, filed under seal, September 30, 2009.

[28] Deposition of Thi La at 33:3-19, attached As Exhibit A to ASUSTeK's Supplementation to Its Summary Listing of Evidence, docket no. 1358, filed under seal, June 24, 2010.

[29] Adams' Motion for Terminating Sanctions Against ASUS Based upon ASUS' Spoliation of Evidence of Its Piracy, docket no. 492, filed April 17, 2008.