IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON COMPLETION OF *IN CAMERA* INSPECTION OF PLAINTIFF'S PRIVILEGE LOG<br><br>Case No. 1:05-CV-64 TS |

Pursuant to the Court's unsealed Memorandum Decision and Order on *In Camera* Inspection of Plaintiff's Privilege Log, Plaintiff submitted a Second Amended Privilege Log and submitted the remaining two-thirds of the documents on that Second Amended Log for *in camera* review. That Order also required Plaintiff to provide certain materials to Winbond, such as underlying factual information that was found to not be privileged.

Plaintiff represents that it has complied with all requirements of the prior Order. Winbond raises no objection to Plaintiff's compliance except as to the sufficiency of the Second Amended Privilege Log. Winbond continues to argue that Plaintiff has not

1

provided a description for any of the documents in its Second Amended Privilege Log sufficient to support its privilege or immunity claims.

The Court has reviewed the Second Amended Privilege Log and the underlying documents, and addresses Winbond's objections as follows.

Winbond first argues that Plaintiff has added an untimely designation of work product immunity to five documents[1] that were previously designated attorney-client privilege. Winbond objects that the additional designation is not timely, that there is no showing that the documents are work product, and that there is insufficient information to determine if the documents involve "opinion" work product or "fact" work product.

The Court finds that it need not address the timeliness issue because it finds that the five documents were timely claimed as attorney-client privilege and are, in fact, privileged because they are direct communications to facilitate opinions and advice.

In addition, some of the five, such as No. 2, are work product prepared by the client at counsel's request in anticipation of litigation. Winbond's major concern appears to be that the communications involve factual work product in the form of undisclosed test results. Pursuant to the previous Order, Plaintiff has produced for Defendants' inspection the spreadsheets in which form it kept its test results as well as the computers which it purchased because they were allegedly defective. The *in camera* review shows that the documents are as described in the Second Amended Privilege Log.

---

[1] Document Nos. 1, 2, 6, 9, and 171.

Winbond argues that Nos. 24, 100, and 101 contain matters that are not privileged because they reference technical or scheduling matters and the entries do not show how those technical and scheduling matters relate to seeking legal advice. The Court finds the entries sufficient and further finds that the communications were for the general purpose of obtaining legal advice.

Winbond next argues more generally that the Second Amended Privilege Log is insufficient to allow the opposing party to determine whether the communications involved requests for legal assistance, particularly as some of the parties involved in the communications were lawyers who also assisted Plaintiff in his business affairs.

The Court finds the entries to be sufficient. It is therefore

ORDERED that the *in camera* review of Plaintiff privilege logs is complete, and the Court finds that the remaining items are privileged and/or work product.

DATED   July 27, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge