IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MSI'S MOTION TO DISMISS OR STAY<br><br><br>Case No. 1:05-CV-64 TS |

Defendant MSI moves to dismiss or stay Plaintiff's claims against it based on patent exhaustion citing *Quanta Comp. Inc. v. LG Elect., Inc.*[1] MSI argues that the alleged facts of this case are remarkably similar to those of *Quanta*. In *Quanta*, the Supreme Court applied the "longstanding doctrine of patent exhaustion" as follows:

> The authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article. Here, LGE licensed Intel to practice any of its patents and to sell products practicing those patents. Intel's microprocessors and chipsets substantially embodied the

---

[1]128 S.Ct. 2109 (2008).

1

> LGE Patents because they had no reasonable noninfringing use and included all the inventive aspects of the patented methods. Nothing in the License Agreement limited Intel's ability to sell its products practicing the LGE Patents. Intel's authorized sale to Quanta thus took its products outside the scope of the patent monopoly, and as a result, LGE can no longer assert its patent rights against Quanta. The authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article.[2]

MSI argues that the allegedly infringing Winbond and ITE chips substantially embody the patents in suit and, therefore, the doctrine of patent exhaustion applies to bar claims against MSI based on its use of such chips in the motherboards it produces and sells. Recognizing that neither Winbond nor ITE possessed a license to use Plaintiff's patents, MSI relies on an unpublished case, *Broadcom v. Qualcomm*,[3] which applied the doctrine of implied license to the situation where the patentee had been fully compensated for the infringer's wrongful conduct. MSI argues that any future damages against Winbond and ITE will fully compensate Plaintiff for any infringement. MSI also argues that any recovery by Plaintiff against Winbond and ITE would render Plaintiff's claims against MSI moot and, therefore, requests that if the Court does not dismiss the case for patent exhaustion, that the case to be stayed as to MSI.

Plaintiff points out that the time for filing motions under Fed. R. Civ. P. 12 expired prior to filing the present Motion and argues that it would also be untimely under Rule 12(c) because of the then-scheduled trial date. Plaintiff argues that the *Quanta* decision and the doctrine of patent exhaustion have no application to this case because (1) Plaintiff has not

---

[2]*Id*. at 2122.

[3]Case No. 8:05-CV00467-JVS-RNB, Order Re Motion for Contempt, slip op. at 3 (C.D. Cal. Aug. 28, 2008).

authorized anyone to sell chips to MSI and (2) has not received any compensation for the alleged infringement by MSI, Winbond, or ITE. Plaintiff argues that there is no support for the proposition that the possibility of future damages from another party can exhaust patent rights or support a stay. Plaintiff also points out that it has claims against MSI in addition to those based on MSI's sale of products containing the Winbond and ITE chips.

The Court finds that the doctrine of patent exhaustion has no application to MSI where it has failed to show that the chips it used were licensed or that Plaintiff has already been compensated for any alleged infringement and, therefore, there is an implied license. The Court further finds that MSI has not shown that the case should be stayed against it. It is therefore

ORDERED that MSI's Motion to Dismiss Adams' Complaint Against MSI, or in the Alternative, to Stay Case Against MSI (Docket No. 898) is DENIED.

DATED August 4th, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge