IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ASUSTEK COMPUTER, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO VACATE CONSENT JUDGMENT AND GRANTING IN PART DEFENDANTS' MOTION IN LIMINE<br><br>Case No. 1:05-CV-64 TS |

I. Introduction

Defendants Winbond, ASUS, and MSI move to vacate three paragraphs of the May 20, 2010 Consent Judgment between Plaintiff and Sony (Sony Consent Judgment). The same Defendants also move to exclude the Sony Consent Judgment. The Court denies the Motion to Vacate but grants, in part, the Motion in Limine to exclude it as evidence at trial.

II. Sony Consent Judgment

The Sony Consent Judgment embodies the settlement between Plaintiff and Sony as follows:

1

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Plaintiff Phillip M. Adams & Associates, L.L.C. ("Adams") owns and has standing to sue for infringement of United States Patent Nos. 5,379,414, 5,983,002, 6,401,222, 6,195,767 and 6,687,858 (the "Adams patents").

3. Each of the Adams patents is valid and enforceable.

4. The manufacture, use, sale, offer for sale, and importation of all Sony Electronics computers that <u>include a device having an FDC manufactured by Winbond or ITE, constitutes an infringement of each of the Adams patents and Sony has admitted that such acts constitute infringement</u>.

5. All claims and counterclaims brought in this action by Adams and Sony against each other are dismissed with prejudice and Adams and Sony hereby release each other, their officers and attorneys with respect to any claims that were or could have been brought in this action.

6. Sony and Adams shall each bear their own costs and attorneys' fees.

7. No claim is released, dismissed or otherwise disposed of with respect to the remaining defendants, ASUS, Winbond, MSI and ITE, <u>and all such claims are expressly reserved and remain for trial</u>.

8. The Court reserves jurisdiction to enforce each of the terms of this Consent Judgment Order.[1]

### III. Motion to Vacate

Defendants seek to vacate paragraphs two through four of the Sony Consent Judgment. They argue that the paragraphs must be vacated because they could directly and adversely affect their rights as non-settling and non-consenting Defendants. In support, Defendants cite several cases involving consent decrees, such as *Local No. 93,*

---

[1] Docket No. 1297 (emphasis added).

*Intern. Ass'n of Firemen v. City of Cleveland*,[2] *Johnson v. Lodge #93 of Fraternal Order of Police*,[3] and *United States v. City of Miami, Fla*.[4] Defendants argue that because the Sony Consent Judgment affects their rights, they were entitled to adequate opportunity to be heard before its entry. They also argue against its use as evidence at trial, a matter discussed below.

Plaintiff argues that the cases relied on by Defendants are not relevant as the Sony Consent Judgment does not have the preclusive effect they argue. Plaintiff also argues that the general rule in patent cases is that settlements are admissible under the "secondary considerations" doctrine, an argument the Court will address in connection with the Motion in Limine.

The Court finds that the cases relied on by Defendants are inapposite for two reasons. First, they involve consent decrees. Second, because the Sony Consent Judgment, unlike some of the cases cited, does not adversely affect the rights of the remaining Defendants.

---

[2] 478 U.S. 501 (1986) (Title VII class action race discrimination case holding that while the intervenor Union "was entitled to present evidence and have its objections heard at hearings to approve a consent decree, it [did] not have the power to block the decree merely by withholding its consent").

[3] 393 F.3d 1096 (10th Cir. 2004) (holding that consent decree did not adversely affect legal rights of police union, a nonconsenting intervenor).

[4] 664 F.2d 435 (5th Cir. 1981) (holding that consent decree settling employment discrimination suit was not valid insofar as it may alter the contractual rights of nonconsenting collective bargaining agent and its members without a determination of the merits of their objection). Defendants also rely on *United States v. State of Colo*., 937 F.2d 505, 509-10 (10th Cir. 1991), which is inapposite as it involves notice and hearing requirements for subsequent modification of consent decree.

As the United States Supreme Court explained in *Local No. 93,* a consent decree has a hybrid nature that requires special considerations.[5] Those considerations are not present in the instant cases which involves a stipulated judgment between Plaintiff and only one of the Defendants.

The Sony Consent Judgment does not purport to determine Plaintiff's claims against any other party. As it specifically states regarding ASUS, Winbond, MSI and ITE, "all such claims are expressly reserved and remain for trial."[6] Accordingly, Defendants have not shown a basis for vacating the Sony Consent Judgment.

## IV. Motion in Limine

Defendants seek to exclude the Sony Consent Judgment at trial as hearsay, prejudicial, irrelevant and confusing to the jury.

