IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESS HUANG<br><br><br><br>Case No. 1:05-CV-64 TS |

Plaintiff moves to exclude MSI's witness Yung-Ching Huang as a live witness at trial on the ground that she was not disclosed in MSI's Initial or Amended Initial Disclosures.

MSI does not dispute that it did not disclose Ms. Huang in its Initial disclosures or in a supplement to those disclosures but argues that its designation was timely under Fed. R. Civ. P. 26(a)(3).

The Court finds that MSI did not timely disclose Ms. Huang under Fed. R. Civ. P. 26(a)(1) or by timely supplement under 26(e). MSI's argument that its designation was timely under Fed. R. Civ. P. 26(a)(3), confuses the purposes the different subsections of

1

Rule 26 and the parties' obligations under those subsections as explained in the recent case, *Quesenberry v. Volvo Group North America, Inc.*:[1]

> This argument confuses two separate requirements under Rule 26. The witness list, indeed, was submitted to the defendants on the date set by the court for pretrial disclosures, in accord with Rule 26(a)(3). However, the plaintiffs still had an obligation to disclose these individuals as persons likely to have discoverable information under Rule 26(a)(1). Performance of one of these rules cannot be substituted for the other because they serve different purposes. The objective of Rule 26(a)(3) is to list, after all the information has been gathered and discovery is closed, the witnesses who will be called by a party at trial and allow the opposing party to properly prepare to examine those witness. The aim of Rule 26(a)(1), on the other hand, is to identify at the outset those persons that may have any information relevant to the case *in order to allow for a complete investigation by all parties, thus allowing parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery*. . . . Although failure to disclose in a timely manner may be excused in some situations, . . . , it is nonetheless a failure. [Plaintiffs] had a duty under Rule 26(a)(1) and (e)(1) to make and supplement initial disclosures in a timely manner, and twenty-eight days before trial, four months after the close of fact discovery, is not timely.[2]

As in *Quesenberry*, MSI's Rule 26(a)(3) disclosure is not a substitute for a timely Rule 26(a)(1) disclosure or supplement because it comes well after the close of fact discovery and shortly before trial.

MSI argues that Fed. R. Civ. P. 37(b)'s provision for exclusion when a party fails to comply with Rule 26(a) or (e) is not automatic. It argues that it shows grounds why Ms. Huang should not be excluded.

MSI is correct that, under some circumstances, the failure to comply can be excused. Fed. R. Civ. P. 37 provides that even if a party is in violation of Rule 26(a), it may

---

[1] 267 F.R.D. 475 (W.D. Va. 2010).

[2] *Id.* at 479-80.

2

not use such a witness at trial "unless the failure was substantially justified or is harmless."[3]

MSI argues that any failure was substantially justified or harmless because it is merely seeking to substitute Ms. Huang as its corporate witness at trial as a replacement for the corporate witness, Ms. Chuang, who was deposed under Fed. R. Civ. P. 30(b)(6) on May 8, 2009, in Taipei, Taiwan. In support of its position, MSI argues that the trial has been twice postponed since the deposition and that, as a result, Ms. Chuang will not come to trial because (1) she is very busy professionally and (2) she has family obligations that makes it inconvenient for her to travel to Utah for the trial in September.

It also argues that the Plaintiff did not list Ms. Chung as a "will call" witness and did not object to MSI's use of declarations by Ms. Huang in connection with a summary judgment motion. MSI proffers that Ms. Huang will be bound by the deposition of MSI's prior corporate representative, Ms. Chung and, therefore, there is no prejudice to Plaintiff.

MSI's failure to timely disclose Ms. Huang under Rule 26(a)(1) or (e) is not justified by the two trial continuances. Defendants, including MSI, requested that the five-week trial be moved to begin in mid-August, which necessarily meant the trial would continue through September.[4] Thus, any conflict with its own corporate representative's availability should have been considered before MSI jointly moved to continue the trial to its current date.

Neither is MSI's failure to disclose Ms. Huang harmless. MSI appears to argue that because it has cooperated fully in discovery and is a minor defendant in this case it should be allowed to substitute witnesses at the last minute. However, its position that it

---

[3] Fed. R. Civ. P. 37(c)(1).

[4] Docket No. 1211 at 2. MSI also joined in the earlier Motion to Continue Trial, see Docket No. 913 at 2.

3

cooperated fully in discovery ignores the history of the Order to Show Cause issued against MSI by the Magistrate Judge in connection with MSI's firing of its counsel on the eve of scheduled depositions in Taiwan and MSI's eventual but "belated" compliance speak for themselves.[5] Despite the difficulties connected with the Taiwan depositions as set forth in the Order to Show Cause proceedings, Plaintiff and the other Defendants traveled to Taiwan and took depositions. MSI failed to disclose the existence of Ms. Huang in time for her to be deposed on the Taiwan trip. MSI also failed to disclose her before the end of fact discovery so that other arrangements could be made. Because the parties are now fully engaged in final trial preparation, it would be highly prejudicial to Plaintiff to allow her to testify at this late date.

MSI also argues that Plaintiff will not be prejudiced because Ms. Huang will be bound by Ms. Chuang's deposition testimony citing *Diamond Triumph Auto Glass, Inc. v. Satellite Glass Corp*,[6] and, therefore, there is no prejudice to Plaintiff. However, *Diamond Glass*, does not support MSI's argument, as it does not involve either an untimely identified witness or any discussion of binding a later-substituted corporate designee to the deposition testimony of an earlier representative. Instead, it held that while a corporation at trial "may not present a theory of facts that differs from that articulated by the designated representative," testimony on the issue of damages would not be limited because the

---

[5] *See* Docket Nos. 763 (Order that MSI Show Cause); 776 (MSI's Response to Order to Show Cause); 778 (minute entry); and 780 (Notice from Court finding that "the history of the transition of counsel shows MSI's lack of attention to its duties to the court but it appears that MSI's belated remedial actions have prevented serious interference with the court's process.").

[6] 441 F.Supp.2d 695 (M.D. Pa 2006).

corporate designee was unable to answer questions on damages.[7]

If, as MSI implies, there will be no difference between the testimony of the two witnesses, MSI may introduce the testimony through Ms. Chuang's deposition without the need for a live witness. If there is any difference, Plaintiff would be highly prejudiced.

Finally, MSI argues that Plaintiff did not object to MSI's use of Ms. Huang's declarations in its Motion for summary judgment or ask for her deposition. However, as Plaintiff pointed out in the present Motion, the use of Ms. Huang's declarations in a summary judgment motion in late 2009 was after the June 12, 2009 fact discovery deadline and the deposition trip to Taiwan had both passed.

Excluding Ms. Huang from testifying, however, does not mean that she is precluded from attending trial as the corporate representative. It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude MSI Witness Yung-Ching Huang (Docket No. 1440) is GRANTED.

DATED August 16th, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Id*. at 722 n. 17 (quotation omitted).