IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE WITNESS TSAI<br><br><br><br>Case No. 1:05-CV-64 TS |

Plaintiff moves to exclude Winbond's witness H.J. Tsai, on the ground that he was not disclosed by Winbond until the last day of fact discovery. Winbond objects because Plaintiff listed Mr. Tsai on its own Initial Pretrial Disclosures and Plaintiff first requested and later withdrew its request to depose Mr. Tsai.

An understanding of the difficulty and expense involved in setting the deposition schedule for overseas witnesses in this case is necessary to understand the current motion. Discovery disputes in this case stretched over many years to the point that the Court is still considering discovery issues *in camera* on the eve of trial. Due to the

1

numerous discovery disputes and the logistics of discovery involving overseas witnesses, the fact discovery deadline was extended several times. Eventually, the parties agreed to conduct depositions for overseas witnesses in Taiwan from April 27 through May 12, 2009. These depositions were critical as many of the allegations in this action involve witnesses located overseas. Issues involved in the overseas depositions involved substantial time and effort by counsel and expense to the parties. Similarly, the actual depositions were expensive and time consuming because, among other things, they involved overseas travel for two weeks.

Mr. Tsai is a Winbond employee who works in Taiwan. Winbond did not list him in its Initial Disclosures, except insofar as it listed generically "all other individuals disclosed [under Rule 26(a)(1)] by Plaintiff, Defendants, and Third party Defendants in this case."[1] Approximately six months later, Plaintiff's Initial Disclosures, listed Mr. Tsai in its Initial Pretrial Disclosures.[2] Plaintiff first noticed Mr. Tsai for a deposition, but later decided not to depose him. However, after the actual deposition dates in Taiwan were set, Plaintiff reconsidered its decision not to depose him and sought to add him to the list of persons to be deposed. Winbond objected to Plaintiff's request to depose Mr. Tsai on the basis of the limited time available in Taiwan and because it had not arranged for him to be present. Based on the fact of Mr. Tsai not being specifically listed on Winbond's Initial Disclosures, Plaintiff acquiesced in Winbond's refusal to add him to the agreed list of depositions in Taiwan.

---

[1] Pl.s' Ex. 1 at 2 (Winbond's November 7, 2007 Initial Disclosures).

[2] Winbond's Ex. 1 at 4 (Plaintiff's May 30, 2008 Supplemental Rule 26(a)(1) Disclosures).

A month *after* the Taiwan depositions, and on what was then the last day of fact discovery, June 12, 2009,[3] Winbond suddenly served Supplemental Rule 26(a) disclosures that, for the first time, included Mr. Tsai. Subsequently, the fact discovery deadline was moved.[4] Winbond then listed Mr. Tsai as a witness for trial in its June 12, 2010, Rule 26(a)(3) Pre-Trial Disclosures.

Plaintiff argues that it was "sandbagged" into not taking Mr. Tsai's deposition and that Winbond should not be allowed to use its last-minute supplemental disclosures to add a witness it had previously failed to disclose. Winbond argues it did timely disclose Mr. Tsai. It also argues that it would be greatly prejudiced by the exclusion because Mr. Tsai is one of only two witnesses it intends to call and, as an English speaker, its most effective choice.

The Court finds that while Winbond did technically disclose Mr. Tsai, it did so in a manner calculated to prevent Plaintiff from taking his deposition in Taiwan. As counsel know, the time for trial is not extendable. Winbond now acknowledges that Mr. Tsai is one of its most important witnesses. Yet it opposed Plaintiff's efforts to take his deposition when all counsel were available at great expense to do so in Taiwan. Winbond did not clearly and specifically identify him in its own disclosures until after the Taiwan depositions.

---

[3]Docket No. 748 (April 13, 2009 setting June 12, 2009 fact discovery deadline).

[4]*See* Docket Nos. 809 (June 12, 2009 motion to extend fact discovery deadline to June 30, 2009 based on parties informal agreement); 812 (June 15, 2009 order modifying scheduling order only as to expert reports and expert discovery deadlines); 843 (July 10, 2009 order setting July 28, 2009 fact discovery deadline); and 895 (August 11, 2009 Order extending fact discovery deadline of Plaintiff's claims to August 25, 2009).

The facts as they appeared to Plaintiff at the time it agreed not to dispute Winbond's opposition to taking his deposition were that Mr. Tsai was not listed specifically in Winbond's pretrial disclosures, thus lulling Plaintiff into an expectation that a person not specifically listed in Winbond's own disclosures would not likely play a major role in Winbond's case in chief. The fact that Mr. Tsai was clearly identified later was not helpful because the Taiwan deposition trip, which had been extremely difficult and time consuming to arrange, was already over.

On the facts of this case, the Court will deny the Motion to exclude Mr. Tsai's testimony, but will do so on the condition that Winbond make him available for deposition in advance of his trial testimony. Otherwise, the Court finds that it is likely that his testimony and related issues will delay timely completion of trial, which is very tightly scheduled, because Plaintiff will be basically conducting its discovery in front of the jury. In addition, the Court does not intend to have the jury wait while any evidentiary issues arising from his testimony are argued when any such matters can be identified in his deposition and appropriately raised in advance of his testimony.

Mr. Tsai's deposition may be after the commencement of trial, as it appears that Mr. Tsai will not be called until Winbond's case in chief. The Court has previously provided counsel with the calendar days when trial will be in recess. The Court is confident that the parties will work together to agree to a convenient time and place for the deposition. It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Winbond Witness Tsai (Docket No. 1441) is DENIED upon the condition that Winbond make Mr. Tsai available for deposition as set forth above.

DATED August 16, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge