IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 1 TO PRECLUDE DISCUSSIONS OF THE AMOUNT OF THE CLASS ACTION SETTLEMENT WITH TOSHIBA<br><br>Case No. 1:05-CV-64 TS |

Defendants move to exclude evidence of the $2.1 billion settlement in the Toshiba class action on the grounds of juror confusion and unfair prejudice under Fed. R. Evid. 401, 402, and 403. Defendants argue as follows: that this Court has already held the *Toshiba* case not to be relevant; that it involved a different cause of action (product liability) than the patent and trade secret claims in the present case; and involved different parties and different products than the present case.

1

Plaintiff argues that the amount of the *Toshiba* class action settlement is relevant as follows: to show an accurate and complete picture of the marketplace as shown by Defendants' own internal communications referencing the settlement; to explain why other companies were motivated to pay the amounts they paid for licenses to use Plaintiff's patents; to show secondary considerations rebutting Defendants' claims of invalidity; and to show Defendants' motivation to infringe.

The Court finds that the fact of the amount of the *Toshiba* settlement is a background fact that has played an integral part of this case. It is true, as Defendants argue, that the *Toshiba* case differs from this case in many ways. However, it is also true that in their internal documents Defendants ASUS and Winbond labeled their internal discussions regarding the alleged defects at issue in this case with variations on the "Toshiba FDC" label.

The Court did not, as Defendants argue, determine that the *Toshiba* case is not relevant to the present case. In its prior orders, the Court found that Winbond had not established the relevance of the *Toshiba* case *for purposes of producing a privilege log* based on Dr. Adams' involvement as an expert in that case.[1] But the Court further found that subsequent matters rendered that relevancy issue moot because the non-privileged *Toshiba* documents had been turned over and a privilege log prepared as to the *Toshiba* case documents withheld.[2] In its subsequent order on *in camera* review of Plaintiff's privilege log including the *Toshiba* documents, the Court also found that while the Qui Tam

---

[1] The Court had previously affirmed the Magistrate Judge's finding that Dr. Adams was not required to file an expert report. Docket No. 1354.

[2] Docket No. 1316 at 5-6.

action documents were not generally relevant to the present case, "some may have some relevance."[3] The Court held: "Because the testing using the detector in the Qui Tam cases may be marginally relevant to Dr. Adams' testimony in the present case or to the issue of damages, such information is discoverable under Rule 26(b)(1)."[4] Accordingly, the Court ordered certain information produced because, among other reasons, Winbond argued it needed the information to prepare its cross-examination of Dr. Adams and Plaintiff's damages expert.[5]

The Court finds that evidence of the amount of the Toshiba settlement is relevant within the meaning of Fed. R. Evid. 401 because it has a "tendency to make the existence of any fact that is of consequence," including a motivation for the alleged infringement by so many companies, "more probable than it would be without the evidence."[6] The Court finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. The *Toshiba* lawsuit was a major event in the industry and, as discussed above, Defendants themselves refer to it in their internal documents in the period. Plaintiff's consistent theory of the case has been that the stunning *Toshiba* settlement influenced Defendants' actions. Defendants are able to point out to the jury how the *Toshiba* case differs from this case, including the nature of the alleged defects, the causes of action, etc.

---

[3] Docket No. 1429 at 13.

[4] *Id.*

[5] *Id.* at 14.

[6] Fed. R. Evid. 401.

Defendants argue that they are willing to stipulate that during the time period, "computer manufacturers were very concerned with ensuring proper operation of floppy disk controllers to avoid large product-liability judgments."[7] However, it is not unfair to present to the jury the fact of just how "large" a product-liability judgment had recently hit the industry—among other things it explains why Defendants' labeled their own communications as they did.

While the Court finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, the Court will consider a limiting instruction that the jury is not to consider the *Toshiba* settlement as evidence of liability of any Defendant in this case.

The extent to which Defendants seek to exclude Plaintiff's damages expert's testimony based on the *Toshiba* settlement is the subject of another motion,[8] and the Court is not ruling herein on that issue. It is therefore

ORDERED that Defendant's Motion in Limine No. 1 (Docket No. 1444) is DENIED.

DATED August 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] Mem. in Supp. at 2 n.5.

[8] Docket No. 1396.