IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 8 TO PRECLUDE REFERENCE TO DEFENDANTS AS A GROUP<br><br>Case No. 1:05-CV-64 TS |

Defendants move to preclude Plaintiff from referring to Defendants as a group without specifying which Defendant is referenced. Defendants argue that the statute of limitations, notice dates, and damages are different for each Defendant and Plaintiff should be required to specify which Defendant by name is involved with each piece of evidence in order to avoid confusing the jury. They also argue that such specificity should be extended to the two ASUS Defendants and the two MSI Defendants, which are separate legal entities. It is not clear from Defendants' Motion if it seeks to have such a limit

1

imposed on Plaintiff's representative, Dr. Adams, or to also limit Plaintiff's counsel from referring to Defendants as a group.

Plaintiff opposes the Motion quoting a prior Order which noted that "distinguishing claims among the parties will not be difficult or confusing for the average juror"; that it is not unusual for some evidence to be offered as to only some parties"; that there is "significant overlap of evidence"; and that limiting instructions are available.[1]  Plaintiff further argues its theory that the parties conspired together and collaborated to infringe its patents. Plaintiff represents that it will present evidence as to each Defendant on each claim and argues that the instructions and verdict form will be clear as to individual liability.

The Court finds that this will be a long and complex trial and precision in identifying parties referenced will be helpful to the jury as well as to the Court. Such precision will also avoid clarifying interruptions from counsel.  It is therefore

ORDERED that Defendants' Motion in Limine No. 8 to Preclude Reference to Defendants as Group (Docket No. 1464) is GRANTED.

DATED August 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] Pl.'s Mem. in Supp. at 1-2 (quoting Order Denying Mot. to Bifurcate at Docket No. 1207).