IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MAGISTRATE JUDGE'S MAY 26, 2010 ORDER<br><br><br>Case No. 1:05-CV-64 TS |

I. INTRODUCTION

Because the Federal Rules of Civil Procedure provide that leave to amend "should be freely given when justice so requires,"[1] leave should be refused "only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[2] The

---

[1] Fed. R. Civ. P. 15(a).

[2] *Duncan v. Manager, Dep't of Safety, City & County of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

1

Magistrate Judge denied Plaintiff's request for leave to amend to add a claim for misappropriation of trade secrets against MSI[3] based on a finding of undue delay and undue prejudice to MSI.[4] Plaintiff objects to that ruling and also to the ruling that its sanctions motion is moot.

The Court overrules Plaintiff's objection to the denial of leave to amend because it agrees that there has been undue delay. However, the Court finds that denial of leave to amend does not moot Plaintiff's related sanctions motion.

## II. BACKGROUND

Plaintiff originally filed its patent infringement claims against MSI on June 26, 2007.[5] In that complaint, Plaintiff brought misappropriation of trade secret claims against former defendants Quanta and National Semiconductor, but not against MSI. In May 2009, Plaintiff took depositions of several Winbond and MSI employees in Taiwan. On June 30, 2009, Plaintiff moved to amend its complaint to add a claim for misappropriation of trade secrets against MSI.[6] In the same motion, it also sought sanctions against MSI for spoliation of evidence.

---

[3]MSI Computer Corporation and Micro-Star International Corporation, Ltd.

[4]Docket No. 1310, Memorandum Decision and Order Denying Adams's Motion for Terminating Sanctions Against MSI, Motion to Amend Complaint, and Other Relief. (hereinafter May 26, 2010 Order).

[5]Case No. 2:07-CV-422 TS, Docket No. 1.

[6]Docket No. 836.

On August 14, 2009, MSI sought to dismiss or, in the alternative, to stay Plaintiff's claims.[7] On September 25, 2009, MSI filed a Motion to Extend Discovery as to the Trade Secret Claims in the event that leave to amend were granted.[8] On October 12, 2009, MSI filed motions to strike the portions of Plaintiff's expert reports referring to Plaintiff's trade secret claims against MSI.[9]

On May 26, 2010, the Magistrate Judge issued his Order denying Plaintiff's request for leave to amend its complaint to add a misappropriation of trade secrets claim against MSI. Leave to amend was denied for two reasons. First, because of Plaintiff's undue delay in attempting to bring the trade secret misappropriation claim. The Magistrate Judge found that the evidence that Plaintiff primarily relies upon for adding a trade secrets claim is evidence that had been its possession for several years, and, during those years, such evidence had been sufficient to assert a trade secret misappropriation claim against MSI."[10] Second, because amendment at such a late date would cause MSI undue prejudice as it had not yet conducted discovery on the trade secret claims.[11] The May 26, 2010 Order also found that Plaintiff's Motion for Terminating Sanctions Against MSI was moot because the "sanctions sought [were] contingent on allowing Adams to amend its complaint."[12]

---

[7]Docket No. 898. This Motion was denied on August 4, 2010. Docket No. 1505.

[8]Docket No. 997.

[9]Docket Nos. 1106 (seeking to strike portions of expert J. Gemini's testimony and bar his related testimony) and 1108 (same for Dr. C. Kraft's testimony).

[10]May 26, 2010 Order, at 8.

[11]*Id*. at 8-9.

[12]*Id*. at 9.

Lastly, the May 26, 2010 Order also found that MSI's Motion to Extend Discovery as to the trade secret claim was moot because Plaintiff would not be allowed to add such a claim.[13]

III. DISCUSSION

A motion to amend to add a new cause of action is a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A).[14] The Court has previously stated the standard for review of Magistrate Judge's non-dispositive pretrial rulings under § 636(b)(1)(A):

> For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Order under a clearly erroneous or contrary to law standard of review. Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.[15]

Plaintiff objects to the denial of leave to amend on the ground that the Magistrate Judge considered the wrong complaint because the May 26, 2010 Order cited the complaint in the present case rather than the complaint in a 2007 case that was subsequently consolidated into this case.[16] Plaintiff also objects on the ground that it was not until the 2009 deposition that it was able to determine the "Winbond utility" was, in fact, Plaintiff's detector that was used by MSI. Plaintiff argues that in the 2009 depositions it learned this fact because Winbond's witnesses denied a "Winbond utility" and MSI's

---

[13]*Id.*

[14]*Franke v. ARUP Laboratories, Inc.*, 2010 WL 3245179, *5 (10th Cir. Aug. 16, 2010) (unpublished slip op. holding appellate court would not review order denying motion to amend under § 636(b)(1)(A) unless plaintiff had timely objected to order).

