IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DR. ADAMS TO BE ABLE TO PARTICIPATE AT TRIAL AND TO VIEW AND TESTIFY REGARDING ALL PROPOSED TRIAL EXHIBITS<br><br>Case No. 1:05-CV-64 TS |

Plaintiff seeks to have Dr. Adams be able to participate at trial and view and testify regarding all proposed exhibits offered or admitted at trial. Plaintiff seeks to have Dr. Adams allowed such access on the following grounds: due process; because he has previously been allowed access to some of the material in a related case; because Defendants have over-designated materials as "attorneys' eyes only"; and because, as inventor, Dr. Adams is in the best position to explain his inventions and infringement

1

evidence to the jury. Defendants oppose the Motion by re-visiting allegations made in a prior motion regarding Dr. Adams' violations of the protective orders in this case,[1] including that Dr. Adams has filed new patent matters relating to computer error detection or correction in violation of the protective orders. Defendants also argue that they need to protect unspecified trade secrets from disclosure and that Plaintiff does not need Dr. Adams to testify because Plaintiff has hired experts to testify on infringement and damages. Defendants also make an argument regarding minimizing disruption when closing the courtroom,[2] but have made no such motion to close the courtroom during any part of the trial.

The Court will not set forth the convoluted history of the dispute over the protective orders and Dr. Adams' Confidentiality Undertaking pursuant to those orders. Instead, based on its review of the entire record, the Court finds as follows: Plaintiff is not asking that Dr. Adams have access to all of the restricted-access documents[3] and evidence produced in this case. Instead, Plaintiff is only seeking essentially the same access for Dr. Adams that any other person present in the courtroom will have. The Protective Orders do not, by their terms, appear to address use of material at trial in the present case.[4] Even if they did, the Court is mindful that trials in the courts of the United States are presumptively public. Among the interests served by this time-honored and vital policy is

---

[1] Docket Nos. 122 and 428.

[2] *E.g.* Def.s' Response at 9-10.

[3] Restricted-access means the materials designated "attorneys' eyes only."

[4] The protective orders do address the use of the protected material in the mock trials and with mock jurors. Docket No. 122 at 6.

public confidence in the integrity of the judicial system.

The Court further finds that a minor issue of the date of the undertaking blossomed into a complicated and contentious dispute that Plaintiff attempted to resolve by withdrawing the undertaking. This dispute was recently found to be largely moot.[5] But still of import to this Motion is that Defendants have not shown that Dr. Adams has violated the confidentiality order. Dr. Adams has not had access to the restricted information so any patent continuation activity during this period cannot have been based on Defendants' restricted-access materials. Plaintiff is willing to bind Dr. Adams to "refrain from filing any patent application in this area from the time of disclosure of attorneys-eyes-only information until one year after termination of this lawsuit."[6] Plaintiff has already been required to "provide counsel for Defendants with a copy of all correspondence with the patent office regarding Dr. Adams' pending applications . . . [to] alleviate Defendants' fears that Adams will use Defendants' confidential information for its own benefit."[7] Finally, as noted above, there has not been a request by Defendants to close the courtroom to the general public during any specific part of trial.

On the facts of this case, the Court finds that Dr. Adams, as Plaintiff's representative, should have the same access to the exhibits and testimony as any other person in the public courtroom. Defendants have not made a showing that Dr. Adams' access to any specific document or item will result in specific and undue prejudice to its

---

[5] Docket No. 1415.

[6] Pl.'s Reply Br. at 8.

[7] Docket No. 1414 at 5.

interest such as a specific and identifiable trade secret. Subject to the procedure outlined below, the Court will grant Plaintiff's Motion. It is therefore

ORDERED that Plaintiff's Motion for Dr. Adams to be Able to Participate at Trial and to View and Testify Regarding All Proposed Trial Exhibits (Docket No. 1434) is GRANTED subject to the provision set forth below. It is further

ORDERED that if a Defendant seeks to exclude Dr. Adams from access during the trial to a specific exhibit or a specific portion of testimony, that Defendant shall serve a notice on Plaintiff two full work days before it anticipates offering the exhibit/testimony. Said notice shall explain the specific prejudice that the specific Defendant alleges will result from disclosure of that specific exhibit/testimony. Similarly, Plaintiff shall notify Defendants two full work days before its anticipated use of an exhibit or testimony that the Defendant has previously designated as "attorneys' eyes only." If the parties cannot agree regarding the exhibit/testimony, the parties shall file their respective positions with the Court one full work day before that exhibit/testimony's anticipated use at trial, with the party seeking to restrict access having the burden of establishing (a) an exception to the open courtroom policy; and (b) that Dr. Adams should also be excluded from the courtroom.

DATED August 30, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge