IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION<br><br><br><br>Case No. 1:05-CV-64 TS |

Defendants MSI and ASUS move for clarification of the August 16, 2010 Order Granting ASUS' Motion to Bifurcate Plaintiff's ITE-related claims.[1] The Court finds that, under the guise of seeking "clarification" of an order, MSI and ASUS actually seek an order weighing in on the parties's dispute on the proper formula for expert damages calculation. The Court will deny the Motion.

The background necessary to understand the present motion can be briefly summarized as follows: ASUS sought to bifurcate the Plaintiff's ITE-related claims. The

---

[1]Docket No. 1572 (hereinafter Bifurcation Order).

1

Court set a time for MSI and Plaintiff to respond to the Motion for Bifurcate.[2] MSI chose not to respond.[3] Plaintiff agreed to bifurcate on the condition that ASUS and/or MSI will "not argue in future proceedings that Adams has somehow waived or consented to any of Adams' rights, claims, or defenses."[4] The Court also ordered ASUS to file a notice of affected matters, including *Daubert* matters. ASUS did so,[5] but did not raise its current position that bifurcation would require *Plaintiff's* expert to change the formula used in his expert testimony.

Reviewing the present Motion, and its attachments, it appears that the parties have a dispute regarding the appropriateness of Plaintiff's expert, Joseph Gemini's, choice of formulas to determine damages. Mr. Gemini used a "reasonable royalty" or lump sum royalty method that is based on full rights rather than limited rights based on each specific unit sold. Thus, the royalty as he calculates it would not vary according to the number of units sold, the number of units sold in any particular year, or by the number of units that contained Winbond or ITE chips. The materials that ASUS and MSI use to support the present motion—Mr. Gemini's August 14, 2009 Expert Report and his June 28, 2010 deposition testimony— are materials that ASUS and MSI had in hand before ASUS filed its August 16, 2010 Motion to Bifurcate. In those materials, Mr. Gemini made it clear that, under the lump-sum royalty theory of damages he used, it was not possible to allocate the

---

[2] Docket No. 1433 (setting time for any responses to ASUS' Motion to Bifurcate).

[3] Bifurcation Order at 2 (Noting that "MSI, the other party affected by Plaintiff's ITE-related claims, has not responded in the time set by the Court")

[4] Docket No. 1554 at 1.

[5] Docket No. 1531 (ASUS's Notice).

2

damages total to the specific number of items sold[6]—the per unit calculation ASUS and MSI now want the Court to impose on Mr. Gemini. Having reviewed Mr. Gemini's report, the Court finds that ASUS and MSI could not have expected that Plaintiff could offer any other type of damages calculation.[7] With full knowledge that Mr. Gemini's position was that damages could not be apportioned as Defendants now request, ASUS sought bifurcation. Neither ASUS nor MSI alerted the Court of their current position that bifurcation would require an order that Plaintiff's expert use a per unit royalty rate in order to apportion damages between the use of Winbond and ITE chips rather than lump sum royalty used in his expert report and deposition testimony.

ASUS and MSI now argue that unless the use of a per unit royalty is imposed on Plaintiff's expert, they cannot properly prepare to cross examine Mr. Gemini and will be unfairly disadvantaged by the bifurcation. The Court does not agree because their asserted dilemma is of their own making. As shown by their Motions in Limine regarding Mr. Gemini, ASUS and MSI fully understand his position and have articulated their objections to it.[8] Knowing Plaintiff's lump sum damages theory, ASUS nonetheless sought

---

[6]Def.'s Ex. 2 at 99. (Gemini deposition testimony that "my calculation is based on a lump sum royalty. . . [i]t is not specific to each unit that's sold." Therefore, testifying that whether or not the number of units sold in any specific year were included made no difference to his calculation.).

[7]Plaintiff's expert, like Defendants' experts, will be limited to the opinions disclosed in reports and depositions.

[8]*E.g.* Docket No. 1418, ASUS Mem. in Supp. of Mot. to Exclude Certain Testimony of Joseph Gemini, at 25 (arguing that Mr. Gemini failed to tie the lump-sum royalty to the infringer's use); Docket No. 1412, MSI's and Winbond's Mem. in Supp. of Mot. to Exclude at 13 (quoting Mr. Gemini's testimony as an example of his admission that how "he determined the lump-sum value, . . . had nothing to do with Winbond's actual sales").

bifurcation. Similarly, knowing Mr. Gemini's theory of damages excluded the per unit theory, MSI chose not to raise its current positions on unfairness in opposition to bifurcation.[9]

In the alternative, ASUS and MSI seek to limit the damages that Plaintiff can recover in the ITE-related portion of the bifurcated proceedings. The Court finds that their arguments regarding any unfairness of allowing Plaintiff to pursue its fully disclosed damages theory in bifurcated proceedings are all variations on ASUS' and MSI's arguments that the use of the lump-sum royalty is unfair and that a per unit royalty would be more fair. As such, these arguments are matters to be presented to the jury through their own expert and through cross examination of Plaintiff's expert. Further, it is premature to raise an argument of a windfall by bifurcation until after the September trial when the recovery in this phase, if any, is known.

It is therefore

ORDERED that ASUS' and MSI' Motion for Clarification (Docket No. 1630) is DENIED.

DATED September 1, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] MSI now argues that the bifurcation will give Plaintiff a "second bite at the apple" on damages.