IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>　　　Plaintiff,<br><br><br><br><br><br><br><br>　　　vs.<br><br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP.,  et al.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MSI'S MOTION IN LIMINE NO. 19 TO EXCLUDE ARGUMENT OR EVIDENCE THAT ADAMS IS ENTITLED TO DAMAGES FROM MSI FOR MSI'S SALES THAT PREDATE JUNE 26, 2007<br><br><br><br><br><br><br><br>Case No. 1:05-CV-64 TS |

MSI[1] moves to exclude evidence and argument that Plaintiff is entitled to damages

from MSI from MSI's U.S. sales that pre-date June 26, 2007 for the failure to comply with

_____

[1]MSI Computer Corporation and Micro-Star International Corporation, Ltd.

1

the marking requirement of 35 U.S.C. § 287. ASUS[2] joins the Motion.[3]

For the reasons stated in its Memorandum Decision and Order Denying Summary Judgment Limiting Damages,[4] it is

ORDERED that MSI's Motion in Limine No. 19 to Exclude Argument or Evidence that Plaintiff is Entitled to Damages from MSI's sales that Predate June 26, 2007, under 35 U.S.C. § 287 and FRE 402 (Docket No. 1475) is DENIED. It is further

ORDERED that the Motion is also DENIED as joined by ASUS (Docket No. 1481). Therefore, the Motion for Joinder at Docket No. 1481 is MOOT.

DATED September 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2]Asustek Computer and Asus Computer Intl.

[3]ASUS argues that the damages should be excluded if they pre-date its actual notice, which it argues was February 22, 2005, for some claims and November 2, 2006, for others. Docket No. 1481 at 2.

[4]Docket No. 1670.