IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART MSI'S MOTION IN LIMINE NO. 13 TO EXCLUDE REFERENCE TO SPOLIATION OR DESTRUCTION OF EVIDENCE<br><br><br>Case No. 1:05-CV-64 TS |

    MSI seeks to exclude evidence that it has destroyed or spoliated evidence. In support it argues that Plaintiff has failed to keep evidence, that it has produced evidence and any claim to the contrary is false, and that it would be confusing to the jury to introduce this theory at trial.

    Plaintiff argues that MSI did dispose of evidence relating to the testing, citing the deposition testimony of MSI's founder. Plaintiff argues that the rule is that when a party destroys evidence, that the other party can put on evidence of such destruction and argue

that destruction to the jury.

The Court notes that it has recently found that the issue of Plaintiff's Motion for Sanctions against MSI relating to such destruction is not moot.[1] MSI did not file any motion regarding Plaintiff's alleged failure to product evidence. Another Defendant, Winbond's, motion for sanctions against Plaintiff was denied because, among other reasons, Winbond had not shown failure to produce evidence.[2]

The Court will deny the Motion as to evidence that MSI has disposed of, destroyed, or no longer possesses certain evidence. However, at this time, Plaintiff may not put on any evidence of (1) a duty to preserve such evidence; (2) whether or not there will be a sanction for such destruction, including any instruction on any inference that the jury can draw from that destruction. Plaintiff may also not use the words spoliated and spoliation in connection with MSI unless and until it is determined that MSI had a duty to preserve the evidence. It is therefore

ORDERED that MSI's Motion in Limine No. 13 (Docket No. 1453) is DENIED in part as set forth above.

DATED September 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] Docket No. 1609 at 7.

[2] Docket No. 1586.