IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART ASUS' MOTION IN LIMINE NO. 22 TO EXCLUDE ADAMS' ALLEGATIONS OF SPOLIATION OF EVIDENCE<br><br><br>Case No. 1:05-CV-64 TS |

ASUS[1] seeks to exclude evidence of any finding in prior orders that ASUS spoliated evidence or should be sanctioned for spoliating evidence. Its position is based on the Magistrate Judge's recent Order declining to impose sanctions. Plaintiff disagrees

---

[1] Asustek Computer and Asus Computer Intl.

1

and points out that the Magistrate Judge's two orders on this issue are subject to pending Objections by the parties.[2]

The Magistrate Judge found: "The evidence that Adams lists from other parties does not show that ASUS has willfully spoliated its evidence—very little was produced by other parties."[3] He further found "under the backdrop of the minimal evidence Adams has obtained from other parties, it is not clear that ASUS spoliated evidence"[4] and the fact that "the evidence is not present does not mean it was spoliated."[5] But the Magistrate Judge also noted that ASUS should have the original source code and that "ASUS' data retention policies, as stated many times, were clearly inadequate."[6] Thus, the fact remains that ASUS claims it no longer has the source code that Adams says would prove or disprove infringement. The Magistrate Judge then held that, considering the entire circumstances, entry of judgment against ASUS was too severe a sanction. Instead, he found that these were issues for the jury:

> The fact that ASUS no longer has the original source code and the reasons it would be expected to have it will be in evidence [at the trial]. Adams can argue to the jury that ASUS should have the original source code to a

---

[2] There are two orders. ASUS and Plaintiff both filed Objections to the Order issued on July 21, 2010.

[3] Docket No. 1416 at 3.

[4] *Id*. at 5.

[5] *Id*. at 4.

[6] *Id*. at 5.

2

program that it both patented and attempted to patent for many years. The jury will consider these facts and draw their inferences.[7]

As discussed, the Magistrate Judge's Order is subject to two pending Objections. Plaintiff's objection is only to the fact that a sanction was not imposed. ASUS objects to the Order on the basis that it includes findings from the prior Order, and ASUS had objected to that prior Order.

Unlike the situation with MSI, there has been a decision that ASUS had an obligation to preserve evidence at the time, although ASUS has filed an objection to that ruling. Thus, it is not unfair for Plaintiff to characterize its arguments about the missing ASUS evidence as spoliation, a word that is unlikely to be familiar to any juror. As to sanctions, the issue of sanctions has not been finally determined. Therefore, it would not be appropriate for Plaintiff to refer to sanctions.

The Court finds that Plaintiff will be allowed to fully present its position on the missing code and the circumstances, including ASUS' lack of data retention policies. However, no counsel for any party shall refer to any findings made by the Magistrate Judge on the issue of ASUS and sanctions as rulings or findings made by the court or by a judge until after the objections to those rulings are resolved. It is therefore

---

[7] *Id.*

ORDERED that ASUS's Motion in Limine No. 22 (Docket No. 1479) is DENIED in part as set forth above. By the present ruling, the Court is not ruling on any of the pending objections to the Magistrate Judge's two Orders on Plaintiff's Motion for Sanctions against ASUS.

DATED September 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge