IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MSI'S MOTIONS IN LIMINE NO. 11 AND NO. 12<br><br><br><br>Case No. 1:05-CV-64 TS |

MSI[1] brings two related motions in limine seeking to exclude evidence. The motions are partially mooted by two prior rulings. First, the Court has ruled that Plaintiff would not be allowed to bring a claim of misappropriation of trade secrets against MSI. Second, the Court granted Defendant's Motion in Limine No. 8, precluding Plaintiff from

---

[1]MSI Computer Corporation and Micro-Star International Corporation, Ltd.

1

referring to Defendants as a group.² MSI's issue with Plaintiff's reference to Taiwanese companies is subject to another motion and will be discussed therein.

In its Motion in Limine No. 11, MSI seeks to preclude Plaintiff from presenting argument or evidence related to infringement-by-misappropriation. It argues that it will be prejudiced by such argument because of the danger of prejudice and jury confusion over the evidence as it relates to MSI because it is irrelevant to MSI. This position is based on MSI's position that Plaintiff has only alleged infringement against it based on its inclusion of Winbond chips in its products.

Plaintiff argues that it has pleaded infringement based on MSI's testing as part of the manufacturing process.

The Court finds that Plaintiff has pleaded infringement broadly against MSI, including by "*among other activities*, *manufacture*, use, importation and/or offer for sale of computers, as described in more detail below."³ MSI argues that it is not included in the manufacturing because its alleged misappropriation of the technology for use in manufacturing was not described in more detail "below" in the Complaint as it was for the defendants who were also alleged to have misappropriated trade secrets. By this logic, neither would there be a claim for infringement by sales because the details of MSI's alleged sales are not further alleged below. The Complaint was sufficient to put MSI on

---

²Docket No. 1464 (Motion in Limine No. 8).

³Docket No. 1 in Case No. 2:07-CV-422 TS at ¶ 12 (emphasis added). This case was consolidated into the present case on January 23, 2008.

notice of the claim of patent infringement by its non-exclusive list of allegedly infringing activities. MSI did not seek a more definite statement and did not seek to exclude such claims against it by the summary judgment deadline, when they were included in the August 14, 2009 expert report filed before that deadline.[4]

At this point of these proceedings, MSI argues there is no evidence on certain subjects. Plaintiff argues there is evidence. The time for summary judgment motions to test the sufficiency of the evidence passed on October 16, 2009. The evidence will now unfold at trial. To the extent that Plaintiff offers proof of specific instances of conduct that MSI does not believe involve its client, it will be able to raise specific objections to its inclusion. It will also be able to clarify for the jury during cross-examination its asserted non-involvement in activities.

In its Motion in Limine No. 12, MSI argues that because 35 U.S.C. § 286 is a limitation on damages more than six years prior to filing, that Plaintiff should be precluded from introducing evidence of its actions prior to June 26, 2001. In support, it asserts that Plaintiff has not brought a claim for an injunction.

Plaintiff asserts that it does seek an injunction, that there is evidence that MSI continued its misappropriation well into 2001, that MSI would have continued testing into 2003, that MSI has destroyed information from the 2000-02 time frame, and that the

---

[4] *See* Dr. Kraft's August 14, 2009 Expert Report at 60, ¶ IXA (stating that "all defendants" had the patented technology that allowed them to [perform], among other things, "automatic . . . testing of every FDC being produced . . . [and] regression testing . . .") and ¶ IX B (setting forth evidence of MSI and other Defendants' acquisition of Plaintiff's programs).

motion is an untimely summary judgment motion.

The Court finds that injunctive relief has been sought and that, at this stage, whether or not there is evidence of infringement during the time limit for damages is a matter to be established at trial. It is therefore

ORDERED that MSI's Motions in Limine Nos. 11 and 12 (Docket Nos. 1450 and 1470) are DENIED.

DATED September 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge