IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 9 TO EXCLUDE TEST REPORT AND NOTES ALLEGEDLY AUTHORED BY Y.C. WOON<br><br>Case No. 1:05-CV-64 TS |

Defendants seek to exclude a test report and notes authored by an engineer named Y.C. Woon. Mr. Woon works for Gateway, not a party herein, but a party in the *Gateway* case[1]—a previous patent infringement case involving several of the patents-in-suit herein.

---

[1]*Adams v. Gateway*, 2:02-CV-106 TS, filed February 5, 2002 (hereinafter the *Gateway* case). The *Gateway* case included claims for infringement of the '414, '002,

1

According to Plaintiff, Mr. Woon wrote the report for Gateway about Defendant Winbond's testing, at a Winbond facility, of a program belonging to Defendant ASUS. According to Plaintiff, the testing was arranged by Defendant MSI.

The Woon report and notes consist of four typewritten pages, attachments consisting of two pages of flow charts, twelve pages of screen dumps, and five pages of handwritten notes. The Woon report and notes were produced from Winbond but, for reasons that are not clear on the pretrial record, the circumstances of its transmission from Gateway to Winbond are not clear.

Defendants argue that the Magistrate Judge previously considered the typewritten pages and concluded that certain statements were double hearsay and did not satisfy any exception to the hearsay rule. They contend that the handwritten notes have not been authenticated as being authored by Mr. Woon. They point out there is no declaration from Mr. Woon and he will not be a witness at trial. Defendants also contend that a Declaration by a Gateway employee is insufficient to authenticate the document. Finally, they contend that the Declaration itself is inadmissible at trial.

Plaintiff argues that the Woon report and notes are admissible on two independent grounds: business record and as admissions by a party-opponent as to Winbond. Plaintiff argues that they have been further authenticated by such things as an admission by a Winbond employee, Max Lu, who will testify at trial, that he was present with Mr. Woon

---

and '222 patents.

during the testing that is the subject of the Woon report.[2]

The business record exception was discussed in *United States v. Ary*,[3]

> Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule for business records if they are "kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record." The rationale behind this exception is that business records "have a high degree of reliability because businesses have incentives to keep accurate records. To satisfy Rule 803(6) the inventory records must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made were trustworthy. The proponent of the document must also lay this foundation for its admission.[4]

Rule 803(6) provides that its requirements can be shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11).[5]

Plaintiff submits the Declaration of Michael Wagner, in lieu of a Rule 30(b)(6) deposition. Mr. Wagner is an attorney who avers that he is familiar with and has knowledge of the gathering of Gateway's documents and things in connection with the related Gateway case.[6] The Woon report and notes are one of several documents that Plaintiff received from Gateway during the *Gateway* case. Mr. Walker's Declaration avers

---

[2] Lu Dep. at 143-44.

[3] 518 F.3d 775 (10th Cir. 2008).

[4] *Id*. at 786 (citations and quotation marks omitted).

[5] *United States v. Rogers*, 556 F.3d 1130, 1136 (10t Cir. 2009).

[6] Pl.'s Opp. at Ex. G. Wagner Decl.

as to the Gateway documents as follows:

> The [Woon Report] is the attachment to the email from YC Woon to several individuals dated on or about July 28, 2000 to July 31, 2000. [It] was collected [by Gateway] in connection with the [*Gateway* case].[7]
>
> [The Woon notes were] provided *to me by YC Woon* on May 28, 2003 in connection with the [*Gateway* case]. It is Gateway's understanding that [the Woon notes] comprise[] YC Woon's handwritten notes of July 31, 2003 which is the basis for YC Woon's Report of July 31st, 2000 that is documented in [the Woon report]. On July 31, 2000, YC Woon was an employee of Gateway employed at Gateway's facility in Taiwan. At the time YC Woon provided [the Woon notes] to me, YC Woon was an employee of Gateway.[8]
>
> Based on my review of the Gateway Documents, as well as my knowledge of the gathering of the Gateway Documents and Gateway's retention of the Gateway Documents, I hereby certify that the Gateway Documents listed and authenticated in [the Declaration] are records of the regularly conducted business activities of Gateway; were made at or near the time of the occurrence of the matters set forth by or from information transmitted by, a person with knowledge of those matters; were kept in the course of the regularly conducted business and activity of Gateway; were made and generated by the regularly conducted business and activity of Gateway as a regular practice, and are considered confidential by Gateway.[9]

The Court finds that Mr. Wagner's Declaration meets the requirements of a certification that complies with Rule 902(11) for admissibility. The Wager Declaration meets the requirements for authentication under Rule 902 and 803(6). Where Mr. Woon personally provided his notes to Mr. Wagner, and Mr. Wagner collected and preserved them for purposes of the Gateway case, they are authenticated as Woon's handwritten

---

[7]*Id*. at ¶ 11.

[8]*Id*. at ¶ 12 (emphasis added).

[9]*Id*. at ¶ 6.

4

notes.

As set forth in the Wagner Declaration, the Woon report and notes meet the business records exception of Rule 803(6). As to the statements of Winbond engineers, contained in the Woon report, Plaintiff is correct that they are statements against interest made by Winbond engineers.

Defendants argue that they are inadmissible nonetheless because they are statements of unknown persons. However, Mr. Lu, one of Winbond's employees was present at the testing. He says in his deposition that he does not remember who else was present, thus preventing Plaintiff from establishing the identity of the others present.

Under the "catch-all" exception, Fed. R. Evid. 807:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered then any other evidence with the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will be best served by admission of the statement under this exception . . . .

Here, Mr. Woon was under a duty to report the testing and to do so accurately. The report was prepared as part of his regular duties about an important issue facing Gateway. There was every incentive to have the report be accurate. It is established by other evidence that Winbond engineers attended and that the testing was at Winbond's facility and was of ASUS' program. As Plaintiff has shown in the emails surrounding the testing, all parties participating in the testing had an incentive to convey accurate information as there was a mutual, and potentially costly problem they were addressing. Mr. Lu attended

the testing for Winbond but says he can't remember who else was present. ASUS's failure to preserve much evidence of the Sam Yang software/source code is documented elsewhere in the record. Similarly, MSI's lack of evidence about the events at issue is also well documented elsewhere in the record.

Based upon the entire circumstances, the Court finds that the statements of third parties as reported in the Woon report are admissible under the catch-all provision of Fed. R. Evid. 807. It is therefore

ORDERED that Defendants' Motion in Limine No. 9 (Docket No. 1486) is DENIED.

DATED September 10, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge