IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 14 TO PRECLUDE TESTIMONY OF DR. CLIFFORD H. KRAFT THAT PRIOR ART MUST WORK PERFECTLY TO BE ENABLING<br><br><br>Case No. 1:05-CV-64 TS |

Defendants Winbond Electronics Corporation, ASUSTeK Computer, Inc., ASUS Computer International, Micro-Star International Corporation, Ltd., and MSI Computer Corporation (collectively "Defendants") seek to exclude Plaintiff's expert, Dr. Clifford Kraft, from "offering an opinion that the program written by Karen Elofson is not prior art

because it may not always operate exactly, or because it only operates with some devices."[1]  For the reasons discussed below, the Court will deny the Motion.

Defendants' expert, Dr. Robert G. Weding, has opined that a program written by Karen Elofson (the "Elofson program" or the "NEC detector") renders the claims of the '002 and '222 patents invalid.  Plaintiff's expert, Dr. Kraft, has submitted a Rebuttal Expert Report in which he opines that the NEC detector does not render the claims of the '002 and '222 patents invalid.  Defendants seeks to preclude Dr. Kraft from offering an opinion that the program written by Karen Elofson is not prior art because it may not always operate exactly, or because it only operates with some devices.  Plaintiff opposes the Motion.

The Court agrees with Plaintiff that Defendants' current Motion largely seeks to revive Defendants' previous motion for summary judgment on the issue of invalidity, which the Court has denied.[2]  The Court further finds that the present Motion misstates and oversimplifies Dr. Kraft's opinion.  Defendants' objections to Dr. Kraft's testimony are better left for cross-examination.

It is therefore

ORDERED that Defendants' Motion in Limine No. 14 (Docket No. 1462) is DENIED.

---

[1] Docket No. 1462 at 3.

[2] See Docket No. 1442.

DATED   September 14, 2010.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge