IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING AS MOOT DEFENDANTS' MOTION IN LIMINE NO. 23 TO PRECLUDE ADAMS' USE OF DEPOSITIONS TAKEN IN EARLIER ACTION<br><br>Case No. 1:05-CV-64 TS |

Defendants ASUSTeK Computer, Inc. and ASUS Computer International (collectively "ASUS") and Micro-Star International Corporation, Ltd. and MSI Computer Corporation (collectively "MSI") seek to exclude Plaintiff "from using at trial any deposition transcripts from previous lawsuits, including but not limited to the depositions of Richard Grote, Andrew Volk, Chao Huang Pai, Yung Chow Peng, and Ian Beckett in

*Gateway*, and the deposition of Richard Grote in *Alvis*."[1] Plaintiff, in its trial brief, has not listed any of these individuals as witnesses to be called.[2] Therefore, it appears that Defendants' Motion is moot and will be denied as such. However, Plaintiff has listed these individuals on its witness list as witnesses it may call, though it has only indicated it may use Mr. Grote's deposition.[3]

"Deposition testimony is normally inadmissible hearsay, but Fed.R.Civ.P. 32(a) creates an exception to the hearsay rules."[4]

Rule 32(a)(1) allows for all or part of a deposition to be used if it used as allowed by Rule 32(a)(2) through (8). Rule 32(a)(8) states:

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Though the rule requires that the prior and present lawsuits involve the "same subject matter" and "the same parties, or their representatives or successors in interest," "[t]hese requirements have been construed liberally in light of the twin goals of fairness and efficiency."[5] "The accepted inquiry focuses on whether the prior

---

[1] Docket No. 1477, at 3.

[2] *See* Docket No. 1634, at 20-23.

[3] It is unclear which deposition of Mr. Grote Plaintiff may seek to introduce.

[4] *Angelo v. Armstrong World Indus. Inc.*, 11 F.3d 957, 962-63 (10th Cir. 1993).

[5] *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982).

cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues . . . and the presence of an adversary with the same motive to cross-examine the deponent."[6]

Courts interpreting this rule

> recognize that the real test should be whether the former testimony was given upon such an issue that the party–opponent in that case had the same interest and motive in his cross–examination that the present opponent now has. On this view a deposition could even be offered against one who was not a party to the earlier action if there were parties to it who had the same interest in cross–examination as the present party has.[7]

In the Tenth Circuit, the "bedrock" rule is "that testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interests and motives in his cross-examination that the present opponent has."[8]

Here, the Court finds that the issues in this case and the *Gateway* case were so similar that the party-opponent in the *Gateway* case had the same interests and motives in cross-examination that Defendants have in the instant case. Therefore, Plaintiff will not be prohibited from using deposition testimony from the *Gateway* case.

---

[6]*Id*.

[7]Wright, Miller & Marcus, Federal Practice & Procedure § 2150.

[8]*Minyen v. Am. Home Assurance Co.*, 443 F.2d 788, 791 (10th Cir. 1971) (citing *Insul-Wool Insulation Corp. v. Home Insulation Inc.*, 176 F.2d 502, 504 (10th Cir. 1949)).

There is no such showing, however, with the *Alvis* case. If Plaintiff seeks to introduce the deposition testimony of Mr. Grote from that case, it must make a showing under the authority set forth above.

This order does not rule, in any way, on Defendants' objections to Dr. Kraft's reliance on deposition testimony,[9] which will be addressed by separate order.

It is therefore

ORDERED that Defendants' Motion in Limine No. 23 (Docket No. 1477) is DENIED AS MOOT.

DATED   September 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] *See* Docket No. 1490.