IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 15 RE: UNDISCLOSED EXPERT OPINIONS<br><br><br><br>Case No. 1:05-CV-64 TS |

Defendants seek to exclude Dr. Adams from testifying about matters that were not included in his Summary Disclosure of Opinions About Which Dr. Adams is Expected to Testify (Summary). They argue that experts are precluded from testifying about matters that they did not previously disclose and that he should be precluded from offering testimony on such subjects as confidential documents that he was unable to view under the protective order in this case or the prior Gateway case or matters about which he did not opine in his expert deposition.

1

Plaintiff points out that prior orders determined that Dr. Adams was not required to submit an expert report or the documents or communications that he considered in forming his opinion. Plaintiff also points out that Dr. Adams has been precluded from viewing much of the confidential information until just recently, and won't see or hear some of the confidential information until it is presented in the courtroom, and that, as noted in the Summary, many of the subjects Defendants seek to preclude are subjects about which he testified separately in his extensive depositions as a fact witness. This included his deposition testimony in the prior *Gateway* case regarding the Winbond chips and MSI motherboards. This prior *Gateway* deposition testimony has been made fully available to Defendants. Plaintiff points out that because he was not required to submit an expert report, his Summary was submitted out of an abundance of caution.

The Court finds that Dr. Adams is not limited to testimony in his Summary. Much of Dr. Adams' testimony will be fact testimony which Defendants have had every opportunity to explore in the many deposition days. In addition, in the expert deposition, Defendants had the opportunity to ask him any questions on any subject in his Summary or otherwise and about document produced in this case, including Defendant's expert Wedig's report. As explained in *Voice Technologies Group, Inc. v. VMC Systems, Inc.*,[1]

> An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims. The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems.

---

[1] 164 F.3d 605, 615 (Fed. Cir. 1999).

It is therefore

ORDERED that Defendants' Motion in LImine No. 15 to Preclude Dr. Adams from Offering Undisclosed Expert Opinions at Trial (Docket No. 1488) is DENIED.

DATED September 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge