IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 18 TO EXCLUDE DR. ADAMS FROM OFFERING EXPERT TESTIMONY AT TRIAL REGARDING DAMAGES<br><br>Case No. 1:05-CV-64 TS |

Defendants seek to exclude Dr. Adams from testifying as an expert about damages because he admits that he is not qualified as a damages expert, although he is currently working to further his education in that area. Plaintiff responds that Dr. Adams is not offering an "expert" opinion on damages but, as inventor of the patents and a principal of the company that now owns the patents, he can testify as a fact witness as to the amount of previous licenses for the patents and the price at which the Plaintiff would have offered

1

a license in the same time period. Plaintiff also argues that the present Motion is repetitive of Defendants' *Daubert* Motion to Exclude Certain Alleged Expert Testimony of Dr. Adams.

The present Motion is repetitive because the exact same relief is sought in the other motion. Because Plaintiff is not offering Dr. Adams as an expert on damages, the Court need not conduct a *Daubert*-type analysis.

The Court finds that Dr. Adams, as the inventor of the patent and a manager of Plaintiff may testify as a fact witness as to the amount of previous licenses for the patents and the price Plaintiff would have required to grant a license in the same time period.[1] He may also testify as a fact witness as to various facts that may also be relevant for the *Georgia-Pacific* factors used to determine damages, such as demand or lost profits, provided a foundation is shown. For example, a business owner may opine as to lost profits provided there is a foundation showing his or her "sufficient personal knowledge of [his business] *and* the factors [he] relie[d] to estimate lost profits."[2] But because he is not an expert, he may not testify as to the application of those factors under *Georgia-Pacific*.

Similarly, courts have allowed owners to offer "valuations based on straightforward, common sense calculations."[3]

Because Plaintiff is not offering Dr. Adams as an expert on damages, the Motion will

---

[1]*See Trell v. Marlee Electronics Corp*., 912 F.2d 1443, 1446 (Fed. Cir. 1990) (Holding that "[t]he court may also evaluate evidence of what rate the patentholder itself would have required to grant a license

[2]*Lifewise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004) (emphasis in original and collecting cases including *Malloy v. Monahan*, 73 F.3d 1012, 1015-16 (10th Cir. 1996)).

[3]*Id*. at 929-30.

be denied. It is therefore

ORDERED that Defendants' Motion in Limine No. 18 to Preclude Dr. Adams from Offering Expert Testimony at Trial Regarding Damages (Docket No. 1489) is DENIED as set forth above.

DATED September 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge