IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 3 RE: LACK OF ACCESS TO CONFIDENTIAL INFORMATION UNDER THE PROTECTIVE ORDER<br><br>Case No. 1:05-CV-64 TS |

Defendants seek to exclude comments on the fact that Dr. Adams has been precluded from testifying about matters under the protective order in this case and the *Gateway* case. They argue that his lack of access is not relevant, is prejudicial, and will not foster efficiency at the trial.

Plaintiff responds that the lack of access is relevant to the issues of enhanced damages based on exceptional circumstances which can be based on misconduct in

1

litigation. Plaintiff also argues that Dr. Adams' lack of access is relevant to Defendants' conduct in attempting to cover up and hide information in this case.

The Court finds that the information is relevant to some issues at trial. It is also necessary to rebut Defendants' arguments—made in a separate Motion and presumably to be raised at trial—regarding Dr. Adams qualifications to opine on and challenging his familiarity with documents from the *Gateway* case and documents covered by the protective order in this case. As the Court noted in a prior Order,[1] there is a convoluted and contentious history of the dispute over the protective orders and Dr. Adams' Confidentiality Undertaking pursuant to those orders. The Court found in the prior Order,[2] that Defendants have not shown that Dr. Adams has violated the confidentiality order. The Court also found that Dr. Adams should be able to view all information to be presented in the courtroom, unless Defendants raise a specific objection to a specific exhibit. However, in order to understand Defendants' position on Dr. Adams' lack of credibility on the issues of the documents covered by the protective orders, the jury needs to understand that he has not had access or not had access since the close of the *Gateway* case. Similarly, in order to understand Plaintiff's argument on Defendants' conduct, the jury will need to know Dr. Adams has not always had access.

Nonetheless, the Court does not intend to let the parties have a mini-trial on the parties' dispute over the undertaking. Frankly, neither side comes across very well in that dispute. Preferably, the parties could agree on a brief explanation for the jury. But absent

---

[1] Docket No. 1615.

[2] *Id.*

such a stipulation, comment will not be precluded. It is therefore

ORDERED that Defendants' Motion in Limine No. 3 to Preclude Comment or Evidence on Dr. Adams' Lack of Access to Confidential Information Under the Protective Order (Docket No. 1446) is DENIED.

DATED September 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge