IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE CERTAIN ALLEGED EXPERT TESTIMONY OF DR. ADAMS<br><br><br><br>Case No. 1:05-CV-64 TS |

Defendants seek to exclude Dr. Adams from testifying about a variety of issues under Fed. R. Evid. 702 and the *Daubert* line of cases because they argue that (1) he is not a qualified expert in the areas of Taiwanese culture and business; (2) he admits that he is not an expert in valuation; and (3) he is not an expert in claim interpretation. They argue that he cannot testify about documents he has been precluded from reviewing under the protective orders in this case and the *Gateway* case. They argue that any testimony based on any recollection he may have of the *Gateway* documents should also be

1

excluded under *Daubert* because it would be mere speculation based on his imperfect memory. Finally, they argue that Dr. Adams should be precluded from testifying about the Wedig report because he did not testify about it in his expert deposition because he admitted he had not read it and did not testify about it.

Plaintiff responds that, as inventor, Dr. Adams is uniquely qualified to testify regarding his invention, infringement, prior art, invalidity and related issues, and that he is competent to testify on damages as the inventor and manager of the company that owns the patents. Plaintiff points out that Defendants have had an opportunity to depose Dr. Adams regarding the Gateway documents and Dr. Wedig's report. Plaintiff argues that Plaintiff can testify as to his own personal experience with Taiwanese companies.

The Court finds that the Motion is moot as to the Woon report and notes and Dr. Adams' ability to testify as to damages as a fact witness because those issues are the subject of separate orders. Dr. Adams' ability to testify on claim interpretation is also moot as Plaintiff does not intent to offer any such testimony. The Motion is also partially mooted by the dismissal of the trade secret claims, therefore there is no issue regarding such matters as testimony on unjust enrichment or licensing.

Dr. Adams' resume is sufficient to establish that he is an expert on many aspects of this case. As the Court noted in its Order on Dr. Adams' testimony on damages, he may also offer fact testimony on issues on which he is not an expert.

The Court finds that the proffered testimony on practice or habits of companies from Taiwan to violate intellectual property rights, including patent rights, would be prejudicial to Defendants and confusing to the jury. Plaintiff argues that its position is supported by an admissible government report regarding such practices by companies in Taiwan.

However, the exhibit Plaintiff proffers is a press release with a government official talking about past practices and the government's response. However, the exhibit is not itself an admissible government report and, therefore, does not establish foundation for the position proffered.

The Court finds that Dr. Adams may testify about his own specific experiences with specific companies, but there is no need for him to identify those companies by their geographic location instead of by their names. Because of this ruling, the Court need not determine if Dr. Adams is an expert on such issue.

As to the *Gateway* documents, this Court has ruled that the *Gateway* protective Order is not applicable to this case and Defendants have not appealed that Order. To the extent that Defendants object that Dr. Adams has not seen the *Gateway* documents recently enough to have a non-speculative foundation to testify on them, that is a matter for cross-examination. The situation is that Dr. Adams saw and worked with those documents extensively in that prior case and he will see them again in the courtroom in the present case to refresh his recollection. Also, insofar as his testimony is as an expert, he can testify about information he receives in the courtroom, to the same extent as any other expert. If Defendants seek to impeach Dr. Adams's credibility as to the *Gateway* documents by his lack of access to those documents during several years, they will be commenting on such lack of access. Defendants sought to exclude such comment in a separate Motion in Limine. By separate Order the Court has allowed such comment on the lack of access. However, as explained in the prior order, there is not to be a mini-trial on the issue.

Plaintiff has shown that Defendants examined Dr. Adams on the three documents

disputed in the Wedig report in his fact deposition. Defendants did not choose to also examine him on the Wedig report in Dr. Adams' expert deposition, although Dr. Adams was available for such examination. It could have been provided to him in that deposition and he would have been required to answer questions on specific portions they pointed out. Having failed to take advantage of that opportunity, Defendants cannot now preclude all testimony on the Wedig report.

On the issue of Dr. Adams' testimony on the patent infringement, Plaintiff states that it has an expert to opine on such infringement and he will testify as a fact witness and not an expert. As explained by the Federal Circuit in *Voice Technologies Group, Inc. v. VMC Systems, Inc.*,[1]

> Patents are written not for laymen, but for and by persons experienced in the field of the invention. An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims. The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems.[2]

However, "the inventor can not by later testimony change the invention and the claims from their meaning at the time the patent was drafted and granted."[3] Thus, Dr. Adams, as inventor, may "explain the technology and what was invented and claimed"[4] as

---

[1] 164 F.3d 605, 615 (Fed. Cir. 1999) (holding that its earlier *Markman* decision "does not disqualify the inventor as a witness, or overrule the large body of precedent that recognizes the value of the inventor's testimony").

[2] *Id.* at 615.

[3] *Id.*

[4] *Id.*

4

set forth in *Voice Technologies*.

Insofar as Defendants' Motion seeks to exclude Dr. Adams from testifying on specific exhibits, those matters are addressed in specific motions in limine. For example, the Court recently denied Defendants' Motion in Limine to Exclude the Woon report and notes.[5] It is therefore

ORDERED that Defendants' Motion to Exclude Certain Alleged Expert Testimony of Dr. Adams (Docket No. 1399) is DENIED.

DATED September 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] Docket No. 1682.