IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND TAKING UNDER ADVISEMENT DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE PLAINTIFF'S EXPERT DR. CLIFFORD H. KRAFT FROM INTRODUCING HEARSAY EVIDENCE<br><br>Case No. 1:05-CV-64 TS |

Defendants Winbond Electronics Corporation, ASUSTeK Computer, Inc., ASUS Computer International, Micro-Star International Corporation, Ltd., and MSI Computer Corporation (collectively "Defendants") seek to preclude Plaintiff's expert, Dr. Kraft, from

reciting into the record or otherwise introducing as evidence any document or information that is hearsay.

Fed.R.Evid. 703 states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

As all parties recognize, Rule 703 permits Dr. Kraft to rely on hearsay in forming his opinions, if it is of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. Defendants, by their Motion, seek to preclude from reciting or summarizing to the jury the hearsay statements he relied upon in forming his expert opinions.

The Advisory Committee Notes to Rule 703 provide guidance:

> Rule 703 has been amended to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted. . . .
> When information is reasonably relied upon by an expert and yet is admissible only for the purpose of assisting the jury in evaluating an expert's opinion, a trial court applying this Rule must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other. The information may be disclosed to the jury, upon objection, only if the trial court finds that the probative value of the information in assisting the jury to evaluate the expert's opinion substantially outweighs its prejudicial effect. If the otherwise inadmissible information is admitted under this

> balancing test, the trial judge must give a limiting instruction upon request, informing the jury that the underlying information must not be used for substantive purposes. . . . In determining the appropriate course, the trial court should consider the probable effectiveness or lack of effectiveness of a limiting instruction under the particular circumstances.
> 
> The amendment governs only the disclosure to the jury of information that is reasonably relied on by an expert, when that information is not admissible for substantive purposes. It is not intended to affect the admissibility of an expert's testimony. Nor does the amendment prevent an expert from relying on information that is inadmissible for substantive purposes.
> 
> . . . .
> 
> This amendment covers facts or data that cannot be admitted for any purpose other than to assist the jury to evaluate the expert's opinion. The balancing test provided in this amendment is not applicable to facts or data that are admissible for any other purpose but have not yet been offered for such a purpose at the time the expert testifies.

To the extent that Defendants' Motion seeks a blanket exclusion, the Court must deny the Motion. In accordance with the language of Rule 703, the Court must balance the probative value of such evidence against its prejudicial effect. The Court cannot engage in such an analysis outside of the context of Dr. Kraft's testimony. Further, Plaintiff states that much of the materials and information relied upon by Dr. Kraft will be admissible and the balancing test in Rule 703 would not apply. Therefore, the Court cannot rule on the specifics of Defendants' Motion at this time and will take the matter under advisement until the time of Dr. Kraft's testimony.

It is therefore

ORDERED that Defendants' Motion in Limine No. 5 (Docket No. 1490) is DENIED IN PART AND TAKEN UNDER ADVISEMENT.

DATED   September 14, 2010.

>BY THE COURT:
>
>_____
>TED STEWART
>United States District Judge