IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. CLIFFORD H. KRAFT'S EXPERT REPORT AND MOTION TO EXCLUDE THE TESTIMONY OF DR. CLIFFORD H. KRAFT<br><br>Case No. 1:05-CV-64 TS |

In two separate but related motions, Defendants seek to strike portions of Dr. Clifford H. Kraft's expert reports[1] and to exclude from trial his testimony of certain topics.[2] In Defendants' Motion to Strike Portions of Dr. Clifford H. Kraft's Expert Reports ("Motion to Strike"), Defendants object to the portions of the reports that they

---

[1]Docket No. 1209.

[2]Docket No. 1396.

1

allege to improperly proffer: testimony on legal matters, narrative summaries of the evidence, opinion on thought processes, opinion outside his area of expertise, testimony lacking any factual support, and testimony related to alleged conduct of dismissed defendants and patent claims never asserted in this cause of action.[3] In Defendants' Motion to Exclude the Testimony of Dr. Clifford H. Kraft ("Motion to Exclude"), Defendants repeat their objections to Dr. Kraft's testimony that allegedly testifies as to legal matters and expresses opinion outside of his area of expertise.[4] Additionally, the Motion to Exclude challenges Dr. Kraft's method of analysis as improper.[5] Having considered the above-mentioned objections, the Court will deny both motions. The Court will discuss each of Defendants' objections in turn, combining the duplicative arguments from the separate motions where possible.

I. DISCUSSION

A.   TESTIMONY ON LEGAL MATTERS

In both the Motion to Strike and the Motion to Exclude, Defendants challenge portions of Dr. Kraft's report which allegedly proffers testimony on legal matters. Specifically, Defendants object to the portion of Dr. Kraft's report where he discusses a condition he calls "undetected underrun."[6] In the report, Dr. Kraft offers the following

---

[3]Motion to Strike, Docket No. 1225.

[4]Motion to Exclude, Docket No. 1397.

[5]*Id.* at 14.

[6]Motion to Exclude, Docket No. 1397 at 19; Motion to Strike Docket No. 1225 at 14. Both motions also challenge portions of the report that refer to trade secrets, trademark, and contract interpretation. The Court has already resolved all claims relating to trade secrets and trademark and will therefore not address these objections.

2

observations:

> It should be noted that the claims of the Adams' patents ('002 and '222) refer to undetected underrun conditions. While these terms were not construed by the Special Master, there is a real difference between a detected and an undetected underrun condition. Whenever an underrun occurs that is software actionable, that error is detected even if the software does not test for the condition or deliberately chooses to ignore it. On the other hand, an error is undetected if there is no way for software to act on it.[7]

Defendants allege that this testimony of Dr. Kraft amounts to improper claim construction and should therefore be stricken from the report[8] and excluded from trial.[9]

As Plaintiffs correctly assert, claim construction is a matter exclusively within the province of the court.[10] Thus, if the challenged portion of Dr. Kraft's report did in fact amount to claim construction, the Court would be obligated to strike that portion of the report. The '002 and '222 Patents at issue in this case include the claims "underrun error undetected by a floppy diskette controller" and "underrun error not detected by the floppy diskette controller."[11] In comparing Dr. Kraft's language to this claim language, it

---

The Defendants have also filed a separate motion in limine to exclude Dr. Kraft's testimony regarding contract interpretation that has been denied as moot. In the interest of judicial economy, the Court will not readdress these duplicative objections concerning contract interpretation.

[7] Motion to Exclude, Docket No. 1397, Ex. 1. at 20-21.

[8] Motion to Strike, Docket No. 1225 at 14.

[9] Motion to Exclude, Docket No. 1397 at 19.

[10] *Markman v. Westview Instrs. Inc.*, 517 U.S. 370, 372 (1996) (The construction of a patent including terms of art within its claim, is exclusively within the province of the court.").

[11] *See* Docket No. 1647, Exs. 2 (the 002 patent) and 3 (the 222 patent).

is clear that Dr. Kraft was only attempting to provide a technical analysis of "undetected underrun conditions," not provide a definitive construction of the claim language "underrun error undetected by a floppy diskette controller." Dr. Kraft's description of this condition is useful in understanding and evaluating his conclusions concerning infringement to which he later refers to in his report.[12] Therefore, the Court will deny the Motion to Strike and the Motion to Exclude Dr. Kraft's testimony as to his understanding of "undetected underrun conditions."

B.   NARRATIVE SUMMARIES OF THE EVIDENCE

In Defendants' Motion to Strike, Defendants object to numerous passages in Dr. Kraft's reports which allegedly contain improper factual narratives that should be stricken from the reports. While it is true that Dr. Kraft's report contains instances of factual narrative, the Court does not find any of these passages to be improper. Instead, the Court finds such passages to be helpful in understanding Dr. Kraft's opinions. Therefore, the Court will deny Defendants' Motion to Strike as it relates to these portions of Dr. Kraft's reports.

C.   OPINION ON THOUGHT PROCESSES

In Defendants' Motion to Strike, Defendants object to passages in Dr. Kraft's reports which allegedly attempt to speculate on the mental processes and motives of others. In reviewing these objections, the Court notes that these objections go to the weight, not the admissibility of the evidence.[13] Therefore, the Court will deny

---

[12] *See* Motion to Exclude, Docket No. 1397, Ex. 1.

