IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE SECOND SUPPLEMENTAL REPORT OF GEMINI AND THIRD SUPPLEMENTAL REPORT OF DR. KRAFT<br><br><br>Case No. 1:05-CV-64 TS |

Defendants seek to exclude Supplemental Reports filed by Plaintiff's experts Kraft and Gemini as untimely. The Court will address Mr. Gemini's supplemental report first.

Plaintiff contends that Mr. Gemini's Supplemental Report is necessary to respond to the recent report of Defendants' expert Reed after Plaintiff's motion to strike that report was denied as well as to address the Federal Circuit's *ResQNet.com*[1] case.

---

[1] *ResQNet.com v. Lansa,* 594 F.3d 860, 872 (Fed. Cir. 2010).

1

Defendants do not object to Mr. Gemini's supplemental report insofar as it addresses the Reed report but argue that the seven month old *ResQNet.com* does not justify a new report and seek to strike the portion of the report dealing with the case.

The Court will deny the Motion as to Mr. Gemini.

Defendants seek to exclude Dr. Kraft's report as offering a new theory of infringement. Plaintiff responds that it is merely responding to an apparently new position as revealed by Winbond's position asserted *in camera* proceedings on Winbond's claim of privilege. Plaintiff also contends that Dr. Kraft's new supplement is responding to Defendants' expert Dr. Reed's own supplemental report.

The Court will deny the Motion as to Dr. Kraft's supplement. It is Defendants that raised the issue that the "writef" files could not be used in manufacturing. In his August 4, 2010 letter, submitted for the *in camera* proceeding, Winbond's counsel asserts that Dr. Kraft's declaration submitted in opposition to the Lu Declaration was a "new opinion" that showed no infringement under cited statutes and case law. Thus, it was Defendants who introduced a new defense based on documents that were not part of expert report process. In these circumstances it is not improper for Plaintiff's expert to supplement his report to address that sudden new defense as well as any new matters raised in Dr. Reed's report. On the issue of the use of all rather than two specifically cited pages of a Winbond exhibit, the Court finds no prejudice. As Defendants set forth in their Reply, it is prepared to rebut Dr. Kraft's use of the report. It is therefore

ORDERED that Defendants' Motion to Strike the Second Supplemental Expert Report of Joseph Gemini and Third Supplemental Report of Clifford Kraft (Docket No. 1610) is DENIED.

DATED September 15, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge