IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 16 TO EXCLUDE ADAMS' USE OF THE GATEWAY BUSINESS RECORDS DECLARATION AT TRIAL<br><br>Case No. 1:05-CV-64 TS |

Defendants seek to entirely exclude from trial the use of a Declaration by Michael Wagner, a Gateway employee and attorney who prepared and submitted a Confidential Declaration of Gateway, Inc. Authenticating and Certifying Business Records pursuant to Fed. R. Civ. P. 803(6) and 902(11) (Declaration). Defendants also seek to exclude every single document authenticated under that Declaration. Defendants contend that Wagner's Declaration is hearsay and, therefore, inadmissible at trial. Defendants further contend that all of the attached exhibits should be excluded.

1

Defendants argue that the Declaration is insufficient because it is skeletal, does not show that Mr. Wagner personally gathered the documents, and that Mr. Wagner does not lay a sufficient foundation to show that making the record was part of the "regular practice of the business activity if it was the regular practice of that business activity to make the memorandum, report, record or data compilation. Defendants argue that many of the documents contain hearsay within hearsay—reports of the statements of others—and therefore should not be admitted.

Plaintiff argues that the Declaration conforms in all necessary respects with Fed. R. Evid. 902(11) and is by the custodian of the records.

Fed.R.Evid. 902(11) provides that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:"

> The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record:
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Fed.R.Evid. 803(6) provides that the following are not excluded by the hearsay rule:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

To qualify as a business record under Rule 803(6), a piece of evidence must:

(1) have been prepared in the normal course of business; (2) have been made at or near the time of the events it records; and (3) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant. To have been prepared in the normal course of business, the memorandum must have been made in the regular course of business of a regularly conducted business activity; and it must have been the regular practice of that business to have made the memorandum. Even if a document is found to meet all three requirements, it can be excluded if the source of information or the method or circumstances of preparation make it untrustworthy.[1]

The Declaration shows these necessary elements in a cursory fashion as follows:

Based on my review of the Gateway Documents, as well as my knowledge of the gathering of the Gateway Documents and Gateway's retention of the Gateway Documents, I hereby certify that the Gateway Documents listed and authenticated in [the Declaration] are records of the regularly conducted business activities of Gateway; were made at or near the time of the occurrence of the matters set forth by or from information transmitted by, a person with knowledge of those matters; were kept in the course of the regularly conducted business and activity of Gateway; were made <u>and generated by the regularly conducted business and activity of Gateway as</u>

---

[1] *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (citations, internal quotations, and alterations omitted).

<u>a regular practice</u>, and are considered confidential by Gateway.[2]

The Court has found in a previous order that the Declaration was a sufficient certification that complies with Rules 902(11) and 803(6) for the purposes of one of the attached exhibits.[3]  The Court finds that where the Wagner Declaration is sufficient to authentic some of its attached exhibits it will not be stricken on a blanket basis.  Instead, objections to the Declaration's sufficiency as to each attached exhibit will be considered and a record made as to each exhibit, including consideration of whether, "[e]ven if a document is found to meet all three requirements, it [should] be excluded if the source of information or the method or circumstances of preparation make it untrustworthy."[4]  It is therefore

ORDERED that Defendants' Motion in Limine No. 16 to Exclude Adams' Use of the Gateway Business Records at Trial (Docket No. 1466) is DENIED.

DATED September 16, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Declaration at ¶ 6 (emphasis added).

[3] Docket No. 1682.

[4] *Hertz*, 370 F.3d at 1017.

4