IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MSI'S MOTION NO. 21 TO EXCLUDE NOTES PREPARED BY WETZEL OF GATEWAY<br><br>Case No. 1:05-CV-64 TS |

MSI[1] seeks to exclude notes prepared by Mr. Wetzel, a Gateway employee, of a conference call between MSI and Gateway re: Brookings. The document is three pages of email by Mr. Wetzel (Wetzel emails) involving Gateway and MSI employees and five typed pages. The typed pages are a summary of the conference call formally memorializing the conference call, including a list of attendees and apparently agreed actions, followed by several pages of notes made by Mr. Wetzel of what appears to be

---

[1]MSI Computer Corporation and Micro-Star International Corporation, Ltd.

1

follow up.

MSI contends that the email chain is not admissible and without it, the document should be excluded as incomplete.  MSI also argues that the Notes may confuse the jury into believing that MSI rather than Gateway is the author of the Brookings document.  MSI also argues that the Brookings document relates to trade secret and misappropriation claims and, therefore lacks relevance.  Finally, MSI argues that the Brookings document is inadmissible as it contains hearsay within hearsay.

Plaintiff argues that the Brookings document and Wetzel emails are authenticated by the Wagner Declaration as business records of Gateway; that the notes are authenticated by MSI employee Lee and Gateway employees Holstein and Din.

It appears that MSI does not object to the admission of the Wetzel emails, only to the Brookings document.  That document is authenticated as a Gateway business document.  However, the Brookings document also states near the top of the first page: "Please note that the following information is protected under Attorney/Client privilege."  Thus, it appears that the notes were prepared both to memorialize the business purpose and in anticipation of litigation.  As noted in the Order on Motion in Limine No. 17 "It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."[2]

Further, the Brooking document, especially the "previous notes" section, contains with double hearsay.  As explained in the Order on Motion in Limine No. 17:  "Double hearsay in the context of a business record exists when the record is prepared by an

---

[2] *Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 342 (10th Cir.1995).

employee with information supplied by another person."[3] Any information provided by another person, if an outsider to the business preparing the record, must itself fall within a hearsay exception to be admissible.[4]

Unlike the Woon report, the information provided by the other persons does not appear to fall within a hearsay exception. It is not clear from the Brookings document who supplied the various information, what portions are Mr. Wetzel's own thoughts and reminders, what are his notes of the statements of others, and what are future plans. Unlike the Woon notes that were the subject of Motion in Limine No. 9, this not a report of a single discrete event.[5] Instead, it appears to be an evolving document that includes notes on a conference call of August 1, 2000, at 6:00 p.m., but also includes such things as notes attributed to individuals earlier that day.[6]

However, because the Brookings document has been authenticated by Ms. Lee, Mr. Holstein, and Mr. Din, if Plaintiff uses that portion of their depositions in trial, it may show to the jury as demonstrative exhibits those portions of the Brookings document upon which those individuals are testifying, so that the jury may better understand their testimony. The notes, however, will not be admitted as substantive evidence absent further foundation.

---

[3] *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (10th Cir.1991).

[4] *Id*.

[5] The fact that it was prepared in anticipation of litigation also distinguishes it from the Woon report.

[6] *E.g.* Under "comments" the Brookings document shows statements attributed to "Per Steven on 8/01 *am*" and a schedule provided by "Steven" with an "8/1" notation that must have been provided prior to the conference call because it is quoted in Mr. Wetzel's July 31, 2000 email.

3

It is therefore

ORDERED that the MSI's Motion in LImine NO. 21 to Exclude Notes Prepared by Chris Wetzel of Gateway (Docket No. 1452) is GRANTED IN PART as set forth above.

DATED September 15, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge