IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 17 TO EXCLUDE ADAMS' USE OF THE WAGNER NOTES DECLARATION AT TRIAL<br><br><br><br>Case No. 1:05-CV-64 TS |

Defendants ASUSTeK Computer, Inc. and ASUS Computer International (collectively "ASUS"), Winbond Electronics Corporation ("Winbond"), and Micro-Star International Corporation, Ltd. and MSI Computer Corporation (collectively "MSI") seek to exclude the declaration of Michael Wagner, a Gateway employee (the "Wagner Notes Declaration") and the notes attached to that Declaration (the "Wagner Notes").

I. BACKGROUND

Michael Wagner is an in-house attorney at Gateway. Mr. Wagner has submitted a Declaration authenticating certain documents that he identifies as notes he made during certain meetings between himself and Michael Holstein, Gateway's Technology Officer. Defendants seek the exclusion of both the Declaration and the attached notes.

II. DISCUSSION

A. THE WAGNER NOTES DECLARATION

Defendants first seek the exclusion of the Wagner Notes Declaration.[1] In its response, Plaintiff focuses its arguments on the Notes, not the Declaration. Thus, it appears that Plaintiff is not seeking to introduce the Declaration. Therefore, Defendants' Motion on this ground will be granted.

B. THE WAGNER NOTES

Defendants argue that the notes should be excluded based on a lack of foundation, hearsay, and Fed.R.Evid 403. Plaintiff counters that the notes have been properly authenticated under Fed.R.Evid. 902(11), that they are admissible under Fed.R.Evid. 807, and that Mr. Holstein verified the statements in the notes during his deposition. In a supplemental filing, Plaintiff also argues that MSI's counsel opened the door to the admission of the notes based on statements made during opening statements.

---

[1] This Order refers only to the Wagner Declaration found at Docket No. 1487, Ex. A.

*1. Fed.R.Evid. 902(11)*

Fed.R.Evid. 902(11) provides that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:"

> The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record:
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Fed.R.Evid. 803(6) provides that the following are not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

To qualify as a business record under Rule 803(6), a piece of evidence must:

(1) have been prepared in the normal course of business; (2) have been made at or near the time of the events it records; and (3) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant. To have been prepared in the normal course of business, the memorandum must have been made in the regular course of business of a regularly conducted business activity; and it must have been the regular practice of that business to have made the memorandum. Even if a document is found to meet all three requirements, it can be excluded if the source of information or the method or circumstances of preparation make it untrustworthy.[2]

Here, Plaintiff has not met its burden of showing that the Wagner Notes are a business record under Rule 803(6). While the Wagner Declaration states that he made the notes and that the notes were made at or near the time of the meetings, there is no indication that such notes were prepared in the normal course of business. Rather than being prepared in the normal course of business, it appears that the notes were prepared in anticipation of litigation. "It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."[3]

Further, the Wagner Notes are rife with double hearsay. "Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person."[4] Any information provided by another person, if an outsider to the business preparing the record, must itself fall within a hearsay

---

[2] *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (citations, internal quotations, and alterations omitted).

[3] *Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.*, 71 F.3d 335, 342 (10th Cir.1995).

[4] *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (10th Cir.1991).

4

exception to be admissible.[5] Here, the information in the Wagner Notes is supplied by Holstein, another Gateway employee,[6] but also a number of nameless others. Even if the business records exception was satisfied as to the notes, the double hearsay statements within the notes would not be admissible absent another hearsay exception. No showing of such an exception has been made.

2.   *Fed.R.Evid. 807*

Plaintiff next argues that the notes are admissible under Fed.R.Evid. 807. Rule 807, the residual exception to the hearsay rule, states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

The Tenth Circuit has stated:

Courts must use caution when admitting evidence under Rule [807], for an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule. As this court has warned, Rule [807] should be used only "in extraordinary circumstances where the court

---

[5]*Id*.

[6]Holstein's statements may fall within the business records exception if he was under a business duty or compulsion to provide accurate information. *See United States v. Ary*, 518 F.3d 775, 787 (10th Cir. 2008).

5

is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice."[7]

The Court finds that the notes are not admissible under the residual exception. While Mr. Wagner's Declaration states that he made the notes, there is nothing to show that there are guarantees of trustworthiness as to the statements contained therein. For this reason, the Court finds that the Wagner Notes are not admissible under the residual hearsay exception.

3.  *HOLSTEIN DEPOSITION*

Plaintiff also argues that Mr. Holstein confirmed the statements in his deposition. While it is true that Mr. Holstein stated that the statements in the notes appear to be statements made by him to his counsel, this does not resolve the authentication and hearsay issues discussed above. Therefore, the notes are not admissible for this reason.

4.  *MSI OPENED THE DOOR*

In a supplemental filing, Plaintiff argues that MSI's counsel opened the door to the admission of the notes based on statements made during opening statements. The Court agrees.

In Exhibit 53, Mr. Wagner's notes state that Mr. Holstein stated that "MSI said they had software they were using (turned out to be Adams) to check for the defect."[8]

---

[7] *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995) (quoting *United States v. Farley*, 922 F.2d 1122, 1126 (10th Cir. 1993)).

[8] Docket No. 1711, Ex. A at 3.

In his deposition, Mr. Holstein stated that the statement appeared to be a statement he made to his attorney. During opening statements, MSI's counsel made the following statement:

> Whatever software that the plaintiff is going to show that M.S.I. got, first it has to show, and if it is going to accuse M.S.I. of infringing the patents with that software, it needs to show that M.S.I. actually got a copy of it. Not that we knew about it, not that we saw it or anything, we need to actually see evidence that M.S.I. actually got a copy of it. That S.M.I. [sic] actually got a copy of it and that we used it. . . .
> Again, ladies and gentlemen, you're not going to see that. You're not going to see M.S.I. with these softwares [sic] and you're not going to see M.S.I. using these softwares [sic] . . . .[9]

The Court agrees with Plaintiff that MSI has, by these statements, opened the door to the admission of that portion of the Wagner Notes wherein Mr. Holstein states: "MSI said they had software they were using (turned out to be Adams) to check for the defect." The remainder of the notes remain inadmissable at this time for the reasons set forth above.

---

[9] Docket No. 1711, Ex. B.

III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion in Limine No. 17 (Docket No. 1487) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED   September 15, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge