IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE NO. 10<br><br><br><br>Case No. 1:05-CV-64 TS |

Defendants' move the Court to exclude statements of Winbond's counsel, Alfredo Bismonte, which he made during the *Gateway* case regarding ASUSTeK's alleged refusal to produce certain software programs.[1] Defendants call the Court's attention to two communications made by Mr. Bismonte: Mr. Bismonte's November 4, 2005 letter to counsel for Gateway and Adams; and Mr. Bismonte's statements during a November 17, 2005 deposition of Winbond representative Chao-Haung Pai. In the November 4, 2005 letter, Mr. Bismonte, acting as counsel for Defendant Winbond,

---

[1]Docket No. 1485.

1

wrote to Plaintiff's counsel:

> Please note that Winbond received an error detection program from ASUS with the understanding that Winbond would not disseminate it. We have asked ASUS for permission to provide it to you. Unfortunately, ASUS has recently refused this request. Accordingly, we cannot provide you this software program at this time.[2]

Later, during the November 17, 2005 deposition of Winbond representative Chao-Haung Pai, the following exchange occurred among Plaintiff's counsel (Mr. Phillips), Mr. Pai, and Mr. Bismonte:

> [Mr. Phillips]: I understand from Mr. Bismonte that Winbond has a copy of the ASUS software detector; is that correct?
>
> [Mr. Pai]: Yes
>
> Mr. Phillips: Will Winbond - - Maybe this is a question to Mr. Bismonte. Will Winbond produce a copy of the ASUS detector?
>
> Mr. Bismonte: Winbond declines to do so at the request of ASUS.
>
> Mr. Phillips: And can you tell us why ASUS won't allow the detector to be produced?
>
> Mr. Bismonte : This is Mr. Bismonte. I am - - I can't speak for ASUS or what their motivation is, but they have made a request that we not voluntarily produce that software.
>
> Mr. Phillips: And did you specifically ask ASUS if they would produce the software or let Winbond produce the software to Dr. Adams in this litigation?
>
> Mr. Bismonte: This is Mr. Bismonte. I made the request to Winbond people. I understand that they carried that request on to the appropriate people and they declined that request, but I personally did not make that request.[3]

---

[2]Docket No. 1485, Ex. A.

[3]*Id.* at Ex. B.

Defendants allege that Mr. Bismonte's statements regarding ASUSTeK's alleged refusal to produce this software is inadmissible hearsay without an exception. Plaintiff responds that the statements, although hearsay, are nonetheless admissible because Mr. Bismonte made the statements in his representative capacity of Winbond and, therefore, satisfy the elements of the admission by a party-opponent exception.[4] As Winbond's counsel, Mr. Bismonte's statements regarding the actions of Winbond certainly qualify as statements of the "party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ."[5] However, Mr. Bismonte's statements regarding ASUS's statements raise a potential issue of hearsay within hearsay. As the Federal Rules of Evidence make clear, "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."[6] In other words, when a statement contains multiple levels of hearsay, each level of hearsay must be covered by one of the enumerated hearsay exceptions before the statement can be admitted for the truth of the matter asserted.

Here, the Court finds that the statements made by Mr. Bismonte regarding ASUS's alleged request that Winbond not produce certain software are admissible under Fed.R.Evid. 801(d)(2)(D). ASUS is a party to this litigation and therefore a party-opponent. Thus, Ms. Bismonte, an agent of Winbond (a party to this litigation), is

---

[4] Fed R. Evid. 801(d)(2)(D).

[5] Id.

[6] Id. at 805.

reporting on statements made by agents of ASUS. Both levels of the double hearsay are covered by separate exceptions.

Defendants call the Court's attention to the fact that Mr. Bismonte's testimony attributes a specific statement to ASUS, yet fails to identify a specific declarant. In the employment discrimination context, the Third Circuit has found that such attribution does not satisfy the admission by party-opponent exception because the court has no ability to evaluate whether the unidentified declarant had the authority to make such a statement.[7] The Court finds the present situation distinguishable. In the employment discrimination context, an employee's attribution of a statement that was made to him by a supervisor regarding a specific declaration made to the supervisor by management regarding a particular hiring decision carries a degree of untrustworthiness given the divergent, and often in-opposite, motives of the employee, the supervisor, and management.

Here, the statement attributed to ASUS relates to a request by one of the parties not to comply with a request to produce certain software. The Court finds that Mr. Bismonte's testimony regarding the reason his company Winbond was not going to comply with such a request carries a strong indicia of reliability and therefore overcomes the concerns facing the Third Circuit in *Abrams*.

The Court also finds that the statements attributed to ASUS are admissible

---

[7] *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1215-16 (3d. Cir. 1995) ("[T]he supervisor's statement was understood to refer to a specific declaration made to him about the reason underlying a particular employment decision and that declaration was offered for its truth without the required foundation.").

under Fed.R.Evid. 807. Rule 807, the residual exception to the hearsay rule, states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

The Tenth Circuit has stated:

Courts must use caution when admitting evidence under Rule [807], for an expansive interpretation of the residual exception would threaten to swallow the entirety of the hearsay rule. As this court has warned, Rule [807] should be used only "in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice."[8]

The Court is satisfied, given the context that ASUS is requesting Winbond not comply with a request to produce the software, that the statements attributed to ASUS offer a guarantee of trustworthiness. Furthermore, the statements attributed to ASUS are material to the deeply contested issue of whether Winbond had in its possession Dr. Adam's original source code. It is undisputed that ASUS no longer has its own original source code. The Court finds the statements are more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. Lastly, the Court also finds the admission of these statements as

---

[8] *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995) (quoting *United States v. Farley*, 922 F.2d 1122, 1126 (10th Cir. 1993)).

necessary in the interest of justice. At trial, Defendant Winbond asserted that Plaintiff could have simply deposed Mr. Bismonte directly regarding these statements, rather than rely on statements he made during Mr. Pai's deposition. The Court finds this assertion unconvincing and notes that given the potential defense of attorney-client privilege, it is highly doubtful that Defendant Winbond would have allowed its counsel to be deposed by Plaintiff. Additionally, the Court finds troubling, in light of Defendants' position on other evidentiary issues in this case, the Defendants' assertion that this evidence should be excluded. Defendants have repeatedly asserted that key documents, information, and programs for Plaintiff's case are not producable because they no longer exist. Defendants now argue that the evidence that *does* exist should be inadmissible based upon a technical reading of the Rules of Evidence. Certainly, this type of inequity is the type of situation the residual hearsay exception is intended to resolve.

It is therefore,

ORDERED that Defendants' Motion in Liminie No. 10 (Docket No. 1485) is DENIED.

DATED   September 16, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge