IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART ADAMS' OBJECTION TO MAGISTRATE JUDGE NUFFER'S MEMORANDUM DECISION AND ORDER GRANTING ADAMS' MOTION FOR SANCTIONS AGAINST MSI & ORDER DENYING MSI'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF TESTIMONY OF LEE AND HUANG<br><br>Case No. 1:05-CV-674 TS |

I. INTRODUCTION

On May 26, 2010, the Magistrate Judge entered an Order (1) denying Plaintiff's

Motion to Amend Complaint to add a misappropriation of trade secret claim against MSI

1

and (2) Denying Plaintiff's Motion for Terminating Sanctions Against MSI on the ground it was moot as related to the trade secret claim.

Plaintiff objected to that Order and argued that both motions be granted.[1] On August 30, 2010, this Court overruled Plaintiff's objection to the Order for the Motion to Amend, but the Court sustained Plaintiff's Objection regarding sanctions motion because it found that the issue of sanctions was not moot.[2] The Court stated that it would "enter a separate order on the Motion for Sanctions against MSI," and does so in this Order.

On September 9, 2010, the Court denied in part MSI's motion in Limine No. 13.[3] In that Order the Court stated that Plaintiff was not to put on any evidence regarding MSI's duty to preserve evidence or a sanction, or use the words spoliated and spoilation in connection with MSI "until it is determined that MSI had a duty to preserve the evidence."[4] The Court will now make the determination on the duty to preserve

Finally, MSI has recently filed Objections to Plaintiff's Designation of Testimony of Nora Lee and Jeans Huang;[5] on the ground that it violated the Order on Motion in Limine No. 13. That objection is also addressed in this Order.

In the present Motion for Sanctions, Plaintiff argues that some form of sanctions is appropriate because Defendant MSI had a duty to preserve evidence and violated that

---

[1] Docket No. 1338.

[2] Docket No. 1609.

[3] Docket No. 1677.

[4] *Id.* at 2.

[5] Docket No. 1712.

duty. The Court finds that there is sufficient evidence of a duty and spoliation to allow Plaintiff to present evidence on these matters. The jury will be instructed that MSI failed to preserve the evidence and that the jury may draw inferences from MSI's failure to preserve and produce evidence.

## II. BACKGROUND

In late 1999 the entire computer and component manufacturers industry was put on notice of a potential for litigation regarding defective floppy disc components ("FDCs") by the well publicized settlement in a large class action lawsuit against Toshiba.[6] While MSI argues it was "not in the FDC business" at the time,[7] it was testing FDCs in the period and was further put on notice by a letter from Gateway dated July 26, 2000, ensuring MSI was aware of the FDC liability issue.[8] The letter stated in part:

> The recent settlement by Toshiba of a lawsuit relating to the defect has raised concerns with respect to all FDC products. Moreover, we have been told that former IBM engineer Phillip Adams has developed and patented techniques for detecting and fixing underrun errors. The Adams patents (Nos 5,379,414 and 5,983,202) may be of assistance to you in describing and analyzing this issue. For your convenience, we have enclosed copies of his patents.
> Gateway is committed to providing products that meet the highest levels of quality and need you to verify that the FDC components provided by you to Gateway operate according to specifications.[9]

---

[6] Docket No. 731 at 28 (Memorandum Decision and Order).

[7] Docket No. 860, MSI's Opposition to Adams' Motion for Terminating Sanctions Against MSI, Motion to Amend Complaint and Other Relief, at 7.

[8] Docket No. 837, Plaintiff's Memorandum in Support of its Motion for (1) Leave to Amend, and (2) Terminating Sanctions Against MSI and Other Relief, at ix.

[9] *Id.* at Exhibit A.

3

It is unclear if other documents provided additional notice because of MSI's questionable document archiving practice at the time. For example, when MSI switched its email server in 2003, it states it simply deleted the emails stored on the previous server.[10] Despite representing that it deleted the emails as a result of the server switch, MSI has produced some emails from before the switch over.[11] Plaintiff has not been satisfied by such partial production and argues that any incriminating emails not already in Plaintiff's possession were deleted. The fact that some emails were preserved and others were not calls into question why only a portion of emails were deleted at the switch over. This also refutes MSI's claim that it "has always had a reasonable document retention system."[12]

Furthermore, MSI has been unable to produce a utility used allegedly at least once to test for FDC problems. Plaintiff alleges the utility was patented by Mr. Adams.

