IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST WINBOND<br><br><br><br>Case No. 1:05-CV-64 TS |

Plaintiff moves for sanctions against Winbond for allegedly withholding and/or spoliating evidence. Winbond responds that it has not withheld or spoliated evidence and further contends that the present motion is merely retaliation for its own sanctions motion against plaintiff.[1]

The Court has set forth the standards applicable to claims of spoliation and failure to comply with discovery order in prior orders and need not repeat them herein.

---

[1] See Docket No. 1586 Order Denying WInbond's Motion for Sanctions against Plaintiff.

1

Plaintiff raises three items as withheld and/or spoliated: (1) the writef3. test program and source code; (2) the FPGA Board; and (3) missing source code of Winbond's FDC microcode.

The Court has addressed the writef. program, test results, and source code in a separate Order.[2] The Court found that they were not covered by attorney-client privilege and should be produced forthwith. In a subsequent bench ruling, it was determined that Dr. Adams should have access to the source code. The Court did not find sanctionable conduct by either party in connection with the *in camera* proceedings on writef3.

Plaintiff argues that the FPGA[3] board and chip were used to reverse engineer his program in 2000, that it is the "most significant piece of physical evidence" of that reverse engineering,[4] and Winbond failed to preserve it. Winbond submits the declaration of Mr. Lu who states that it is merely a "standard off-the-shelf engineering design tool" that was "likely reused many times" by various Winbond engineers. Winbond argues that Plaintiff first raised this issue in November 2000 in another proceeding, raised it again in August 2009, and appeared to have dropped it until immediately before the present Motion. Plaintiff argues that it has not waived production.

Plaintiff has the burden on the present Motion and has not shown evidence that the board is relevant evidence rather than a design tool. In response to the Lu deposition, Plaintiff submits only argument of counsel. That is insufficient to counter the Lu deposition

---

[2]Docket No. 1732.

[3]FPGA stands for field-programmable gate array.

[4]Docket No. 1391 at 9.

for purposes of the present Motion. The FPGA boards are not evidence that is obviously relevant like was at issue in other sanctions motions in the present case. The fact that Plaintiff did not raise the issue until so recently also weighs against its significance.[5]

Plaintiff has not shown that the FPGA board/chip was relevant evidence that should have been preserved. Plaintiff may still inquire about the FPGA board at trial and what happened to it, including inquiry as to why it was not saved, but may not refer to spoliation.

Plaintiff makes two arguments in support of its claim that Winbond has refused to produce all microcode. First, that it failed to produce certain code in response to Plaintiff request for production in 2007. Second, that its production of other code was only partial and involved altered documents.

The first set of microcode appears to be an issue that Plaintiff should have addressed under Fed. R. Civ. P. 37. Plaintiff argues that Winbond failed to produce two specific sets of microcode as described in Plaintiff's Ex. J. The Court finds that Plaintiff has shown that it requested production of certain microcode by Winbond in 2007. However, that request specified that for each of the FDC's that Winbond makes, incorporates in any product it makes, previously made, previously incorporated, and the like, that it produce microcode.[6] Thus, the request was tied to Winbond's products. Plaintiff did obtain an order that other defendants produce microcode, but not as to Winbond.[7]

---

[5] *Compare* Docket No. 1338 (Plaintiff's Motion for Sanctions against MSI, filed on June 30, 2009, shortly after the depositions conducted in Taiwan).

[6] Docket No. 1391 Pl.'s Mem in Supp. at x (quoting Plaintiff's Request for Production of Documents).

[7] Plaintiff cites Docket No. 251 (Order granting Motion to Compel) as the applicable order, but that order does not appear to cover Winbond because it was not

3

Winbond submits the Lu Declaration that Winbond's products do not use the Ex. J microcode. There is nothing to rebut that declaration. Plaintiff did not make a record by seeking an order to compel the evidence and apparently did not inquire into the issue during depositions. Plaintiff has not shown that the Ex. J microcode was ever used in its products. Without such a showing that it was covered by the language of Plaintiff's request for production, there is no showing that it has been improperly withheld.

The second set of microcode was obtained by license (the licensed code). Winbond contends that it has produced it. Plaintiff contends that its production is missing pages.

The Court has carefully reviewed the record on the allegedly missing pages and finds that Plaintiff has not shown missing pages. There is argument of counsel regarding how the information should have been counted, and therefore, what is missing. However, there is no actual evidence and it is not self-evident. Plaintiff relies on an argument of "the way programers count for the purposes of programing"[8] but submits no evidence in support of that argument. Plaintiff also argues that it appears that Winbond cut and pasted the information obtained from the licensor into Winbond's own format with a Winbond heading and footer, and implies a sinister explanation for the handwritten numbering of the pages. However, a review of the entire document as submitted by Winbond and a comparison of a document from the same time frame[9] make it equally plausible that the format is simply

---

yet a party when the Motion to Compel was filed on November 22, 2006. Sony did not implead Winbond until December 21, 2006. Winbond was, however, under a duty to comply with the specific request for production.

[8] Pl.'s Mem. at xii.

[9] Pl.'s Ex. J.

4

how Winbond organized such information.

Plaintiff has not shown that the licensed code was not produced or that it was spoliated. The Court is not ruling that it was produced and was not spoliated, only that Plaintiff has not established it as a fact supporting imposition of a sanction.

Plaintiff may inquire about the microcode at trial, including inquiry into the exhibit's allegedly missing pages,[10] but may not refer to spoliation.

In conclusion, if something is generated during examination of witnesses on these issues at trial that alters the basis of the ruling, the Court will revisit the issue of sanctions. On the present record, sanctions will not be imposed. It is therefore

ORDERED that Plaintiff's Motion for Sanctions against MSI (Docket No. 1389) is DENIED.

DATED September 20, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] Provided that it has designated such exhibits.