IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE THE REPORT OF DEFENDANTS' PATENT LAW EXPERT NICHOLAS GODICI, AND TO BAR HIS TESTIMONY<br><br><br>Case No. 1:05-CV-64 TS |

This matter is before the Court on Plaintiff's Motion to Strike the Report of Defendants' Patent Law Expert Nicholas Godici, and to Bar his Testimony. For the reasons discussed below, the Court will grant the Motion in part and deny it in part. Specifically, the Court will not permit Mr. Godici to testify before the jury, as his testimony relates solely to the issue of inequitable conduct, an issue for the Court. The

1

Court will, however, permit Mr. Godici to testify before the Court, but will limit his testimony.

## I.  BACKGROUND

Defendants have retained Nicholas P. Godici as an expert in connection with this matter.  Mr. Godici is not an attorney, but does have over 30 years experience in the patent field, including serving as the Commissioner of the United States Patent and Trademark Office ("USPTO") from 2000 to 2005.

Mr. Godici's testimony relates to Defendant's defense of inequitable conduct.  He "expect[s] to testify on USPTO policies and procedures, the rules and procedural requirements governing the filing and prosecution of patent applications in the USPTO and the grant of U.S. patents by the USPTO, on the duty of candor and good faith and disclosure that those substantively involved in the preparation and prosecution of a patent application owe to the USPTO, on the requirements for establishing inequitable conduct, and on the application of those requirements to the evidence surrounding the patents-in-suit."[1]

---

[1] Docket No. 961, Ex. A, ¶ 11

It is this last category of testimony to which Plaintiff objections. Mr. Godici opines that:

- "Dr. Adams violated his duty of disclosure by not disclosing the NEC Detector Disk to the USPTO during the prosecution of the so-called 'detector' patents, the '002, '222, and '767 patents"[2]
- "Dr. Adams improperly claimed small entity status and paid fees at the 50% small entity discount after licensing his invention to Hewlett-Packard"[3]
- "Dr. Adams violated his duty of disclosure by not informing the USPTO about material information that he was aware of concerning the redesign of the NEC 765 chip to incorporate a fix to the overrun defect of the FDC chip"[4]
- "Dr. Adams violated his duty of disclosure by not informing the USPTO of material information concerning the ErrorNot Corporation solutions to the overrun defect in FDC chips"[5]
- "Dr. Adams made false statements regarding his '414 patent during the prosecution of the '002 and '222 patents in violation of his duty of disclosure"[6]

---

[2] *Id.* ¶ 15.

[3] *Id.* ¶ 16.

[4] *Id.* ¶ 17.

[5] *Id.* ¶ 18.

[6] *Id.* ¶ 19.

3

- "Dr. Adams violated his duty of disclosure during the prosecution of the '414, '002 and '222 patents by not disclosing the 'Castellana letter" to the USPTO"[7]

- "Dr. Adams violated his duty of disclosure by not disclosing prior art that he compiled when prosecuting the '858 patent"[8]

- "[T]he failure to disclose any prior art, specifically the non-patent literature known to Dr. Adams, during the prosecution of the '002 patent was a violation of the duty of disclosure"[9]

## II. DISCUSSION

Fed.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*[10] and *Kumho Tire Co., Ltd. v. Carmichael*,[11] the Supreme Court interpreted the requirements of Rule 702. "*Daubert* requires a trial judge to 'ensure that any and all scientific testimony or evidence

---

[7] *Id*. ¶ 20.

[8] *Id*. ¶ 21.

[9] *Id*. ¶ 22.

[10] 509 U.S. 579 (1993).

[11] 526 U.S. 137 (1999).

4

admitted is not only relevant, but reliable.'"[12]  "In applying Rule 702, the trial court has the responsibility of acting as a gatekeeper."[13]  "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."[14]

"The Supreme Court has provided some guidance for the task of determining scientific validity."[15]  "This inquiry is 'a flexible one,' not governed by a 'definitive checklist or test.'"[16] Some factors to consider are whether the expert's theory or technique: (1) can be (and has been) tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error with standards controlling the technique's operation; and (4) enjoys widespread acceptance in the relevant scientific community.[17]

"Rule 702's second prong concerns relevancy, or 'fit.'"[18]  "The trial court 'must ensure that the proposed expert testimony is 'relevant to the task at hand,' . . . i.e., that

---

[12]*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).

[13]*In re Breast Implant Litigation*, 11 F.Supp. 2d 1217, 1222 (D. Colo. 1998).

[14]*Daubert*, 509 U.S. at 592.

[15]*In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

[16]*Atlantic Richfield*, 226 F.3d 1163 (quoting *Daubert*, 509 U.S. at 593).

[17]*Id*.

[18]*In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

5

it logically advances a material aspect of the proposing party's case.'"[19]  Because of the dangers of scientific evidence, "federal judges must exclude proffered scientific evidence under Rule 702 unless they are convinced that it speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury."[20]

As an initial matter, the Court notes that Mr. Godici's opinions go to the issue of inequitable conduct.  The parties have agreed that the issue of inequitable conduct is to be tried by the Court.  Therefore, the Court finds that Mr. Godici's testimony is irrelevant to any issue to be decided by the jury and he will not be permitted to testify before the jury.  However, the Court must still consider whether it should permit Mr. Godici to testify at all.

Plaintiff argues that Mr. Godici should not be permitted to testify because he is not a person of skill in the art.  Specifically, Plaintiff argues that since Mr. Godici is not a technical expert he should not be allowed to opine on whether a particular reference is material.  A close reading of the expert report reveals that Mr. Godici does not claim to be a technical expert and does not opine on technical issues.  Rather, Mr. Godici relies on the testimony of the technical experts in this case, which is something he is permitted to do.[21]

---

[19] *Id*. (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)).

[20] *Id*.

[21] *See* Fed.R.Civ.P. 703.

6

Mr. Godici's actual opinions are on matters within his expertise as a patent examiner and former Commissioner of the USPTO. Mr. Godici provides testimony as to why Dr. Adams' alleged conduct before the USPTO would be important to a reasonable examiner, a key issue in the determination of inequitable conduct. Further, Mr. Godici has eschewed any interest in stating legal conclusions. For these reasons, he will be permitted to testify outside of the presence of the jury.

Mr. Godici will not be permitted to testify about Dr. Adams' intent and should limit his testimony on the following issues to that which is necessary to understand his opinions: USPTO policies and procedures, the rules and procedural requirements governing the filing and prosecution of patent applications in the USPTO and the grant of U.S. patents by the USPTO, the duty of candor and good faith and disclosure that those substantively involved in the preparation and prosecution of a patent application owe to the USPTO, and the requirements for establishing equitable conduct.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike the Report of Defendants' Patent Law Expert Nicholas Godici, and to Bar his Testimony (Docket No. 960) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED   September 21, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge