IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>WINBOND ELECTRONICS CORPORATION, ASUS COMPUTER INTERNATIONAL, MICRO-STAR INTERNATIONAL CORP., LTD, AND MSI COMPUTER CORP., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW FOR THE '858 PATENT<br><br><br>Case No. 1:05-CV-64 TS |

Defendants move for judgment as a matter of law on the '858 patent.[1] Defendants argue that the only evidence of "apparatus" established for claim 1 is the chip designer's work station in Taiwan. Because there is no evidence that the workstation in Taiwan was made, used, offered for sale, or sold in the United States or that it was imported into the

---

[1]U.S. Patent No. 6,687,858.

1

United States, as required by 35 U.S.C. § 271(a), Defendants argue that a reasonable jury could not find in Plaintiff's favor on infringement of the '858 patent. Defendants also argue that Plaintiff has presented no evidence of infringement of claim 3.

Plaintiff responds that the infringing operational apparatus exists in the Winbond's chips themselves and concedes that there has been no evidence on claim 3.

Defendants seek judgment as a matter of law on the '858 patent under Rule 50:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling, can be maintained or defeated only with a favorable finding on that issue.[2]

In a Rule 50 motion, the Court must "review the record taken as a whole," but all reasonable inferences are drawn in favor of the nonmoving party and this court does "not make credibility determinations or weigh the evidence."[3] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[4]

Plaintiff agrees that there is no evidence on claim 3. Accordingly, Defendants are

---

[2] Fed. R. Civ. P. 50(a).

[3] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (citation and quotation omitted).

[4] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

2

entitled to judgment as a matter of law on claim 3 of the '858 patent.

Claim 1 of the '858 patent states:

An apparatus for extending the functionality of a defective floppy diskette controller, the apparatus comprising a computer readable medium storing executable and operational data structures, the data structures comprising:

a determination module for identifying a hardware resource associated with a computer system;

a welding module for inseparably connecting a persistent software layer to the hardware resource.[5]

Plaintiff's expert Dr. Kraft testified that the workstation was the apparatus, but did not testify it was the entire apparatus. Plaintiff has presented evidence supporting its theory that the Winbond modified chips contain the "apparatus comprising a computer readable medium storing executable and operational data structures" described in the '858 patent. As presented with the aid of a demonstrative exhibit[6] during Dr. Kraft's testimony, data structures in the FDC only become operational when welded to the hardware, *i.e.* the Winbond chip. Informing the understanding of this theory is the claim construction of "executables," "software," "a determination module for identifying a hardware resource associated with a computer system" and "a welding module for inseparably connecting a persistent software layer to the hardware resource." As explained in the claims construction order,[7] the last two are Means Plus Function clauses and "neither requires

---

[5]'858 patent, claim 1.

[6]Demonstrative no. 467 (sealed).

[7]Docket No. 1375

3

that the module be executed outside the FDC."

This evidence is susceptible to other interpretations as advanced by Defendants. There is also conflicting evidence. However, there is sufficient evidence from which a reasonable jury could find infringement of claim 1 of the '858 patent. It is therefore

ORDERED that Defendants' Motion for Judgment as a Matter of Law (Docket No. 1741) is GRANTED as to claim 3 of U.S. Patent No. 6,687,858. It is further

ORDERED that judgment of no infringement shall enter in favor of Defendants MSI Computer Corporation, Micro-Star International Corporation, Ltd., Asustek Computer, Asus Computer Intl., and Winbond Electronics Corporation on claim 3 of U.S. Patent No. 6,687,858. Entry of judgment shall await the conclusion of this case. It is further

ORDERED that Defendants' Motion for Judgment as a matter of law on claim 1 of the '858 patent (Docket No. 1741) is DENIED.

DATED September 24, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge