| | |
|---|---|
| Rick B. Hoggard (5088) | Kevin P.B. Johnson (admitted *pro hac vice*) |
| Arthur B. Berger (6490) | Todd M. Briggs (admitted *pro hac vice*) |
| RAY QUINNEY & NEBEKER P.C. | Jennifer A. Kash (admitted *pro hac vice*) |
| 36 South State Street, Suite 1400 | Michael W. Gray (admitted *pro hac vice*) |
| Salt Lake City, Utah 84111 | Jordan R. Jaffe (admitted *pro hac vice*) |
| Telephone: (801) 532-1500 | QUINN EMANUEL URQUHART & |
| Facsimile: (801) 532-7543 | SULLIVAN, LLP |
| | 555 Twin Dolphin Drive, Fifth Floor |
| | Redwood Shores, California 94065 |
| | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |

Attorneys for Sony Electronics Inc.

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | **SONY'S STATEMENT REGARDING MATTERS INVOLVING SONY THAT REMAIN TO BE RESOLVED IN THIS ACTION**<br><br>Civil No. 1:05-CV-64<br><br>The Honorable Ted Stewart<br>Magistrate Judge David Nuffer |
| And Related Third-Party Claims | |

Pursuant to the Court's January 13, 2011 Order[1], Sony submits the following statement regarding matters that remain to be resolved.  This statement addresses the pending claims Sony has against ASUSTeK Computer, Inc. and ASUS Computer International (collectively "ASUS") and ITE Tech., Inc. ("ITE") in this action.  These claims are set forth in Sony's amended third-party complaint against ASUS and ITE filed on January 12, 2007.[2]

Sony's amended third-party complaint asserts claims for indemnification and contribution against ASUS.  Pursuant to an agreement between the parties, the Court bifurcated the claims among Sony, ASUS and Winbond from the claims of Plaintiff and ordered discovery and trial of the indemnity claims among Sony, ASUS and Winbond to take place "after adjudication of Plaintiff's claims."[3]

Sony's amended third-party complaint also asserts claims for contribution against ITE.  ITE waived service of Sony's summons and complaint, but failed to answer or otherwise respond to Sony's complaint.[4]  Sony subsequently moved for entry of default.[5]  On May 30, 2007, the Clerk of the Court entered a default under Rule 55(a).[6]  ITE has not responded to this default.

Sony believes that the schedule for its claims against ASUS and ITE should be determined after the Court resolves ITE's defense of lack of personal jurisdiction with respect to Plaintiff's claims against ITE.  Consequently, Sony agrees with Plaintiff, ITE, ASUS, and Winbond that the parties should "meet and confer within 30 days of any decision finding personal jurisdiction over ITE in order to agree on a schedule for completing discovery and

---

[1] Docket No. 1878.
[2] Docket No. 226 (Amended Third-Party Complaint for Indemnification and Contribution).
[3] Docket No. 1150.
[4] Docket No. 1643 (Memorandum Decision And Order Denying ITE's Motion To Set Aside The Clerk's Entries of Default As To ITE And To Dismiss Plaintiff's Claims Against ITE).
[5] *Id*.
[6] Docket No. 291.

pretrial preparation on all other issues" as set forth in Paragraph 4d of the Attorney's Planning Meeting Report filed by Plaintiff, ITE, ASUS, and Winbond on today's date.[7]

DATED:  January 19, 2011          Respectfully submitted,

                                  QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By   Todd M. Briggs
                                       Attorneys for Third-Party Plaintiff Sony
                                       Electronics Inc.

---

[7] Docket No. 1879.

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2011 I electronically filed: **SONY'S STATEMENT REGARDING MATTERS INVOLVING SONY THAT REMAIN TO BE RESOLVED IN THIS ACTION** with the Court and electronically served the same on counsel of record through the Court's ECF system.

/s/ Todd Briggs