IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING ASUS COMPUTER INTERNATIONAL'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW IN FAVOR OF ALL CLAIMS AND CAUSES OF ACTION ALLEGED AGAINST IT<br><br><br>Case No. 1:05-CV-64 TS |

This matter is before the Court on Defendant ASUS Computer International's ("ACI") Renewed Motion for Judgment as a Matter of Law in Favor of all Claims and Causes of Action Alleged Against It. For the reasons discussed below, the Court will deny the Motion.

1

## I. BACKGROUND

In this matter, Plaintiff alleged that ACI infringed three of its patents. After the close of Plaintiff's evidence, ACI moved for judgment as a matter of law, arguing that there was insufficient evidence to find infringement.[1] The Court denied the Motion.[2]

The jury ultimately found that ACI infringed one of Plaintiff's patents.[3] As a result of that infringement, the jury awarded damages in favor of Plaintiff and against ACI in the amount of $185,000.[4]

Defendant ACI now renews its motion for judgment as a matter of law, arguing that it is entitled to judgment because Plaintiff failed to present sufficient evidence to establish infringement by ACI.

## II. DISCUSSION

Under Fed.R.Civ.P. 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[5] A party which has made a motion for judgment as a matter of law under Rule 50(a) prior to a jury verdict may renew that motion under Rule 50(b) after judgment is rendered.

---

[1] Docket No. 1765.

[2] Docket No. 1789.

[3] Docket No. 1802.

[4] *Id*.

[5] Fed.R.Civ.P. 50(a)(1).

"In [entertaining a motion for judgment as a matter of law], the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."[6] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."[7]

The Tenth Circuit has made it clear that judgment as a matter of law is to be "cautiously and sparingly granted,"[8] and is only appropriate when there is no way to legally justify a jury verdict. Judgment as a matter of law is appropriate only "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law,"[9] or if "the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[10] "Judgment as a matter of law is improper unless the evidence so overwhelmingly favors the moving party as to permit no other rational conclusion."[11]

With this standard in mind, the Court finds that Defendant's Motion must be denied. Though the evidence concerning ACI was limited, the Court finds that there is evidence to

---

[6]*Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-555 (1990).

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[8]*Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996).

[9]*Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting Fed.R.Civ.P. 50).

[10]*Finley v. United States*, 82 F.3d 966, 968 (10th Cir.1996).

[11]*Shaw v. AAA Eng'g & Drafting*, 213 F.3d 519, 529 (10th Cir. 2000).

support the jury's finding that ACI infringed.  This conclusion is not altered by the recent settlements entered into by the parties.

### III.  CONCLUSION

It is therefore

ORDERED that ACI's Renewed Motion for Judgment as a Matter of Law (Docket No. 1832) is DENIED.

DATED   September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge