IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING ASUSTEK DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW IN FAVOR OF THE ASUSTEK DEFENDANTS OF NO INFRINGEMENT OF U.S. PATENT NO. 5,983,002<br><br>Case No. 1:05-CV-64 TS |

  This matter is before the Court on Defendants ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International's (collectively, Defendants) Motion for Judgment as a Matter of Law. For the reasons discussed below, the Court will deny the Motion.

            I. BACKGROUND

  This matter proceeded to a jury trial in September and October 2010. At the conclusion of that trial, the jury found that Defendants infringed one of Plaintiff's patents and that Plaintiff

was entitled to damages. Defendants now renew their previously denied Motion for Judgment as a Matter of Law.

## II. DISCUSSION

Under Fed.R.Civ.P. 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[1] A party which has made a motion for judgment as a matter of law under Rule 50(a) prior to a jury verdict may renew that motion under Rule 50(b) after judgment is rendered.

"In [entertaining a motion for judgment as a matter of law], the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."[2] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."[3]

The Tenth Circuit has made it clear that judgment as a matter of law is to be "cautiously and sparingly granted,"[4] and is only appropriate when there is no way to legally justify a jury verdict. Judgment as a matter of law is appropriate only "[i]f there is no legally sufficient

---

[1] Fed.R.Civ.P. 50(a)(1).

[2] *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-555 (1990).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[4] *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996).

evidentiary basis . . . with respect to a claim or defense . . . under the controlling law,"[5] or if "the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[6] "Judgment as a matter of law is improper unless the evidence so overwhelmingly favors the moving party as to permit no other rational conclusion."[7]

Having reviewed the evidence in this case, as well as the parties' arguments, the Court finds there is substantial evidence to support the jury's verdict. Therefore, the Court will deny Defendants' Motion.

III. CONCLUSION

It is therefore

ORDERED that ASUSTeK Defendants' Motion for Judgment as Matter of Law (Docket No. 1834) is DENIED.

DATED   September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting Fed.R.Civ.P. 50).

[6] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[7] *Shaw v. AAA Eng'g & Drafting*, 213 F.3d 519, 529 (10th Cir. 2000).