IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> SONY ELECTRONICS INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND COSTS INCLUDING EXPERT WITNESS FEES AND EXPENSES <br><br> Case No. 1:05-CV-64 TS |

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses, and Costs Including Expert Witness Fees and Expenses. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

This matter proceeded to a jury trial in September and October 2010. At the conclusion of that trial, the jury found that Defendants ASUSTeK Computer, Inc. and ASUS Computer

International (collectively, "Defendants") infringed one of Plaintiff's patents and that Plaintiff was entitled to damages. Plaintiff now seeks attorneys' fees and costs.

## II. DISCUSSION

Plaintiff requests the Court deem this an exceptional case under 35 U.S.C. § 285 and award it attorneys' fees and expenses incurred in the litigation of this matter, or award the same pursuant to the Court's inherent equitable power. In addition, Plaintiff requests the Court award its costs, including expert witness fees and expenses incurred in this litigation.

Defendants oppose Plaintiff's Motion arguing that it is untimely, that Plaintiff is not a prevailing party, and that Plaintiff has failed to show that this case is exceptional.

A.  TIMELINESS OF THE MOTION

Defendants argue that Plaintiff's Motion is untimely under DUCivR 54-2(f). Local Rule 54-2(f) provides that any motion for attorneys' fees "must be filed and served within fourteen (14) days after . . . entry of judgment."[1] Defendants argue that, since no final judgment has been issued, this Motion is premature. Plaintiff argues that DUCivR 54-2(f) merely provides an outside time limit within which a motion for attorneys' fees must be filed and does not prohibit a party from moving earlier.

The Court need not resolve this dispute over the timing of the Motion. The Court is confident that, if the Motion was denied as premature, it would merely be filed after judgment is entered. The Court sees no reason to waste its own or the parties' resources by denying the Motion and having it renewed at a later date. Therefore, the Court finds it prudent to determine

---

[1] DUCivR 54-2(f).

the issues raised in the Motion at this time, with the exception of the issue of costs as discussed below.

B.     PREVAILING PARTY

The award of attorneys' fees under 35 U.S.C. § 285 is limited to prevailing parties. Defendants argue that Plaintiff is not entitled to attorneys' fees because it is not a prevailing party.

"Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses."[2] "'[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'"[3]

The Court finds that Plaintiff is prevailing party in this matter. Defendants are correct that Plaintiff did not prevail on all claims that it initially brought against them and did not prevail on all claims that ultimately went to trial. However, as stated, determination of prevailing party status is not based on the number of claims upon which Plaintiff prevailed. In this matter, the jury found that Defendants infringed one of Plaintiff's patents and awarded damages based on that infringement. Additionally, Plaintiff was successful in defending against Defendants'

---

[2] *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

[3] *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

arguments concerning the validity of the patents in suit. Based on these considerations, the Court finds Plaintiff to be a prevailing party in this matter.

C.   EXCEPTIONAL CASE

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[4] "A trial court undertakes a two-step inquiry when adjudicating a request for attorney's fees. The court examines first whether there is clear and convincing evidence that the case is exceptional, and second, whether an award of attorney fees to the prevailing party is warranted."[5]

"Exceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent."[6] "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement."[7] "Bad faith and willful infringement are not the only criteria whereby a case may be deemed to be 'exceptional,' although when either is present the requirement is more readily met."[8] "Litigation misconduct and unprofessional behavior are relevant to the award of attorney

---

[4] 35 U.S.C. § 285.

[5] *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005).

[6] *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001).

[7] *Id.*

[8] *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996).

fees, and may suffice, by themselves, to make a case exceptional."[9] "Such conduct must be supported by clear and convincing evidence."[10]

The Court finds this case to be exceptional. Specifically, the Court finds that Defendants' litigation misconduct makes this case exceptional. Defendants' litigation misconduct is fully set out in the Court's previous Order[11] and need not be repeated here. The Court finds that this conduct warrants a finding that this case is exceptional.

Having determined this case to be exceptional, the Court considers whether an award of attorney fees to the prevailing party is warranted. The Court finds that no such award is warranted here. The Court has already granted a sanction against Defendants for their litigation misconduct in the form of a negative inference instruction to the jury. The Court finds that no further sanction is warranted here.

D.      COSTS

Plaintiff also argues that it should be awarded its costs. Under both Fed.R.Civ.P. 54(d) and DUCivR 54-2, it is the Clerk of Court who may tax costs, if any. Plaintiff must make any motion for costs to the Clerk of the Court in accordance with Fed.R.Civ.P. 54(d) and DUCivR 54-2. Therefore, the Court will not address Plaintiff's request for costs at this time. Either party may, however, move to review whatever costs are ultimately taxed.[12]

---

[9] *Brasseler*, 267 F.3d at 1380.

[10] *Beckman Inst., Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

[11] *See* Docket No. 1939.

[12] Fed.R.Civ.P. 54(d)(1); DUCivR 54-2(d).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Attorneys' Fees and Expenses, and Costs Including Expert Witness Fees and Expenses (Docket No. 1825) is DENIED.

DATED   September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge