IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br><br><br><br>vs.<br><br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST<br><br><br><br>Case No. 1:05-CV-64 TS |

This matter is before the Court on Plaintiff's Motion for Prejudgment Interest.  Plaintiff requests an award of prejudgment interest on the jury's award of infringement and any awarded attorneys' fees.  Plaintiff argues that the rate of prejudgment interest should be prime plus one percent compounded monthly.  For the reasons discussed below, the Court will grant the Motion in part and deny it in part.  Specifically, the Court will award prejudgment interest on the jury's award at a prime interest rate compounded annually.  However, because the Court will not award attorneys' fees, the Court will not order prejudgment interest as to those fees.

## I.  BACKGROUND

This matter proceeded to a jury trial in September and October 2010.  At the conclusion of that trial, the jury found that Plaintiff was entitled to damages.[1]  Plaintiff now seeks prejudgment interest in relation to those awarded damages.

## II.  DISCUSSION

A.     PREJUDGMENT INTEREST ON JURY AWARD

The first question presented by the instant Motion is whether Plaintiff is entitled to prejudgment interest.  Plaintiff argues that, under 35 U.S.C. § 284, it is entitled to prejudgment interest.  Defendants ASUSTeK Computer, Inc. and ASUS Computer International (collectively, "Defendants"), on the other hand, argue that prejudgment interest should not be awarded because Plaintiff delayed in filing suit.[2]

35 U.S.C. § 284 states, in pertinent part: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, *together with interest and costs as fixed by the court*."[3]

---

[1]Docket No. 1802.

[2]Defendants also argue that Plaintiff is not entitled to prejudgment interest because they are entitled to judgment as a matter of law on Plaintiff's infringement claim.  For the reasons set out in the Court's orders concerning Defendant's renewed motions for judgment as a matter of law, the Court finds that there is sufficient evidence to support the jury's finding of infringement. Therefore, the Court must reject this argument.

[3]35 U.S.C. § 284 (emphasis added).

The Supreme Court has held that, under § 284, "prejudgment interest should ordinarily be awarded" "absent some justification for withholding such an award."[4]  However, § 284 does not require "the award of prejudgment interest whenever infringement is found."[5]  The Court retains some measure of discretion.[6]  The Supreme Court has stated that "it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit."[7]

Having considered the parties' arguments on this point, the Court finds that Defendants have failed to show any undue delay by Plaintiff in pursuing the litigation against them.  Nor have Defendants demonstrated any prejudice as a result of any undue delay.[8]  Further, any undue delay would be justified by Plaintiff's involvement in other litigation.[9]  Therefore, the Court will award prejudgment interest.

---

[4]*Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655, 657 (1983).

[5]*Id*. at 656.

[6]*Id*. at 656-57.

[7]*Id*. at 657.

[8]*Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 P.2d 267, 275 (Fed. Cir. 1988) ("[A]bsent prejudice to the defendants, any delay by [the patentee] does not support the denial of prejudgment interest.").

[9]*See Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1486 (Fed. Cir. 1990) (finding no abuse of discretion in awarding prejudgment interest where plaintiff was involved in other litigation).

B.      PREJUDGMENT INTEREST ON ATTORNEYS' FEES

Plaintiff seeks prejudgment interest on any attorneys' fees the Court may award in this matter.  This request is dependent on Plaintiff's Motion for Attorney Fees and Costs.[10]  As is explained in the Court's Order denying that Motion, the Court finds that attorneys' fees are not warranted here.  Therefore, Plaintiffs' request for prejudgment on those fees will be denied as moot.

C.      RATE OF PREJUDGMENT INTEREST

The parties' final dispute concerns the appropriate rate of any prejudgment interest awarded.  Plaintiff requests a rate of prime plus one percent compounded monthly.  Defendants argue that the rate suggested by Plaintiff is not supported by the record.  Defendants also argue that, should the Court determine that prejudgment interest is appropriate, the rate should be no greater than the uncompounded prime rate.

The purpose of prejudgment interest is "to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement."[11]  "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court."[12]  In exercising this

---

[10]Docket No. 1825.

[11]*Gen. Motors Corp.*, 461 U.S. at 655.

[12]*Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986).

discretion, however, the Court must keep in mind the purpose of awarding prejudgment interest.[13]

After carefully considering the arguments of the parties, the Court finds that the rate proposed by Plaintiff is too high, while the rate proposed by Defendants is too low.  The Court finds that, under the circumstances of this case, the rate that will place Plaintiff in as good as a position as it would have been had Defendants entered into a reasonable royalty agreement is the prime rate compounded annually.  Therefore, the Court will enter prejudgment interest in this amount.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Prejudgment Interest (Docket No. 1822) is GRANTED IN PART AND DENIED IN PART as set forth above.  Within fourteen (14) days of this Order, Plaintiff must submit a calculation of the prejudgment interest for approval by the Court at the rate approved by the Court.

DATED   September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[13]*Id.*