IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING WINBOND ELECTRONICS CORPORATION'S MOTION TO DISMISS ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S CROSSCLAIMS<br><br><br><br><br><br>Case No. 1:05-CV-64 TS |

This matter is before the Court on Winbond Electronics Corporation's ("Winbond") Motion to Dismiss ASUSTeK Computer, Inc. and ASUS Computer International' (collectively "ASUS") Crossclaims. Winbond seeks to dismiss ASUS' crossclaims under the doctrine of *forum non conveniens*. For the reasons discussed below, the Court will grant the Motion.

1

I.  BACKGROUND

ASUS has filed crossclaims against Winbond for indemnification and contribution.[1]  On April 22, 2008, Winbond sought dismissal of ASUS' crossclaims.[2]  On March 30, 2009, the Court granted, in part, Winbond's Motion, ordering "that Winbond's Motion to Dismiss ASUSTeK's Amended Cross-claim for contribution (Docket No. 495) is GRANTED except insofar as the claim is based on the contractual agreements."[3]

On November 12, 2009, based on a stipulated motion filed by ASUS, Winbond, and Sony, the Court bifurcated the indemnification and contribution claims from Plaintiff's claims.[4]  Under the stipulated motion, the parties agreed that all discovery and trial, if any, of these claims would be conducted separate from and after the adjudication of Plaintiff's claims.[5]  Plaintiff's patent claims proceeded to a jury trial, with a verdict being returned on October 5, 2010.[6]  Plaintiff subsequently dismissed its claims against Winbond and other Defendants.[7]  Thus, the only remaining issues in this matter are ASUS' crossclaims against Winbond.[8]

---

[1]Docket Nos. 464 & 695.

[2]Docket No. 495.

[3]Docket No. 732, at 5.

[4]Docket No. 1150.

[5]*Id*.

[6]Docket No. 1802.

[7]Docket No. 1926.

[8]*See* Docket Nos. 1942, 1943, and 1945.  The Court has ruled on the other post-trial motions addressed in the status reports by separate order.

II. DISCUSSION

Winbond moves to dismiss ASUS' crossclaims under the doctrine of *forum non conveniens*.

> There are two threshold questions in the *forum non conveniens* determination: first, whether there is an adequate alternative forum in which the defendant is amenable to process and second, whether foreign law applies. If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable. If, however, the answer to both questions is yes, the court goes on to weigh the private and public interests bearing on the *forum non conveniens* decision.[9]
> 
> The private interest factors to be considered are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for compelling attendance of witnesses; (3) cost of obtaining attendance of willing non-party witnesses; (4) possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious and inexpensive. The public interest factors include: (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law.[10]

For the reasons set forth below, the Court finds that foreign law applies, that Taiwan is an adequate alternative forum, and that both the private and public interest factors weigh in favor of dismissal.

---

[9]*Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 605-606 (10th Cir. 1998) (citations omitted).

[10]*Id*. at 606.

A.     APPLICABILITY OF FOREIGN LAW AND ADEQUATE ALTERNATIVE FORUM

There is no dispute here that foreign law, specifically Taiwan law, applies to the crossclaims. Therefore, the Court turns to the determination of whether there is an adequate alternative forum.

Winbond bears the burden of proving that an adequate alternative forum exists.[11] To do so, Winbond "must prove that the alternative forum is both available and adequate."[12] "Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction."[13]

ASUS argues that Winbond has failed to meet its burden of proving an available and adequate forum because Winbond has not expressly consented to jurisdiction in Taiwan, nor has it agreed to waive any potential jurisdiction defenses that may exist in Taiwan. ASUS, however, points to nothing that requires such concessions. While these concessions would be helpful in the Court's analysis, they are not required for the Court to find an adequate alternative forum exists.

Winbond, on the other hand, has presented evidence that, as Taiwanese corporations, both ASUS and Winbond are subject to process and jurisdiction of the Taiwan courts. Further, Winbond has presented the Declaration of Bo-Sen Von, a Taiwan attorney, who states that the Taiwan court has personal jurisdiction over Winbond and "has personal jurisdiction over the

---

[11]*Id.*

[12]*Id.*

[13]*Piper Aircraft Co. v. Reyno*, 454 U.S. 236, 254 n.22 (1981) (quotation marks and citation omitted).

claims brought by ASUSTeK or ACI against Winbond."[14]  Mr. Von also states that the applicable statute of limitations is 15 years and that ASUS' claims are not time-barred in Taiwan.[15]

In sum, the evidence shows that Winbond's principal place of business is located in Taiwan.  As a result, Winbond is subject to process there.  There is evidence that the Taiwan court in whose jurisdiction Winbond's principal place of business is situated has personal jurisdiction over the claims brought by ASUS.  Further, there is evidence that these claims are not barred by the applicable statute of limitations.  There is no evidence to contradict these facts.  Based on these considerations, the Court finds Taiwan to be an adequate alternative forum, despite the fact that Winbond has not expressly consented to jurisdiction and has not waived potential defenses.

B.      PRIVATE INTEREST FACTORS

The Court next considers the private interest factors.  As stated, the private interest factors to be considered are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for compelling attendance of witnesses; (3) cost of obtaining attendance of willing non-party witnesses; (4) possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious and inexpensive.

