IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PREJUDGMENT INTEREST AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, MOTION TO COMPEL<br><br><br><br><br><br>Case No. 1:05-CV-64 TS |

This matter originally came before the Court for a determination of the proper amount of

prejudgment interest to be awarded in this matter.  The parties now agree on the amount of

prejudgment interest to be awarded, if damages are to be awarded.  However, Defendants

ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International ("ACI")

(collectively, "Defendants") seek reconsideration of the Court's previous orders denying their

Motions for Judgment as a Matter of Law.[1]  Defendants argue that a settlement between

Winbond and Plaintiff releases them from liability and judgment should be entered in their favor.

Defendants also argue, in the alternative, that the Court should compel Plaintiff to produce a

copy of the settlement between Winbond and Plaintiff and allow the parties to brief the impact of

that settlement on Defendants' liability.  Having reviewed the various materials filed by the

parties, the Court will deny Defendants' requests and will award prejudgment interest.

## I.  DISCUSSION

The parties are well aware of the facts of this case and they need not be repeated in detail.

This matter proceeded to a jury trial in September and October 2010.  At the conclusion of that

trial, the jury found against Defendants and awarded Plaintiff damages.[2]  Plaintiff sought

prejudgment interest on those damage awards, which the Court granted on September 27, 2011.[3]

The Court awarded prejudgment interest at the prime rate compounded annually.  Plaintiff was

directed to submit a proposed calculation of prejudgment interest to the Court.

---

[1]*See* Docket Nos. 1951 & 1952.  Defendants only cite to the Court's previous order concerning Defendant ASUSTek, but the Court will assume Defendants intended to refer to the orders concerning both ASUS Defendants.

[2]Docket No. 1802.

[3]Docket No. 1954.

Plaintiff submitted a proposed calculation of prejudgment interest on October 10, 2011,[4] and then submitted an amended proposed calculation on November 22, 2011, after conferring with Defendants.[5]

Defendants have submitted their objections to the proposed calculation of prejudgment interest[6] and have also filed a Motion for Reconsideration of Denial of Motion for Judgment as a Matter of Law or, Alternatively, Motion to Compel Production of Settlement Agreement and to Allow Briefing Thereafter.[7]  These issues are now fully briefed and ripe for decision.

A.      PREJUDGMENT INTEREST

Defendants initially objected to Plaintiff's prejudgment interest calculation, arguing that an incorrect beginning date was used.  Plaintiff has now corrected this in its amended calculation. Thus, there are no remaining objections to the amount of prejudgment interest to be awarded. However, as discussed below, Defendants argue that no prejudgment interest should be awarded based on the reasons set forth in their Motion to Reconsider.  Therefore, if prejudgment interest should be awarded, the proper amount of damages against ASUSTek is $1,107,586.30, and the amount of damages against ACI is $315,236.09.

---

[4]Docket No. 1957.

[5]Docket No. 1963.

[6]Docket No. 1964.

[7]Docket No. 1965.

B.      MOTION TO RECONSIDER/MOTION TO COMPEL

Defendants seek reconsideration of the Court's previous orders denying their motions for

judgment as a matter of law.  Defendants argue that the basis for the jury award against them has

been eliminated as a result of a settlement between Winbond and Adams.

The Tenth Circuit has recognized the following grounds that warrant a motion to

reconsider: (1) an intervening change in the controlling law; (2) new evidence previously

unavailable; and (3) the need to correct clear error or prevent manifest injustice.[8]  "Thus, a

motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or

advance arguments that could have been raised in prior briefing."[9]

Defendants point to the second and third grounds: new evidence and manifest injustice.

The second ground is not at issue here.  While Defendants argue that they have new information

concerning the settlement between Plaintiff and Winbond, the fact of the settlement is not new.

Indeed, both parties submitted extensive briefing on the potential impact of the settlement on the

then-pending post-trial motions.[10]  Despite the arguments made by Defendants in that

memorandum, the Court denied Defendants' motions for judgment as a matter of law.

Defendants provided no new evidence to alter this conclusion.  Rather, Defendants have taken

---

[8]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005).

[9]*Id*.

[10]*See* Docket Nos. 1946 & 1947.

this opportunity to revisit issues either already raised or that could have been raised previously.

Therefore, Defendants' alleged "new evidence" does not provide a basis for reconsideration.

Defendants also argue that reconsideration is necessary to prevent manifest injustice.  The

Court disagrees.  As the Court has previously held, there is evidence to support the jury's verdict

against Defendants.  The settlement between Plaintiff and Winbond does not alter this

conclusion.  Therefore, there is no manifest injustice in denying the Motion for Reconsideration.

Defendants further argue, in the alternative, that the Court should compel production of

the settlement agreement and allow additional briefing.  Plaintiff has now produced a redacted

version of the settlement agreement to counsel for Defendants.  While Defendants continue to

seek full disclosure of the settlement, along with additional briefing on the issues, there is

nothing to suggest that disclosure of the entire agreement and further briefing would alter the

Court's conclusion on these issues.  Therefore, this request is moot and will be denied.

## II.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Reconsideration of Denial of Motion for

Judgment as a Matter of Law or, Alternatively, Motion to Compel Production of Settlement

Agreement and to Allow Briefing Thereafter (Docket No. 1965) is DENIED.

The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against

ASUSTek in the amount of $1,107,586.30, and against ACI in the amount of $315,236.09, and

close this case forthwith.

DATED   January 4, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge