IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PHILLIP M. ADAMS & ASSOCIATES, L.L.C., a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON COSTS<br><br><br><br>Case No. 1:05-CV-64 TS |

This matter is before the Court on Plaintiff's Motion to Review Taxation of Costs and Defendants ASUSTeK Computer Inc. and ASUS Computer International's (collectively "Defendants") Motion to Confirm Costs Taxed by Clerk of Court and Allow Additional Applied for Copying Costs. For the reasons discussed below, the Court will grant in part and deny in part both motions.

I.  BACKGROUND

Plaintiff brought this action against Defendants and others alleging patent infringement. After a jury trial, the jury found that Defendants infringed various claims of one of Plaintiff's patents. Thereafter, the Court denied Defendants' motion for judgment as a matter of law.

1

Defendants appealed. The United States Court of Appeals for the Federal Circuit affirmed in part and reversed in part. In particular, the Federal Circuit found that the Court erred in imposing an adverse inference sanction against Defendants. Further, the Federal Circuit held that Plaintiff failed to present substantial evidence of infringement within the United States after May 3, 2001. Therefore, the court found that this Court erred in denying Defendants' motion for judgment as a matter of law.

Defendants now seek their costs in this Court. On July 29, 2013, the Clerk of Court taxed costs in favor of Defendants in the amount of $168,812.39. In response, the parties filed their respective motions. Plaintiff argues that the Court should deny Defendants' request for costs, while Defendants seek allowance of additional costs.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] The Clerk of Court may tax costs and that action is subject to Court review.[2] "[T]he taxing of costs pursuant to Rule 54(d)(1) rests in the sound judicial discretion of the trial court."[3]

---

[1] Fed. R. Civ. P. 54(d).

[2] *Id.*; *see also* DUCivR 54-2(d) ("Taxation of costs by the clerk is subject to review by the court when, under Fed. R. Civ. P. 54(d), a motion for review is filed within seven (7) days of the entry on the docket of the clerk's action.").

[3] *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002).

Under 28 U.S.C. § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A.  PREVAILING PARTY

Plaintiff first argues that Defendants are not entitled to costs because Defendants are not the prevailing party. Plaintiff points to the fact that it prevailed against other defendants and, with respect to the ASUS Defendants, Plaintiff prevailed on Defendants' claims for patent invalidity and inequitable conduct.

"Federal Circuit law defines 'prevailing party' for the purposes of patent litigation."[4] The Federal Circuit has held "that there can be only one prevailing party in a given case."[5]

> Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor, as occurred here. Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a "prevailing party." For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, "prevailing party" to receive any costs award.[6]

---

[4] *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010).

[5] *Id.* at 1367.

[6] *Id.*

Turning to Plaintiff's first argument, the Court notes the general rule that "costs in multi-party cases as well as in certain consolidated cases are awarded to different parties on the basis of the separate judgments obtained, not the overall trial result."[7] Thus, the fact that Plaintiff may have prevailed against other defendants does little to resolve the question of who is the prevailing party among these parties.

Plaintiff's second argument is foreclosed by Federal Circuit precedent. In the Federal Circuit, "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses."[8] Thus, when an accused infringer is found not to infringe the patents-in-suit, it is the prevailing party even if the patents-in-suit withstand challenges to validity.[9]

In this case, Plaintiff brought suit to obtain a judgment of infringement. On appeal, the Federal Circuit held that Plaintiff did not present sufficient evidence to support such a claim. Defendants, on the other hand, sought to avoid liability. They were able to do so, even though Plaintiff's patents withstood various challenges. Therefore, the Court finds that Defendants are the prevailing parties in this case.

---

[7] *Tulsa Litho Co. v. Tile & Decorative Surfaces Magazine Publ'g, Inc.*, 69 F.3d 1041, 1043 (10th Cir. 1995).

[8] *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

[9] *See id.*; *Kinzenbaw v. Case LLC*, 2006 WL 1096683, at *2-3 (Fed. Cir. Apr. 26, 2006).

B.    CLOSE CASES

Plaintiff next argues that costs should not be awarded because this was a close case. Courts have held that "when a case is particularly close and difficult, courts are willing to deviate from the general rule and deny a request for costs."[10] Plaintiff argues that this is such a case.

Plaintiff is correct that the jury found that Defendants infringed. However, the Federal Circuit held that Plaintiff failed to present substantial evidence of infringement within the United States after May 3, 2001. Therefore, the Federal Circuit held that this Court erred in not granting judgment as a matter of law. As the Federal Circuit explained, judgment as a matter of law "is proper when 'the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ on the conclusion.'"[11] Where the Federal Circuit has held that reasonable minds could not differ on the conclusion that Plaintiff failed to show infringement, the Court cannot find this to be a close case.

C.    SPOLIATION OF EVIDENCE

Plaintiff next argues that Defendants should not be awarded costs because they spoliated evidence. The Court may consider a litigant's behavior in determining whether to award costs.[12] In this case, the Court found that Defendants spoliated evidence. Contrary to Defendants' argument, this determination has not been vacated. Rather, the Federal Circuit held that the

---

[10] *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001).

[11] *Phillip M. Adams & Assocs., LLC v. Dell Computer Corp.*, 519 F. App'x 998, 1003 (Fed. Cir. 2013) (unpublished) (quoting *Miller v. Eby Realty Grp. LLC*, 396 F.3d 1105, 1110 (10th Cir. 2005)).

[12] *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996).

Court did not make a finding of bad faith and, as a result, an adverse inference sanction was improper. Since the Federal Circuit held in one context that sanctions were not proper based on Defendants' spoliation, it seems to follow that sanctions in the form of reduced or eliminated costs would also not be proper. Therefore, the Court rejects Plaintiff's argument that Defendants are not entitled to costs.