Plaintiff argues that it is Defendants who have put the Sony Consent Judgment at issue in the present case because Defendants' experts' reports go into a great deal of detail about the terms of the prior settlements in an attempt to show that they do not establish a royalty rate for the Adams patents.

Plaintiff argues that it is "well settled" that previous licenses, settlements and consent judgment are admissible to show secondary considerations, relying on *Sanson Hosiery Mills v. Warren Knitting Mills.*[7] Plaintiff reads *Sanson Hosiery Mills* too broadly. In that case the evidence of "the *number of* infringement suits instituted, *the number* of

---

[5] 478 U.S. at 518-525.

[6] Docket No. 1297, at 2.

[7] 202 F.2d 395, 397 (3d Cir. 1953).

consent decrees entered and licences granted" was admitted to show the patent in suit should be liberally construed because it made a mark on the trade and advanced the art.[8] *Iron Grip Barbell v. USA Sports*,[9] also relied upon by Plaintiff for his secondary consideration argument, found that licences resulting from settlement of litigation could be evidence of nonobviousness and marketplace success if a nexus is shown between the invention and the subject licences.[10]

It may well be that the fact of the Sony Consent Judgment is admissible if Plaintiff seeks to show such secondary considerations. Further, Plaintiff is correct that Defendants' experts' reports challenge Plaintiff's licence-based damages calculation of damages by examining the value assigned to licences in prior settlements in great detail.[11] If such arguments are raised by Defendants at trial, Plaintiff is entitled to explore why the Sony settlement and licence supports its theory of damages.[12]

However, the cases cited by Plaintiff do not address the issue raised by the present Motion in Limine—whether the specific admissions therein are hearsay as to the non-settling defendants. The Court finds that Defendants are correct that paragraph 4 of the

---

[8] *Sanson Hoisery Mills,* 202 F.2d at 397 (emphasis added).

[9] 392 F.3d 1317 (Fed. Cir. 2005).

[10] *Id.* at 1324.

[11] Docket No. 1376, Exs. A-C.

[12] Plaintiff cites *ResQNet.com v. Lansa*, 594 F.3d 860, 872 (Fed. Cir. 2010) in support of its position but also correctly states that *ResQNet* does not stand for the proposition that such licences are always admissible and does not foreclose the possibility that Plaintiff will oppose the admission of previous settlements. Docket No. 1380 at 3 n.5.

Sony consent decree would be confusing to the jury and prejudicial to Defendants. The Court finds that any mention of the paragraph 4 agreement between Plaintiff and Sony that "all Sony Electronics computers that include a device having an FDC manufactured by Winbond or ITE, constitutes an infringement of each of the Adams patents and Sony has admitted that such acts constitute infringement" would be confusing to the jury and prejudicial. Therefore, all evidence of that portion of the agreement shall be excluded at trial.

However, the Court is not ruling that the more general fact of Sony's concession of its own infringement (without any mention of any other Defendant) is necessarily excluded. Any determination of possible confusion to the jury by admission of Sony's agreements that it infringed and that the patents are valid depends on the context of the trial testimony, including the purpose for which the information would be offered. Therefore, counsel shall raise the issue outside of the hearing of the jury prior to eliciting such information, including making any argument that the testimony of a defense expert has "opened the door" on the subject.

V. Conclusion and Order

In conclusion, the Court notes that Defendants attached to their Motion to Vacate partially redacted copies of Plaintiff's settlement offers to each of the moving Defendants even though the offers are all clearly marked as settlement offers under Fed. R. Evid. 408. Defendants argue that they did so only to show that Plaintiff intends to introduce the Sony Consent Judgment at trial and not for any purpose prohibited by Fed. R. Evid. 408.[13]

---

[13] Docket No. 1360, Exs. 1-3.

However, only five of the seven unredacted paragraphs are relevant to that fact—a fact that could have as effectively been conveyed by the simple statement of the same. Instead, Defendants chose to also include two other paragraphs which are unrelated to the Sony Consent Judgment and which should not have been disclosed.[14] This is an example of the unfortunate personalization by counsel that has manifested itself on all sides of this case. The Court is confident that all counsel will avoid such personalization hereafter. Based on the foregoing, it is

    ORDERED that Defendants' Motion to Vacate Portions of the Consent Judgment (Docket No. 1350) is DENIED. It is further

    ORDERED that Defendants' Motion in LImine to Evidence of the Consent Judgment at Trial (Docket No. 1352) is GRANTED IN PART as set forth above.

    DATED August 4th, 2010.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge

---

[14] The document is sealed and, therefore, does not appear on the public docket.