[15]Docket No. 1346, at 2 (internal citations and quotations omitted).

[16]*See* Memorandum Decision and Order Adopting Special Master's Report and Recommendation (Docket No. 1375), at 3-4 (explaining history of the two subsequently consolidated cases and the status of all of the defendants).

4

employees admitted that MSI had disposed of evidence.[17] Plaintiff also argues that its sanctions motion against MSI is not mooted by the denial of the Motion to Amend.

Winbond argues that the version of the complaint cited by the Magistrate Judge is not relevant. It further argues that Plaintiff's attempted amendment was untimely because the Magistrate Judge correctly found that the 2009 deposition testimony did not add anything to the evidence that Plaintiff already possessed. MSI also argues that amendment would be futile because the use of a program without access or use to its source code is not a basis to establish misappropriation of trade secrets.

Before turning to the merits of the Objection, the Court notes that the parties' Memoranda spend little time on the issue objected to and instead extensively address the parties' dispute over the nature or scope of the patent infringement claims. Because that matter is not before the Court in this Objection, the Court need not address those arguments.

Plaintiff does not explain how the minor detail of the Magistrate Judge's citation of a complaint makes any difference.[18] While the footnoted citation[19] was to the January 4,

---

[17] Pl.'s Mem. at 9.

[18] Contrary to Plaintiff's argument, its June 26, 2007 Complaint against MSI is part of the record. When a case is consolidated, the date of the consolidation is the first date when documents cease to be filed in the higher numbered case and are thereafter filed only in the lowest numbered case. DUCivR 42-1. All documents filed prior to the date of consolidation in the higher numbered case are still fully available under that higher number. See Docket No. 90, at 6 in 2:07-CV-422 TS (ordering "that no further documents be filed in Case No. 2:07-CV-422 TS and that all further documents shall be filed in Case No. 1:05-CV-64 TS") and Docket No. 432, at 6 in 1:05-CV-64 TS (same).

[19] May 26, 2010 Order at 1 n.2.

2007 Second Amended Complaint herein,[20] rather than to the complaint against MSI and others in the 2007 case,[21] the Magistrate Judge cited the language for general contextual background only.[22] The citation refers to paragraphs that are identical in the three complaints attached as Exhibits A, B, and C to Plaintiff's Objection. Because the cited language is identical in the different complaints, the particulars of the citation are immaterial.

Turning to Plaintiff's argument that there was no undue delay in bringing its Motion to Amend because it was not until the 2009 depositions of MSI employees that it had sufficient information, the Court finds no error in the Magistrate Judge's findings. This Court fully agrees that the Gateway Letter and Gateway email, both of which were in Plaintiff's possession for several years before 2009, "provide stronger evidence of a trade secret misappropriation claim than"[23] the statements from the 2009 depositions. As noted by the Magistrate Judge, it was this evidence that had been in Plaintiff's possession for several years before 2009 that Plaintiff primarily relied upon for its trade secrets claim.

Further, it appears to the Court that because Plaintiff has had the evidence it primarily relies upon since the *Gateway* case[24] in 2005, Utah's three-year statute of

---

[20] Docket No. 222.

[21] Docket No. 90 in 2:07-CV-422 TS (copy at Pl.'s Ex. A).

[22] May 26, 2010 Order at 1-2 (reciting background facts).

[23] *Id.* at 8.

[24] *Adams v. Gateway*, 2:02-CV-106 TS.

limitations for a trade secret claim would have expired before Plaintiff's June 30, 2009, Motion to Amend.[25] Therefore, leave to amend would be futile.

However, it appears that Plaintiff's request for sanctions against MSI is not moot because it also relates to Plaintiff's patent infringement claims.[26]

## IV. ORDER

Based on the foregoing, it is therefore

ORDERED that Plaintiff's Objection (Docket No. 1338) to the Magistrate Judge's May 26, 2009 Order is OVERRULED IN PART as to the denial of its Motion to Amend to add a claim against MSI for misappropriation of trade secrets. It is further

ORDERED that Plaintiff's Objection (Docket No. 1338) to the Magistrate Judge's May 26, 2009 Order is sustained only as to the Motion for Sanctions. The Court will enter a separate order on the Motion for Sanctions against MSI.

DATED August 30, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[25] *See* Utah Code Ann. § 13-24-7.

[26] Docket No. 837 (Pl.'s Mem. in Supp. arguing that "the circumstances and extent of MSI's use of the Detector are needed for Adams' Patent infringement claim . . . [and] MSI's knowledge and analysis of Adams' patents also is critical to [its] claim of willful infringement. But . . . all of that evidence has been destroyed.").

7