[13] *See Compton v. Subaru of Am., Inc.*, 82 F.3d 1513, 1518 (10th Cir. 1996) (stating that "as long as a logical basis exists for an expert's opinion . . . the

Defendants' Motion to Strike as it relates to these portions of Dr. Kraft's report and urge counsel to address these concerns at trial during cross-examination.

D.     OPINION ON AREAS OUTSIDE OF DR. KRAFT'S EXPERTISE

In both Defendants' Motion to Strike and Motion to Exclude, Defendants challenge Dr. Kraft's opinions on the manufacture of I/O controllers as outside the scope of his expertise.  Defendants assert that Dr. Kraft has no experience in the manufacturing of these controllers, while Plaintiff responds that Dr. Kraft's experience designing and testing related semiconductor chips qualifies him as an expert in this area.

In reviewing Dr. Kraft's credentials under the standards announced in *Daubert* and its progeny, the Court is satisfied that Dr. Kraft's credentials qualify him as an expert in this field.[14]  Moreover, the Court notes that Defendants' objections to Dr. Kraft's experience in this particular field actually go to the weight, not the admissibility, of Dr. Kraft's testimony.[15]  Thus, Defendants objections to Dr. Kraft's experience in this area are more appropriately a subject for cross-examination.[16]

---

weaknesses in the underpinnings of the opinion[ ] go to the weight and not the admissibility of the testimony.") (quotation marks and citation omitted).

[14] *See* Docket No. 1524, at 3-4 (listing Dr. Kraft's credentials).

[15] *See McCullock v. H.B. Fuller, Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995) ("Fuller's quibble with Woolley's academic training in fume dispersal and air quality studies, and his other alleged shortcomings (lack of knowledge regarding the chemical constituents of the fumes or the glue vapor's concentration level), were properly explored on cross-examination and went to his testimony's weight and credibility — not its admissibility.").

[16] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction

E. TESTIMONY LACKING FACTUAL SUPPORT

In Defendants' Motion to Strike, Defendants challenge the factual sufficiency of many of Dr. Kraft's claims. After reviewing Defendants' objections, the Court finds that Defendants' contentions will be best addressed at trial during cross-examination.[17] As one of our sister courts explained, "Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination."[18] Therefore, the Court will deny the Motion to Strike as to any testimony lacking factual support.

F. TESTIMONY ON CONDUCT OF DISMISSED DEFENDANTS OR PATENT CLAIMS NEVER ASSERTED

In Defendants' Motion to Strike, Defendants further move to strike portions of Dr. Kraft's reports which present opinion concerning defendants who have previously settled and patent claims which the Plaintiff never asserted as irrelevant. The Court tends to agree. However, for purposes of this Motion to Strike, the Court notes that such a contention is ostensibly moot because the report will not be presented to the jury. Therefore, the Court will deny the Motion to Strike. The Court would advise Defendants to renew these objections at trial should Dr. Kraft's testimony stray onto these irrelevant issues.

---

on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

[17] *See id.*

[18] *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408 (3d Cir. 2002).

6

G.  METHOD OF ANALYSIS

In Defendants' Motion to Exclude, Defendants' object to the method of analysis used in Dr. Kraft's proffered testimony. Defendants assert that he fails to demonstrate infringement under the Doctrine of Equivalents and that he further fails to provide the required means-plus-function elements in discussing infringement of the '858 patent.

In responding to the Doctrine of Equivalents contention, Plaintiff responds that Defendants misconstrue a statement by Dr. Kraft to be "something more than it was—just an observation that Adams does not need to rely on the doctrine of equivalents."[19] The Court agrees with Plaintiff. On page 112 of his report, Dr. Kraft states that "each of the limitations of the above claims are infringed literally, however, in every case, they are also infringed under the doctrine of equivalents."[20] Dr. Kraft appears to simply be making an observation that, in his opinion, not only are these claims infringed literally (which is at issue in this case), but also infringed under the doctrine of equivalents (which, as Plaintiff agrees, is not at issue in this case). Of course, should Dr. Kraft's testimony stray upon the Doctrine of Equivalents at trial, Defendants can renew their objection at that point. However, this isolated statement in Dr. Kraft's report far from provides a basis for excluding him from testifying at trial. Therefore, the Court will deny the Motion to Exclude as to this issue.

As to the '858 patent contention, Plaintiff responds that Dr. Kraft does in fact make a complete means-plus-function analysis. In reviewing the specific contentions

---

[19] Docket No. 1524, at 6.

[20] *Id.*

Defendants assert against Dr. Kraft's report, the Court notes that Defendants are not actually challenging the methodology of Dr. Kraft, but rather identifying alleged deficiencies in how he carried out the established methodology for a means-plus-function analysis and further challenging his conclusions. Established precedent makes clear that such contentions are a matter for cross examination, not admissibility.[21] Therefore, the Court will deny the Motion to Exclude as to this issue.

## II. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Strike Portions of Dr. Clifford H. Kraft's Expert Reports (Docket No. 1209) and Defendants' Motion to Exclude the Testimony of Dr. Clifford H. Kraft (Docket No. 1306) are DENIED.

DATED   September 14, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21] *See McCullock,* 61 F.3d at 1044 ("Disputes as to the strength of his credentials, faults in his use of differential etiology as a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.").