MSI has also been unable to produce the test results from the tests it ran on the utility. MSI disputes this fact, stating "MSI has produced test results from the testing that is at the heart of plaintiff's allegation here."[13]

To support this argument in its Memorandum in Opposition, MSI cites to its attached Exhibit 4, Brookings Rework Test Procedural, and Exhibit B, Declaration of Alou Chuang

---

[10] *Id.* at Exhibit B, Deposition of Alou Chuang, at 13.

[11] Docket No. 860, Defendant MSI's Memorandum In Opposition To Adams' Motion For Terminating Sanctions Against MSI, Motion to Amend Complaint and Other Relief, at xviii.

[12] *Id.* at xiii.

[13] *Id.* at 6

4

which states: "I found and produced numerous test reports and other technical documents from the 1999-2001 timeframe. I also found and produced test reports related to the testing mentioned in Exhibit C."[14] However, key material such as the test utility is missing. Consequently it is not possible to verify that the test results are as represented. Further, the deposition testimony of Ms. Chuang supports Plaintiff's position.[15]

The Court finds that the Chuang Declaration lacks veracity because of the untruthful statement in the Declaration, discussed further below, regarding this being the sole lawsuit MSI has been a party to in the United States.

MSI argues that Plaintiff currently has in its possession any documents that may incriminate MSI, and that none others exist. It further argues that at the time in question it "had an efficient and effective document retention system," and that "no MSI employee was ever asked or authorized to destroy any document in anticipation of a future litigation."[16] MSI also points out that during the course of this action it has produced "thousands of pages of documents . . . including product schematics, data sheets and software."[17]

---

[14] ¶ 11.

[15] Chuang Dep. at 32-33; 37-38.

[16] Chuang Decl. a ¶ 11.

[17] *Id.* at xv.

## III. DISCUSSION

A.  LEGAL STANDARD WHEN IMPOSING SANCTIONS FOR SPOLIATION

There are two threshold issues in determining whether sanctions are appropriate when a claim of spoliation is raised: whether "evidence has been lost, destroyed, or made unavailable" and whether there was a "duty to preserve the evidence."[18] If the moving party can show that the threshold standards are met, the Court applies a five factor test in determining which form of sanctions should be imposed:

> (1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [entry of judgment against it] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[19]

B.  THRESHOLD ISSUES

It is clear that evidence has been "lost, destroyed, or made unavailable." MSI has been unable to produce the utility in question. Consequently it is unclear whether it has produced the results of the testing it performed using that utility. It is also unclear whether additional evidence has been lost, destroyed, or made unavailable. At the time MSI only retained documents and computer files for a year, and it did not retain documents in

---

[18] Docket No. 731, Memorandum Decision and Order by Magistrate Judge Nuffer.

[19] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Ehrenhaus* applied this five factor test to determining whether terminable sanctions such a entering a judgment or dismissal are appropriate. *Id.* at 920-21. However, the factors are easily applicable in the determination of which type of sanctions are appropriate, ranging from a mere jury instruction to entering a judgement.

6

anticipation of any FDC litigation.[20] Further, as noted above, only some evidence from the 1999-2000 time frame was retained.

While a closer question, the evidence shows that MSI also had a duty to preserve evidence. To the extent that MSI was not put on notice of potential litigation regarding FDCs by the news of the October 1999 settlement in the *Toshiba* case, MSI was put on notice by communications from its customer Gateway. These communications included the Gateway letter and the Gateway email, which included an attachment received by MSI labeling the August 1, 2000 MSI/Gateway communications on Gateway's FDC and defective chip issues as "information protected under Attorney/Client privilege."

As early as April 4, 2000—well before the July 26, 2000, Gateway letter—another MSI customer, Sony, was sued over the FDC issue. The class action suit against Sony alleged defective computers based on the FDCs, not patent infringement. There was also various other FDC related litigation following *Toshiba*.