Winbond argues that all private interest factors weigh in favor of dismissal.  Winbond also argues that the majority of witnesses and documents are located in Taiwan, the witnesses will be subject to Taiwanese law regarding process and attendance in judicial proceedings, that it

---

[14] Docket No. 1950, Ex. 1, ¶ 8.

[15] *Id.* ¶ 7.

would be significantly less costly and less burdensome for all parties and witnesses to participate in proceedings in Taiwan, that Taiwan courts will not require translation of the relevant documents that are in Chinese, and that witnesses will not require interpreters in Taiwan as they would in this Court.

ASUS counters that many of the documents already produced in this litigation are relevant to their indemnification claim and are located in Utah. ASUS also argues that compulsory process would not be required for the parties' witnesses because they would be required to appear as party witnesses. Further, ASUS points out that Winbond has demonstrated its willingness to make its witnesses available. ASUS also makes much of the fact that the crossclaims are part of a larger patent infringement action and considerations of judicial economy support adjudication of related matters in a single action. ASUS further emphasizes that this Court has expended considerable time educating itself about the parties and the issues in the underlying infringement action and that dismissal would require a Taiwan court to undergo the same process.

Considering the private interest factors, the Court finds dismissal appropriate. First, the evidence reveals that the majority of documents and witnesses related to the crossclaims are located in Taiwan.[16] Thus, the ease of access to those documents and witnesses in Taiwan weighs in favor of dismissal. While it is true that certain documents related to this action will be in Utah, there is a dispute as to the relevancy of these documents in relation to the crossclaims.

---

[16]*See* Docket No. 1936, Tsai Decl.

Second, as most of the relevant witnesses are located in Taiwan, the availability of compulsory process will be limited.[17]

Third, the cost of obtaining attendance of willing non-party witnesses will certainly be less in Taiwan, as the majority of relevant witnesses will be located there.

Finally, the Court finds the fact that the crossclaims have been filed in this infringement action does not provide a sufficient reason to avoid dismissal. The Court notes that the infringement action is now concluded and the Court has recently issued orders on all remaining post-trial motions, leaving only the crossclaims. Further, discovery on the crossclaims, for the most part, has not yet begun based on a stipulation of the parties. Thus, there is no reason for this Court to consider the crossclaims, especially where the Court has no specialized knowledge of those claims. The cases cited by ASUS are distinguishable on this ground.

C.   PUBLIC INTEREST FACTORS

The Court next considers the public interest factors. The public interest factors include: (1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law.

Winbond argues that the public interest factors also weigh in favor of dismissal. Winbond argues that average time for a case to reach a trial in this District is 33.3 months, while

---

[17]*See* Fed.R.Civ.P. 45(c)(3)(A)(ii).

the average time to complete a civil lawsuit in Taiwan is between 78 and 86 days. Winbond further asserts that Utah citizens will have very little, if any, interest in resolving a dispute between two Taiwan companies and should not carry the burden of resolving litigation to which they have no connection. Finally, Winbond argues that it would be more appropriate for a Taiwan court to adjudicate this action because of its familiarity with Taiwan law.

ASUS does not appear to dispute that the time to resolution would be less in Taiwan, but argues that this fails to take into account the time the Court has already spent on the underlying infringement action. ASUS further argues that the citizens of Utah have an interest in this litigation because the crossclaims arise out of the underlying infringement action. Finally, ASUS argues that the fact that the Court may have to apply foreign law does not, standing alone, provide a sufficient basis for dismissal.

The Court finds the public interest factors weigh in favor of dismissal. First, the Court finds that this matter would be more quickly resolved in Taiwan. As set out by Winbond, the median time from filing to trial in this District is 33.3 months.[18] "[C]ompleting a civil lawsuit in Taiwan at the district court level takes, on average, between 78 and 86 days."[19] The Court disagrees with ASUS' argument that this fails to take into account the time this Court has spent familiarizing itself with the underlying infringement action. As stated above, the infringement action is now complete and the Court has little information on the remaining crossclaims as a

---

[18]Docket No. 1936, Ex. 4.

[19]*In re Air Crash Over Taiwan Straits on May 25, 2002*, 331 F. Supp. 2d 1176, 1202 (C.D. Cal. 2004).

result of the parties' stipulation to stay those claims.  Thus, there is no advantage in this Court retaining the remaining crossclaims.

Second, the Court finds that the crossclaims are local to Taiwan and should be litigated there.  Any interests the citizens of Utah had to this matter was in relation to the underlying infringement action, which has now been fully resolved.  The Court sees no need to impose a burden on the jurors in this community to resolve a matter that has no remaining ties to this jurisdiction.

Finally, the Court finds it appropriate for a Taiwan court to resolve issues related to Taiwan.  If the instant case is not dismissed, the Court would face the "arduous task" of becoming familiar with Taiwanese law.[20]  While this fact, standing alone, may not warrant dismissal, this fact, coupled with all of the other factors considered above, makes dismissal appropriate.

### III.  CONCLUSION

It is therefore

ORDERED that Winbond's Motion to Dismiss (Docket No. 1935) is GRANTED.

DATED   September 29, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[20]*Moletech Global Hong Kong Ltd. v. Pojery Trading Co.*, 2009 WL 3151147, at *6 (N.D. Cal. Sept. 25, 2009).