D.   INEQUITABLE CONDUCT AND UNENFORCEABILITY

Plaintiff next argues that Defendants are not entitled to any costs relating to their claims for inequitable conduct and unenforceability. When the parties agreed to dismiss Defendants' claims based on inequitable conduct and unenforceability, they agreed that they would "each bear their own costs, expenses and legal fees related to these claims."[13] Plaintiff argues that approximately 50 percent of the discovery in this case concerned these claims. Therefore, Plaintiff suggests that any award of costs should be reduced accordingly.

Defendants agree that the parties are to bear their own costs relating to these claims. However, Defendants assert that they have excluded those costs that they believe are related to these claims. Defendants argue that those costs identified by Plaintiff concern not only inequitable conduct, but also other issues concerning Plaintiff's allegations of infringement and trade secret misappropriation.

Having reviewed the parties' arguments and evidence, it is clear that Defendants seek some costs associated with their claims for inequitable conduct and unenforceability. The exact amount of these costs, however, is difficult to determine. Plaintiff's counsel represents that

---

[13]Docket No. 1934, at 2.

approximately 50% of the discovery in this case related to those claims and argues for an across-the-board reduction.  Defendants, in turn, have provided declarations from their counsel analyzing the depositions taken.  Defendants' counsel suggest that certain depositions contained no questions relating to inequitable conduct.  However, counsel admit that nearly half of some depositions, like the depositions of John Pate and Gary Pierce, were dedicated to questions concerning inequitable conduct.  Thus, even under Defendants' analysis, some reduction is required.

There is no mathematically precise way to determine exactly how much discovery in this case concerned claims of inequitable conduct and unenforceability.  Further, at least some of the discovery related to these claims would also have been relevant to the other claims at issue.  However, it is clear that Defendants seek costs related to their claims for inequitable conduct and unenforceability, something they agreed they would not do.  Having closely reviewed the parties' submissions, the Court believes a reduction of 25% is appropriate.  Therefore, the Court will reduce the costs taxed by the Clerk of Court by 25%, allowing costs of $126,609.29.

E.     ADDITIONAL COPYING COSTS

Defendants not only request the Court confirm the Clerk of the Court's Taxation of Costs, but also request the Court allow additional costs for copying.  Specifically, Defendants request the Court allow $62,258.52 of additional costs for exemplification and the costs of making copies that the Clerk of Court disallowed.  Defendants seek costs for four types of activities: producing TIFF images, OCR, bates labeling, and copying on CDs and DVDs.

Two courts of appeal have recently considered "what expenses related to electronically stored information ("ESI") are taxable under" 28 U.S.C. § 1920(4).[14] In *Race Tires America*, the defendants sought costs for activities provided by vendors, including costs for "(1) preservation and collection of ESI; (2) processing the collected ESI; (3) keyword searching; (4) culling privileged material; (5) scanning and TIFF conversion; (6) optical character recognition ("OCR") conversion; and (7) conversion of racing videos from VHS format to DVD format."[15] After careful consideration of the text, history, and interpretation of § 1920(4), the Third Circuit held

> that of the numerous services the vendors performed, only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved "copying," and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the "costs of making copies of any materials."[16]

The court rejected the argument that all activities related to the production of ESI should be taxable, reasoning:

> It may be that extensive "processing" of ESI is essential to make a comprehensive and intelligible production. Hard drives may need to be imaged, the imaged drives may need to be searched to identify relevant files, relevant files may need to be screened for privileged or otherwise protected information, file formats may need to be converted, and ultimately files may need to be transferred to different media for production. But that does not mean that the services leading up to the actual production constitute "making copies."
> The process employed in the pre-digital era to produce documents in complex litigation similarly involved a number of steps essential to the ultimate act of production. First, the paper files had to be located. The files then had to be collected, or a document reviewer had to travel to where the files were located.

---

[14] *Country Vintner of N.C., LLC v. E&J Gallo Winery, Inc.*, 718 F.3d 249, 250 (4th Cir. 2013); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012).

[15] *Race Tires Am.*, 674 F.3d at 161-62.

[16] *Id.* at 171.

The documents, or duplicates of the documents, were then reviewed to determine those that may have been relevant. The files designated as potentially relevant had to be screened for privileged or otherwise protected material. Ultimately, a large volume of documents would have been processed to produce a smaller set of relevant documents. None of the steps that preceded the actual act of making copies in the pre-digital era would have been considered taxable. And that is because Congress did not authorize taxation of charges necessarily incurred to discharge discovery obligations. It allowed only for the taxation of the costs of making copies.[17]

The Fourth Circuit in *Country Vintner*, agreed with the Third Circuit's rationale. As a result, the court held that the only taxable cost in that case involved "converting electronic files to non-editable formats, and burning the files onto discs."[18]

The Court agrees with the reasoning of *Race Tires America* and *Country Vintner*. Therefore, the Court declines to award the full costs Defendants seek. However, the Court will allow costs in the amount of $29,860.42 for TIFF imaging and $2,416.20 for copying on CDs and DVDs.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Review Taxation of Costs (Docket No. 2021) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendants' Motion to Confirm Costs Taxed by Clerk of Court and Allow Additional Applied for Copying Costs (Docket No. 2022) is GRANTED IN PART AND DENIED IN PART. The Court will tax costs in the amount of $158,885.91.

---

[17]*Id*. at 169.

[18]*Country Vintner*, 718 F.3d at 260.

DATED    November 7, 2013.

          BY THE COURT:

          _____
          TED STEWART
          United States District Judge