Additionally, the *Gateway* case was filed in early February 2002. Gateway was a client of MSI. This was the first patent infringement case by Dr. Adams for the FDC related patents.

---

[20]Docket No. 1712, MSI's Objections to Plaintiff's Designation of Testimony of Nora Lee and Jeans Huang.

In conclusion, shortly after the *Toshiba* settlement MSI knew or should have known that litigation was imminent and therefore had a duty to preserve evidence.[21] This was especially true by 2003 when it deleted its old email server.

MSI raises two arguments to refute its duty to preserve evidence: first, it was not in the FDC business[22] and second, it lacked experience with patent litigation.[23] MSI's claim that it was not in the FDC business, and thus would not be put on notice by a lawsuit regarding FDCs, lacks merit because, as noted above, it was testing FDCs in the period.

MSI's second argument of lacking experience is also unconvincing. In the Chuang Declaration MSI states that this is its first experience involving litigation of a U.S. patent.[24]

---

[21]Docket No. 731 Memorandum Decision and Order regarding Plaintiff's sanctions motion against ASUS, at 25-27 (summarizing law on duty to preserve evidence when "a litigant knows or should know [it] is relevant to imminent or ongoing litigation") (quoting *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc.*, 1998 WL 68879, at *5 (10th Cir. Feb. 20, 1998)). The Court adopts and incorporates that Order's statement of the law herein.

[22]Docket No. 860, MSI's Opposition to Adams' Motion for Terminating Sanctions Against MSI, Motion to Amend Complaint and Other Relief, at 7 ("MSI was not concerned in the least with the Toshiba settlement because MSI is not in the FDC business.").

[23]*Id.* at xiii.

[24]*Id.* at 6. *See also id.* at Exhibit B, Declaration of Alou Chuang at 3 ("In the 1999-2001 timeframe, MSI had no experience with patent litigation in the United States of America. The first and only time MSI has been involved in a patent infringement lawsuit in the U.S. is the present litigation, which started in 2005. Therefore, in the 1999-2001 timeframe, MSI's document retention policy was not explicitly guided by rules related to U.S. patent litigation.").

8

Jeans Huang stated in his deposition that at the time period in question MSI "didn't have enough legal knowledge" to know that it needed to preserve evidence.[25]

To begin with, if the Court accepted MSI's argument, then new businesses would be immune to any legal consequences of their actions in failing to preserve evidence as long as they remained ignorant of the law.

Furthermore, it has recently come to the Court's attention that MSI has been a party to litigation prior to this action. Its statement regarding this being the first time it has been a party to litigation in the United States is untrue. MSI became a party to this action in 2007. From 1999 to 2007 it was a party in eleven lawsuits in the United States. Of particular note, MSI was a defendant in a patent matter filed in October of 2001—at least fourteen months prior to its deleting the emails on its old server. In 2003 MSI was served a subpoena for document production in *Adams v. Gateway* which dealt with the same testing and much of the same evidence as the matter currently before the Court.

The Court finds that MSI should have preserved evidence pertinent to future FDC litigation. From 1999-2000 the industry as a whole was aware of potential litigation. Also, MSI's understanding that FDC litigation was imminent should have been reinforced by its experience in litigation and the cases filed against its own customers.

Plaintiff has shown that evidence has been destroyed and there was a duty to preserve the evidence. Even if MSI has turned over some emails and reports of key importance, it has not turned over the utility. Furthermore, the fact that MSI deleted and/or

---

[25] Deposition of Jeans Huang, at 25, located at Docket No. 1338, Adams' Objection to Magistrate Judge's May 26, 2010 Order at Ex. I (under seal).

destroyed a significant and unknown portion of its documents from the time in question, without any regard as to what may be later necessary for FDC litigation, satisfies the first threshold question. Thus, some form of sanctions are appropriate.

C.     WHAT FORM THE SANCTIONS SHOULD TAKE

As noted above, the Court considers five factors in determining sanctions: "the degree of actual prejudice to the [plaintiff]; . . . the amount of interference with the judicial process; . . . the culpability of the litigant; . . . whether the court warned the party in advance that [entry of judgment was possible]; . . . and the efficacy of lesser sanctions."[26]

The first factor, prejudice toward Plaintiff, is not easily weighed without making factual determinations as to the likelihood that additional evidence not in Plaintiff's possession would have been produced had MSI not destroyed its records.

What has been described by MSI in its memoranda as key evidence Plaintiff will use against MSI, namely what has been referred to as "the Gateway email" was produced by Gateway. Thus, there is no way to know if other relevant evidence would have been produced had MSI preserved all of their documents regarding potential FDC litigation. On the other hand, MSI points out that Plaintiff has the key evidence and is not prejudiced because no other incriminating evidence has ever existed. However, MSI recently obtained an order in limine[27] largely excluding the Gateway email—which it referred to as notes prepared by Chris Wetzel—and which included notes of a conference call with MSI

---

[26] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[27] Order Granting in Part MSI's Motion in Limine No. 21 to Exclude Brookings notes and Wetzel emails prepared by Gateway's Chris Wetzel. Docket No.

employees. That evidence is excluded except as necessary for the jury to understand the deposition testimony of three individuals—one MSI employee and two Gateway employees. As the record now stands it may not be received as substantive evidence, but some use for impeachment or the like has not been addressed. Thus, there is prejudice to Plaintiff because what little evidence remains from MSI is not all admissible at trial.

The second factor, interference with the judicial process, points towards imposing sanctions. MSI destroyed its documents several years before Plaintiff filed this action. Furthermore, as set forth in a prior Order,[28] MSI has not always fully cooperated in discovery matters.

The third factor, culpability of MSI, points towards sanctions but not extreme sanctions such as entry of judgment. MSI's culpability regarding sanctions is that it failed to retain documents. This is mitigated by the fact that MSI did not produce FDCs but simply incorporated them into its product.

Regarding the final two factors, the Court has not warned MSI that severe sanctions such as a judgment may be entered against it. The lesser sanction of a jury instruction seems sufficient.

The Court finds that the appropriate sanction is a jury instruction stating that the jury may, but is not required to, draw assumptions from the fact that MSI did not preserve and has not produced evidence. However, it will still be up to the jury to determine whether MSI infringed on Plaintiff's patent and if the patent is enforceable. The exact form of the jury

---

[28]Docket No. 1573, Memorandum Decision and Order on Plaintiff's Motion in Limine to Exclude Witness Huang, August 16, 2010.

instruction will be determined as the trial draws to an end and all evidence on this issue and other issues has been received.

Furthermore, the Court finds that Plaintiff shall not mention this sanction to the jury due to the danger of prejudicing the jury. Plaintiff is free to put on evidence of MSI's failure to preserve evidence (spoliation) and, the Court having determined that MSI had a duty to preserve evidence, of its actions regarding the preservation of evidence, if any, including any document retention policy issues. Plaintiff may argue in closing argument that MSI should have preserved evidence and refer to the fact that the jury will be instructed that MSI should have preserved the evidence. However, Plaintiff may not directly or impliedly state that the Court has made a finding of wrongdoing on MSI's part; in other words, Plaintiff may not state or imply that the Court has sanctioned MSI. Further, the Court will not instruct the jury at this time on the duty to preserve. Plaintiff has already presented some evidence on this topic, but should follow this Order from this point forward.

Thus, the Court is modifying its prior Order Denying in Part MSI's Motion in Limine No. 13. This modification renders moot MSI's Objections to Plaintiff's Designation of Testimony of Nora Lee and Jeans Huang.

## IV. CONCLUSION

The Court finds, as stated above, that MSI violated its duty to preserve evidence and that Plaintiff was prejudiced due to MSI's destruction of documents. It is therefore

ORDERED that Plaintiff's Motion for Sanctions and other relief against MSI (Docket No. 836) is GRANTED in part and sanctions are imposed on MSI in the form of a jury instruction as outlined above. It is further

ORDERED that Plaintiff may put on evidence of MSI's spoliation of evidence, but Plaintiff may not refer the to Court's action in issuing this sanction. It is further

ORDERED that MSI's Objections to Plaintiff's Designation of Testimony of Nora Lee and Jeans Huang, (Docket No. 1712), is DENIED as MOOT.

DATED September 16, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge